**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
          ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S *EX PARTE* APPLICATION FOR CLARIFICATION OR, IN THE ALTERNATIVE, LIMITED RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER [ECF 27]** |

**RESPONDENT'S OPPOSITION TO PETITIONER'S *EX PARTE* APPLICATION FOR RECONSIDERATION**

## I.   INTRODUCTION[1]

Litigation is not conducted by *ex parte* application.  This is Petitioner John Doe's fifth such application in his litigation against the City, the fourth since he filed this matter in March, and the second in the short time since the City removed this matter to this Court.  Each and every time Mr. Doe brings an application, the Court, the City, and its counsel, are required to drop everything and immediately address the purported "emergency."  Mr. Doe's current application, like all previous ones, lacks any exigency or evidence of irreparable injury.  This is abusive and must stop.

Mr. Doe's underlying motion for reconsideration is equally improper.  The evidence that Mr. Doe asks the Court to rely upon,[2] was available to Mr. Doe at the time of his prior briefing.  Mr. Doe admits he simply wants a second bite at the apple, attempting to re-package his prior evidence and arguments to fill in gaps the Court identified in its Order denying Mr. Doe's application for a temporary restraining order.

Further (and the City does not say this lightly), the City is concerned that Mr. Doe is attempting to mislead the Court by referencing videos he claims are dated "May 4, 2026" and harm he supposedly experience in May 2026 as a result of the events in those videos, when in fact the events depicted occurred in December 2025.

The Court should deny Mr. Doe's application in its entirety.  To the extent the Court believes Mr. Doe's motion for reconsideration may somehow be proper, the City requests that the Court set a briefing schedule so that it can be heard as a fully noticed motion and not on a rushed, *ex parte* basis.

---

[1] This brief is filed in opposition to Mr. Doe's ex parte application to reconsider, ECF No. 27. Shortly before this brief was filed, Mr. Doe filed yet another *ex parte* application, ECF No. 31.
[2] Which he does not actually submit to the Court.

BUCHALTER LLP
IRVINE

1

**RESPONDENT'S OPPOSITION TO PETITIONER'S *EX PARTE*
APPLICATION FOR RECONSIDERATION**

## II.    ARGUMENT

### A.    Mr. Doe Fails to Establish a Basis for Ex Parte Relief

"'Ex parte applications have reached epidemic proportions in the Central District.'...This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). The problem is particularly severe with self-represented individuals like Mr. Doe. *Id*. at 490 ("nonlawyers representing themselves are flooding the courts with" *ex parte* applications.)

Mr. Doe current effort again fails to meet the standard for an *ex parte* application. "Ex parte applications are solely for extraordinary relief and are rarely justified. A party filing an ex parte application must support its request for emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures.'" *POP MART Americas Inc. et al v. 7-Eleven et al. Additional Party Names: Beijing POP MART Cultural & Creative Co. Ltd, POP MART (Singapore) Holding Pte. Ltd.*, No. 2:25-CV-06555-MEMF-MBK, 2025 WL 4059411, at *1 (C.D. Cal. Dec. 10, 2025) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)).

Nothing in Mr. Doe's motion explains how he will be irreparably prejudiced if his motion for reconsideration or "clarification" is heard on a regularly noticed basis. Any purported harm is the same that he presented on his prior *ex parte* application for a temporary restraining order, which the Court has already found cannot support relief. See ECF No. 26.

**RESPONDENT'S OPPOSITION TO PETITIONER'S APPLICATION FOR RECONSIDERATION OF ORDER DENYING TRO**

### B.  Mr. Doe's Motion for Reconsideration is Improper

Like *ex parte* applications generally, motions for reconsideration are widely abused. *Strobel v. Morgan Stanley Dean Witter*, No. 04CV1069 BEN (BLM), 2007 WL 1053454, at *3-4 (S.D. Cal. Apr. 10, 2007) ("In an adversarial system such as ours, more often than not one party will win and one will lose. Generally, it follows that the losing party will be unhappy with the Court's decision….Rather than either accept the Court's ruling or appeal it, it seems to have instead become *de rigueur* to file a motion for reconsideration….[T]he cumulative effect is one of abuse of the system and a drain on judicial resources that could be better used to address matters that have not yet been before the Court once, let alone twice.")

"[A] motion for reconsideration should not be granted…unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law…[it] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted); see also *Diode Dynamics L.L.C. v. 5DLight Inc.*, No. 5:23-CV-02238-WLH-JPR, 2026 WL 638862, at *1 (C.D. Cal. Feb. 3, 2026) (citing L.R. 7-18); Fed. R. Civ. Pro 54.

Mr. Doe's current application is no exception.  Styled as a request for "clarification" or "limited reconsideration," the Application is neither.  Mr. Doe does not contend that the Court misunderstood the relief sought in his prior application for a temporary restraining order, applied the wrong legal standard, or made a clerical error requiring clarification.  Nor does he identify any new, previously unavailable evidence or intervening change in law.  Instead, Mr. Doe *admits* that everything he wants the Court to consider now was available to him at the time of his prior application, but claims he is presenting it now to "correct" the record and "supply…evidence the Order identified as missing."  ECF 27 at 1:24-27. This is prohibited.  Reconsideration motions are not intended to give parties a

"second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342 L (LSP), 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

### C.    Mr. Doe Fails to Submit Evidence; Misleads the Court

Mr. Doe lists numerous exhibits in his "Exhibit Index" (ECF 27-3, referring to Exhibits A through Y), "Public Unredacted Exhibit Packet" (ECF 27-4, same), and "Evidence Roadmap" (ECF 28, referring to various exhibits).  But none of these appear to have actually filed or lodged with the Court.[3]

Lastly, it appears that Mr. Doe may be attempting to mislead the Court.  The only potentially "new" evidence Mr. Doe refers to are two "May 4, 2026" videos for which he provides a Dropbox link.  Neither of those videos capture or reflect events that occurred on May 4, 2026.

The first "May 4, 2026" video ("public demand/verification of autism") depicts a City Council meeting.  ECF No. 27-2 at 3:25-26; ECF 27-3 at 1:21; Declaration of Milan Mrakich ("Mrakich Decl.") ¶¶ 4, 5.  But, no City Council meeting occurred on May 4, 2026.  Mrakich Decl. ¶ 7.  Instead, This "May 4, 2026" video depicts the December 2, 2025 City Council meeting, which is publicly available on the City's website and YouTube page.  *Id.* ¶ 5; see https://westcovinaca.new.swagit.com/videos/362484 and https://www.youtube.com/watch?v=z5Q3fB3gGCI (beginning at 1:36:33).

The second "May 4, 2026" video ("forced from ADA chair/police statement") is a black screen with audio of a conversation.  ECF No. 27-2 at 3:27-4:1; ECF 27-3 at 1:22-23; Mrakich Decl. ¶¶ 4, 6.  The conversation did not occur on May 4, 2026, but during the December 2, 2025 City Council meeting.  Mrackich Decl. ¶ 6.  The conversation is between Mr. Doe and the Acting City Manager, Milan Mrakich, during a recess at that meeting.  *Id.*  Mr. Mrakich is urging Mr. Doe to sit in his new seating location, so that the meeting can proceed.  *Id.*  Mr. Mrakich was not aware that he was being recorded, and did not consent to the recording.  *Id.*

---

[3] Even if the Court has received the referenced exhibits, the City has not.

**RESPONDENT'S OPPOSITION TO PETITIONER'S APPLICATION FOR RECONSIDERATION OF ORDER DENYING TRO**

Apparently referencing these two videos from months prior, Mr. Doe attests under penalty of perjury that these "May 2026" incidents caused him physical or emotional harm constituting a basis for relief. ECF 27 at 8:20-21; ECF 27-2 ¶ 22. None of these events occurred May 2026. The only City Council meeting in May 2026 occurred on Tuesday, May 5, 2026 at 7:00 p.m., more than 12 hours after Mr. Doe's early morning filing. Mrakich Decl. ¶ 7; See ECF 27 (filed at 4:14 a.m. on May 5, 2026).

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Mr. Doe's application in its entirety. To the extent the Court believes Mr. Doe's motion for reconsideration may somehow be proper, the City requests that the Court set a briefing schedule so that it can be heard as a fully noticed motion and not on a rushed, *ex parte* basis.

DATED:  May 6, 2026                BUCHALTER LLP

By:  */s/Roger L. Scott*
                                         Roger L. Scott
                                   Attorneys for Respondent
                                    City of West Covina

**RESPONDENT'S OPPOSITION TO PETITIONER'S APPLICATION FOR RECONSIDERATION OF ORDER DENYING TRO**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 6, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1

**CERTIFICATE OF SERVICE**