**EXHIBIT K**

March 13, 2026 state-court transcript excerpts regarding Safe at Home/statutory Doe status and Plaintiff's attempt to protect medical/disability records through sealing/withdrawal.

11

WITH BEING PROTECTED BY SAFE AT HOME TO BE A PUBLIC OFFICIAL?

MR. DOE:  HONOR, THE INFORMATION THAT IS VITAL FOR THIS CASE IS THE COURT TO BE ABLE TO HEAR INFORMATION RELATING TO, AT TIMES, REGARDING MY INFORMANT STATUS, WHICH RESULTED IN THE FBI CURRENTLY HAVING AN OPEN INQUIRY AGAINST CERTAIN CITY OFFICIALS BECAUSE OF ALLEGED CORRUPTION AT CITY HALL.

THE COURT:  THAT'S A MERITS ISSUE.  I'M JUST TELLING YOU, I THINK IT'S INCONSISTENT FOR YOU TO RELY ON A SAFE AT HOME AND BE A PUBLIC OFFICIAL WHO HAS TO ATTEND MEETINGS THAT ARE PUBLICLY KNOWN.

BY THE WAY, THE OPPOSITION INDICATES THAT YOU HAVE PUBLICLY IDENTIFIED YOURSELF IN ONE OF THE DOCUMENTS THAT YOU FILED.  OKAY.

IT SEEMS TO ME -- I CAN'T FIND IT, BUT I KNOW YOU SAID YOU HAVE A CERTIFICATION NUMBER FROM THE SECRETARY OF STATE, WHICH MEANS YOU GET TO USE 367.3 AND PROCEED AS DOE.

ANY OBJECTION TO THAT, COUNSEL?

MR. SCOTT:  YES, YOUR HONOR.  I THINK YOUR HONOR HIT ON IT, WHICH IS IT'S WHOLLY INCONSISTENT WITH MR. DOE'S OTHER ACTIVITIES.  TO THE EXTENT --

THE COURT:  I'M SORRY TO INTERRUPT, BUT I DON'T THINK I GET TO BALANCE THE INTERESTS.  I THINK THE STATUTE -- LOOK, YOU GET TO PROCEED AS A DOE ONLY ONE OF TWO WAYS. ONE, AS I INDICATED, UNDER THE CASE LAW, IF YOU DEMONSTRATE TO THE COURT THAT THE MATTER MUST BE

12

ANONYMOUS.  OR TWO, IF A STATUTE PROVIDES FOR IT.

HE'S NOT RELYING ON ONE; HE'S RELYING ON TWO.  A STATUTE PROVIDES FOR IT.  AND HE'S BEEN CERTIFIED BY THE SECRETARY OF STATE.

NOW, YOU MAY THINK THAT -- ONE MAY THINK THAT IS INCONSISTENT WITH HIS PUBLIC DUTIES, BUT I THINK IT'S A STATUTORY BASIS.

MR. SCOTT:  I UNDERSTAND YOUR HONOR'S POSITION. WE MAY END UP WITH FURTHER BRIEFING ON THIS LATER.

I WILL POINT OUT THAT JUST YESTERDAY EVENING, IT APPEARS THAT MR. DOE ANNOUNCED TO THE PRESS THE EXISTENCE OF THIS LAWSUIT.  AND THERE'S A NEWS ARTICLE FROM THE SAN GABRIEL VALLEY TRIBUNE IDENTIFYING HIM BY HIS REAL NAME WITH A PICTURE OF HIM ON THE FRONT, SAYING THAT HE FILED SUIT ON MARCH 10TH, AND SPECIFICALLY IDENTIFYING THIS, AND QUOTING HIM BY HIS REAL NAME RELATED TO THIS LITIGATION.

THE COURT:  ALL RIGHT.

MR. SCOTT:  I UNDERSTAND THE STATUTORY PROVISION, YOUR HONOR.  BUT IT SEEMS LIKE THERE'S BEEN A CLEAR WAIVER HERE.

THE COURT:  THERE MAY BE, BUT AT THE OUTSIDE OF THE CASE, I'M REQUIRED TO HOLD A DOE HEARING.  I'VE JUST HELD A DOE HEARING.  HE HAS A STATUTORY BASIS.  YOU CAN CONTEST IT LATER ON AS TO REVISIT IT.  BUT I FEEL LIKE I'VE ACCOMPLISHED MY DUTY TO HOLD A DOE HEARING.

MR. SCOTT:  THANK YOU, YOUR HONOR.

THE COURT:  OKAY.  HOWEVER, APPARENTLY, YOU'RE

13

SEEKING TO SEAL DOCUMENTS THAT ARE NOT IN FRONT OF ME; CAN'T DO THAT.  THE STATUTE, EVEN 363.7, OR 367.3, EXPRESSLY SAYS --

MR. DOE:  HONOR --

THE COURT:  HOLD ON.  367.3, SECTION (B)(4) AS FOLLOWS: (AS READ.)

THE COURT, ON MOTION OF THE PROTECTED PERSON, MAY ORDER THAT A RECORD, A PRIVATE RECORD BE FILED UNDER SEAL IN ACCORDANCE WITH RULES 2.550 AND 2.551 OF THE CALIFORNIA RULES OF COURT, AS WELL AS RULES MAY BE AMENDED.

RULE 2.551 REQUIRES ALMOST A LINE-BY-LINE SHOWING THAT A DOCUMENT REQUIRES SEALING.  YOU CANNOT SIMPLY SUBMIT IT.  YOU HAVE A DECLARATION SAYING I HAVE MEDICAL DOCUMENTS AND OTHER DOCUMENTS THAT SHOULD BE SEALED. WITHOUT GIVING THEM TO ME CONDITIONALLY UNDER SEAL AND PROVING DOCUMENT BY DOCUMENT, AT LEAST, IF NOT LINE BY LINE, THAT THEY ARE REQUIRED TO BE SEALED.

SO, ON THAT, YOUR APPLICATION IS DENIED.

MR. DOE:  HONOR, I SUBMITTED TO THE COURT THIS PACKET THAT HAS ALL MY MEDICAL --

THE COURT:  I HAVE NOTHING; IT'S PROBABLY BECAUSE YOU DIDN'T GIVE ME A COURTESY COPY.  YOU DID NOT PRINT OUT YOUR 700 PAGES OF DOCUMENTS.  SO IF YOU HAVE SUBMITTED THEM TO ME, YOU HAVE NOT DEMONSTRATED ON A DOCUMENT-BY-DOCUMENT BASIS THAT THEY SHOULD BE SEALED, NOR ARE THEY EVEN -- I DON'T KNOW WHY YOU'RE SUBMITTING THEM

20

MR. DOE:  OKAY, HONOR.  THE MINIMUM I WOULD LIKE TO ASK THE COURT IS THAT IF YOU COULD ORDER THE CITY TO REDACT WHAT IS PUBLICLY ON THE CITY'S WEBSITE.  EVEN THOUGH IT'S BEEN PUBLIC, IT STILL REMAINS.

THE COURT:  I DON'T EVEN HAVE THE REPORT, RIGHT?  HOW COULD I ORDER --

MR. DOE:  IT'S IN THE DECLARATION.

THE COURT:  WHERE?  IN THE LENGTHY DECLARATION THAT I DON'T HAVE?

MR. SCOTT:  IT WOULD BE IN THE PAGES YOUR HONOR DIDN'T PRINT OUT.

THE COURT:  YEAH.  NO WONDER.  NOW, HOW LONG IS THIS REPORT?

MR. SCOTT:  THE REPORT ITSELF, I THINK, IS ABOUT 20 PAGES, AND IT HAS SEVERAL EXHIBITS ATTACHED TO IT.

THE COURT:  YEAH.  I'M SORRY.  YOU'RE JUST GOING TO HAVE TO GO FORWARD AT THE HEARING AND DEFEND YOURSELF AS BEST YOU CAN.  I CANNOT GRANT YOUR EX PARTE BECAUSE OF THIS SEPARATION OF POWERS ISSUE.  I HAVE NO AUTHORITY TO STOP A LEGISLATIVE ACTION FROM HAPPENING OR THE IMPROPER USE OF INFORMATION IN THAT LEGISLATIVE ACTION.

FOR THE SAME REASONS THAT I'VE IDENTIFIED, YOUR APPLICATION TO SEAL IS DENIED.

MR. DOE:  HONOR.  OKAY, CAN --

THE COURT:  BY THE WAY, BECAUSE I'M DENYING SEALING, YOU CAN WITHDRAW THE RECORDS YOU WANT SEALED AND NOT HAVE THEM FILED; THAT'S YOUR OPTION.  ONCE I'VE DENIED SEALING, YOU DON'T HAVE TO HAVE THEM FILED IN OPEN COURT.

21

YOU CAN WITHDRAW THEM.  IS THAT WHAT YOU WANT TO DO?

MR. DOE:  IT'S BEEN FILED ALREADY.  SO, I WILL BE ABLE TO --

THE COURT:  I DON'T THINK IT'S BEEN FILED, HAS IT?

MR. DOE:  YES.  IT WAS FILED ON -- TWO DAYS AGO.

THE COURT:  OKAY.  UNDER YOUR DECLARATION, IS THAT WHERE --

MR. DOE:  CORRECT.  THERE'S A LOT OF MEDICAL LETTERS IN THERE, HONOR.

THE COURT:  IF YOU CAN IDENTIFY FOR THE CLERK WHAT THE EXHIBITS ARE TO THAT DECLARATION THAT YOU WANT WITHDRAWN, WE WILL ALLOW YOU -- WE'LL UNFILE THEM AND GIVE THEM BACK TO YOU.

MR. DOE:  OKAY.  THANK YOU, HONOR.

THE COURT:  IS THERE ANYTHING IN YOUR DECLARATION ITSELF THAT WOULD HAVE TO BE GIVEN BACK TO YOU, AS OPPOSED TO THE EXHIBITS?

MR. DOE:  YES.

MR. SCOTT:  YOUR HONOR, JUST TO CLARIFY.  THERE'S TWO DECLARATIONS.  THERE'S AN INITIAL DECLARATION THAT'S ABOUT 700 PAGES, AND A SUPPLEMENTAL, WHICH IS ABOUT 200.

THE COURT:  SO, WHICH ONE IS IT?

MR. DOE:  BOTH OF THEM TALK ABOUT DISABILITY RELATED INFORMATION, SO IT MAY BE EASIER JUST TO RECALL BOTH DOCUMENTS BECAUSE --

THE COURT:  OKAY.  WITHDRAW BOTH OF YOUR DECLARATIONS.  WE WILL UNFILE THEM.  AND ANY HARD COPIES

22

WE HAVE, WE'LL GIVE BACK TO YOU.

MR. DOE:  THANK YOU, HONOR.

THE COURT:  ANYTHING ELSE?

MR. DOE:  I THINK -- IN REGARDS TO -- AND THERE'S NOTHING WE COULD DO ABOUT REDACTIONS ON THE PUBLIC RECORD?

THE COURT:  NO, IT'S A PUBLIC RECORD.  IF THEY HAVE DONE IT IMPROPERLY, YOU MAY HAVE REMEDIES.  BUT I CANNOT ORDER THEM TO CHANGE IT.  IT'S BEEN DISSEMINATED. I ASSUME THAT NOT JUST MEMBERS OF THE CITY COUNCIL, BUT OTHERS HAVE ACCESS TO THIS PUBLIC RECORD.

MR. SCOTT:  CORRECT, YOUR HONOR.

MR. DOE:  SO, EVEN IF THERE WAS SUBSTANTIAL EVIDENCE TO SHOW THAT THIS WAS A COORDINATED EFFORT BY THE INVESTIGATOR AND THE CITY ATTORNEY'S OFFICE TO DEVELOP A REPORT THAT WAS SPECIFICALLY TO TARGET ME TO MAKE SURE THEY COULD CENSOR ME IN AN UPCOMING HEARING, THERE'S STILL NO JUDICIAL BASIS FOR INTERVENTION?

THE COURT:  RIGHT.  THAT STATEMENT HAS GOT CONSPIRACY AND DAMAGES WRITTEN ALL OVER IT.  THAT WOULD BE YOUR REMEDY, TO ALLEGE CONSPIRACY.  AND IF YOU HAVE A DAMAGES CLAIM, OKAY.  DON'T KNOW IF YOU DO.  BUT IT'S VERY TRICKY TRYING TO INTERFERE WITH A LEGISLATIVE BODY'S CONDUCT.

MR. DOE:  AND FOR THE REGULAR HEARING, I'M STILL CHALLENGING THE REPORT IN GENERAL.  AND IS THIS SOMETHING THAT THE COURT WILL FIND JUDICIALLY POSSIBLE TO ADDRESS?

THE COURT:  I HAVE NO IDEA.  I HAVE AN IDEA, BUT I CAN'T GIVE YOU LEGAL ADVICE.  IS IT JUDICIALLY

26

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
                              COUNTY OF LOS ANGELES

     DEPARTMENT 85                      HON. JAMES C. CHALFANT, JUDGE
     JOHN DOE,                         )  SUPERIOR COURT
                                       )
         PETITIONER AND PLAINTIFF,     )  CASE:  26STCP00957
                                       )
              VS.                      )
                                       )
     CITY OF WEST COVINA, WEST COVINA)
     CITY COUNCIL, LISA SHERRICK, IN )
     HER OFFICIAL CAPACITY AS AN       )
     ASSISTANT CITY CLERK OF THE       )
     CITY OF WEST COVINA, MILAN        )
     MRAKICH, IN HIS OFFICIAL          )
     CAPACITY AS AN ACTING CITY        )
     MANAGER OF THE CITY OF WEST       )
     COVINA; CARMELITA UNDERWOOD,      )
     IN HER CAPACITY AS HUMAN          )
     RESOURCES DIRECTOR FOR THE        )
     CITY OF WEST COVINA; THOMAS P.    )
     DUARTE, IN HIS OFFICIAL           )
     CAPACITY AS CITY ATTORNEY FOR     )
     THE CITY OF WEST COVINA,          )
     GEMELLI EMPLOYMENT LAW, P.C.,     )
     AND DOES 1 THROUGH 50,            )
     INCLUSIVE,                        )
                                       )
         RESPONDENTS AND DEFENDANTS.   )
     _____)


          I, ERMELINDA HERNANDEZ, OFFICIAL REPORTER OF THE
     SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY
     OF LOS ANGELES, DO HEREBY CERTIFY THAT I DID CORRECTLY
     REPORT THE PROCEEDINGS CONTAINED HEREIN, AND THAT THE
     FOREGOING PAGES 1 THROUGH 26, COMPRISE A FULL, TRUE, AND
     CORRECT TRANSCRIPT OF THE PROCEEDINGS TAKEN IN THE MATTER
     OF THE ABOVE-ENTITLED CAUSE ON FRIDAY, MARCH 13, 2026.
               DATED THIS 14TH DAY OF MARCH, 2026.

                    *Ermelinda Hernandez*

                    ERMELINDA HERNANDEZ, CSR 12257
                    OFFICIAL REPORTER PRO TEMPORE