JOHN DOE

Plaintiff, in propria persona

Address and telephone: on file with the Court

Email: on file with the Court

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | District Judge: Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge: Hon. Michael B. Kim |
| CITY OF WEST COVINA, | **REVISED DECLARATION OF JOHN DOE IN SUPPORT OF REVISED THIRD SUPPLEMENTAL NOTICE OF NEWLY OCCURRING FACTS** |
| Defendant. | |

## REVISED DECLARATION OF JOHN DOE

I, John Doe, declare as follows:

1. I am the Plaintiff in this action and an elected member of the West Covina City Council. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify to them.

2. I submit this declaration in support of my Revised Third Supplemental Notice of Newly Occurring Facts and Request for Leave to Consider Supplemental Evidence in support of my pending ex parte application for clarification or, in the alternative, limited reconsideration of the Court's order denying temporary restraining order relief [Dkt. No. 26].

3. I understand the Court needs concrete facts showing what the City is doing now and how the City's conduct deprives me of equal access under the ADA and Section 504. This declaration provides those facts based on events that occurred on or about May 16-18, 2026.

4. As of May 16, 2026, I had not been provided a functioning GoPro MAX 2 or equivalent 360-degree recording accommodation with necessary parts to function. I had not been provided a mount, storage media, power solution, transfer/review method, or clear implementation process for Council meetings.

5. I have been informed by ADA Coordinator Roxanne Lerma that LCW attorney Corrigan Lewis recommended denial or limitation of the GoPro/360-degree accommodation and that the City's position is that the City's YouTube/chamber recording is equivalent or that the GoPro does not provide meaningful access.

6. I disagree. My treating physician, Dr. Henry Chang, has repeatedly identified the GoPro MAX 2 or equivalent 360-degree camera as a medically necessary

accommodation. On May 18, 2026, Dr. Chang issued a supplemental medical clarification explaining that the GoPro/360 accommodation is medically necessary and that the City's YouTube/chamber recording is not medically equivalent. A true and correct copy is included as Exhibit O.

7. Dr. Chang's May 18 letter explains that my autism-related auditory-processing, working-memory, sensory-integration, executive-functioning, and information-encoding limitations substantially affect my ability to process complex City Council meetings in real time. The letter explains that I need post-event visual-spatial reconstruction from my actual Council-desk position.

8. The City's YouTube/chamber recording does not provide that function. It is a public broadcast controlled by camera angles, microphone activation, operator choices, and broadcast framing. It does not continuously capture the full room from my actual seated position and does not reliably preserve the nonverbal and contextual cues I medically need.

9. On May 16, 2026, I picked up agenda materials for the May 19, 2026 Council meeting. There was no USB or equivalent physical storage device included. I had specifically requested a USB/physical-storage accommodation.

10. The lack of a USB or simple physical storage accommodation deprives me of equal access because I cannot effectively use my City-issued ADA laptop and agenda materials in the predictable, low-step format my disability requires. Cloud-only platforms such as OneDrive or SharePoint impose additional logins, folders, permissions, syncing, visual navigation, and error-management steps that increase my executive-functioning and working-memory burden.

11. Dr. Chang's May 18 letter specifically confirms that Microsoft OneDrive, SharePoint, or similar cloud-based platforms are not medically equivalent to a USB

thumb drive, SD card, external drive, or other simple physical storage device for my accommodation needs. See Exhibit O.

12. On May 16, 2026, I emailed LCW and City representatives to document that I picked up my agenda materials and there was no USB. I also objected that LCW was allegedly advising denial or limitation of the GoPro and USB accommodations. A true and correct copy of that email is included as Exhibit C.

13. On May 16, 2026, I emailed Roxanne Lerma requesting the LCW emails from Ms. Brittany Trainer and Ms. Corrigan Lewis that Roxanne had referenced regarding my accommodations. I also stated that Ms. Underwood had previously told me she was approving my GoPro MAX 2 / 360-degree recording accommodation before she was removed from the ADA Coordinator role. A true and correct copy is included as Exhibit D.

14. On May 16, 2026, I saw public Facebook posts by William Elliott circulating a list titled, in substance, "West Covina City Council expenses submitted for reimbursement." The list showed my ADA-related equipment, including "ADA Lamp for Council Dias" and "Go Pro Camera," as if those were ordinary Council expenses. Screenshots are included as Exhibits A and N.

15. The public comments then singled out the GoPro. One comment asked, "What about the $600 GoPro camera?" I understood that comment as turning a medically supported disability accommodation into a public political attack.

16. On May 16, 2026 at approximately 3:04 p.m., I spoke with Acting City Manager Milan Mrakich about the expense list. I asked him how the misinformation and public disclosure of ADA equipment occurred. Mr. Mrakich stated, in substance, that he did not know this had leaked and that it was a public-records request by Jerri Potras.

17. After that conversation, I contacted Ms. Potras. She informed me that the request was hers but that the City had not produced the responsive documents to her. She later provided a signed statement dated May 18, 2026.

18. Ms. Potras's May 18 signed statement confirms that she requested expense reports and/or requests for reimbursement for January, February, March, and April 2026 for all five Councilmembers; that the City extended its response deadline to May 25, 2026; that the extension notice was all she had received from the City as of the date of her statement; that she did not have the posted documents; that she would not have given the documents to Mr. Elliott if she had them; and that she does not interact with him. A true and correct copy, redacted for nonparty privacy, is included as Exhibit M.

19. The posted list included a May 7, 2026 GoPro charge even though Ms. Potras's request was limited to January through April 2026. That fact is important because it shows the public list was broader than the written request and included an ADA-related item outside the request period.

20. Based on the timing, the May 7 GoPro entry outside Ms. Potras's request period, the inclusion of my ADA-related equipment, the fact that Ms. Potras had not received the City's production, and the public comment targeting the GoPro, I believe the public circulation was retaliatory and intended to harass, stigmatize, and chill me for requesting accommodations and for pursuing oversight of City finances.

21. I am not claiming that every public expenditure related to a Councilmember is exempt from public records laws. My objection is that the City has not provided my ADA accommodations, has attempted or allowed those accommodations to be treated as Council allocation expenses, and then my ADA-related equipment was publicly displayed and used to attack me.

22. I have also requested financial oversight records, including City-issued credit card statements and transaction-level records for Acting City Manager Milan Mrakich. Those records have not been produced to me. My oversight request is included as Exhibit G.

23. Buchalter has appeared in court filings as counsel for Third Party Milan Mrakich and sought to quash or limit subpoenas. Those filings are included as Exhibit H. I believe the City's refusal to provide financial oversight records while my ADA-related expenses are publicly circulated is evidence of selective retaliation.

24. I am also submitting materials concerning William Elliott and Councilwoman Rosario Diaz for context. I understand Mr. Elliott is married to Councilwoman Rosario Diaz. Public materials include references to Mr. Elliott calling DREAMERS/DACA recipients "cockroaches" and a drain on taxpayers, and an Indigenous Peoples Day / Native American-attire image involving Senator Elizabeth Warren. See Exhibit N.

25. I submit those materials to show discriminatory-hostility context, motive, chilling effect, and foreseeable harm. I am not asking the Court to adjudicate a separate private-speech dispute. The point is that my disability accommodations were publicly weaponized in a hostile political environment while the City was still denying or delaying those accommodations.

26. The public weaponization of my ADA equipment caused me stress, fear, and further difficulty using or requesting accommodations. It communicates to me and to the public that disability access is wasteful or suspect. That directly interferes with my willingness and ability to use accommodations needed for equal participation.

27. I have repeatedly requested updates on HR/ADA complaints. HR did not provide a substantive status and instead referred me to Roxanne. The relevant email chain is included as Exhibit J.

28. I have briefed the California Attorney General's Civil Rights Unit regarding the City's disability-access public-meeting conduct. I continue to preserve records and provide updates regarding the City's ADA/Section 504 conduct, retaliation, and public-meeting access issues.

29. I respectfully request that the Court consider this supplemental evidence because it shows the City's ongoing denial, delay, cost-shifting, public stigmatization, and retaliation while my federal claims and pending ex parte request remain before the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May ___, 2026, at West Covina, California.


_____

John Doe
Plaintiff, in propria persona