**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S IMPROPER SUPPLEMENTAL AND/OR *EX PARTE* FILINGS [Doc. Nos. 31, 33, 34, 36, 40, and 41]** |

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO PETITIONER'S IMPROPER FILINGS**

## I.     INTRODUCTION

On May 4, 2026, the Court denied Petitioner John Doe's *ex parte* application for a temporary restraining order. Doc. No. 26.  Approximately 12 hours later, early on the morning of May 5, 2026, Mr. Doe had already filed another *ex parte* application, this time to reconsider the Court's ruling.  Doc. No. 27, 28.  On May 6, 2026, Respondent, City of West Covina opposed Mr. Doe's application.  Doc. No. 32.

Beginning on May 6, 2026, and continuing through May 18, 2026, Mr. Doe made a series of filings, many of which are ostensibly *ex parte* applications, apparently designed to bolster or supplement his pending application for reconsideration.  See Doc. No. 31, 33, 34, 36, 40, and 41.  This amounts to a new filing every other day.  Neither the Court nor the City should be compelled to address Mr. Doe's prolific and procedurally improper filings.

The Court should reject Mr. Doe's various filings or applications as improper.  To the extent the Court believes any of Mr. Doe's recent filings may somehow be proper, or would like the City to address them, the City requests that the Court set a briefing schedule.

## II.     ARGUMENT

"'Ex parte applications have reached epidemic proportions in the Central District.'...This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995).  The problem is particularly severe with self-represented individuals like Mr. Doe. *Id*. at 490 ("nonlawyers representing themselves are flooding the courts with" *ex parte* applications.)

"Ex parte applications are solely for extraordinary relief and are rarely justified. A party filing an ex parte application must support its request for

BUCHALTER LLP
IRVINE

1

**RESPONDENT'S OPPOSITION TO PETITIONER'S IMPROPER FILINGS**

emergency relief with 'evidence ... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures.'" *POP MART Americas Inc. et al v. 7-Eleven et al. Additional Party Names: Beijing POP MART Cultural & Creative Co. Ltd, POP MART (Singapore) Holding Pte. Ltd.*, No. 2:25-CV-06555-MEMF-MBK, 2025 WL 4059411, at *1 (C.D. Cal. Dec. 10, 2025) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)).

Nothing in any of Mr. Doe's numerous filings or purportedly "new" evidence demonstrates the sort of irreparable prejudice required for *ex parte* relief. The Court has already addressed Mr. Doe's assertion that the alleged denial of his ADA rights constitutes irreparable harm, finding, "there are no 'ongoing, worsening injuries' to warrant immediate interim relief" and "although Doe contends that he has suffered emotional 'severe stress, anxiety, humiliation, and emotional pain' from this Application, Doe does not allege the type of injury stemming from a 'reduced sense of well-being' or 'discrimination based on the irrational fear that [he] might be contagious' that warrants immediate and irreparable emotional and psychological harm. Doe's emotional harm from 'the use and disclosure of his disability-related information' can be addressed with a proper sealing of such documents." Doc. 26 at 13:4-5, 13:24-14:1 (citations omitted).

## III.    CONCLUSION

For the foregoing reasons, the Court should reject Mr. Doe's recent filings or applications, filings including Document Nos. 31, 33, 34, 36, 40, and 41, and any other improper filings Mr. Doe may make hereafter in support of his pending application for reconsideration.

To the extent the Court believes Mr. Doe's motion for reconsideration may somehow be proper, or would like the City to address Mr. Doe's multiple recent filings, the City requests that the Court set a briefing schedule.

BUCHALTER LLP
IRVINE

2

**RESPONDENT'S OPPOSITION TO PETITIONER'S IMPROPER FILINGS**

DATED:  May 20, 2026             BUCHALTER LLP


By:  */s/Roger L. Scott*
                    Roger L. Scott
              Attorneys for Respondent
              City of West Covina

BUCHALTER LLP
IRVINE

3
**RESPONDENT'S OPPOSITION TO PETITIONER'S IMPROPER FILINGS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 20, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1

**CERTIFICATE OF SERVICE**