**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
         ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE, an individual,

Petitioner,

vs.

CITY OF WEST COVINA,

Respondent.

CASE NO. 2:26-cv-03659-MEMF-MBK

Assigned to District Judge
Maame Ewusi-Mensah Frimpong

**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBIT AA UNDER SEAL [Docket 44-2]**

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

## I.  INTRODUCTION

In addition to pursuing this action against Respondent City of West Covina under Title II of the Americans with Disabilities Act, Petitioner John Doe has also filed substantially similar claims with the Equal Employment Opportunities Commission under Title I of the ADA (even though his is not a City employee).  As part of one of his many filings of "additional evidence," Petitioner John Doe asks the Court to seal "Exhibit AA," which is a 100-page position statement and accompanying exhibits Respondent the City of West Covina filed in response to EEOC claims in its entirety.  Docket 44-2, 44-3.

Neither Mr. Doe's application to seal nor his supporting declaration explain why each and every page of the City's filing with the EEOC should be sealed, instead relying on generalizations about "an active EEOC proceeding" and "disability/accommodation-related information."  Docket 44-2; Docket 44-3.  The public has a strong presumptive right of access to judicial records.  The fact that Mr. Doe's disability or accommodations are at issue does not, without more, support sealing of those records.

The City's EEOC position statement, which Mr. Doe marks in its entirety as Exhibit AA, consists of a letter brief to the EEOC, and attached exhibits A through O.  Mr. Doe provides no argument or explanation as to why the City's letter brief should be sealed.  The brief itself provides legal arguments consistent with the City's defenses asserted in this action.

The internal exhibits cannot be sealed at all.  They consist almost entirely of documents the parties—including Mr. Doe—have filed publicly, without redaction, in this case.  Other exhibits are pleadings *filed by Mr. Doe*, and a City staff report available to the general public.  Thus, the Court should deny Mr. Doe's application to seal.  Docket 44-2.

BUCHALTER LLP
IRVINE

1

### III.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records" *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records.  *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits.  *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted).  The "compelling reasons" standards applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power." *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the

BUCHALTER LLP
IRVINE

2

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

need for sealing. *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline. Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome.  It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed.  The fact that material has been designated confidential is not enough.  Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

**IV. ARGUMENT**

**A.   Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records**

Mr. Doe submitted Exhibit AA in connection with ongoing requests for emergency and substantive relief in this federal action.  The materials therefore are not private discovery materials exchanged between parties; they are judicial records filed for the Court's consideration. Judicial records are presumptively open to the public, and a party seeking to seal them bears the burden of overcoming that presumption. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119.  The Ninth Circuit applies the "compelling reasons" standard where materials are attached to filings more than tangentially related to the merits.  *Id*.  Public access turns on whether the underlying filing is more than tangentially related to the merits, not merely whether the motion is technically dispositive. *Id*.

That standard applies here.  Mr. Doe has repeatedly used this federal action to seek emergency relief, reconsideration, supplemental relief, and protective orders based on alleged disability discrimination, ADA retaliation, disclosure of accommodation information, the City's communication protocols, the CPRA writ

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

action, and related governance issues.  His own public exhibit package states that the exhibits were submitted "publicly and without redaction as part of Plaintiff's emergency filing" and identifies the materials as supporting his requested clarification or reconsideration of the Court's order denying TRO relief.  (Docket 45-2 at pp. 1-2 [Exhibit Packet ISO Limited Reconsideration of TRO].)  The Court's May 4, 2026 order confirms that Mr. Doe's filings were directed to the merits of his asserted Title II ADA, retaliation, interference, First Amendment, and injunctive claims.  (Docket 26).  The Court denied Mr. Doe's ex parte application after analyzing likelihood of success on those claims and irreparable harm, and noted that any sealing request must comply with Local Rule 79-5.2.2.  *Id*. at pp. 4-17.  Because the materials were filed in connection with merits-related requests for relief, Mr. Doe must satisfy the strong presumption of public access.  He has not done so.

### B.  Mr. Doe's Request Is Not Narrowly Tailored

Mr. Doe seeks to seal the City's entire opposition to one of his EEOC claims his administrative complaint, including exhibits, wholesale. That is not a narrowly tailored request.  Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing.  Mr. Doe's application fails that standard because it does not isolate genuinely confidential information.  Instead, he attempts to seal the entirety of approximately 100 pages of the position statement and exhibits, including documents already publicly filed or otherwise publicly available.

That approach is improper.  The sealing rules do not permit a party to suppress public filings by attaching them to a new application and labeling them confidential.  Nor do they permit sealing of entire documents where, at most, discrete information might arguably warrant redaction.  If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the

specific harm from disclosure, and propose a narrowly tailored redaction.  He has not done so.

### C.    Mr. Doe Fails To Justify Sealing of the Position Statement Itself

The City's position statement itself is an 20-page letter brief that explains to the EEOC in detail why Mr. Doe's ADA claims presented to the EEOC—which are substantially similar to the claims Mr. Doe asserts in this action—fail.  Mr. Doe fails to make any argument, or provide any explanation why these pertinent legal arguments should be sealed in their entirety.

### D.    The Exhibits to the Position Statement Are Already Public Record

The City's EEOC position statement, which Mr. Doe marks in its entirety as Exhibit AA, consists of a letter brief to the EEOC, and attached exhibits A through O.  These internal exhibits are already publicly documents, many coming from public litigation filings by Doe himself.  Doe cannot seek to seal what is already public.

#### 1.    *Mr. Doe's ADA-related materials were previously filed publicly with this Court (exhibits A-J to the position statement)*

Mr. Doe cannot plausibly claim that documents already placed on the public docket require blanket sealing now.  Once a party has publicly filed the same correspondence, sealing it in a later filing does not protect confidentiality, it simply obscures the record and makes it harder for the public and the Court to evaluate the parties' filings.

This is not a case where the City is seeking to publicize unrelated private information.  The correspondence appears in the record because Mr. Doe put his interactive process, disability accommodation allegations, and related disputes at issue.

Exhibit A to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's home office supplies.  This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. A, and the City at Docket 15-1, Ex. 11.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

Exhibit B to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's ability to access City Hall after hours.  This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 10.

Exhibit C to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's lighting accommodation.  This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 9.

Exhibit D to the position statement is a letter signed on or about October 23, 2025.  This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 6.

Exhibit E to the position statement is a December 8, 2025 memorandum regarding Mr. Doe's lighting accommodation.  This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 8.

Exhibit F to the position statement is a December 3, 2025 memorandum regarding Mr. Doe's medical documentation.  This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. D, and the City at Docket 15-1, Ex. 7.

Exhibit G to the position statement is a May 13, 2025 memorandum regarding Mr. Doe's City-issued laptop computer.  This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. B, and the City at Docket 15-1, Ex. 3.

Exhibit H to the position statement is a May 13, 2025 memorandum regarding accommodations for Mr. Doe surrounding meal selection.  This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 5.

Exhibit I to the position statement is a May 13, 2025 memorandum regarding certain participation accommodations for Mr. Doe.  This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. A, and the City at Docket 15-1, Ex. 4.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER
SEAL (DOCKET 44-2)**

Exhibit J to the position statement is a February 23, 2026 letter to Mr. Doe. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 15.

Exhibit J to the position statement is an April 23, 2026 letter to Mr. Doe. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 18.

### 2. *Mr. Doe cannot seal public records (Ex. L, M, O to the position statement)*

Exhibit L is a copy of Mr. Doe's original petition filed in state court. (Docket 1, Ex. 1.)  These filings are paradigmatic judicial records. *See, e.g. Courthouse News Serv. v. Planet,* 947 F.3d 581, 592 (9th Cir. 2020).  Mr. Doe filed the document publicly in state court, and he cannot now ask this Court to treat his own public filing as confidential.  A public court filing does not become sealable simply because Mr. Doe repackages it as an exhibit.

Exhibit M is a City staff report that was part of the publicly posted City Council agenda for the March 17 meeting. (Docket 44, Ex. M [City Council agenda packet for March 17, 2026] *available at* https://westcovinaca.new.swagit.com/videos/378650/agenda.)  Public agenda materials are, necessarily, public-facing government records.  Mr. Doe offers no compelling reason why a public City staff report should be removed from public view in federal court.

Exhibit O likewise cannot be sealed because it is Doe's own publicly filed ex parte application in state court.  (Docket 44, Ex. O [*John Doe v. City of West Covina,* Los Angeles County Superior Court of California, Case No. 26STCP00957].)  Doe cannot file a document publicly in state court and later demand that the same document be sealed in federal court without a specific, compelling, and narrowly tailored justification.

Buchalter LLP
Irvine

7

### 3.    *Exhibit N contains no confidential information*

The only exhibit the City could not readily identify as a public record and/or having previously been filed with the Court is Exhibit N to the petition, a March 3, 2026 letter to Mr. Doe.  This letter contains no confidential information.  It states simply that the City takes Human Resources complaints seriously, but explains to Mr. Doe that, since he is an elected official, not an employee, the usual Human Resources protocols available to employees may not apply to him.  It does not disclose any information about the complaint he made, his disability, or an other remotely confidential information.

## V.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 8, 2026                    BUCHALTER LLP


By:  */s/Roger L. Scott*
Roger L. Scott
Attorney for Respondent
City of West Covina

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/Roger L. Scott

*Roger L. Scott*

BUCHALTER LLP
IRVINE

**CERTIFICATE OF SERVICE**