JOHN DOE
Plaintiff/Petitioner, In Pro Per
Safe at Home / Confidential Address
Email: JohnDoeCA2025@gmail.com

Case No. 2:26-cv-03659-MEMF-MBK
Assigned to Hon. Maame Ewusi-Mensah Frimpong
Magistrate Judge Michael B. Kim

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, an individual,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant/Respondent. | **Case No. 2:26-cv-03659-MEMF-MBK**<br><br>**PLAINTIFF JOHN DOE'S REPLY TO RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PLAINTIFF'S APPLICATION TO FILE EXHIBIT AA UNDER SEAL; SUPPLEMENTAL NOTICE OF JUNE 8, 2026 TREATING-PHYSICIAN LETTER; REQUEST TO FILE EXHIBIT BB UNDER SEAL OR FOR IN CAMERA REVIEW; AND NOTICE OF PENDING G-122 ACCESS-COORDINATOR REQUEST [Dkt. 44-2; Dkt. 61]** |

## I. INTRODUCTION

Respondent and its counsel attempt to turn a targeted medical-confidentiality dispute into a sweeping public-access argument. That framing is wrong. Plaintiff is not asking this Court to seal the case, hide ordinary public records, or amend the operative pleading through this filing. Plaintiff is asking for a narrow, practical order that prevents additional public disclosure of confidential medical, ADA-accommodation, Safe at Home, and safety-related information while still allowing the Court to review the evidence in camera.

This case now includes a real-world disclosure event. City-controlled information identifying Plaintiff's ADA accommodation equipment - including an ADA lamp and a GoPro / 360-degree camera that Plaintiff's treating physician has identified as medically necessary - was posted online by a politically connected non-party. The post presented disability-access equipment as Council spending and invited public ridicule. That event is not abstract. It is the precise harm sealing and in camera review are meant to prevent.

The Court can protect public access and medical privacy at the same time: permit public filing of non-sensitive procedural facts; permit public redacted placeholders; allow Respondent to argue its defenses publicly; and review only the sensitive medical and safety materials under seal or in camera.

## II. RESPONDENT'S OPPOSITION PROVES WHY A NARROW SEALING ORDER IS NECESSARY

Respondent argues that because Plaintiff's disability and accommodations are at issue, the public has a substantial interest in seeing disability-related records. Plaintiff does not dispute that the public may see non-sensitive litigation positions, general accommodation facts, and the fact that accommodations are at issue. But Respondent's position collapses two categories that the law and common sense keep separate: (1) operational accommodation information, and (2) confidential medical and disability information.

Operational information may include a neutral instruction such as: Plaintiff receives additional processing time, may use written notes, or may use a recording accommodation. Confidential medical information includes diagnoses, treatment information, treating-physician opinions, functional limitations, medical nexus, mental-health/sleep/pain effects, and safety facts connected to Plaintiff's pseudonymity. The first category may be necessary to administer proceedings. The second category is not for public political distribution.

Title II's effective-communication regulation recognizes that auxiliary aids and services must be provided in a manner that protects privacy and independence. 28 C.F.R. section 35.160(b)(2). Title II also prohibits retaliation, coercion, intimidation, threats, and interference with ADA-protected rights. 28 C.F.R. section 35.134. Publicly exposing disability-accommodation equipment, stripping it of medical context, and then using it to accuse or ridicule Plaintiff is the opposite of privacy, independence, and non-interference.

## III. PLAINTIFF IS NOT SEEKING BLANKET SEALING; PLAINTIFF SEEKS TARGETED SEALING OF THE NEW DR. CHANG LETTER AND IN CAMERA REVIEW

Respondent attacks Plaintiff for allegedly seeking blanket sealing. Plaintiff now clarifies the relief requested. Plaintiff does not seek to seal all filings or all exhibits. Plaintiff seeks leave to file the June 8, 2026 treating-physician letter from Dr. Henry Chang as Exhibit BB under seal, or alternatively for in camera review. Plaintiff files a public placeholder describing the exhibit without disclosing the substance of the medical information.

The June 8 letter is materially different from a general City memorandum. It contains diagnoses, diagnostic-code references, functional limitations, treating-physician opinions, medical nexus, and detailed discussion of the medical consequences of denial, delay, or public minimization of accommodations. It also directly rebuts the City's April 23 and June 3 accommodation letters. That is exactly the type of record that should be reviewed by the Court without being placed into the public docket in unredacted form.

The Ninth Circuit's public-access cases require a specific showing. Plaintiff is making that showing document-by-document. Exhibit BB is a medical letter. It is not an ordinary public staff report. It is not a City Council agenda item. It is not a neutral business record. It is a medical accommodation opinion from Plaintiff's treating physician.

## IV. PLAINTIFF'S EARLIER PRO SE PUBLIC FILINGS WERE NOT A BLANKET WAIVER OF MEDICAL PRIVACY OR SAFETY PROTECTION

Respondent repeatedly argues that some accommodation materials were previously filed publicly. That argument should be rejected as a blanket waiver theory. Plaintiff is pro se, proceeding under extreme time pressure, disability-related limitations, and safety concerns. Plaintiff initially filed evidence publicly because he was attempting to ensure that the Court possessed the evidence and because he was learning federal sealing practice while litigating against represented parties.

A pro se emergency filing should not be transformed into a permanent waiver of every medical, ADA, Safe at Home, and safety protection. If anything, the history shows why Plaintiff now seeks a careful procedure: public placeholder, sealed or in camera exhibit, and a narrow proposed order.

Respondent's position is also inconsistent. In prior disputes, counsel argued that sealing was the appropriate mechanism if Plaintiff wished to protect sensitive information. Now, when Plaintiff follows that route and requests sealed review of a treating-physician letter, Respondent objects and argues that medical/accommodation records should be public. Respondent should not be permitted to tell Plaintiff to seal sensitive information in one breath and then oppose sealing when Plaintiff does so.

## V. THE ADA LEAK AND PUBLIC WEAPONIZATION OF PLAINTIFF'S ACCOMMODATION INFORMATION ARE MATERIAL TO THE SEALING ANALYSIS

The Court should not analyze sealing in a vacuum. Plaintiff has submitted public evidence showing that City-controlled financial/accommodation information was disclosed or permitted to leave City control without proper redaction or oversight. Acting City Manager Milan Mrakich acknowledged that he was ultimately responsible for anything that comes out of the City, including documents and transmissions, and acknowledged concerns about raw financial data being disclosed without redaction and proper oversight. He further stated that safeguards were being implemented to prevent recurrence.

The disclosure was not simply a spreadsheet. It identified disability-access equipment, including an ADA lamp and GoPro / 360-degree camera, as spending items. The GoPro item shown in the online post was dated May 7, 2026, even though Plaintiff is informed and believes the original request concerned January through April 2026. That discrepancy matters because it supports Plaintiff's belief that the posted document was not a neutral Finance production but an unofficial or expanded disclosure that included ADA-related information.

The information was posted by or through the account/name William Elliott in the West Covina Today group. Plaintiff is informed and believes Mr. Elliott is the husband of Councilmember Rosario Diaz. The public post was followed by comments targeting the GoPro camera, including the statement: "What about the $600 GoPro camera?" That is direct public weaponization of an accommodation that the treating physician states is medically necessary.

Plaintiff is further informed and believes that Mr. Mrakich admitted or stated that an assistant identified to Plaintiff as Eric Vargas or Eric Venegas was involved in the release. If Respondent disputes the name or the role, the City should identify the correct person, preserve all metadata and communications, and support neutral investigation rather than forcing public disclosure of more medical information.

Plaintiff is informed and believes the City Manager has blocked or failed to authorize the ADA Coordinator to retain a neutral third-party investigator to investigate the ADA disclosure. Plaintiff also understands that counsel has taken the position that ADA need-to-know limitations do not apply in the ordinary way because Plaintiff is an elected official. That position is dangerous and overbroad. Elected officials may need to know operational accommodation rules. They do not need diagnosis, medical nexus, physician opinions, or confidential treatment information.

## VI. RESPONDENT'S POSITION IGNORES THE SAFETY RECORD AND THE DOE/PSEUDONYMITY CONTEXT

This case is not merely about embarrassment or political criticism. Plaintiff participates in California's Safe at Home program. Plaintiff has been subpoenaed as a witness in federal criminal proceedings involving dangerous actors. Plaintiff has submitted safety materials for sealed or in camera review, including materials concerning law-enforcement safety concerns and advice against travel to Mexico. Publicly forcing additional identifying medical and safety facts into the docket increases the same risk Plaintiff is asking the Court to manage.

The sealing issue is intertwined with the pseudonymity issue. A third party, Professor Eugene Volokh, has threatened to intervene or file in opposition to pseudonymity and any restriction on publicly identifying Plaintiff. Plaintiff has a pending safety record. That record should be reviewed by the Court, not tried through online amplification or unnecessary public disclosure.

## VII. THE PUBLIC RECORDS REQUEST FOR "AI GLASSES" SHOWS HOW DISABILITY INFORMATION IS BEING TURNED INTO A TARGET

Plaintiff also submits the May 27, 2026 public-records request from William Elliott. The request asks for information from alleged "AI GLASSES," the full content of Plaintiff's City laptop, and all AI programs, requests, or queries allegedly used by Plaintiff in City Council meetings. Plaintiff denies using AI glasses for Council meetings or AI programs for official Council meeting work.

The phrase "AI GLASSES" is significant because Plaintiff is informed and believes it came from discriminatory framing of Plaintiff's disability-related assistive technology and accommodations. The same person whose public account posted Plaintiff's ADA-related equipment then submitted a request targeting alleged AI glasses, laptop contents, and AI usage. That sequence supports Plaintiff's position that disability accommodation information is being turned into a political and retaliatory target.

## VIII. WILLIAM ELLIOTT'S PUBLIC HISTORY HEIGHTENS PLAINTIFF'S REASONABLE FEAR OF MISUSE

Plaintiff is informed and believes that public records and public materials reflect a troubling history concerning Mr. Elliott, including allegations of violence, protective restrictions arising from an assault outside City Hall, and public discriminatory rhetoric. Plaintiff submits a public screenshot reflecting that Mr. Elliott was publicly attributed with referring to DACA/Dreamers as "cockroaches" and a drain on taxpayers at an April 3, 2018 City Council meeting. Plaintiff cites this not to adjudicate Mr. Elliott's liability in this motion, but to show why public disclosure of Plaintiff's disability and safety information to politically aligned private actors creates concrete danger and chilling effects.

If the Court requires certified records regarding restraining-order or criminal/probation matters involving Mr. Elliott, Plaintiff will submit those records separately. For present purposes, the issue is straightforward: Respondent is asking the Court to force medical and ADA details onto the public docket even after Plaintiff's accommodation information has already been publicly exposed and ridiculed. That is not harmless.

### IX. BUCHALTER AND ROGER SCOTT'S CONFLICT ISSUES SUPPORT IN CAMERA REVIEW AND WILL BE ADDRESSED BY SEPARATE MOTION

Buchalter and Roger Scott are not neutral observers to the facts underlying this sealing dispute. Plaintiff is informed and believes Mr. Scott and Buchalter have advised, reviewed, drafted, or influenced positions concerning ADA confidentiality, public access, medical records, the City's disclosure obligations, and communications to City officials. Mr. Scott has also appeared as counsel for City Manager Milan Mrakich personally in related litigation while Buchalter claims to represent the City as an entity.

In another proceeding, Mr. Scott represented that Buchalter had a conflict waiver, but refused to produce the waiver to the court on the ground that it was attorney-client privileged. Plaintiff is a member of the City's governing body and states he never voted on that waiver and never saw it placed on a public agenda item. Plaintiff contends this raises Brown Act and organizational-client concerns.

Plaintiff will file a separate motion to disqualify Roger Scott and Buchalter from this federal case. This reply does not ask the Court to decide disqualification now. It asks the Court to recognize that Respondent's sealing opposition is being advanced by counsel whose own role and conflicts are part of the record. That is an additional reason for in camera review rather than blind acceptance of Respondent's public-access position.

### X. NOTICE OF PENDING G-122 COURT ACCOMMODATION REQUEST

Plaintiff also notifies the Court that he has submitted or is submitting a G-122 Application for Accommodations for Trial Participants With Communication Disabilities to the Central District's Access Coordinator. The request seeks accommodations for Autism Spectrum Disorder and related communication, processing, auditory, working-memory, executive-functioning, and sensory limitations. Plaintiff respectfully requests that the Court consider the pending access request when setting hearings, reviewing filings, and evaluating whether Plaintiff's pro se errors in earlier sealing practice should be treated as waiver.

## XI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

• Overrule Respondent's objection to targeted sealing or in camera review of medical and safety materials;

• Grant Plaintiff's application to file Exhibit BB, Dr. Chang's June 8, 2026 treating-physician letter, under seal;

• Alternatively, review Exhibit BB in camera and permit Plaintiff to withdraw the unredacted exhibit if the Court declines sealing;

• Accept the public redacted placeholder for Exhibit BB;

• Consider the ADA leak, public weaponization of Plaintiff's accommodation information, and pending G-122 accommodation request in assessing confidentiality and access;

• Preserve Plaintiff's right to file a separate motion to disqualify Buchalter and Roger Scott; and

• Grant such other and further relief as the Court deems just and proper.

DATED: June 9, 2026

Respectfully submitted,

JOHN DOE
Plaintiff/Petitioner, In Pro Per