JOHN DOE
Plaintiff/Petitioner, In Pro Per
Safe at Home / Confidential Address
Email: JohnDoeCA2025@gmail.com

Case No. 2:26-cv-03659-MEMF-MBK
Assigned to Hon. Maame Ewusi-Mensah Frimpong
Magistrate Judge Michael B. Kim

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, an individual,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant/Respondent. | **Case No. 2:26-cv-03659-MEMF-MBK**<br><br>**PLAINTIFF JOHN DOE'S APPLICATION TO FILE EXHIBIT BB UNDER SEAL OR, IN THE ALTERNATIVE, FOR IN CAMERA REVIEW** |
| --- | --- |

## I. APPLICATION

Plaintiff John Doe respectfully applies for leave to file Exhibit BB - Dr. Henry Chang's June 8, 2026 Supplemental Medical Rebuttal and Medical Necessity Opinion - under seal pursuant to Local Rule 79-5 and the Court's inherent authority to protect confidential medical, ADA-accommodation, and safety-related information.

In the alternative, Plaintiff requests that the Court review Exhibit BB in camera and permit Plaintiff to withdraw the unredacted exhibit if the Court declines sealing. Plaintiff is not seeking blanket sealing of the entire case or all disability-related references. Plaintiff seeks targeted sealing of one treating-physician letter containing diagnoses, medical nexus, functional limitations, and confidential accommodation information.

## II. DOCUMENT TO BE SEALED

| Document | Portion to Seal | Basis |
| --- | --- | --- |
| Exhibit BB - Dr. Henry Chang June 8, 2026 treating-physician letter | Entire unredacted exhibit, or alternatively the diagnostic, treatment, medical-nexus, functional-limitation, and medical-accommodation portions | Confidential medical and disability-accommodation information; ADA privacy and independence concerns; risk of public weaponization following prior ADA-information disclosure; safety/pseudonymity context; less restrictive public placeholder submitted |

## III. GOOD CAUSE AND COMPELLING REASONS

The June 8 letter is not a public City record. It is a treating-physician opinion. It includes medical opinions and diagnostic/functional information created for the purpose of disability accommodations. Public filing would expose the very medical information Plaintiff seeks to protect and would further chill Plaintiff's use of ADA accommodations.

The Court can preserve meaningful public access through the public placeholder and the public briefing. The public can know that Plaintiff relies on a June 8 treating-physician letter and that the letter addresses the City's April 23 and June 3 accommodation positions. The public does not need the unredacted diagnoses, symptoms, medical nexus, and functional limitations to monitor the Court's sealing ruling.

Sealing is particularly justified because Plaintiff has submitted evidence that ADA accommodation equipment information has already been disclosed to non-requesters or politically connected persons and posted publicly. The public post identified the ADA lamp and GoPro camera as spending items and comments then focused on the GoPro. The risk of misuse is not speculative.

### IV. LESS RESTRICTIVE ALTERNATIVES

Plaintiff has submitted a public placeholder for Exhibit BB. Plaintiff is willing to provide a redacted version if the Court directs specific redactions. Plaintiff also requests in camera review as an alternative to public filing. If the Court declines sealing, Plaintiff requests the option to withdraw Exhibit BB rather than have the unredacted medical letter filed publicly.

### V. CONCLUSION

Plaintiff respectfully requests that the Court grant this application and permit Exhibit BB to be filed under seal, or in the alternative review the unredacted letter in camera.

DATED: June 9, 2026
Respectfully submitted,

JOHN DOE
Plaintiff/Petitioner, In Pro Per