JOHN DOE
Plaintiff/Petitioner, In Pro Per
Safe at Home / Confidential Address
Email: JohnDoeCA2025@gmail.com

Case No. 2:26-cv-03659-MEMF-MBK
Assigned to Hon. Maame Ewusi-Mensah Frimpong
Magistrate Judge Michael B. Kim

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, an individual, Plaintiff/Petitioner, v. CITY OF WEST COVINA, Defendant/Respondent. | **Case No. 2:26-cv-03659-MEMF-MBK** <br><br> **DECLARATION OF JOHN DOE IN SUPPORT OF REPLY TO SEALING OBJECTION, APPLICATION TO FILE EXHIBIT BB UNDER SEAL, AND SUPPLEMENTAL NOTICE** |
| --- | --- |

I, John Doe, declare as follows:

1. I am the Plaintiff/Petitioner in this action. I have personal knowledge of the facts stated in this declaration, except where stated on information and belief, and if called as a witness I could and would testify competently to them.

2. I am proceeding under the pseudonym John Doe because of safety, Safe at Home, law-enforcement, and retaliation concerns. I have previously submitted safety-related materials to the Court and have requested sealing or in camera review of sensitive materials.

3. On or about June 8, 2026, my treating physician, Dr. Henry Chang, issued a supplemental medical rebuttal and medical necessity opinion regarding my ADA/FEHA accommodations. A true and correct copy is submitted as Exhibit BB through the sealed or in camera process.

4. Dr. Chang's June 8 letter contains confidential medical and disability-related information, including diagnoses, diagnostic-code references, functional limitations, medical nexus, treating-physician opinions, and discussion of medical consequences from denial, delay, or public minimization of accommodations.

5. I do not want Dr. Chang's unredacted letter publicly filed. I am willing for the Court to review the letter under seal or in camera. I am also willing to file a redacted public version if the Court directs specific redactions.

6. I previously filed certain materials publicly while proceeding pro se and under emergency conditions. I did not intend to waive my medical privacy, ADA confidentiality, Safe at Home protections, or safety protections. I filed materials because I was trying to make sure the Court

had the evidence, while learning the sealing rules without counsel.

7. I am informed and believe that the City or City-controlled channels allowed an unofficial expense document identifying my ADA accommodation equipment to be disclosed outside the ordinary Finance production process.

8. On May 20, 2026, Milan Mrakich wrote to me that he was ultimately responsible for anything that comes out of the City, including documents and transmissions. He also acknowledged concerns regarding raw financial data being disclosed without redaction and proper oversight and stated that safeguards were being implemented.

9. Screenshots I obtained show a Facebook post in West Covina Today under the account/name William Elliott that displayed expense information including my ADA lamp and GoPro camera. Comments then focused on the GoPro, including the statement, "What about the $600 GoPro camera?"

10. I am informed and believe William Elliott is the husband of Councilmember Rosario Diaz. I am further informed and believe that the information reached him before the original requester received an official Finance production.

11. I am informed and believe Mr. Mrakich told me or admitted that an assistant identified to me as Eric Vargas or Eric Venegas was involved in the disclosure. If the City disputes the name or role, it should identify the correct person and preserve all related evidence.

12. I am informed and believe the City Manager blocked or failed to authorize the ADA Coordinator to retain a neutral third-party investigator to investigate the ADA disclosure.

13. I am informed and believe Roger Scott or Buchalter has advised City officials that ADA need-to-know confidentiality limits do not apply in the same way to elected officials. I dispute that position. Elected officials may need operational accommodation information, but they do not need my diagnosis, medical nexus, physician opinions, treatment information, or detailed functional limitations.

14. On May 27, 2026, William Elliott submitted a public-records request seeking alleged "AI GLASSES," the full content of my City laptop, and all AI programs, requests, or queries allegedly used by me in City Council meetings. I believe that request reflects discriminatory framing of my disability-related assistive technology and accommodation issues.

15. I have also seen public material attributing to Mr. Elliott a statement referring to DACA/Dreamers as "cockroaches" and a drain on taxpayers. I am informed and believe additional public records exist regarding violent conduct, assault allegations, probation, and restraining-order restrictions involving Mr. Elliott. I will submit certified records if required by the Court.

16. I have a pending G-122 accommodation request with the Central District Access Coordinator. The request seeks court access accommodations related to Autism Spectrum Disorder and communication, auditory-processing, working-memory, executive-functioning, and sensory-processing limitations.

17. I am informed and believe Buchalter and Roger Scott are conflicted because they have represented or protected the City as an entity while also appearing for individual City Manager Milan Mrakich in related litigation and advising on matters where Buchalter attorneys may be witnesses.

18. I am informed and believe Mr. Scott has represented in another case that Buchalter has a conflict waiver but refused to produce it to the court on the ground of attorney-client privilege. I am a member of the City's governing body. I did not vote on that alleged waiver and do not recall it being placed on a public agenda item.

19. I intend to file a separate motion to disqualify Roger Scott and Buchalter from this federal case. This declaration is not intended to fully brief that motion; it is intended to explain why Respondent's sealing objection comes from counsel whose own role is relevant to the facts.

20. I respectfully ask the Court to permit Exhibit BB to be filed under seal or reviewed in camera and to consider the prior ADA disclosure when evaluating whether further medical details should be placed on the public docket.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2026, in West Covina, California.

JOHN DOE