JOHN DOE
Plaintiff, Pro Se
Proceeding under pseudonym
Email: JohnDoeCA2025@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to:<br>District Judge Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Hon. Michael B. Kim<br><br>**PLAINTIFF JOHN DOE'S SUPPLEMENTAL NOTICE AND APPLICATION TO FILE EXHIBITS II AND JJ UNDER SEAL; NOTICE OF ADDITIONAL SAFE AT HOME AND FEDERAL PROTECTIVE ORDER EVIDENCE IN SUPPORT OF PSEUDONYMITY, SEALING, AND IN CAMERA REVIEW** |

## PLAINTIFF JOHN DOE'S SUPPLEMENTAL NOTICE AND APPLICATION TO FILE EXHIBITS II AND JJ UNDER SEAL; NOTICE OF ADDITIONAL SAFE AT HOME AND FEDERAL PROTECTIVE ORDER EVIDENCE IN SUPPORT OF PSEUDONYMITY, SEALING, AND IN CAMERA REVIEW

Plaintiff John Doe submits this supplemental notice and application to file two additional exhibits under seal or, alternatively, for in camera review. This filing follows Plaintiff's Notice of Narrowing of Requested Relief. Plaintiff is not asking through this supplemental filing for a broad order regulating public speech by amici or non-parties. Plaintiff is asking the Court to preserve the integrity of the Court record, maintain pseudonymity, and protect the specific confidential records submitted to the Court.

The two exhibits proposed under seal are:

**Exhibit II:** Plaintiff's Confidential Information Form under California Code of Civil Procedure section 367.3 and Safe at Home documentation. The exhibit contains Plaintiff's true identity, Safe at Home participation information, and identifying information the state confidentiality framework is designed to protect.

**Exhibit JJ:** A federal criminal case protective order from United States v. Del Entertainment, Inc., et al., Case No. 2:22-cr-00267-MEMF, concerning personal identifying information,

confidential informant information, cooperating witness information, and related safety-sensitive materials.

The public docket should contain only the public placeholder pages for Exhibits II and JJ and the public legal authorities attached as Exhibits KK and LL. The unredacted Exhibits II and JJ should not be publicly accessible.

## I. Supplemental Evidence Supporting Sealing and Continued Pseudonymity

Exhibit II is precisely the kind of document that California's Safe at Home confidentiality procedure treats as confidential. California Code of Civil Procedure section 367.3 allows an active Safe at Home participant who is a party in a civil proceeding to proceed using a pseudonym and to exclude or redact identifying characteristics from pleadings and documents filed in the action. The statute also provides that the confidential information form must be kept confidential. Plaintiff submits Exhibit II only so this Court can evaluate the safety and identity-protection record; public filing would defeat the purpose of the protection.

Exhibit JJ is also independently sealable because it is a federal criminal protective order addressing confidential informant, cooperating witness, and personal identifying information in a criminal case connected to Plaintiff's safety showing. Plaintiff does not submit the protective order to litigate the criminal case. Plaintiff submits it to show that the safety issues are not speculative and that another federal proceeding involved formal protective treatment of sensitive identifying and cooperating-witness information.

## II. Removal to Federal Court Should Not Be Used to Defeat State-Created Safety Protections

This action is in federal court because Respondent City of West Covina removed it. Plaintiff originally invoked state-law pseudonym and Safe at Home protections in state court. Had the action remained in California Superior Court, California Code of Civil Procedure section 367.3 would have required parties and their attorneys, after service of the confidential information form, to use the pseudonym in pleadings and public proceedings and to redact identifying characteristics from filed documents, with intentional violations subject to sanction.

Plaintiff recognizes that federal procedural law governs pseudonymity in this Court. But removal should not erase the state-created confidentiality and safety interests that existed when Plaintiff filed. At minimum, section 367.3, the Safe at Home form instructions, and Plaintiff's Safe at Home proof are powerful evidence that the State of California has recognized a category of protected persons whose identifying information requires special handling. The same safety interests should inform this Court's federal balancing analysis.

## III. Counsel Conduct Confirms Why Sealed and In Camera Review Is Necessary

Plaintiff contends that Respondent's counsel, Roger Scott and Buchalter LLP, are not neutral participants in the matters now before the Court. Plaintiff has raised conflict issues in state court and has filed or is filing motions to disqualify Buchalter and Mr. Scott. Plaintiff further contends that Mr. Scott's opposition to sealing and pseudonymity is retaliatory and tied to Plaintiff's reporting of conflicts, ADA interference, and public-integrity concerns.

Plaintiff is informed and believes that Mr. Scott has continued to insert himself into Plaintiff's disability-accommodation process, including communications involving the ADA Coordinator and LCW/Liebert Cassidy Whitmore regarding Plaintiff's treating-physician letters, even when medical materials were already provided to counsel through proposed sealed filings. Plaintiff anticipates that Buchalter, Mr. Scott, and related counsel may become witnesses or proposed Doe defendants regarding ADA interference, retaliation, confidentiality breaches, and the use of litigation tactics to defeat disability and safety protections. These assertions are not presented for final adjudication in this sealing application; they are presented to explain why public filing of the sensitive materials would create unnecessary risk and why in camera review is appropriate.

### IV. Proposed Amicus Issue and the Need to Preserve the Court's Ability to Grant Effective Relief

Plaintiff has narrowed his requested relief to avoid unnecessary collateral litigation over a broad third-party speech restriction. However, Plaintiff remains concerned that premature public disclosure by any proposed amicus, press writer, party, attorney, or third party would irreparably defeat the very relief sought. Once Plaintiff's identity or safety-sensitive details are amplified, the Court cannot unring the bell.

During meet-and-confer discussions, Plaintiff asked whether the proposed amicus would respect a Court ruling maintaining Doe status if the Court recognized Plaintiff's safety risk and danger. Plaintiff understood the response to be that no promise could be made not to disclose information. That response frightened Plaintiff and underscores why the Court should maintain docket-level protections, sealing, redaction, and in camera review while it evaluates the Doe record.

### V. Applicable Legal Standards

Federal courts have inherent authority to control their own records and may seal or redact records where compelling reasons or good cause justify protection. See Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978); Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006); Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092 (9th Cir. 2016). Federal courts also permit pseudonymous litigation in appropriate cases after balancing the need for anonymity against prejudice and the public interest. See Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000); Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036 (9th Cir. 2010).

This application is narrowly tailored. Plaintiff does not seek blanket sealing of all filings. Plaintiff seeks to seal only two specific exhibits: the confidential Safe at Home/Code of Civil Procedure section 367.3 form and the federal criminal protective order. Public versions and public legal authorities are being filed separately.

### VI. Requested Relief

Plaintiff respectfully requests that the Court:

1. grant leave to file Exhibit II under seal or review it in camera;

2. grant leave to file Exhibit JJ under seal or review it in camera;

3. maintain Plaintiff's pseudonymity in the public docket while the Court adjudicates the Doe motion;

4. direct that publicly filed documents refer to Plaintiff as John Doe and not publicly include Safe at Home information, medical/disability information, confidential informant information, cooperating-witness information, or safety-sensitive identifying facts unless permitted by further order of the Court;

5. accept Exhibits KK and LL as public authority showing the California confidentiality framework applicable to Safe at Home participants and pseudonymous filings;

6. grant any other relief necessary to protect the confidentiality of the sealed materials and preserve the Court's ability to decide the Doe motion before identifying information is publicly disseminated.

Dated: June 11, 2026

Respectfully submitted,

/s/ John Doe
Plaintiff, Pro Se