# SUPPLEMENTAL PUBLIC EXHIBIT VOLUME

**Exhibits II-JJ Public Placeholders; Exhibits KK-LL Public Authorities**

## PUBLIC VERSION - NO UNREDACTED SEALED MATERIALS

JOHN DOE, an individual, Plaintiff, v. CITY OF WEST COVINA, Defendant. | Case No. 2:26-cv-03659-MEMF-MBK

# EXHIBIT II

**Confidential Information Form and Safe at Home documentation.**

**PUBLIC PLACEHOLDER - UNREDACTED VERSION PROPOSED UNDER SEAL**

JOHN DOE, an individual, Plaintiff, v. CITY OF WEST COVINA, Defendant. | Case No. 2:26-cv-03659-MEMF-MBK

# EXHIBIT JJ

**Federal criminal case protective order.**

<span style="color:red">**PUBLIC PLACEHOLDER - UNREDACTED VERSION PROPOSED UNDER SEAL**</span>

JOHN DOE, an individual, Plaintiff, v. CITY OF WEST COVINA, Defendant. | Case No. 2:26-cv-03659-MEMF-MBK

# EXHIBIT KK

**Assembly Bill 800 / Code of Civil Procedure section 367.3 Safe at Home pseudonymity statute.**

# PUBLIC AUTHORITY

JOHN DOE, an individual, Plaintiff, v. CITY OF WEST COVINA, Defendant. | Case No. 2:26-cv-03659-MEMF-MBK

**Assembly Bill No. 800**

CHAPTER 439

An act to add Section 367.3 to the Code of Civil Procedure, relating to civil actions.

[Approved by Governor October 2, 2019. Filed with Secretary of State October 2, 2019.]

LEGISLATIVE COUNSEL'S DIGEST

AB 800, Chu. Civil actions: confidentiality.

Existing law requires a civil action to be prosecuted in the name of the real party in interest, except as otherwise provided by statute. Existing law permits a person who has been the victim of domestic violence, sexual assault, stalking, human trafficking, or elder or dependent adult abuse, to apply to the Secretary of State to participate in an address confidentiality program, as specified.

This bill would permit a person who is a participant in the address confidentiality program and a party to a civil action to proceed using a pseudonym and to exclude or redact other identifying characteristics of the person from all pleadings and documents filed in the action, as specified. Parties to the action would be required to use the pseudonym at proceedings open to the public and to exclude and redact other identifying characteristics of the plaintiff from documents filed with the court.

*The people of the State of California do enact as follows:*

SECTION 1.  Section 367.3 is added to the Code of Civil Procedure, to read:

367.3.  (a)  For purposes of this section, the following definitions apply:

(1)  "Identifying characteristics" means the name or any part thereof, address or any part thereof, city or unincorporated area of residence, age, marital status, relationship to other parties, and race or ethnic background, telephone number, email address, social media profiles, online identifiers, contact information, or any other information, including images of the protected person, from which the protected person's identity can be discerned.

(2)  "Online identifiers" means any personally identifying information or signifiers that would tie an individual to a particular electronic service, device, or internet application, website, or platform account, including, access names, access codes, account names, aliases, avatars, credentials, gamer tags, display names, handles, login names, member names, online identities, pseudonyms, screen names, user accounts, user identifications,

94

**Ch. 439** — 2 —

usernames, Uniform Resource Locators (URLs), domain names, Internet Protocol (IP) addresses, and media access control (MAC) addresses.

(3) "Protected person" means a person who is an active participant in the address confidentiality program created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code.

(b) (1) A protected person who is a party in a civil proceeding may proceed using a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the protected person and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the protected person. A protected person who proceeds using a pseudonym as provided in this section shall file with the court and serve upon all other parties to the proceeding a confidential information form for this purpose that includes the protected person's name and other identifying characteristics being excluded or redacted. The court shall keep the confidential information form confidential.

(2) In cases where a protected person proceeds using a pseudonym under this section, the following provisions shall apply, subject to sanction for an intentional violation:

(A) Except as provided in subparagraph (B), all parties and their agents and attorneys shall use the pseudonym in all pleadings, discovery requests or discovery motion documents, and other documents filed or served in the action, and at hearings, trial, and other court proceedings that are open to the public.

(B) A party seeking discovery in which the true name of the protected person and identifying information must be divulged for the purposes of fair and reasonable discovery, may use the true name of the protected person and identifying information for purposes of that discovery. The discovery request and all information collected through the discovery process shall not be made public and, if filed in court, shall be subject to subparagraph (C).

(C) (i) A party filing a pleading, discovery document, or other document in the action shall exclude or redact any identifying characteristics of the protected person from the pleading, discovery document, or other document, except for a confidential information form filed pursuant to this subdivision.

(ii) A party excluding or redacting identifying characteristics shall file with the court and serve upon all other parties a confidential information form that includes the protected person's name and other identifying characteristics being excluded or redacted. The court shall keep the confidential information form confidential.

(D) Following final disposition of the proceedings a party in possession of any pleading, discovery document, or other document containing confidential information of the protected person obtained in the course of the action shall treat the documents as a nonpublic consumer record in accordance with Section 1798.81 of the Civil Code, subject to penalty for violations of that section.

(E)  If the protected person is a minor dependent or minor ward of the state, the minor's parent, guardian, or attorney shall inform the minor's social worker or probation officer of the minor's participation in the action. The social worker or probation officer shall keep this information confidential.

(3)  The responsibility to exclude or redact identifying characteristics of the protected person from documents filed with the court rests solely with the parties and their attorneys. This section does not require the court to review pleadings or other papers for compliance.

(4)  The court, on motion of the protected person, may order a record or part of a record to be filed under seal in accordance with Rules 2.550 and 2.551 of the California Rules of Court, as those rules may be amended.

(c)  In an action filed under this section, the plaintiff shall state in the caption of the complaint "ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 367.3."

(d)  This section does not alter or negate any rights, obligations, or immunities of an interactive service provider under Section 230 of Title 47 of the United States Code. This section does not limit or preclude a plaintiff from securing or recovering any other available remedy.

(e)  The Judicial Council shall coordinate with the Secretary of State to adopt or revise as appropriate rules and forms to implement this section, on or before January 1, 2021.

(f)  The provisions of this section are severable. If any provision of this section or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.

O

# EXHIBIT LL

**Judicial Council Confidential Information Form materials and instructions under Code of Civil Procedure section 367.3.**

# PUBLIC AUTHORITY

JOHN DOE, an individual, Plaintiff, v. CITY OF WEST COVINA, Defendant. | Case No. 2:26-cv-03659-MEMF-MBK

# JUDICIAL COUNCIL OF CALIFORNIA

455 Golden Gate Avenue . San Francisco, California 94102-3688
www.courts.ca.gov/policyadmin-invitationstocomment.htm

---

# INVITATION TO COMMENT
## W20-04

---

**Title**
Civil Practice and Procedure: Confidential Information Form Under Code of Civil Procedure Section 367.3

**Proposed Rules, Forms, Standards, or Statutes**
Adopt form MC-130

**Proposed by**
Civil and Small Claims Advisory Committee
Hon. Ann I. Jones, Chair

**Action Requested**
Review and submit comments by February 11, 2020

**Proposed Effective Date**
September 1, 2020

**Contact**
Anne M. Ronan
415-865-8933
anne.ronan@jud.ca.gov

---

## Executive Summary and Origin

Assembly Bill 800 provides that a party who is participating in the Safe at Home program (an address confidentiality program run by the Secretary of State) may appear pseudonymously in a civil action, and that the true name of the party as well as any other identifying characteristics are to be kept confidential by the court and other parties in the case. The Civil and Small Claims Advisory Committee proposes a new form to be used by pseudonymous parties to provide their true names to the courts and the other parties to the action, and for all parties to the action to use to provide any other identifying characteristics that have been redacted from pleadings or other papers filed with the court.

## Background

The Safe at Home address confidentiality program administered by the Secretary of State is intended to protect the privacy and safety of individuals who have been subject to domestic violence, sexual assault, stalking, human trafficking, or elder or dependent abuse. (Gov. Code, § 6205.) It provides victims with the ability to maintain a confidential mailing address in order to shield their location from abusers. Assembly Bill 800[1] adds section 367.3 to the Code of Civil Procedure,[2] effective January 1, 2020, providing that a party who is an active participant in the Safe at Home address confidentiality program (defined n the bill as a protected party) may

---

[1] A copy of AB 800 (Stats. 2019, ch. 439) bill is available online at
*http://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201920200AB800*.
[2] Unless otherwise noted, all statutory references in this document are to the Code of Civil Procedure.

*This proposal has not been approved by the Judicial Council and is not intended to represent the views of the council, its Rules and Projects Committee, or its Policy Coordination and Liaison Committee. It is circulated for comment purposes only.*

appear in a civil action under a pseudonym (Jane Doe, John Doe, or Doe) and may exclude or redact from all documents the party files any identifying characteristics, including name, addresses (physical or online), age, or marital status. (See full list at § 367.3(a).)

Under the new law, the protected party who files pseudonymously must file with the court and serve all other parties to the proceeding with a "confidential information form" that includes the protected person's true name and other identifying characteristics that have been excluded or redacted from the document. The court must keep the information, including the party's true name, confidential. (§ 367.3(b)(1).)

Once a party to a proceeding has been served with this confidential information form, that party and that party's attorneys must use the pseudonym in all pleadings and other documents filed or served in the action, and must redact any identifying characteristics of the protected party from any documents filed in the case, serving and filing with such documents a confidential information form containing the factual information. (§ 367.3(b)(2).)

The new law also authorizes courts, on motion of a protected person, to order a record or part of a record to be filed under seal in accordance with rules 2.550 and 2.551 of the California Rules of Court. (§ 367.3(b)(4).)

**The Proposal**

The Civil and Small Claims Advisory Committee is proposing a new *Confidential Information Form Under Code of Civil Procedure Section 367.3* (form MC-130).[3] This form is to be served and filed by a party who is an active participant in the Safe at Home program ("protected party") who decides to file pseudonymously. The form is to inform the court and the other parties of the protected party's true name and of any other identifying characteristics (such as address) that have been excluded or redacted from the papers filed with the court. There is a declaration included on the form in which the protected party can assert the required active participation in the Safe at Home program and agree to provide evidence of that participation if required by the court.

The form will also provide notice to the other parties in the case that the protected party is invoking this new law to keep all identifying characteristics, including a name, confidential. While a pseudonymous *plaintiff* must indicate they are invoking this confidentiality in all capital letters on the front of the complaint when they file an action under this section (see new § 367.3(c)), there is no such requirement placed on defendants or respondents who are filing pseudonymously. Receipt of this form is therefore likely to be the primary way plaintiffs and

---

[3] The form is similar to *Confidential Information Form Under Civil Code Section 1708.85* (form MC-125) adopted by the council a few years ago for use in pseudonymous cases filed under Civil Code section 1708.85. AB 800 is very similar to provisions authorizing pseudonymous filing in cases challenging unauthorized distribution of material exposing private body parts or sexual acts. (See Civ. Code, § 1708.85(f).) The primary difference between that statute and this new one is that this one allows all parties (not only plaintiffs) to file pseudonymously, and to do so in cases beyond general civil actions, including family and probate matters.

petitioners will learn that a defendant or respondent, or an objector in a probate proceeding, is acting under section 367.3. For this reason, the form notes at the top that instruction for the filer *and* recipient are on the back of the form. Those instructions explain the pseudonymous filing procedures—including the responsibility of the other parties to keep the pseudonymous filer's name and identifying characteristics confidential—and to use this form if needed to provide the court with information required to be redacted from future filings.

Because the new statute requires that a "confidential information form" be filed with a pseudonymous pleading whenever one is filed, which can occur as soon as the law becomes operative in 2020, the committee is proposing a September 1, 2020 effective date.[4]

## Alternatives Considered

### Establishing active participation in the Safe at Home program

The new law provides that "protected persons" may file pseudonymously and defines a protected person as "a person who is an active participant in the address confidentiality program created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code." The committee considered the alternative of including a requirement in this form, or by rule of court, that a party must establish this active participation before being allowed to file pseudonymously. However, because there is no express provision in the new law requiring the party to establish active participation in the program,[5] and because the time involved in establishing such proof in advance of filing a complaint might impact statute of limitations deadlines, the committee decided not to mandate proof of participation prior to filing, but to instead include a declaration under penalty of perjury in the new form asserting active participation in the program. The committee seeks comments on this point.

### Pseudonymous defendants

As noted above, this new law allows not only plaintiffs, but all parties, including defendants and respondents, to make use of the pseudonymous filing and confidentiality provisions of section 367.3. However, there is nothing in the new statute that addresses what is to be done with a publicly filed complaint or petition that has the defendant's true name and other identifiers on it after a defendant files using a pseudonym and invokes the confidentiality provisions of this new law. It is clear that, going forward, the other side must use the pseudonym and keep information

---

[4] The statute gives the council until January 1, 2021, to adopt or revise as appropriate rules and forms to implement this law.

[5] Compare, for example, the provision in the name change statutes allowing Safe at Home participants to file pseudonymously for a name change in Code of Civil Procedure section 1277(b)(1):

> If the petition for a change of name alleges a reason or circumstance described in paragraph (2), and *the petitioner has established that the petitioner is an active participant in the address confidentiality program* created pursuant to Chapter 3.1 (commencing with Section 6205) of Division 7 of Title 1 of the Government Code.

Because of that provision in the name change statutes, the Secretary of State developed a process of issuing letters to active participants who informed the office that they were seeking a confidential name change. AB 800 provides that the council shall coordinate with the Secretary of State on any appropriate rules to implement this action and the committee will reach out to do so in the coming months.

3

confidential. However, that party is nowhere required to withdraw or amend the original pleading with the true name, nor is the court authorized to redact or change the original pleading in any way based on the filing of a confidential information form by the responding party.

The law states that, "The court shall keep the confidential information form confidential." (See new § 367.4(b)(1).) The committee considered what this means when the form is filed by a defendant rather than a plaintiff. Obviously, the form itself is to be kept confidential. But does it also mean that from that time forward the court should change the case name on its register of actions, using the Doe name rather than the true name of the defendant? That may have been the intent, but nowhere does the statute specify this result.

Ultimately, the committee concluded that a protected party could obtain the desired confidentiality of information in prior-filed documents and court records, so long as that party takes further steps. In addition to allowing pseudonymous filing, the statute allows the court, upon motion of the protected person, to seal all or part of a record, under the California Rules of Court regarding sealing (rules 2.550 and 2.551). ( See § 367.3(b)(4).) Under this provision, a pseudonymous defendant could move to have the original complaint containing the defendant's true name and potentially other identifying characteristics sealed, lodging with the motion a redacted copy of the complaint which could be placed in the public record in place of the original. A sealing order may include the sealing not only of the original complaint but of any other information in court records (including the register of action) found to be confidential. (See Cal. Rules of Court, rule 2.551(e)(2).)

The committee included in the instructions on the new form a warning to pseudonymous parties that the requirement that the other side use the pseudonym and redact or exclude other identifying characteristics is prospective only. (See form MC-130, at Instructions, item 3.) The instruction also notes that if the protected party wants to protect the name and identifiers in the publicly filed document, a motion to seal will be necessary. In addition, the committee intends to develop forms for use by a protected party who wants the records sealed in this type of action.

### *Form prefix*

Although the proposed form is being circulated with prefix MC (standing for Miscellaneous), the committee will, as it develops the forms relating to motions to seal, consider whether all the new forms (including this one) should be assigned to a single form category, with its own prefix. This could make the forms easier for a Safe at Home participant to locate.

## Fiscal and Operational Impacts

A confidential information form is expressly required in AB 800. As a result of the enactment of that law, clerks, judicial officers, and court legal services and self-help offices will require training on the new pseudonymous filing process permitted for participants in the Safe at Home program, and on the level of confidentiality to be accorded to certain information relating to such parties. New training materials and internal procedures will need to be developed. Changes may need to be made to computerized case management systems to allow for changing the name of

the case in the public register of actions if a party involves these new provisions after a case has been initiated. This proposal is intended to assist parties and courts in complying with the new procedures.

---

**Request for Specific Comments**

In addition to comments on the proposal as a whole, the advisory committee is interested in comments on the following:

- Does the proposal appropriately address the stated purpose?
- The proposed form includes a declaration by the protected party to establish, at least initially, a party's status as an active participant of the Safe at Home program. Should an alternative procedure should be used and, if so, what would that alternative be?
- In a case where a protected party invokes the confidentiality protection of section 367.3 *after* an initial pleading has been filed by another party, can a motion to seal under rule 2.551 provide sufficient protection of the protected party's confidential information, or should an alternative be considered? If an alternative is appropriate, describe what that should be.
- Should all Judicial Council forms to be used only by participants in the Safe at Home program be maintained in a single category and given the same identifying form prefix?

The advisory committee also seeks comments from *courts* on the following cost and implementation matters:

- What would the implementation requirements be for courts—for example, training staff (please identify position and expected hours of training), revising processes and procedures (please describe), changing docket codes in case management systems, or modifying case management systems?
- Would three months from Judicial Council approval of this proposal until its effective date provide sufficient time for implementation?
- How well would this proposal work in courts of different sizes?

---

## Attachments and Links

1. Form MC-130 at pages 6–7
2. Link A: AB 800 at
   *http://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201920200AB800*

**CONFIDENTIAL**

MC-130

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER:<br><br>NAME:<br><br>FIRM NAME:<br><br>STREET ADDRESS:<br><br>CITY: STATE: ZIP CODE:<br><br>TELEPHONE NO.: FAX NO.:<br><br>EMAIL ADDRESS:<br><br>ATTORNEY FOR (*party name or pseudonym*): | ***FOR COURT USE ONLY***<br><br><br>**DRAFT**<br><br>**2019-12-04**<br><br>**Not approved by the Judicial Council** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br> STREET ADDRESS:<br> MAILING ADDRESS:<br>CITY AND ZIP CODE:<br> BRANCH NAME: | |
| SHORT TITLE: | |

| | |
|---|---|
| **CONFIDENTIAL INFORMATION FORM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3** | CASE NUMBER: |

*TO COURT CLERK: THIS FORM IS CONFIDENTIAL*

*TO PARTIES: USE THIS FORM ONLY IF A PARTY IS A PARTICIPANT IN THE SAFE AT HOME PROGRAM*

*(Instructions for filer and recipient are on the back of this form.)*

1. This case includes a party who is enrolled in the Safe At Home address confidentiality program with the Secretary of State, and who is filing using a pseudonym (Jane Doe, John Doe, or Doe) under Code of Civil Procedure section 367.3.

2. The document that this form is being filed with is a *(check one)*:
   a. ☐ complaint, cross-complaint, or petition.
   b. ☐ answer, response, objection, or other first paper.
   c. ☐ discovery document.
   d. ☐ other *(describe)*:

3. **Name of Party Using Pseudonym**
   a. ☐ Plaintiff/petitioner is using a pseudonym.
   b. ☐ Defendant/respondent/objector is using a pseudonym.
   c. *(Complete the following for each party using a pseudonym.)*

   <u>Pseudonym used</u>                                    <u>True name of party</u>

4. **Redacted Information** *(complete for any pleading or document that includes redactions or blanked-out information)*

| LOCATION OF REDACTED INFORMATION *(page, and item or line number where the redaction occurs)* | INFORMATION REDACTED *(text that has been blacked out)* |
|---|---|
| a. | |
| b. | |
| c. | |

☐ Check here if there is not enough space for all the redacted material, and continue on an attached sheet titled Attachment 4.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-130 [New September 1, 2020]

**CONFIDENTIAL INFORMATION FORM UNDER CODE OF CIVIL PROCEDURE SECTION 367.3**

Code of Civil Proc., § 367.3
*www.courts.ca.gov*

6

**CONFIDENTIAL**

MC-130

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

5.    Number of pages attached: _____

Date:

_____                          ▶ _____
(TYPE OR PRINT NAME)                                                              (SIGNATURE)

---

### Declaration by Pseudonymous (Doe) Party

I *(true name)* _____ declare under penalty of perjury under the laws of the State of California that I am an active participant in the Safe at Home confidential address program with the California Secretary of State. I agree to provide proof of my participation if required to do so by the court.

Date:

_____                          ▶ _____
(TYPE OR PRINT TRUE  NAME)                                                     (SIGNATURE)

---

### INSTRUCTIONS
*(**Note**: This form may be used only in cases in which one or more parties are enrolled in the Safe at Home program and using a pseudonym under Code of Civil Procedure section 367.3.)*

1. The Safe At Home program is an address confidentiality program run by the Secretary of State. Parties who are active participants in that program may use a pseudonym (Jane Doe, John Doe, or Doe) in place of the party's true name in a civil action. (Plaintiffs or petitioners who do this must state on the front of the complaint "ACTION BASED ON CODE OF CIVIL PROCEDURE SECTION 367.3.") Pseudonymous parties may also exclude or redact (black out) other identifying characteristics (defined below) from all pleadings and documents they file, and instead provide that information confidentially to the court and other parties using this form. (See Code Civ. Proc., § 367.3(b)(1).) In such cases, papers filed by other parties in the case also **must** be worded so as to protect the name or other identifying characteristics of the Doe party from public revelation, or have that information redacted (blacked out on the document). Any intentional violations of this law are subject to sanctions. (See Code Civ. Proc., § 367.3(b)(2).)

2. This form must be served and filed the first time a party uses a pseudonym (a Doe name) in place of that party's name in a pleading, with items 2 and 3 completed to provide the court and other parties with the Doe party's real name, and item 4 completed if there are other identifying characteristics redacted or blacked out from the pleading. **A party using a pseudonym must also sign the declaration above these instructions, confirming active participation in the Safe at Home program**. The Doe party must also serve and file this form anytime the party files a document in the case with identifying characteristics redacted. Counsel for a party filing under a pseudonym may use the pseudonym for the name of the represented party in the attorney/party information box at the top of this form and any pleadings filed later.

3. **Warning to pseudonymous party:** If a pseudonymous party initially files using a Doe name after another party has already filed something with the court (for example, if the pseudonymous party is a defendant, respondent, or objector), the statute does not automatically require that first party or the court to redact the true name or other identifying characteristics from documents or records already in the public files. A pseudonymous party who wants to restrict access to the party's name or other identifying characteristics in a document that has already been filed must make a motion (request) that the court seal the record or part of it under rules 2.550 and 2.551 of the California Rules of Court.  (See Code Civ. Proc.,  § 367.3(b)(3).)

4. **Warning to recipient of this form**: A party who is served with this form is subject to Code of Civil Procedure section 367.3 and required to keep the information on the form, including the pseudonymous (Doe) party's true name, confidential. In addition, a party served with this form is required to use the Doe party's pseudonym in all pleadings and documents in the case from that point forward, to redact (black out) any other identifying characteristics from any pleading or document filed with the court after that point, and to use this form to provide to the court and other parties any information that has been redacted.  A completed form MC-130 must be served and filed together with any redacted document.

5. "Identifying characteristics" that the party using the pseudonym may and all other parties **must** redact include, but are not limited to, name or any part thereof, address or any part thereof, city or unincorporated area of residence, age, marital status, relationship to other party, race or ethnic background, telephone number, email address, social media profiles, online identifiers, contact information, or any other information, including images of the party using a pseudonym from which that party's identity can be discerned. (Code of Civ. Proc., § 367.3(a)(1).) (See Code  Civ. Proc., § 367.3(a)(2) for a list of "online identifiers.")

MC-130 [New September 1, 2020]             **CONFIDENTIAL INFORMATION FORM**             **Page 2 of 2**
**UNDER CODE OF CIVIL PROCEDURE SECTION 367.3**

7