John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**DECLARATION OF JOHN DOE IN SUPPORT OF MOTION TO DISQUALIFY BUCHALTER LLP AND ROGER L. SCOTT** |

I, John Doe, declare as follows:

1. I am the Plaintiff in this federal action. I am proceeding as John Doe because of safety concerns, Safe at Home protections, and related orders and proceedings. I am also an elected Councilmember for the City of West Covina and a member of the City's governing body.

2. I submit this declaration based on my personal knowledge, my review of records, and information provided to me in my official capacity. Where I state that I am informed and believe, I mean that I have a good-faith basis for the statement and seek discovery or evidentiary hearing to confirm the facts.

3. Buchalter LLP, Roger L. Scott, Claire L. Katz, Thomas M. O'Connell, Kathryn B. Fox, Jennifer Misetich, and other Buchalter attorneys have appeared in multiple matters involving me, the City, Milan Mrakich, ADA accommodations, public records, the Gemelli investigation, and City Hall disputes.

4. I believe Buchalter is no longer acting as conflict-free counsel for the City as a municipal entity. Instead, Buchalter is protecting individual officials, City management, City Attorney Thomas Duarte, its own prior advice, its own billing, and its own role in the challenged conduct.

5. In the Shewmaker matter, Roger Scott filed a pleading stating he was attorney for Third Party Milan Mrakich. I understand Mr. Mrakich to be an individual third-party witness, not the municipal entity. My subpoena to Mr. Mrakich sought materials related to City Hall logistics, security, ADA/safety accommodations, and staff directives that were relevant to enforcement of a restraining order and to the larger pattern of ADA and safety issues. A copy of that subpoena is attached as Exhibit D.

6. I believe Mr. Scott's personal representation of Mr. Mrakich is directly adverse to the City's entity interests because Mr. Mrakich's conduct, credibility, communications, computer records, ADA decisions, and directions to staff are at issue. A conflict-free City lawyer would not automatically protect Mr. Mrakich from oversight if his conduct created liability for the City.

7. I have asked for the authority that allows taxpayer-funded counsel to represent Mr. Mrakich personally. I have not seen a Brown Act agenda item, public vote, closed-session report, or other governing-body action authorizing Buchalter to personally represent Mr. Mrakich in a separate case. I did not vote for such representation.

8. I have also been told or understand that Buchalter claims a conflict waiver exists in other proceedings. I have not seen that alleged waiver. I did not vote to approve it. I never saw a Brown Act agenda item asking the governing body to approve Buchalter's conflicted representation of the City and individual actors or to waive conflicts involving Buchalter's own role. I believe the Court should review any alleged waiver in camera.

9. Buchalter's Capelle memorandum stated that Buchalter had been appointed by JPIA. The public CPRA records attached as Exhibit F show that CJPIA/Athens had assigned Konrad Rasmussen, questioned who authorized Jennifer Misetich/Buchalter, asked for proof of the agreement, and discussed the City paying a delta above panel rates. I believe this evidence shows that Buchalter misled or at least materially confused the City Council regarding who selected Buchalter and who authorized premium billing.

10. I am weighing all lawful options to protect the City and taxpayers, including whether the City should seek recovery of improperly paid legal fees or pursue claims if Buchalter was retained without proper authority or misrepresented its role. This creates a direct conflict: Buchalter cannot advise the City whether the City should seek reimbursement or sue Buchalter.

11. Buchalter was involved in the Gemelli investigation. I observed Thomas O'Connell, Kathryn Fox, and Buchalter communications connected to that investigation. I believe Roger Scott, Thomas O'Connell, Kathryn Fox, and others helped shape, defend, or protect the Gemelli investigative report and related process.

12. I believe the Gemelli investigation was not truly independent. I believe it was used to retaliate against me for reporting misconduct, raising ADA issues, asking oversight questions, and reporting matters to law enforcement and oversight agencies. I believe Buchalter was behind or materially involved in this retaliation.

13. Based on public LinkedIn materials, Kelly Gemelli and Kathryn Fox both worked at Jackson Lewis in overlapping time periods in San Diego employment-law practice. Kelly Gemelli's profile shows she was a Principal at Jackson Lewis from September 2011 to April 2021. Kathryn Fox's profile shows she was an employment litigation attorney at Jackson Lewis from October 2014 to May 2018. See Exhibits I and J. I believe this prior relationship should have been disclosed before Gemelli was presented as an independent investigator. I recall that the public representations to Council suggested there was no prior relationship or that this was the first time meeting/doing business. I request an evidentiary hearing and will provide video/transcript evidence if the Court requires it.

14. I also believe Buchalter advised the City that it could publish or maintain information concerning my disability and accommodations. Kathryn Fox sent an email stating Buchalter had reviewed my demands concerning the workplace investigation report, found them without merit, and believed claims about medical diagnosis or disability accommodations were unsupported because I had publicly disclosed some information. See Exhibit H. I contend that partial public statements by me do not waive ADA confidentiality or permit the City to publicly weaponize detailed accommodation information.

15. I am informed and believe that the City has relied on Buchalter when issuing public statements, report publications, and positions that targeted me, my disability, my assistive technology, my ADA accommodations, and my Doe status. I request discovery into every press release, draft, legal review, and communication involving Buchalter relating to me, my disability, my accommodations, the Gemelli report, public statements, and media responses.

16. I am also informed and believe that LCW / Liebert Cassidy Whitmore previously provided opinions that were more consistent with my disability accommodations, but became adverse or changed positions after Buchalter and/or Thomas Duarte intervened. I believe Buchalter interfered with the ADA interactive process by pushing the City and/or LCW away from positions that supported my accommodations. I request discovery into Buchalter-LCW communications.

17. I believe Buchalter attorneys, including Roger Scott, Thomas O'Connell, Kathryn Fox, Claire Katz, and Jennifer Misetich, are likely witnesses in this case. They have information about engagement authority, conflict waivers, ADA advice, publication decisions, the Gemelli investigation, JPIA/CJPIA representations, individual-official representation, and the City's litigation strategy against me.

18. I reasonably anticipate seeking leave to add additional Doe defendants if discovery confirms that Buchalter or its attorneys directed, participated in, or ratified retaliation, ADA interference, disability-confidentiality violations, or public-fund misuse. I am not making that request in this motion; I am explaining why Buchalter cannot continue to represent the City while it is a potential target and material witness.

19. I have reported concerns involving City officials, counsel, and public funds to law enforcement and oversight agencies, including the FBI, District Attorney, West Covina Police Department, California

Attorney General, and State Bar. I believe Buchalter and Mr. Scott have retaliated against me for those reports by aggressively litigating against my accommodations, Doe status, subpoenas, and requests for records.

20. At points, law enforcement and/or security personnel have taken additional safety measures involving me, including patrol or safety measures at my home and relocation/hotel safety measures. I am not publicly filing sensitive unredacted safety material in this motion, but I can submit safety materials under seal or in camera if ordered. Buchalter and Mr. Scott have been aware that my identity and safety are not ordinary issues.

21. I am informed and believe that Buchalter and/or City counsel aligned with or encouraged outside efforts by third parties to challenge my Doe status. I have received communications from Professor Eugene Volokh stating that he intended to seek leave to intervene or oppose relief related to my pseudonymity. I request discovery into any communications between Buchalter, the City, City officials, and any nonparty concerning my Doe status or public identification.

22. I believe Buchalter's continued representation of the City will prejudice me and the Court because Buchalter will use its role as counsel to argue facts about its own conduct, suppress discovery into itself, protect individual actors, defend its fee arrangements, and prevent the City from obtaining independent advice.

23. I respectfully request that the Court disqualify Buchalter and require the City to obtain conflict-free counsel who can independently evaluate the City's interests, including whether individual officials or Buchalter caused harm to the City and to me.

24. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 10, 2026, in California.

**/s/ John Doe**
JOHN DOE