John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**EXHIBIT A** |

# EXHIBIT A

Respondent City of West Covina's opposition to Plaintiff's application to file Exhibit AA under seal, signed by Roger Scott and Claire Katz for the City.

EXHIBIT A

**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE, an individual,

Petitioner,

vs.

CITY OF WEST COVINA,

Respondent.

CASE NO. 2:26-cv-03659-MEMF-MBK

Assigned to District Judge
Maame Ewusi-Mensah Frimpong

**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBIT AA UNDER SEAL [Docket 44-2]**

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

## I.  INTRODUCTION

In addition to pursuing this action against Respondent City of West Covina under Title II of the Americans with Disabilities Act, Petitioner John Doe has also filed substantially similar claims with the Equal Employment Opportunities Commission under Title I of the ADA (even though his is not a City employee).  As part of one of his many filings of "additional evidence," Petitioner John Doe asks the Court to seal "Exhibit AA," which is a 100-page position statement and accompanying exhibits Respondent the City of West Covina filed in response to EEOC claims in its entirety.  Docket 44-2, 44-3.

Neither Mr. Doe's application to seal nor his supporting declaration explain why each and every page of the City's filing with the EEOC should be sealed, instead relying on generalizations about "an active EEOC proceeding" and "disability/accommodation-related information."  Docket 44-2; Docket 44-3.  The public has a strong presumptive right of access to judicial records.  The fact that Mr. Doe's disability or accommodations are at issue does not, without more, support sealing of those records.

The City's EEOC position statement, which Mr. Doe marks in its entirety as Exhibit AA, consists of a letter brief to the EEOC, and attached exhibits A through O.  Mr. Doe provides no argument or explanation as to why the City's letter brief should be sealed.  The brief itself provides legal arguments consistent with the City's defenses asserted in this action.

The internal exhibits cannot be sealed at all.  They consist almost entirely of documents the parties—including Mr. Doe—have filed publicly, without redaction, in this case.  Other exhibits are pleadings *filed by Mr. Doe*, and a City staff report available to the general public.  Thus, the Court should deny Mr. Doe's application to seal.  Docket 44-2.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

## III.   LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records" *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012). The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted). The "compelling reasons" standards applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power." *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)). Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the

need for sealing. *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline. Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome. It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed. The fact that material has been designated confidential is not enough. Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

## IV. ARGUMENT

### A. Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe submitted Exhibit AA in connection with ongoing requests for emergency and substantive relief in this federal action. The materials therefore are not private discovery materials exchanged between parties; they are judicial records filed for the Court's consideration. Judicial records are presumptively open to the public, and a party seeking to seal them bears the burden of overcoming that presumption. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119. The Ninth Circuit applies the "compelling reasons" standard where materials are attached to filings more than tangentially related to the merits. *Id*. Public access turns on whether the underlying filing is more than tangentially related to the merits, not merely whether the motion is technically dispositive. *Id*.

That standard applies here. Mr. Doe has repeatedly used this federal action to seek emergency relief, reconsideration, supplemental relief, and protective orders based on alleged disability discrimination, ADA retaliation, disclosure of accommodation information, the City's communication protocols, the CPRA writ

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

action, and related governance issues. His own public exhibit package states that the exhibits were submitted "publicly and without redaction as part of Plaintiff's emergency filing" and identifies the materials as supporting his requested clarification or reconsideration of the Court's order denying TRO relief. (Docket 45-2 at pp. 1-2 [Exhibit Packet ISO Limited Reconsideration of TRO].) The Court's May 4, 2026 order confirms that Mr. Doe's filings were directed to the merits of his asserted Title II ADA, retaliation, interference, First Amendment, and injunctive claims. (Docket 26). The Court denied Mr. Doe's ex parte application after analyzing likelihood of success on those claims and irreparable harm, and noted that any sealing request must comply with Local Rule 79-5.2.2. *Id*. at pp. 4-17. Because the materials were filed in connection with merits-related requests for relief, Mr. Doe must satisfy the strong presumption of public access. He has not done so.

**B.     Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe seeks to seal the City's entire opposition to one of his EEOC claims his administrative complaint, including exhibits, wholesale. That is not a narrowly tailored request. Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing. Mr. Doe's application fails that standard because it does not isolate genuinely confidential information. Instead, he attempts to seal the entirety of approximately 100 pages of the position statement and exhibits, including documents already publicly filed or otherwise publicly available.

That approach is improper. The sealing rules do not permit a party to suppress public filings by attaching them to a new application and labeling them confidential. Nor do they permit sealing of entire documents where, at most, discrete information might arguably warrant redaction. If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the

specific harm from disclosure, and propose a narrowly tailored redaction. He has not done so.

### C. Mr. Doe Fails To Justify Sealing of the Position Statement Itself

The City's position statement itself is an 20-page letter brief that explains to the EEOC in detail why Mr. Doe's ADA claims presented to the EEOC—which are substantially similar to the claims Mr. Doe asserts in this action—fail. Mr. Doe fails to make any argument, or provide any explanation why these pertinent legal arguments should be sealed in their entirety.

### D. The Exhibits to the Position Statement Are Already Public Record

The City's EEOC position statement, which Mr. Doe marks in its entirety as Exhibit AA, consists of a letter brief to the EEOC, and attached exhibits A through O. These internal exhibits are already publicly documents, many coming from public litigation filings by Doe himself. Doe cannot seek to seal what is already public.

#### 1. Mr. Doe's ADA-related materials were previously filed publicly with this Court (exhibits A-J to the position statement)

Mr. Doe cannot plausibly claim that documents already placed on the public docket require blanket sealing now. Once a party has publicly filed the same correspondence, sealing it in a later filing does not protect confidentiality, it simply obscures the record and makes it harder for the public and the Court to evaluate the parties' filings.

This is not a case where the City is seeking to publicize unrelated private information. The correspondence appears in the record because Mr. Doe put his interactive process, disability accommodation allegations, and related disputes at issue.

Exhibit A to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's home office supplies. This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. A, and the City at Docket 15-1, Ex. 11.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

Exhibit B to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's ability to access City Hall after hours. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 10.

Exhibit C to the position statement is a January 6, 2026 memorandum regarding Mr. Doe's lighting accommodation. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 9.

Exhibit D to the position statement is a letter signed on or about October 23, 2025. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 6.

Exhibit E to the position statement is a December 8, 2025 memorandum regarding Mr. Doe's lighting accommodation. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 8.

Exhibit F to the position statement is a December 3, 2025 memorandum regarding Mr. Doe's medical documentation. This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. D, and the City at Docket 15-1, Ex. 7.

Exhibit G to the position statement is a May 13, 2025 memorandum regarding Mr. Doe's City-issued laptop computer. This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. B, and the City at Docket 15-1, Ex. 3.

Exhibit H to the position statement is a May 13, 2025 memorandum regarding accommodations for Mr. Doe surrounding meal selection. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 5.

Exhibit I to the position statement is a May 13, 2025 memorandum regarding certain participation accommodations for Mr. Doe. This was previously *filed by Mr. Doe*, without redaction, at Docket 12, Ex. A, and the City at Docket 15-1, Ex. 4.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

Exhibit J to the position statement is a February 23, 2026 letter to Mr. Doe. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 15.

Exhibit J to the position statement is an April 23, 2026 letter to Mr. Doe. This was previously filed by the City, without redaction or objection from Mr. Doe, at Docket 15-1, Ex. 18.

### 2. *Mr. Doe cannot seal public records (Ex. L, M, O to the position statement)*

Exhibit L is a copy of Mr. Doe's original petition filed in state court. (Docket 1, Ex. 1.)  These filings are paradigmatic judicial records. *See, e.g. Courthouse News Serv. v. Planet,* 947 F.3d 581, 592 (9th Cir. 2020).  Mr. Doe filed the document publicly in state court, and he cannot now ask this Court to treat his own public filing as confidential.  A public court filing does not become sealable simply because Mr. Doe repackages it as an exhibit.

Exhibit M is a City staff report that was part of the publicly posted City Council agenda for the March 17 meeting. (Docket 44, Ex. M [City Council agenda packet for March 17, 2026] *available at* https://westcovinaca.new.swagit.com/videos/378650/agenda.)  Public agenda materials are, necessarily, public-facing government records.  Mr. Doe offers no compelling reason why a public City staff report should be removed from public view in federal court.

Exhibit O likewise cannot be sealed because it is Doe's own publicly filed ex parte application in state court.  (Docket 44, Ex. O [*John Doe v. City of West Covina,* Los Angeles County Superior Court of California, Case No. 26STCP00957].)  Doe cannot file a document publicly in state court and later demand that the same document be sealed in federal court without a specific, compelling, and narrowly tailored justification.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

### *3.    Exhibit N contains no confidential information*

The only exhibit the City could not readily identify as a public record and/or having previously been filed with the Court is Exhibit N to the petition, a March 3, 2026 letter to Mr. Doe.  This letter contains no confidential information.  It states simply that the City takes Human Resources complaints seriously, but explains to Mr. Doe that, since he is an elected official, not an employee, the usual Human Resources protocols available to employees may not apply to him.  It does not disclose any information about the complaint he made, his disability, or an other remotely confidential information.

## V.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 8, 2026                BUCHALTER LLP


By:  */s/Roger L. Scott*
                    Roger L. Scott
                    Attorney for Respondent
                    City of West Covina

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 44-2)**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

                    /s/Roger L. Scott
                   *Roger L. Scott*

BUCHALTER LLP
IRVINE

CERTIFICATE OF SERVICE

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT B** |
| Defendant. | |

# EXHIBIT B

Third Party Witness Milan Mrakich's reply to Plaintiff's opposition to motion to quash subpoena, signed by Roger Scott as attorney for Milan Mrakich.

EXHIBIT B

BUCHALTER LLP
ROGER L. SCOTT (SBN: 247165)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: rscott@buchalter.com

Attorney for Third Party
MILAN MRAKICH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—WHITTIER COURTHOUSE

JOHN DOE,

        Petitioner,

   vs.

JOHN SHEWMAKER,

        Respondent.

CASE NO. 25PSRO01328

**THIRD PARTY WITNESS MILAN MRAKICH'S REPLY TO PLAINTIFF JOHN DOE'S OPPOSITION TO MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: June 15, 2026
Time: 8:30 a.m.
Dept: WH301

**THIRD PARTY MILAN MRAKICH'S REPLY RE: MOTION TO QUASH SUBPOENA**
BUCHALTER 110738519v1

Petitioner John Doe's opposition to Third-Party Milan Mrakich's Motion to Quash wholly ignores the critical issue:  The testimony and documents Mr. Doe seeks from Mr. Mrakich are not remotely relevant to the issues presented by Doe's underlying motion to enforce the restraining order.

Mr. Doe's motion to enforce the restraining order asserts Mr. Shewmaker made statements at the February 3, 2026 City Council meeting, and made specific postings to his social media account on March 7, 2026 and March 20, 2026, which Mr. Doe contends violate the restraining order.  There does not appear to be any dispute that Mr. Shewmaker actually did those things—one is preserved in video of the council meeting, the others posted on Mr. Shewmaker's Facebook account—the only issue is whether those acts actually violated the restraining order. Nothing Mr. Mrakich could say, or any documents he could produce, have any bearing on that legal determination.

Mr. Doe argues that "meeting logistics, staff instructions, police/security coordination," etc. are at issue.  They are not.  The only alleged violation of the restraining order that actually occurred at a City meeting is the claim that, during the February 3, 2026 City Council meeting, Mr. Shewmaker used his time as a public commenter to make statements about Mr. Doe.  This purported violation has nothing to do with any meeting logistics, or anything else Mr. Doe asserts Mr. Mrakich may know.  Mr. Shewmaker has a right to make public comments—a right recognized by the restraining order itself, which permits him to approach to obtain a speaker card and to speak.  Once Mr. Shewmaker steps to the podium, the City cannot control what he says.

Further, Mr. Doe does not dispute that his document requests to Mr. Mrakich are wholly improper.  Mr. Doe concedes that he intended to subpoena Mr. Mrakich in his personal capacity. As a result, any request for City records is improper.  See, e.g. *Negro v. Superior Ct*. (2014) 230 Cal. App. 4th 879, 901 n7; *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995); *In re Grand Jury Subpoena (Kent),* 646 F.2d 963, 969 (5th Cir.1981).

///

///

///

Whether the records are kept by the City or Mr. Mrakich personally, Mr. Doe fails to address in any way that each of his requested document categories are irrelevant and improper.[1] For example, Mr. Doe fails to explain why he would ever be entitled to Mr. Mrakich's communications with multiple City leaders and staff, on any topic, or why those communications could be relevant to whether Mr. Shewmaker violated the restraining order.  He also fails to explain how documents relating to Mr. Doe's ADA accommodations could ever be relevant to whether Mr. Shewmaker violated the restraining order.

Mr. Doe's complains that Mr. Mrakich's counsel did not meet and confer prior to moving to quash.  But, unlike many other discovery motions, Code of Civil Procedure 1987.1 does not include a requirement that a party meet and confer before moving to quash a subpoena.  It appears that Mr. Doe wants the Court to save him and give him a chance to revise his subpoena.  It should not.  This motion has been pending for a month.  In that time, Mr. Doe could have withdrawn and re-issued a more narrowly tailored subpoena, but he did not do so.  Nor does his opposition justify the subpoena he has issued.

In sum, Mr. Doe's subpoena is improper.  Mr. Doe's opposition fails to state otherwise.  Thus, the Court should grant Mr. Mrakich's motion and quash the subpoena in its entirety.

DATED:  June 8, 2026                          BUCHALTER LLP


                                              By:    /s/ Roger L. Scott
                                                         ROGER L. SCOTT
                                                   Attorney for MILAN MRAKICH

---

[1] Even if he could, Mr. Doe's document requests are almost entirely for a time period that ends weeks *before* Mr. Shewmaker allegedly violated the restraining order, giving them no bearing on Mr. Doe's underlying motion.

BUCHALTER LLP
IRVINE

BUCHALTER 110738519v1                                    2
**THIRD PARTY MILAN MRAKICH'S REPLY RE: MOTION TO QUASH SUBPOENA**

## PROOF OF SERVICE

*John Doe v. John Shewmaker*
Los Angeles County Superior Court
Whittier Courthouse - Case No. 25PSR001328

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER LLP, 18400 Von Karman Avenue, Suite 800, Irvine, CA  92612-0514.

On the date set forth below, I served the foregoing document described as:

**THIRD PARTY WITNESS MILAN MRAKICH'S REPLY TO PLAINTIFF JOHN DOE'S OPPOSITION TO MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**

on all other parties and/or their attorney(s) of record to this action by ☐ faxing and/or ☐ placing a true copy thereof in a sealed envelope as follows:

| | |
|---|---|
| John Doe<br>PO Box 1679, MS 5892<br>Sacramento, CA 95812<br>Email: JohnDoeCA2025@gmail.com | *Plaintiff In Pro Per* |
| John Shewmaker 1825 Borrego Drive<br>West Covina, CA 91791 Email:<br>John_Shewmaker@prodigy.net | *Defendant In Pro Per* |

☑    **BY EMAIL**  On **June 8, 2026**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on **June 8, 2026**, at Irvine, California.

☑    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on **June 8, 2026**, at Irvine, California.

Loretta Chapman – lchapman@buchalter.com

*Loretta Chapman*
(Signature)

BUCHALTER LLP
IRVINE

1

**PROOF OF SERVICE**

BUCHALTER 110738519v1

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**EXHIBIT C** |

# EXHIBIT C

June 8, 2026 e-service / response email chain showing Buchalter service and related Shewmaker response concerning Plaintiff, security, and restraining-order issues.

EXHIBIT C

**From:** Brian Gutierrez councildistrict1@icloud.com

**Subject:** Re: Doe, John vs. Shewmaker, John - LASC Case No.: 25PSRO01328 [IMAN-BUCHALTER.FID6453256]

**Date:** Jun 8, 2026 at 1:48:51PM

**To:** Roger L. Scott rscott@buchalter.com, Claire Katz ckatz@buchalter.com, Loretta Chapman lchapman@buchalter.com, Ashley K. Sasaki asasaki@buchalter.com, Brian Gutierrez Brian.Gutierrez@westcovina.org, MMrakich@westcovina.org, tcortina@wcpd.org, finance@westcovina.org, Roxanne E. Lerma RLerma@westcovina.org, Nilesh Mehta NMehta@westcovina.org

**Cc:** rob.bonta@doj.ca.gov, Kelly Gerner Kelly.Gerner@calbar.ca.gov, Michael Newman CA DOJ Michael.Newman@doj.ca.gov, Charles.Ragland@doj.ca.gov, Lakshmi Jagannath Lakshmi.Jagannath@calbar.ca.gov

**Bcc:** JohnDoeCA2025@gmail.com

Mr. Scott,

You and Buchalter have billed West Covina taxpayers millions in substantial sums without, to my knowledge, any competitive RFP or RFQ process. At the same time, you continue to claim that Buchalter represents only the **municipal entity** — the City of West Covina — while your conduct and filings show something very different.

You have appeared not only for the City of West Covina, but also as personal counsel for City Manager Milan Mrakich in **John Doe v. John C. Shewmaker, LASC Case No. 25PSRO01328**. That is not a minor detail. Mr. Mrakich is not the municipal entity. He is an individual actor whose conduct, credibility, declarations, computer records, ADA decisions, and communications are directly at issue in multiple proceedings.

You have also taken positions in **City of West Covina v. Brian Gutierrez,**

**LASC Case No. 26STCP00678**, claiming there is a conflict waiver, but then refusing to provide that waiver to the Court on the basis of attorney-client privilege. That is unacceptable. I am a member of the City's governing body. I never voted to approve that waiver. I never saw that waiver placed on a Brown Act agenda item. I never had an opportunity to vote on whether the municipal entity should waive any conflict involving Buchalter, its own interests, its representation of the City, and its representation or practical protection of individual City actors.

You cannot use a supposed waiver as a sword while hiding the actual waiver as a shield.

If Buchalter's position is that the City, through proper governing-body action, gave informed written consent to Buchalter's conflicted representation, then identify the public agenda item, closed-session authority, vote, and client decisionmaker. If no such vote occurred, then say so.

This is not a small ethics issue. This goes to the heart of whether taxpayer-funded lawyers are being used to protect the City as an entity or to protect individual officials and employees from oversight, subpoenas, discovery, court review, ADA accountability, and public-integrity investigation.

Mr. Mrakich has misused his authority by using taxpayer-funded lawyers to shield himself from court oversight and public accountability. Your filings in the Shewmaker matter did not simply protect the City; they protected Mr. Mrakich personally. That is why I continue to believe Buchalter is conflicted.

This also comes after Mr. Mrakich asked me for $1,500 bribe in connection with testimony against Mr. Shewmaker. I reported that matter to the West Covina Police Department. I am not asking you to investigate it. I am putting you on notice that the matter has been reported and that any records, communications, drafts, billing entries, texts, emails, or discussions relating to Mr. Mrakich, Mr. Shewmaker, the requested testimony, the $1,500 issue, and

Buchalter's representation must be preserved.

Your response and litigation conduct make clear that Buchalter is willing to take whatever position is necessary to keep billing taxpayer money while avoiding meaningful scrutiny of its conflicts. That is precisely why I believe your firm should be disqualified and why the Court should conduct in camera review of the documents you claim are privileged.

I see no meaningful public-integrity distinction between what is occurring here and the kind of taxpayer-funded abuse, concealment, and self-protection that made the **City of Bell** scandal infamous. Public money cannot be used as a private shield for insiders. City Hall is not supposed to operate as a closed circle of lawyers, managers, and officials protecting each other at taxpayer expense.

This email is sent in my official capacity as a Councilmember of the City of West Covina, California.

I request that you identify, in writing:

1. The total amount Buchalter has billed the City of West Covina from January 2025 to present;
2. Whether Buchalter was ever selected through an RFP, RFQ, or other competitive process;
3. The public agenda item or closed-session authority authorizing Buchalter to represent Milan Mrakich personally;
4. The public agenda item or closed-session authority authorizing Buchalter to represent Mayor Lopez-Viado or any other individual official personally;
5. The public agenda item, vote, and governing-body action approving the alleged conflict waiver;
6. Whether the full City Council, including me, ever received the alleged conflict waiver before it was executed;

7. Whether the City is paying Buchalter to defend the municipal entity, individual officials, or both;
8. Whether Buchalter has issued a litigation hold preserving all documents, communications, billing records, drafts, metadata, and internal communications concerning its conflicts, representation of individual actors, ADA matters, Shewmaker-related litigation, and the alleged conflict waiver.

Sent in my official Capacity. Govern yourself accordingly.

Sincerely,
Brian Gutierrez
Councilmember, District 1
City of West Covina



**Text Messages.pdf**
6.4 MB

On Jun 8, 2026, at 12:00 PM, Chapman, Loretta <lchapman@buchalter.com> wrote:

Parties: Please find e-service of the attached document:

THIRD PARTY WITNESS MILAN MRAKICH'S REPLY TO PLAINTIFF JOHN DOE'S OPPOSITION TO MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

Thank You.

Buchalter

**Loretta Chapman** she/her/hers
Legal Assistant to Roger L. Scott, S. Ross Garrett, Manisha Malhotra and Lauren Peterkin.
**T** (949) 224-6293
lchapman@buchalter.com

18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
www.buchalter.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

## <2025.06.08 Reply re Motion to Quash or for Protective Order re

**Subpoena(110836775.1).pdf>**

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**EXHIBIT D** |

# EXHIBIT D

Civil subpoena to Milan Mrakich seeking meeting logistics, security, communications, ADA/safety accommodations, and related records.

**SUBP-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John Doe<br><br>Address Confidential "Safe at Home" Program<br><br>TELEPHONE NO.: Confidential   FAX NO.:<br>E-MAIL ADDRESS: JohnDoeCA2025@gmail.com<br>ATTORNEY FOR *(Name)*: Pro Per | |

NAME OF COURT: **SUPERIOR COURT OF COUNTY OF LOS ANGELES, WHITTIER COURTHOUSE**
STREET ADDRESS: 7339 Painter Avenue
MAILING ADDRESS: 7339. Painter Avenue
CITY AND ZIP CODE: Whittier 90602
BRANCH NAME: WHITTIER COURTHOUSE

PLAINTIFF/ PETITIONER: John Doe

DEFENDANT/ RESPONDENT: John Shewmaker

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>25PSRO01328 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of witness, if known):*
MILAN MRAKICH, 1444 West Garvey Avenue South, West Covina, California 91790 1(626)939-8500

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below **UNLESS** your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

   a. Date: JANUARY 29, 2026   Time: 8:30 A.M.   ☑ Dept.: 301   ☐ Div.:   ☐ Room:
   b. Address: 7339 Painter Avenue, Whittier, California 90602

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3. **YOU ARE** *(item a or b must be checked):*

   a. ☑ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

   b. ☐ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**

   a. Name of subpoenaing party or attorney: John Doe   b. Telephone number: JohnDoeCA2025@gmail.com

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: JAN 14 2026

C. SANTANA
(TYPE OR PRINT NAME)

_(signature)_
(SIGNATURE OF PERSON ISSUING SUBPOENA)
CSA II
(TITLE)

*(Declaration in support of subpoena on reverse)*   Page 1 of 3

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

Code of Civil Procedure,
§ 1985 et seq.
www.courts.ca.gov

**SUBP-002**

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOHN DOE | CASE NUMBER: |
| DEFENDANT/RESPONDENT: JOHN SHEWMAKER | 25PSRO01328 |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by (check one):

☐ the attached affidavit or    ☑ the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
### (Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the  ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent
   ☐ attorney for (specify):          ☐ other (specify):
   in the above-entitled action.

2. The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form (specify the exact documents or other things to be produce; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):
   See Attached.

   ☑ Continued on Attachment 2.

3. Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:
   See Attached.

   ☑ Continued on Attachment 3.

4. The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:
   See Attached.

   ☑ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/14/26

John Doe
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ☑ SUBPOENAING PARTY  ☐ ATTORNEY FOR SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to www.courts.ca.gov/forms for Request for Accommodations by Persons With Disabilities and Response (form MC-410). (Civil Code, § 54.8.)



---

(Proof of service on page 3)

**To keep other people from seeing what you entered on your form, please press the Clear This**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| John Doe v. John Shewmaker | 25PSR001328 |

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

The witness, Milan Mrakich, has possession, custody, or control of the following documents and electronically stored information and shall produce them at the time and place stated in the subpoena:

**1. Communications Relating to John Shewmaker, the Restraining Order, and Enforcement**
All communications (including SMS/text messages, iMessage, MMS, email, Microsoft Teams messages, and direct messages in any messaging application used for City business) sent or received by Milan Mrakich from December 1, 2025 through January 14, 2026 that mention, reference, or relate to:
a. John Shewmaker (including "Shewmaker," "John C. Shewmaker," "John Charles Shewmaker");
b. Any civil harassment restraining order, stay-away order, or distance requirement, including references to "10 feet," "stay away," "separation," "RO," or "527.6";
c. Enforcement or non-enforcement of the restraining order at or around West Covina City Hall, including Council Chambers and any Community Room meeting;
d. Seating arrangements, podium approach, speaker card procedures, aisle usage, ingress/egress routes, or movement protocols inside City Hall intended to maintain required distance;
e. Any instructions, guidance, or requests regarding whether WCPD or City staff should act, intervene, document, or refrain from action concerning Shewmaker.

**2. Communications Between Milan and Specific Officials (No Attorneys)**
All communications described in Item 1 between Milan Mrakich and any of the following persons, within the same date range:
• Chief Antonio Cortina and/or any WCPD command staff or officer assigned to City Hall meeting security;
• Mayor Leticia Lopez-Viado;
• Councilmember Tony Wu;
• The City Clerk, Assistant City Clerk, or any City staff responsible for speaker cards, meeting operations, or chamber logistics.
(This request does not seek communications with attorneys and does not request legal advice.)

**3. Meeting Security Plans, Post Orders, and Staff Instructions (Non-Video)**
All written or electronically stored documents from December 1, 2025 through January 14, 2026 reflecting planning, instructions, directives, briefings, or post orders for City Hall meetings that relate to:
• managing or monitoring John Shewmaker's presence;
• maintaining separation distance;
• positioning of officers or staff in the chambers or community room;
• directions given to staff regarding when Shewmaker may approach the podium or clerk desk;
• any instructions concerning escorting, seating, routing, or timing.
This includes but is not limited to security plans, assignment sheets, deployment notes, written guidance, and staff emails/messages issued for meeting operations.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**For your protection and privacy, please**     Save This Form     Print This Form     Clear This Form

**To keep other people from seeing what you entered on your form, please press the Clear This**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| John Doe v. John Shewmaker | 25PSR001328 |

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

4. ADA and Safety Accommodation Records

All documents and communications from December 1, 2025 through January 14, 2026 relating to ADA accommodations or safety accommodations for Petitioner at City Hall or City Council meetings, including:
- requests, approvals, or denials;
- seating determinations;
- routing or access planning;
- implementation instructions to staff or WCPD;
- notes or directives regarding how accommodations were to be carried out.

Form of Production
Texts/messages: screenshots or exports showing date, time, sender, and recipient;
Emails: PDF with header information (From/To/Cc/Bcc/Date/Subject);
Teams/DMs: export or screenshots showing timestamps and participants;
Attachments: native format or PDF if native is not reasonably available.

Clarifying Line
For avoidance of doubt, this request excludes attorney-client communications and legal advice and excludes any CCTV or video recordings, which are the subject of a separate subpoena.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**For your protection and privacy, please**

Save This Form    Print This Form    Clear This Form

**To keep other people from seeing what you entered on your form, please press the Clear This**

**MC-025**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| John Doe v. John Shewmaker | 25PSR001328 |

ATTACHMENT (Number): 3

*(This Attachment may be used with any Judicial Council form.)*

Good cause exists for the production of the documents/ESI described in paragraph 2 for the following reasons:

Good cause exists because the requested communications and operational records are directly relevant and necessary to the issues before the Court concerning enforcement and clarification of a civil harassment restraining order issued under Code of Civil Procedure § 527.6, and to preventing repeat violations in a recurring, fixed-layout public setting (West Covina City Hall/Council Chambers). The documents sought are narrowly tailored by date range, subject matter, and custodians, and are uniquely within the possession, custody, or control of the witness.

1       Necessary to prove notice, coordination, and operational decision-making affecting enforcement. The restraining order includes an objective stay-away requirement ("10 feet at all times"). The violations and enforcement problems at City Hall turn on operational facts: where Respondent was permitted to sit or stand, how staff handled speaker cards and podium access, whether security was briefed on stay-away terms, and whether leadership directed staff or law enforcement to intervene or refrain from intervening. Milan, as Acting City Manager, is a central operational decision-maker who communicates with City leadership, WCPD leadership, and meeting operations staff. His communications and directives are necessary to establish what the City knew, what was planned, and how enforcement was handled.

2       Directly relevant to crafting enforceable clarifications/protocols the Court is being asked to adopt. The Court is being asked not merely to address past conduct but to issue clarifications that are objectively enforceable going forward—especially because City Council meetings recur and Petitioner must attend as part of official duties. The requested meeting operations directives, security/post orders, and staff instructions are necessary for the Court to determine what practical protocols are required concerning seating zones, aisles, ingress/egress routes, podium approach timing, speaker card procedures, and staff/security coordination—so the "10-foot at all times" term can be enforced without ambiguity.

3       Material to whether failures to enforce were avoidable and whether additional protective orders are necessary.
If Milan or other officials issued instructions, expressed concerns, discouraged documentation, or otherwise influenced how WCPD/staff handled Respondent at meetings, those facts bear directly on whether the Court should impose explicit compliance directives and strict warnings. These communications are also probative of willfulness and boundary-testing, because contemporaneous operational communications can show that decision-makers were aware of the restraining order requirements and anticipated conflict yet failed to implement adequate measures.

4       Good cause for communications with specified officials (Cortina, Mayor Lopez-Viado, Tony Wu, City Clerk staff).
The subpoena is narrowly limited to communications between Milan and a defined set of individuals who are directly involved in (a) law enforcement/security at City Hall, (b) meeting operations, and (c) elected leadership. These communications are the most likely source of directives and coordination affecting enforcement and compliance at the meetings in question. Limiting the request to these officials reduces burden while capturing the core evidence needed.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**For your protection and privacy, please**

Save This Form | Print This Form | Clear This Form

To keep other people from seeing what you entered on your form, please press the Clear This

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| John Doe v. John Shewmaker | 25PSR001328 |

**ATTACHMENT** *(Number):* 3 _____

*(This Attachment may be used with any Judicial Council form.)*

5    Good cause for ADA/safety accommodation records because accommodations intersect with enforcement and safe routes of travel.

The requested records concerning ADA and safety accommodations are necessary because accommodations at City Hall involve seating placement, paths of travel, and operational procedures. These decisions directly affect how the restraining order can be complied with and enforced, and whether staff/security were instructed to implement accommodations in a manner consistent with the stay-away order. Without these records, the Court cannot fully assess the operational conditions that contributed to violations or determine what clarifications are needed to prevent recurrence.

6    Narrow time frame and exclusion of privileged material minimizes burden and avoids improper discovery.

The request is limited to 12/01/2025–01/14/2026, a defined period surrounding the documented violations and subsequent meetings where repeat violations are likely. The request also explicitly excludes attorney communications and legal advice and excludes CCTV/video requests, further narrowing scope and reducing burden. This tailoring demonstrates proportionality and good cause.

7    No reasonable alternative source for Milan's communications and directives.

Petitioner cannot obtain Milan's texts/emails/Teams messages, internal operational directives, or meeting instructions from public sources. These records are within Milan's custody/control and are necessary to provide the Court an accurate factual basis to enforce and clarify the restraining order and to prevent repeat violations.

For these reasons, good cause exists to require Milan Mrakich to produce the narrowly tailored communications and operational records described in paragraph 2.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __2__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

For your protection and privacy, please

Save This Form | Print This Form | Clear This Form

To keep other people from seeing what you entered on your form, please press the Clear This

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| John Doe v. John Shewmaker | 25PSR001328 |

**ATTACHMENT** *(Number):* 4

*(This Attachment may be used with any Judicial Council form.)*

The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

The requested communications and operational records are material because they directly bear on the central issues the Court must decide in connection with enforcement and clarification of a civil harassment restraining order issued under Code of Civil Procedure § 527.6, including: (1) whether the restraining order was violated at City Hall meetings; (2) whether additional clarifying terms and operational protocols are necessary to ensure the order is objectively enforceable in a fixed public setting; and (3) what instructions, planning, and accommodations were in place (or lacking) that affected compliance and enforcement.

1    Material to enforcement of the restraining order and proof of compliance/noncompliance in a City Hall setting.
The restraining order includes an objective stay-away/distance requirement ("10 feet at all times"). In City Hall/Council Chambers, enforcement of a distance-based order depends on operational facts: seating placement, aisle and walkway control, podium approach timing, speaker-card submission procedures, and staff/security positioning. Milan's communications and directives are material because they show what operational measures were planned or implemented to maintain required separation and whether enforcement steps were taken or withheld.

2    Material to the Court's need to clarify and craft workable, enforceable meeting protocols.
Your motion seeks clarification so the order can be enforced without ambiguity and repeat violations. The Court's ability to issue practical, enforceable terms depends on understanding the existing meeting protocols and who directed them. Meeting security plans, staff instructions, and communications about seating/podium/speaker-card logistics are material to whether the current procedures are adequate, where compliance breaks down, and what precise clarifications are necessary to prevent recurrence.

3    Material to notice, intent, and coordination among key decision-makers.
Whether violations were avoidable, anticipated, or repeated due to boundary-testing often turns on notice and coordination. Communications between Milan and Chief Cortina, Mayor Leticia Lopez-Viado, Councilmember Tony Wu, and City Clerk/Assistant City Clerk staff are material because they may show real-time knowledge of the restraining order terms, discussions about Shewmaker's presence, directions given to staff or officers, and whether leadership decisions affected enforcement or documentation. These materials help establish whether failures to enforce were the result of lack of clarity, inadequate planning, or deliberate choices.

4    Material to why enforcement and documentation may not have occurred as required.
A key issue is ensuring enforcement and consistent response when violations occur in public meetings. Milan's communications can show whether staff or law enforcement were instructed to intervene, to permit certain conduct, to avoid action, or to handle the situation informally. That bears directly on whether the Court should issue explicit directives and strict warnings to prevent future violations and ensure compliance.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

For your protection and privacy, please

Save This Form    Print This Form    Clear This Form

**To keep other people from seeing what you entered on your form, please press the Clear This**

**MC-025**

| SHORT TITLE: John Doe v. John Shewmaker | CASE NUMBER: 25PSR001328 |
|---|---|

**ATTACHMENT** *(Number):* 4

*(This Attachment may be used with any Judicial Council form.)*

5     Material to ADA and safety accommodation implementation and its interaction with stay-away requirements.

ADA/safety accommodations for Petitioner at Council meetings (seating placement, routing, access, and operational procedures) can directly affect how the restraining order is complied with and enforced. Records and communications reflecting accommodation decisions and implementation instructions are material to assessing whether the City's meeting operations were structured to maintain lawful separation distance and to protect Petitioner's safety while performing official duties.

6     Material because these records are contemporaneous and uniquely probative.

The requested items are contemporaneous communications and operational documents that capture what was actually planned and directed at the time. They are more reliable than after-the-fact recollections and provide the factual foundation for the Court to make findings and issue enforceable clarifications.

For these reasons, the documents and electronically stored information described in paragraph 2 are material to the issues in this case, including enforcement of the restraining order, clarification of its application at City Hall meetings, and prevention of repeat violations through clear operational protocols.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

**For your protection and privacy, please**     **Save This Form**   **Print This Form**   **Clear This Form**

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT E** |
| Defendant. | |

# EXHIBIT E

Public redacted excerpt of April 20, 2026 Buchalter memorandum to City Council in Vincent Capelle v. City of West Covina, with privileged legal analysis redacted.

**PUBLIC REDACTED VERSION - PRIVILEGED LEGAL ANALYSIS REDACTED. Unredacted material available for in camera review if ordered.**

**PUBLIC REDACTED EXCERPT - EXHIBIT G**

## MEMORANDUM
## ATTORNEY-CLIENT PRIVILEGED / ATTORNEY WORK PRODUCT

VIA E-MAIL

To: City of West Covina City Council

From: Buchalter LLP

Date: April 20, 2026

Re: Vincent Capelle v. City of West Covina

Los Angeles Superior Court Case No.: 26STCV06790

This memorandum constitutes our initial status report and liability analysis in the matter of Vincent Capelle v. City of West Covina. Buchalter LLP has been appointed to this matter by the Joint Powers Insurance Authority ("JPIA").

REDACTED TO AVOID PUBLIC DISCLOSURE OF PRIVILEGED LEGAL ANALYSIS; AVAILABLE FOR IN CAMERA REVIEW IF ORDERED

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT F** |
| Defendant. | |

# EXHIBIT F

Public CPRA email chain regarding CJPIA/Athens counsel assignment, Buchalter/Jennifer Misetich selection, and delta payment above panel rates.

**PUBLIC CPRA DOCUMENT - FILED UNREDACTED.**

From: Carmelita Underwood <CUnderwood@westcovina.org>
Sent: Monday, April 13, 2026 11:13 AM
To: Claudia Bray <cbray@athensadmin.com>
Cc: Milan Mrakich <MMrakich@westcovina.org>
Subject: Re: 20250911 Litigation Management Plan Capelle v. City of West Covina CJP-3051913

Caution: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Claudia,

I have made Milan aware of the CJPIA portion and the delta payment he stated he is approving Jennifer M. At Buchalter to handle the Vincent Capelle claim.

Carmelita Underwood

From: Claudia Bray
Sent: Friday, April 10, 2026 2:49 PM
To: 'Carmelita Underwood' <CUnderwood@westcovina.org>
Cc: 'Milan Mrakich' <MMrakich@westcovina.org>
Subject: RE: 20250911 Litigation Management Plan Capelle v. City of West Covina CJP-3051913

Hello Carmelita,

This is in follow up to our conversation of yesterday, please confirm via email that the city has agreed to bring on Jennifer Misetich and will pay her delta for her fees above what we pay our defense counsel panel.  I will then reach out to Jennifer and confirm she will be retained as defense counsel to represent the city in this case.

From: Carmelita Underwood <CUnderwood@westcovina.org>
Sent: Monday, April 6, 2026 6:57 PM
To: Claudia Bray <cbray@athensadmin.com>
Cc: Milan Mrakich <MMrakich@westcovina.org>
Subject: Re: 20250911 Litigation Management Plan Capelle v. City of West Covina CJP-3051913

Caution: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Claudia,

After discussing the matter regarding the two defense attorneys, Milan has approved and assigned the following Law Fir and attorney to defend the City for the above Claim.

From: Carmelita Underwood <CUnderwood@westcovina.org>
Sent: Tuesday, March 31, 2026 7:33 PM
To: Milan Mrakich <MMrakich@westcovina.org>; Claudia Bray <cbray@athensadmin.com>
Cc: Roxanne E. Lerma <RLerma@westcovina.org>
Subject: RE: Vincent Capelle v. city of West Covina CJP-3051913

Caution: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Claudia,
Thank you for speaking with me today to clarify any misunderstanding regarding legal representation.
I spoke with Milan today, and we will provide you with an update regarding which attorney will be handling this case. As discussed, there are currently two defense attorneys assigned—one representing CJPIA and the other representing PRISM.
The City will determine which attorney will handle the case moving forward. Once a decision has been made, I will notify you promptly.
Best,

Carmelita Underwood

Sent: Monday, March 30, 2026 4:09 PM
To: Milan Mrakich <MMrakich@westcovina.org>
Cc: Carmelita Underwood <CUnderwood@westcovina.org>; Roxanne E. Lerma <RLerma@westcovina.org>
Subject: RE: Vincent Capelle v. city of West Covina CJP-3051913

Thank you Milan.  I'll wait to hear from Carmelita to see who she made the agreement with.

From: Milan Mrakich <MMrakich@westcovina.org>
Sent: Monday, March 30, 2026 4:01 PM
To: Claudia Bray <cbray@athensadmin.com>
Cc: Carmelita Underwood <CUnderwood@westcovina.org>; Milan Mrakich <MMrakich@westcovina.org>; Roxanne E. Lerma <RLerma@westcovina.org>

**Subject: RE: Vincent Capelle v. city of West Covina CJP-3051913**
**Importance: High**

**Caution: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**
**Hello Claudia,**

**When this case was first brought to my attention, I asked our Human Resources and Risk Management Director, Carmelitta Underwood, to coordinate with JPIA to have representation assigned to Buchalter. She subsequently informed me that that was taken care of. I do not know who she spoke to, but I am copying her on this email to answer your question.**

**From:** Claudia Bray
**Sent:** Monday, March 30, 2026 3:55 PM
**To:** Milan Mrakich <mmrakich@westcovina.org>
**Subject:** RE: Vincent Capelle v. city of West Covina CJP-3051913

Hello Milan,

I spoke with Jennifer about this case.  There seems to be some confusion on who will be lead counsel on this employment matter.  We have assigned Konrad Rasmussen to the case; however, it seems like the city has retained Jennifer Misetich. We do not need two defense counsels doing duplicate work on this matter.  Jennifer stated you made an agreement with the CJPIA to have her assigned.  Can I ask who at CJPIA made this agreement with you?  Do you have an email you can send to me as proof of the agreement?

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT G** |
| Defendant. | |

# EXHIBIT G

O'Connell / Buchalter email chain regarding investigation, preservation notice, Council communications, Gemelli, and City Attorney coordination.

From: Brian Gutierrez Brian.Gutierrez@westcovina.org
Subject: Re: West Covina / Investigation: Preservation Notice Pursuant to September 16 Council Vote [IMAN-BN.FID5845027]
Date: Oct 7, 2025 at 3:45:06 PM
To: O'Connell, Thomas M. toconnell@buchalter.com
Cc: Milan Mrakich MMrakich@westcovina.org, eric.conforti@plantemoran.com, kelly@gemelliemploymentlaw.com, Bevacqua-Lynott, Amber alynott@buchalter.com, Richard Jones rdj@jones-mayer.com, Ryan Jones rrj@jones-mayer.com, Carmelita Underwood CUnderwood@westcovina.org
Bcc: Rosario Diaz Rosario.Diaz@westcovina.org, Olegario D. Cantos VII ollie.cantos@westcovina.org, Anissa Rivera arivera@scng.com, Jason Henry jhenry@scng.com

---

Subject: Clarification Regarding Conflicts, Brown Act Compliance, and Law Enforcement Coordination

Mr. O'Connell,

Thank you for your October 7 response. I am replying for the record to clarify several factual and legal matters, as your email misstates key points of law and authority relevant to the ongoing issues in West Covina.

---

1 **Conflict of Interest and Coordination Through Mr. Duarte**

Your letter confirms that your firm continues to coordinate directly through City Attorney **Thomas Duarte**:

*"The City Attorney's Office … remains responsible for coordinating outside counsel and ensuring that the City's legal interests are protected."*

This arrangement is untenable because Mr. Duarte is personally **implicated in the very matters under investigation.** Evidence shows that his office authorized a city contract allocating **a percentage of proceeds from a carnival operator to Councilmember Leticia Lopez-Viado's nonprofit, Film It West Covina,** while she served as both **President/Boardmember and signatory** of that entity. That contract constitutes a **potential violation of Government Code §§ 1090 and 87100**, as well as **2 Cal. Code Regs. §§ 18700 et seq**., since the decision directly

benefited an organization controlled by a sitting councilmember.

Under **California Rules of Professional Conduct, Rule 1.7(a),** no attorney may represent a client if the representation is materially limited by that lawyer's own personal interest or by the interest of another current client.  By coordinating your investigation through Mr. Duarte, your firm is allowing a **conflicted party to influence or oversee an investigation in which he has a personal stake,** contrary to the State Bar's conflict-of-interest standards.

───

2️⃣  **Administrative Authority Lies with the City Manager, Not the City Attorney**

West Covina is a **council-manager form of government under Gov. Code § 34856.**  The **Municipal Code § 2-54** designates the City Manager as the **chief administrative officer,** responsible for supervising all departments and consultants, and for the "execution of contracts and supervision of employees and independent contractors."

The City Attorney's statutory role is **advisory**, limited to rendering legal opinions and representing the City in litigation when so directed by the Council.  Therefore, any outside counsel—including Buchalter—**must report operationally through the Acting City Manager,** who alone holds signatory authority for contracts and expenditures.  Mr. Duarte has no legal authority to direct or supervise your firm's day-to-day work or to define the scope of your engagement.

───

3️⃣  **Improper Claim of "Permission" from Oversight Authorities**

You stated:

*"My office has consulted with the appropriate oversight authorities … and has received permission for the investigators to move forward."*

This assertion is **factually and legally inaccurate.** Law-enforcement bodies such as the **L.A. County District Attorney's Public Integrity Division** and the **FBI** do not grant "permission" to external investigators. At most, they acknowledge awareness of parallel inquiries. Representing to the City Council or public that such permission was "received" is misleading and may constitute **interference or obstruction** with pending criminal investigations under **Penal Code § 148** and **§ 132(a)**.

─────

4️⃣ **Misstatement of Brown Act Compliance and Use of BCC Emails**

Your reliance on *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363 is misplaced. That decision concerned the distribution of a static legal memorandum, not **serial electronic communications** involving elected officials. The **California Attorney General's 2023 Brown Act Guide** clarifies that a serial meeting occurs when "a majority of members are provided with communications that are used to develop a collective concurrence."

Your pattern of **blind-copying (BCC) all Councilmembers** on ongoing correspondence—particularly when addressing operational matters or investigative scope—**creates the appearance of serial communications** prohibited by **Gov. Code § 54952.2(b)**. Even if no responses are

solicited, this practice risks facilitating a de facto consensus outside of a noticed meeting.  For transparency and compliance, future communications regarding these investigations should be routed only through the Acting City Manager or publicly agendized for discussion.

––––––

### 5 Chilling of Protected Political Speech

Your correspondence repeatedly "requests" that I refrain from filing State Bar complaints or referencing possible criminal violations.  Such requests constitute **an attempt to chill protected speech** under the **First Amendment** and **California Constitution, Article I, § 2(a).**  As an elected official, my oversight communications, including those to the public and press regarding government misconduct, are fully protected under **Rosenblatt v. Baer (1966) 383 U.S. 75** and **Bond v. Floyd (1966) 385 U.S. 116.**

––––––

### 6 Interference with Ongoing Law-Enforcement Investigations

Both the **District Attorney's Office** and the **FBI** have active investigations into potential corruption involving Mayor Tony Wu, Mayor Pro Tem Lopez-Viado, and certain city contracts.  Any "third-party investigation" directed or filtered through individuals implicated in those matters risks **tainting evidence, intimidating witnesses, and undermining prosecutorial jurisdiction.**  Your firm is reminded that any interference may be construed as obstruction under **18 U.S.C. § 1505** or **Gov. Code § 1222.**

### 7 Public Transparency and Council Oversight

Contrary to your suggestion, my correspondence with the public and press is not an attempt to influence any investigation but an exercise of my **statutory oversight obligations** under **Gov. Code § 1222** (failure to perform duty as a public officer) and the **Political Reform Act.** Transparency is not optional—it is a core duty of public office. Any investigative process occurring within a municipal setting must respect those principles, including the Brown Act's mandate for open governance.

### 8 Request for Compliance

Accordingly, I request that:

1.    Your firm immediately cease coordinating through Mr. Duarte and instead work directly under the direction of the Acting City Manager.

2.    All future communications with the City Council occur either through agendized meetings or via the City Manager, to ensure compliance with the Brown Act.

3.    You provide written confirmation that no communications, documents, or investigative activities will interfere with or duplicate the ongoing inquiries by the District Attorney and FBI.

Please treat this as a formal notice for the record. Failure to correct these practices may require referral to appropriate oversight agencies, including the **State Bar of California** and the **L.A. County District Attorney's Office.**

Sincerely,

**_Brian Gutierrez_**

Councilmember, 1st District

City of West Covina

---

**From:** O'Connell, Thomas M. <toconnell@buchalter.com>
**Sent:** Tuesday, October 7, 2025 3:16:53 PM
**To:** Brian Gutierrez <Brian.Gutierrez@westcovina.org>
**Cc:** Milan Mrakich <MMrakich@westcovina.org>; eric.conforti@plantemoran.com
<eric.conforti@plantemoran.com>; kelly@gemelliemploymentlaw.com
<kelly@gemelliemploymentlaw.com>; Thomas P. Duarte <tpd@jones-mayer.com>; Bevacqua-
Lynott, Amber <alynott@buchalter.com>
**Subject:** RE: West Covina / Investigation: Preservation Notice Pursuant to September 16 Council
Vote [IMAN-BN.FID5845027]

CAUTION: This email originated from outside your organization. Exercise caution when opening
attachments or clicking links, especially from unknown senders.

Councilmember Gutierrez,

For transparency, I have copied the Acting City Manager and City Attorney and blind-copied the
remaining members of the City Council.

I write in response to your October 6 email below. At the outset, I must reiterate that my office's duty has been, and continues to be, to the City of West Covina, and neither my firm nor I have engaged in any illegal, unethical, or otherwise inappropriate conduct. In response to your specific comments below:

**1. Investigation Scope and Alleged Conflicts:** On September 9, and in consultation with the City Manager, my office sent notices to both you and Councilmember Lopez-Viado informing you of the City's intent to move forward with a third-party investigation. On September 16, after you and Councilmember Lopez-Viado made your presentations on Item 4 related to consideration of your censure, the City Council voted unanimously to allow the investigators to investigate your respective allegations. Since then, the investigators have been provided with the video of that Council meeting (also copied here for convenience: https://www.youtube.com/watch?v=8HMbmo7hpyo&t=7806s) and they will be reaching out to each Councilmember to interview them. During the investigation, any allegations you wish to raise should be provided directly to the investigators—whom you copied on your email and I have copied again here—for their independent consideration.

**2. Allegations of Criminal Investigations:** My office has consulted with the appropriate oversight authorities regarding your allegations and has received permission for the investigators to move forward with the totality of the investigation.

**3. Buchalter's Engagement by the City:** Your understanding of the City's global engagement of my office to act as outside employment counsel as well as the City's direction to my office for this matter is incorrect. As it is a violation of Government Code section 54963 to disclose confidential information that has been acquired by being present in closed session(s), I cannot comment on this further other than to say that my office continues to operate within the confines of its engagement and direction by the City, including, but not limited to, the direction of the City Council at the close

of the September 16 City Council meeting.

**4. Communications with Councilmembers:** Your statement regarding the City's administrative structure is partially correct but misstates the nature of Buchalter's retention. My firm has been retained by the City of West Covina. The City Attorney's Office, as the City's legal advisor, remains responsible for coordinating outside counsel and ensuring that the City's legal interests are protected. While we coordinate operationally through the Acting City Manager, my inclusion of the City Attorney on these communications is entirely proper and consistent with the attorney-client relationship between outside counsel and the City. Neither my firm nor I report to any individual Councilmember, and nothing in the City's municipal code or in the Brown Act prohibits outside counsel from communicating with the City Attorney or with the City Council when acting in the course of representing the City. This structure ensures that legal advice to the City remains centralized, consistent, and privileged.

**5. First Amendment Rights:** It is unclear what specific conduct or communication you are referring to in this portion of your email. To the extent you are suggesting that I or anyone else has sought to restrict your general speech as an elected official, that is incorrect. You are free to express your policy views and opinions on matters of public concern within the confines of the law.

**6. BCC of City Councilmembers:** Your statement regarding alleged "serial meetings" misstates both the law and the facts. The California Supreme Court has held that the transmission of a city attorney's written legal advice to individual Councilmembers does not constitute a "meeting" within the meaning of the Brown Act. (*Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 376–77.) The Court explained that the Act applies only to collective deliberations or decision-making by a majority of the legislative body, not to the passive receipt of legal communications from counsel. As *Palmdale* further recognized, the Brown Act "does not purport to regulate the transmission of documents such as [a written legal opinion]" and "a city council needs freedom to confer with its lawyers confidentially in order to obtain adequate advice." (*Id.* at 377–81.) Your reliance on *Wolfe v.*

*City of Fremont* (2006) 144 Cal.App.4th 533 is also misplaced. That decision was superseded by legislative amendment, which clarified that informational communications from staff or counsel—such as written updates, reports, or legal memoranda—do not constitute serial meetings unless they involve a collective discussion, deliberation, or decision by a majority of the body. Consistent with those authorities, the routine use of blind-copied (BCC) correspondence to ensure uniform distribution of official communications does not constitute deliberation, discussion, or any form of collective decision-making under the Brown Act. No Councilmember is asked or expected to respond, and the practice preserves—rather than undermines—the integrity of the City's attorney-client communications.

**7. Interference with the Investigation:** It is unclear what you are referring to related to my "authority to restrict, chill, or retaliate against [your] communications with the public and press regarding these issues," or what you are referring to when you say, "Transparency is not optional—it is the law." My best estimate is that you are concerned with the requests in the October 6 letter from my office asking for everyone to exercise "discretion and limit discussions regarding the investigation." If this is what you are referring to or some other similar aspect of the letter, I'll reiterate the following passage in full as its applicability remains:

"Because of the sensitive nature of this process, everyone is required to exercise discretion and limit discussions regarding the investigation. This directive is not intended to restrict protected concerted activity or lawful communications with government agencies, but rather to safeguard the integrity of the investigation and protect the privacy of all involved. Limiting discussions ensures that witnesses can participate without undue influence, that information is gathered independently, and that the investigation proceeds without rumor, speculation, or external pressure. Conduct that undermines or interferes with the investigation may be noted by the investigators in assessing credibility or cooperation. The investigators will conduct interviews and gather documents in a manner that protects the rights of all participants and the confidentiality of the process to the fullest extent possible. Participants are strongly encouraged not to discuss interview questions,

investigative topics, or materials requested by the investigators with others, except as required by law or when consulting their own legal or union representative."

While I stated this previously, I want to reiterate my request for you to refrain from threatening me with bar complaints or criminal prosecution as well as copying persons on these communications other than Amber and me because you disagree with my interpretation of the law or want me to take certain direction from you. The remainder of your email raises issues I have previously addressed or that are beyond my role. I have no further response at this time, but my General Counsel may respond if she feels it is appropriate.

Sincerely,

Tom

## Buchalter

**Thomas M. O'Connell** he/him/his
Shareholder
**T** (619) 219-6330
**C** (442) 285-9802
toconnell@buchalter.com

655 W. Broadway, Suite 1600
San Diego, CA 92101
www.buchalter.com

**From:** Brian Gutierrez <Brian.Gutierrez@westcovina.org>
**Sent:** Monday, October 6, 2025 10:55 PM
**To:** O'Connell, Thomas M. <toconnell@buchalter.com>
**Cc:** Milan Mrakich <MMrakich@westcovina.org>; eric.conforti@plantemoran.com; kelly@gemelliemploymentlaw.com; Richard Jones <rdj@jones-mayer.com>; Ryan Jones <rrj@jones-mayer.com>; Olegario D. Cantos VII <ollie.cantos@westcovina.org>
**Subject:** Re: West Covina / Investigation: Preservation Notice Pursuant to September 16 Council Vote [IMAN-BN.FID5845027]
**Importance:** High

> This message has originated from an **External Email**. Brian.Gutierrez@westcovina.org <brian.gutierrez@westcovina.org>:

Subject: Formal Notice: Disclosure of Conflicts, Compliance with Investigations, and Protected Speech

Dear Mr. O'Connell,

I am requesting written confirmation that you have informed the outside investigators you appointed that **City Attorney Thomas Duarte** is a **conflicted party** in these matters. Mr. Duarte personally **authorized and executed a city contract allocating proceeds to Mayor Pro Tem Letty Lopez-Viado's nonprofit organization and later participated in efforts to conceal or minimize that violation.**

As you are aware, this conduct is part of **active criminal investigations** by the **Los Angeles**

**County District Attorney's Public Integrity Division** and the **Federal Bureau of Investigation,** including a potential **Government Code § 1090 conflict-of-interest violation in both Mayor Wu and Mayor Pro Tem Lopez Viado.** Failure to disclose this conflict to your retained investigators may constitute **obstruction or misrepresentation,** subjecting you, Mr. Duarte, and your firms to discipline under the **California Rules of Professional Conduct and Business and Professions Code § 6068.**

Further, please be advised that the **City Council, in closed session, only authorized your retention for matters related to the John Doe case.** The Council **never voted publicly** to retain your firm as an intermediary or "middle man" between the City and outside investigators, nor did it authorize you to unilaterally expand your scope or act on behalf of the City beyond that limited context. Any such actions exceed your authority and may violate both **the City's contractual requirements** and the **Ralph M. Brown Act (Gov. Code §§ 54956.9 and 54954.2).**

Please also be reminded that **you report to the Acting City Manager,** not to Mr. Duarte. The **City Manager is the City's Executive signatory authority,** not the City Attorney. The scope of any "special counsel" engagement, including yours, is **regulated by contract,** and any communications or work product directed to the Council must first be **cleared through the City Manager's office.** You do not have unilateral authority to bypass the City Manager, determine scope, or independently contact councilmembers. Doing so undermines both the administrative chain of command and the City's legal integrity.

Additionally, I am an **elected City Councilmember,** not a city employee. My speech regarding government corruption, misuse of public funds, and official misconduct is **constitutionally protected under the First Amendment and federal law.** The **U.S. Supreme Court's decision in Bond v. Floyd (1966) 385 U.S. 116** reaffirmed that **elected officials cannot be censored,**

**punished, or silenced for speaking out on matters of public importance.** Likewise, the **Ralph M. Brown Act (Gov. Code § 54950 et seq.)** codifies the Legislature's intent that the people's business be conducted openly and that **members of legislative bodies must remain free to express their views publicly.**

It has also come to my attention that, on **multiple occasions,** you have responded to my individual emails by **blind-copying the entire City Council.** These BCC communications may constitute serial meetings under the **Brown Act (Gov. Code § 54952.2).** As established in Roberts v. City of Palmdale (1993) 5 Cal.4th 363 and Wolfe v. City of Fremont (2006) 144 Cal.App.4th 533, serial or indirect communications among a majority of the legislative body—even via email—violate the Act's open-meeting requirements. These practices must immediately cease, as they jeopardize the validity of council actions and expose the City and its attorneys to potential liability.

You therefore have **no authority** to restrict, chill, or retaliate against my communications with the public or the press regarding these ongoing issues. Transparency is not optional—it is required by law.

This correspondence serves as **formal notice** that any attempt to interfere with or conceal evidence from active law-enforcement investigations—or to infringe upon my protected speech—will be documented and referred to the appropriate oversight authorities, including the **California State Bar, the Los Angeles County District Attorney's Office,** and the **Federal Bureau of Investigation.**

Respectfully,
*Brian Gutierrez*
Councilmember, 1st District

City of West Covina

---

**From:** O'Connell, Thomas M. <toconnell@buchalter.com>
**Sent:** Monday, October 6, 2025 12:28 PM
**Subject:** RE: West Covina / Investigation: Preservation Notice Pursuant to September 16 Council Vote [IMAN-BN.FID5845027]

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

**PLEASE NOTE: You were BCC'd**

Dear Acting City Manager Mrakich, City Attorney Duarte, and City Council Members by blind copy:

Attached please find Buchalter's letter issued in connection with the retention of the investigators for the independent investigation. City Manager Mrakich, please distribute this letter as indicated at your earliest convenience. We anticipate the investigators will be in touch to arrange interviews soon.

Sincerely,

Thomas O'Connell

Buchalter

**Thomas M. O'Connell** he/him/his
Shareholder
**T** (619) 219-6330
**C** (442) 285-9802
toconnell@buchalter.com

655 W. Broadway, Suite 1600
San Diego, CA 92101
www.buchalter.com

---

**From:** O'Connell, Thomas M.
**Sent:** Friday, September 19, 2025 3:14 PM
**To:** Milan Mrakich <MMrakich@westcovina.org>; Thomas P. Duarte <tpd@jones-mayer.com>
**Cc:** Fox, Kathryn B. <kfox@buchalter.com>
**Subject:** West Covina / Investigation: Preservation Notice Pursuant to September 16 Council Vote [IMAN-BN.FID5845027]

Dear Acting City Manager Mrakich, City Attorney Duarte, and City Council Members by blind copy:

Attached please find Buchalter's preservation letter issued in connection with the Council's September 16, 2025 unanimous vote to initiate an independent investigation. The letter sets out the preservation obligations that apply to City Council Members, officers, employees, and advisory commissioners. City Manager Mrakich, please distribute this letter as indicated at your earliest convenience.

This notice is designed to ensure the integrity of the investigation and to protect the City's interests by maintaining all potentially relevant records. Please note that we anticipate the investigators will accept their assignment shortly and will be in touch to arrange interviews soon.

Sincerely,

Thomas O'Connell

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.
Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT H** |
| Defendant. | |

# EXHIBIT H

Kathryn Fox / Buchalter March 3, 2026 email responding to Plaintiff's report-removal and ADA/Safe at Home objections.

**From:** **Fox, Kathryn B.** kfox@buchalter.com
**Subject:** **Response to Emails Regarding Workplace Investigation Report [IMAN-BUCHALTER.FID6295079]**
**Date:** Mar 3, 2026 at 2:08:31 PM
**To:** Brian Gutierrez Brian.Gutierrez@westcovina.org

**CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.**

Dear Councilmember Gutierrez,

We are in receipt of your March 1, 2026 email to Milan Mrakich, as well as your March 2, 2026 email to Roxanne Lerma and Nilesh Mehta with attached pdf notices, demanding the removal of information related to the report scheduled for discussion at tonight's City Council meeting.  We are also aware you have sent or delivered other similar demands to other City personnel or service providers such as Destiny Software.  As an initial matter, please preserve all records of any AI prompts, searches, or chats you used to generate your various emails and notices.

We have reviewed your demands and find them to be without merit.

The Safe at Home Act protects participants' home addresses and home phone numbers.  There is no claim or evidence that the report contains either of those items.  We also note that your opt-out request fails to state the address or phone number that you believe must be protected.  No home phone number is stated, and the home address provided is a Safe at Home anonymous post office box in Sacramento.  The purpose of the form is so that the party the request is directed to can know what information it cannot post.  Without this information, the City cannot understand what specific information you are requesting be taken down.

With respect to your image, as the statutory section you provided states, the Safe at Home Act prevents the display of an image "with the intent to" incite harm or threaten.  Nothing in the report is intended to threaten or incite harm.  We note that your image and name are readily available on the internet through the West Covina City website including on the District 1 page, in countless videos of public meetings, and in your own publication of flyers for your recent town hall meeting.  Nothing in the report is disclosing any information that is not already public, nor can you claim some sort of ill intent or harm from this disclosure.  Further, we note that the language surrounding takedown or opt-out notices applies only to home addresses and phone numbers and does not refer to image.

We believe your claims relating to any information in the report relating to your medical diagnosis or disability accommodations are also unsupported.  You have, on multiple occasions, publicly stated that you have been diagnosed with Autism Spectrum Disorder, and specifically identified

yourself as having Asperger's syndrome.  You have also stated to the press that your condition requires accommodations, and even identified the types of accommodations you have obtained from the City.  Nothing in the report as published on the City's website discloses anything about your condition or accommodations that you have not publicly disclosed.

Sincerely,
Katie

Buchalter

**Kathryn B. Fox** she/her/hers
Partner
**T** (619) 219-5371
kfox@buchalter.com

655 W. Broadway, Suite 1600
San Diego, CA 92101
www.buchalter.com | Bio

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**EXHIBIT I** |

# EXHIBIT I

Kelly Gemelli public professional-profile screenshots showing employment history including Jackson Lewis.

EXHIBIT I



I'm looking for

 

# Kelly D. Gemelli, AWI-CH

She/Her

## Employment Attorney, Workplace Investigator

Gemelli Employment Law

San Diego, California, United States

**1,047 followers · 500+** connections

**+ Follow**    **Message**    **···**

## About

High-performing, self-motivated and trusted legal adviser on a broad range of HR and compliance workplace concerns.  After litigating employment disputes for over 20 years and serving as outside counsel for small to Fortune 500 clients, Kelly...more

 

 I'm looking for

# Experience

 **Employment Attorney, Workplace Investigator**

Gemelli Employment Law · Full-time

Aug 2022 - Present · 3 yrs 9 mos

San Diego, California, United States

With unique training and nearly twenty-five years of...more

 **Gemelli Employment Law**

▽ **Critical Thinking, Interpersonal Skills and +2 skills**

---

**Partner**

Van Dermyden Makus Law Corporation · Full-time

Apr 2021 - Apr 2022 · 1 yr 1 mo

San Diego, California, United States

Conducted impartial workplace investigations, with a special...more

▽ **Legal Writing, Critical Thinking and +6 skills**

---

 **Principal**

Jackson Lewis P.C.


Home


Video


My Network


Notifications


Jobs

 I'm looking for

 **Principal**
Jackson Lewis P.C.
Sep 2011 - Apr 2021 · 9 yrs 8 mos
San Diego County, California, United States

Provided advice and counsel, as well as training, on a broad range...more

⯆ **Mentoring, Legal Writing and +10 skills**

Haight **Senior Counsel**
Haight Brown & Bonesteel
Sep 2000 - Aug 2011 · 11 yrs
Los Angeles and San Diego

Provided advice and counsel on employment-related disputes,...more

⯆ **Mentoring, Litigation and +4 skills**

HISCOX **In-House Counsel**
Hiscox
Mar 2010 - Aug 2010 · 6 mos
London Area, United Kingdom

At Hiscox, I worked in-house for a leading Lloyd's Insurance...more

 Home    Video    My Network    Notifications    Jobs

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Defendant. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Michael B. Kim<br><br>**EXHIBIT J** |

# EXHIBIT J

Kathryn Fox public professional-profile screenshots showing employment history including Jackson Lewis.

 I'm looking for



# Kathryn ("Katie") Fox 🛡

She/Her

## Partner at Buchalter | Employment Litigation & Advice and Counsel

Buchalter

San Diego, California, United States

**1,446 followers** · **500+** connections

**+ Follow**    **◀ Message**    **···**

## About

Kathryn B. Fox is a Employment Litigation Partner and the Administrative Chair & San Diego Chair of Buchalter's Labor & Employment practice group.  She is a member of the Labor & Employment, Litigation, Trade Secrets and...more

## Activity

 Home     Video     My Network     Notifications     Jobs

←    I'm looking for...

Buchalter

**Buchalter**

7 yrs 11 mos

- **Partner - Employment Litigation & Advice and Counsel**

  Jan 2026 - Present · 4 mos

  San Diego, California, United States

  Firm Leadership:

  - Partner in Buchalter's Labor...more

- **Shareholder - Employment Litigation & Advice and Counsel**

  Oct 2024 - Dec 2025 · 1 yr 3 mos

  San Diego, CA

- **Senior Counsel - Employment Litigation & Advice and Counsel**

  Apr 2021 - Sep 2024 · 3 yrs 6 mos

  San Diego, California, United States

- **Associate Attorney - Employment Litigation & Advice and Counsel**

  Jun 2018 - Mar 2021 · 2 yrs 10 mos

  San Diego, California, United States

 Home     Video     My Network     Notifications     Jobs

← | I'm looking for...

 **Employment Litigation Attorney**

Jackson Lewis P.C.

Oct 2014 - May 2018 · 3 yrs 8 mos

San Diego, California, United States

- Advised employers on single-plaintiff cases, wage and hour...more

 **Associate Attorney**

Stutz Artiano Shinoff & Holtz

Nov 2011 - Dec 2013 · 2 yrs 2 mos

San Diego, CA

Represented public and private schools in litigation and...more

# Education

 **California Western School of Law**

J.D., Concentration in Labor & Employment Law

2008 – 2011

Activities and societies: Labor & Employment Law Society

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT K** |
| Defendant. | |

# EXHIBIT K

ADA/CPRA and signed accommodation evidence showing structured communication, additional time, ADA concerns, and production context.

**From:** John_Shewmaker@prodigy.net

**Subject:** Re: Doe, John vs. Shewmaker, John - LASC Case No.: 25PSRO01328 [IMAN-BUCHALTER.FID6453256]

**Date:** Jun 8, 2026 at 12:13:12 PM

**To:** Chapman, Loretta lchapman@buchalter.com, JohnDoeCA2025@gmail.com, John_Shewmaker@prodigy.net, John_Shewmaker@prodigy.net

**Cc:** Scott, Roger L. rscott@buchalter.com, Katz, Claire ckatz@buchalter.com, Sasaki, Ashley K. asasaki@buchalter.com

---

Brian Gutierrez, aka, John Doe is making an assertion I violated the restraining, yet he has FAILED to file that assertion with any court or law enforcement agency or supported by hisnown security detail which he claims he goes NOWHERE without.

Feel free to contact me if you have any questions.

Get [BlueMail for Mobile](#)

> On June 8, 2026, at 12:00, Chapman, Loretta <[lchapman@buchalter.com](#)> wrote:
>
> Parties: Please find e-service of the attached document:
>
> THIRD PARTY WITNESS MILAN MRAKICH'S REPLY TO PLAINTIFF JOHN DOE'S OPPOSITION TO MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES
>
> Thank You.
>
> Buchalter
>
> ---
>
> **Loretta Chapman** she/her/hers

Legal Assistant to Roger L. Scott, S. Ross Garrett, Manisha Malhotra and Lauren Peterkin.
**T** (949) 224-6293
lchapman@buchalter.com

18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
www.buchalter.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.

John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Michael B. Kim |
| CITY OF WEST COVINA, | **EXHIBIT L** |
| Defendant. | |

# EXHIBIT L

Professor Eugene Volokh email chain concerning intent to challenge pseudonymity / Doe status.

EXHIBIT L

**From:** **Eugene Volokh** volokh@stanford.edu
**Subject:** **RE: Forthcoming motion to intervene and oppose your motion**
**Date:** **Jun 8, 2026 at 3:06:25 PM**
**To:** **John Doe** johndoeca2025@gmail.com

One quick question:  I noticed that on your application to proceed without prepaying fees that you indicated you had $0 in income in the preceding 12 months.  But I had thought that members of the West Covina City Council receive about $24K per year as a stipend (formerly $9K per year).  Am I misunderstanding things?

Looking forward to meeting and conferring Wednesday at 3 pm about my motion to intervene, oppose the gag order, and oppose pseudonymity.

Eugene Volokh

**From:** John Doe <johndoeca2025@gmail.com>
**Sent:** Friday, June 5, 2026 5:51 PM
**To:** Eugene Volokh <volokh@stanford.edu>
**Subject:** Re: Forthcoming motion to intervene and oppose your motion

1(626)435-4060

On Jun 5, 2026, at 5:39 PM, Eugene Volokh <volokh@stanford.edu> wrote:

Dear Mr. Doe:  I saw your motion, and in particular noticed that it seeks a gag order barring me from publicly identifying you.  Such an order would be a content-based prior restraint, and thus a violation of the First Amendment.

I therefore expect I will need to protect my First Amendment rights by moving to intervene and oppose your motion, rather than just by filing an amicus brief.  We can discuss this further June 10 at 3 pm, but I wanted to alert you that the nature of the relief that I have to seek has changed, as a result of your motion.

What number should I call?

Eugene Volokh
Pro se

**From:** John Doe <johndoeca2025@gmail.com>
**Sent:** Wednesday, June 3, 2026 12:44 PM
**To:** Eugene Volokh <volokh@stanford.edu>
**Subject:** Re: Forthcoming motion for leave to file amicus brief

Dear Professor Volokh,

Thank you for your email.

I understand you intend to seek leave to file an amicus curiae brief in support of the City's anticipated motion to require that I proceed under my real name.

I do not consent to any request requiring public disclosure of my real name. I intend to file a motion/application asking the federal court to formally recognize and permit my continued use of **John Doe** in this action. I expect to file that motion no later than Tuesday.

This is not simply a preference for anonymity, embarrassment, or avoidance of criticism. There are serious safety, retaliation, disability, privacy, and law-enforcement-related issues involved. Among other things, I have safety concerns connected to prior cooperation with federal law enforcement in a criminal matter, including concerns about possible retaliation by dangerous

actors. I also understand that the same federal judge assigned to this civil case presided over the related criminal matter, which further supports allowing the Court to evaluate the safety record directly.

Because of the sensitivity of those facts, I do not intend to disclose all supporting details in ordinary public correspondence. I intend to present the Court with the appropriate record and, where necessary, request sealing or in camera review.

I respectfully ask that you not publicly disclose, repeat, speculate about, or amplify identifying information concerning me before the Court has ruled on my forthcoming Doe motion/application. Public disclosure before the Court considers the safety record could cause irreparable harm.

For meet-and-confer purposes, I am willing to confer regarding your anticipated motion for leave to file an amicus brief. Am free Tuesday June 10th at or after 3pm.

Please send the specific relief you intend to request and your proposed availability. I reserve all rights to oppose your motion for leave, the City's anticipated motion, and any effort to require disclosure of my identity.

Nothing in this email waives any rights, remedies, objections, privileges, claims, defenses, or arguments.

Respectfully,

John Doe

On Jun 3, 2026, at 12:13 PM, Eugene Volokh <volokh@stanford.edu> wrote:

Dear Mr. Gutierrez:  I expect to be filing a motion for leave to file a friend-of-the-court (amicus curiae) brief in support of the City's motion to require that you proceed under your real name.  Please let me know when you are available for a phone call or a Zoom to meet and confer with me with regard to this motion.

Just to be clear, the motion I will be filing on my own behalf would be just for leave to file the friend-of-the-court brief.  The actual motion to require that you proceed under your real name will be filed by the City; I do not at this point expect to file a separate motion of mine to intervene, given the City's intention to file its motion.  Thanks,

Eugene Volokh
*Pro se* (representing solely myself, and not Hoover, Stanford, UCLA, or anyone else)