**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| JOHN DOE,<br>Plaintiff,<br><br>vs.<br><br>CITY OF WEST COVINA, et al.,<br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>SUPPLEMENTAL DECLARATION OF JOHN DOE IN SUPPORT OF FOCUSED EX PARTE APPLICATION RE ADA INTERFERENCE AND MEDICAL CONFIDENTIALITY |
| --- | --- |

**SUPPLEMENTAL DECLARATION OF JOHN DOE IN SUPPORT OF FOCUSED EX PARTE APPLICATION RE ADA INTERFERENCE AND MEDICAL CONFIDENTIALITY**

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I submit this supplemental declaration based on personal knowledge unless otherwise stated.

2. This declaration concerns new events involving my ADA accommodations and medical confidentiality.

3. I have documented disabilities and have requested reasonable accommodations from the City of West Covina in connection with my service as an elected City Councilmember and my access to City programs, services, communications, and meetings.

4. On June 8, 2026, I emailed Roxanne Lerma, the City's ADA Coordinator, a confidential updated medical letter from my treating physician, Dr. Chang. The subject line was 'CONFIDENTIAL ADA LETTER.' A screenshot showing the transmission and attachment is attached as Exhibit A. I do not publicly attach the unredacted medical letter in this filing.

5. I also texted Ms. Lerma and told her I wanted to make sure my medical information was not leaked and asked that she not forward it to anyone else outside the ADA process because she is the ADA Coordinator. True and correct screenshots of those text messages are attached as Exhibit B.

6. Ms. Lerma responded by text that she would review and provide the letter to Brittany, Joung, and Corrigan from LCW. I understand this to refer to attorneys or representatives of Liebert Cassidy Whitmore involved in the City's accommodation review. Exhibit B is a true and correct copy of that text response.

7. On June 10, 2026, at approximately 5:02 p.m., I received a phone call from Ms. Lerma that lasted approximately 22 minutes. A true and correct screenshot of my phone call log showing that call is attached as Exhibit C.

8. During that June 10 call, Ms. Lerma told me that Roger Scott was involved and had asked LCW for a copy of my doctor's letter. This concerned me because Mr. Scott and Buchalter are litigation counsel, because I have moved to disqualify them, and because I believe Mr. Scott already had access to the letter through proposed sealed litigation materials.

9. I am informed and believe that Mr. Scott's involvement is interfering with and influencing the City's handling of my ADA accommodations. I am also informed and believe that the City and its counsel are treating prior court rulings and pending reconsideration as permission to disregard Dr. Chang's updated medical opinions.

10. I have experienced continuing harm because my disability accommodations are time-sensitive. Delays affect my ability to review agenda materials, participate in meetings, process oral and written

communications, and respond accurately.

11. The City has also failed to engage in a meaningful ADA process for at least one resident, Ms. Vivian Meleka, who confirmed on June 12, 2026 that the City did not conduct an interactive ADA accommodation meeting or get back to her regarding her accommodation request. A true and correct copy of that email chain is attached as Exhibit D.

12. The City has scheduled a June 16, 2026 closed-session item concerning this federal case. A true and correct copy of the relevant agenda is attached as Exhibit E. I am concerned that the City will discuss ADA strategy, medical documents, litigation strategy, and counsel's own conduct without adequate protections for medical confidentiality or conflict-free accommodation review.

13. I request emergency relief requiring the City to preserve all records concerning my ADA accommodations, Dr. Chang's letter, LCW, Roxanne Lerma, Roger Scott, Buchalter, Milan Mrakich, and any City official or attorney involved in deciding whether to grant, deny, delay, narrow, or modify my accommodations.

14. I also request that the Court require the City to identify who received Dr. Chang's June 2026 letter, why they received it, and whether Roger Scott or Buchalter requested, reviewed, transmitted, directed, or influenced the handling of that letter.

15. I am not asking the Court to decide all merits issues on this emergency application. I am asking the Court to prevent further harm, protect medical confidentiality, preserve evidence, and set an emergency status conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 13, 2026, in West Covina, California.

/s/ John Doe
John Doe