**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
          ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Petitioner, <br><br> vs. <br><br> CITY OF WEST COVINA, <br><br> Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK <br><br> Assigned to District Judge <br> Maame Ewusi-Mensah Frimpong <br><br> **RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS X AND Y UNDER SEAL [Docket 46]** |

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

## I.  INTRODUCTION

Mr. Doe's Motion to Seal asks this Court to shield from public view documents that he himself proceeded to file publicly shortly thereafter.  On June 1, 2026, Mr. Doe filed his Motion to Seal.  ECF 46.  Exhibit X was described by Doe as "October 7, 2025 Investigation Preservation / Conflict Objections" and Exhibit Y was described as "Buchalter / Katie Fox March 3, 2026 Response Re Safe at Home."  ECF 46-3, pp. 2, 423-442.[1]  Just ten days later, on June 11, 2026, Doe filed a motion to disqualify that included unredacted versions of *these same materials* on the public docket.  ECF 66-4.

Whatever sensitivity Mr. Doe asserts, he voluntarily placed these documents into the public record *after* seeking to seal them, without restriction and in multiple filings.  That is not an inadvertent disclosure or a limited lapse.  It is a deliberate act that renders the requested relief both inequitable and futile.  Because the information is already publicly accessible on the docket, sealing would not preserve confidentiality and would serve no legitimate purpose.

In any event, the information Mr. Doe seeks to seal cannot be.  Exhibit X is an email chain between Mr. Doe and counsel for the City contains no ADA, medical information, or any other potentially protected information.  Similarly, Exhibit Y is an email from counsel for the City to Mr. Doe that, while referencing the Safe at Home Act contains no address or other protected information, and references Mr. Doe's own public statements on the internet and to the press.  The request should therefore be denied.

---

[1] Mr. Doe included a purportedly redacted version of Exhibit Y in his Motion to Seal, and has not provided an unredacted copy to opposing counsel.  Based on the order of exhibits, Mr. Doe's description of Ex. Y, and the unredacted portion of the exhibit at page 442, the City believes that Mr. Doe's Ex. Y is the same March 3, 2026 email from Kathryn Fox that Mr. Doe filed as Exhibit P to his Revised Notice of Newly Occurring Facts and Exhibit H to his Motion to Disqualify.  ECF 46-3 [Doe's Motion to Seal Exhibits X and Y], page 421 of 454; ECF 36-3 [Plaintiff's Revised Notice of Newly Occurring Facts], at page 208 of 218.

BUCHALTER LLP
IRVINE

1

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records" *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012). The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted). The "compelling reasons" standard applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). "'The burden to show compelling reasons is not met by conclusory assertions.'" *Tan v. Konnektive Rewards, LLC*, No. 20-CV-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F.Supp.3d 1033, 1040 (D. Nev. 2021)).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power." *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical information does not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the need for sealing. *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline.  Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome.  It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed.  The fact that material has been designated confidential is not enough.  Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

## IV. ARGUMENT

### A.    Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe submitted Exhibits X and Y in connection with his request to disqualify Buchalter.  (ECF 66-4 [therein marked as Exhibits G and H, respectively].)  These are not private discovery materials exchanged in confidence; they are judicial records affirmatively filed with the Court for the purpose of obtaining substantive relief. As such, they are subject to a strong presumption of public access, which Mr. Doe bears the burden of overcoming with compelling reasons. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119.  The "compelling reasons" standard applies because the exhibits were submitted in connection with motions that are more than tangentially related to the merits.  *Id.*

The Ninth Circuit is clear that there must be specific factual findings demonstrating that sealing is necessary, and that sealing must be narrowly tailored.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

*In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119. Conclusory references to privacy interests do not suffice, particularly where the information is central to the claims the party has chosen to place at issue. *Id.*; *Tan*, No. 20-CV-1082-LL-DDL, 2023 WL 2336893, at *5.

Mr. Doe has repeatedly invoked this Court's authority to obtain substantive and emergency relief arising from the same underlying issues reflected in Exhibits X and Y, including alleged disability discrimination, ADA-related disclosures, retaliation, and governance disputes concerning the City's investigation and communications. His own public exhibit package states that the exhibits were submitted "publicly and without redaction as part of Plaintiff's emergency filing." (ECF 46-3 at pp. 1-2 [Exhibit Packet ISO Motion to Seal Exhibits X and Y].) The materials at issue are part of the evidentiary record supporting those claims and defenses. Under Ninth Circuit law, the public's right of access turns on the relationship of the materials to the merits, not on the label affixed to the motion. *Ctr. for Auto Safety*, 809 F.3d at 1101.

Because Mr. Doe offers only broad, unsupported claims of confidentiality and fails to provide the specific, compelling reasons required to overcome the strong presumption of public access, his request to seal Exhibits X and Y should be denied.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe seeks to seal the vast majority of the relevant correspondences wholesale. That is not a narrowly tailored request. Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing. Mr. Doe's application fails that standard because it does not isolate genuinely confidential information.

The sealing rules do not permit a party to suppress public filings by attaching them to a new application and labeling them confidential. Nor do they permit

sealing of entire documents where, at most, discrete information might arguably warrant redaction.  If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the specific harm from disclosure, and propose a narrowly tailored redaction.  He has not done so.

### C.    The Exhibits Are Already Public Record

Even if Mr. Doe could otherwise meet the demanding standard for sealing, his request fails for a more fundamental reason: the materials he seeks to seal are already part of the public record in this case, because he put them there.  Through his own subsequent filings, Mr. Doe placed unredacted versions of Exhibits X and Y on the public docket, where they remain accessible to the Court and the public.  Having affirmatively made these materials public in the same proceeding, Mr. Doe cannot now obtain an order treating them as confidential.  Sealing at this point would serve no practical purpose and would not restore any purported privacy interest.

#### 1.    *The October 7, 2025 email (Exhibit X to the Application to Seal) was later filed publicly in this Court by Mr. Doe*

Having first sought to shield Exhibit X and then voluntarily placed it on the public docket himself, Mr. Doe cannot obtain the relief he requests.  Exhibit X is the October 7, 2025 email chain concerning the City's investigation and related communications.  ECF 46-3 [Motion to Seal], pp. 423-439.  Mr. Doe himself filed this document publicly with the Court as Exhibit G to his June 11, 2026 filing.  ECF 66-4 [Motion to Disqualify], pp. 42-58.

This filing was not limited or inadvertent.  Mr. Doe affirmatively chose to attach the full email chain as part of his evidentiary showing in support of substantive relief.  The document appears in the Court's records in unredacted form and is available as part of the public docket.

The email appears in full on the public docket without seal or redaction, and thus has been affirmatively placed into the public record by the very party seeking

Buchalter LLP
Irvine

5

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

to shield it.  Accordingly, as to Exhibit X, the motion to seal fails for the independent reason that the document is already public and cannot be clawed back through a request for sealing.  Any purported confidentiality in the document has been eliminated by his own filing.

### 2. The March 3, 2026 email (Exhibit Y to the Application to Seal) was later filed publicly in this Court by Mr. Doe

The same defect applies to Exhibit Y.  ECF 46-3, pp. 423-439.  Although Mr. Doe sought to file the March 3, 2026 Fox email under seal, he thereafter placed that same document on the public docket in this case through multiple filings.  What is marked as Exhibit Y to Doe's Motion to Seal appears in his Revised Notice of Newly Occurring Facts as Exhibit P, and again in his Motion to Disqualify as Exhibit H.  ECF 36-3 [Plaintiff's Revised Notice of Newly Occurring Facts], p. 208-210; ECF 66-4 [Motion to Disqualify], pp. 59-61.

This was not a limited or partial disclosure. Mr. Doe relied on the email as part of his evidentiary showing in support of substantive relief and made it publicly available in more than one filing.  By doing so, he affirmatively placed Exhibit Y into the public record.

Having first sought to shield the document and then repeatedly filed it publicly, Mr. Doe cannot establish that sealing is necessary or effective.  Any claim of confidentiality as to Exhibit Y has been extinguished by his own actions, and the requested relief cannot restore it.

### D.     Exhibits X and Y Contain No Protectable Information

Even if Exhibits X and Y had not already been made public through Mr. Doe's own filings, Mr. Doe cannot demonstrate that they should be sealed.  Exhibit X is an email chain between Mr. Doe and the City's counsel, Thomas O'Connell.  ECF 46-3, pp. 423-439.  Mr. Doe makes various allegations regarding alleged "conflicts," purported Brown Act violations, and free speech.  Nowhere are any details regarding Mr. Doe's disability or ADA accommodations mentioned at all.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

Exhibit Y is similarly not subject to seal.  In Exhibit Y, another of the City's attorneys, Kathryn Fox, emails Mr. Doe regarding various allegations.  ECF 46-3, pp. 423-439.  While the Safe at Home Act is mentioned, nothing in the email provides Mr. Doe's address or any other protected information.  The email also mentions Mr. Doe's disability in the context of Mr. Doe's own public statements that he is disabled and has sought accommodations from the City.

Nothing in either exhibit rises to the level of confidential information that the public may be barred from viewing.

## III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 15, 2026                              BUCHALTER LLP


By:  */s/Roger L. Scott*_____
                          Roger L. Scott
                     Attorney for Respondent
                     City of West Covina

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 46)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 15, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**