JOHN DOE
Plaintiff/Petitioner, Pro Se
Safe at Home Confidential Address
Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
|---|---|
| Plaintiff/Petitioner, | District Judge: Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge: Hon. Michael B. Kim |
| CITY OF WEST COVINA, | **SUPPLEMENTAL DECLARATION OF JOHN DOE IN SUPPORT OF REPLY RE EXHIBITS X AND Y** |
| Defendant/Respondent. | |

## DECLARATION OF JOHN DOE

I, John Doe, declare as follows:

1. I am the Plaintiff/Petitioner in this action. I am self-represented. I make this declaration based on personal knowledge except where I state that I am informed and believe something to be true. If called as a witness, I could and would competently testify to the matters stated here.

2. I submit this declaration in support of my reply regarding the application to file Exhibits X and Y under seal. I do not submit it to reargue the merits of every claim. I submit it to explain why public exposure of the challenged materials causes continuing harm and why the City's opposition does not accurately describe the privacy, ADA, Safe at Home, and conflict context.

3. I am autistic and have disability-related communication and processing limitations. I have repeatedly asked the City and the courts for structured written communication, processing time, and confidentiality around my disability and accommodation materials. I have also repeatedly asked for sealing, redaction, or in camera review when sensitive materials are involved.

4. I did not intend to waive medical, ADA, Safe at Home, law-enforcement, or safety protections. To the extent overlapping materials appeared publicly during emergency

pro se filings, that occurred while I was attempting to navigate complex federal sealing procedures under severe time pressure and disability-related processing limitations.

5. I am concerned that the City and its counsel are using my procedural mistakes as a weapon to expose protected material. The City now argues that because certain materials appeared publicly, the Court should deny all protection. I believe that would punish me for being self-represented and disabled rather than address the actual risk of harm.

6. Exhibit Y concerns Safe at Home-related issues. I have serious safety concerns connected to my participation in public-integrity matters, court proceedings, and law-enforcement-related issues. I do not describe all of those details publicly because doing so would increase the same risk I am asking the Court to prevent. I ask the Court to review any additional safety details in camera or under seal if needed.

7. The documents at issue are not merely ordinary legal correspondence. They sit inside the record of the City's investigation, Buchalter's role, Safe at Home disputes, retaliation, ADA accommodation confidentiality, and preservation objections. Public access to those records increases the harm because it allows hostile actors and conflicted counsel to use the materials against me publicly.

8. I am informed and believe that ADA Coordinator Roxanne Lerma has not acted as an independent decisionmaker and that ADA issues have been routed through City management, LCW, and litigation counsel. I am concerned that my medical and ADA materials have not been protected through a strict need-to-know process.

9. I allege that Milan Mrakich is a central actor in the retaliation and ADA interference claims. He controls or influences the City Manager's Office, staff access, and communications. I have alleged that he sent me threatening and retaliatory text messages and then controlled the communication channels through which my accommodations and staff access had to travel.

10. I am attaching as Exhibit A a public state-court filing in which Roger L. Scott / Buchalter appeared as attorney for Third Party Milan Mrakich and in which Mr. Scott declared that he is counsel of record for Mr. Mrakich and also litigation counsel for the City in other matters involving me, the City, and Mr. Mrakich. I believe that dual role is relevant to the Court's evaluation of the City's opposition because counsel opposing sealing is part of the conflict and witness record.

11. I ask the Court to grant sealing or, at minimum, restrict access to unredacted versions and allow redacted public versions. I am not asking to hide the existence of my claims. I am asking to stop the public docket from being used to expose and weaponize ADA, Safe at Home, safety, and conflict evidence.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 16, 2026.


/s/ John Doe

John Doe