**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE, an individual,

Petitioner,

vs.

CITY OF WEST COVINA,

Respondent.

CASE NO. 2:26-cv-03659-MEMF-MBK

Assigned to District Judge
Maame Ewusi-Mensah Frimpong

**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS B-H AND L UNDER SEAL [Docket 52]**

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

## I.   INTRODUCTION

John Doe's latest sealing application asks this Court to shield from public view documents that he already filed publicly in support of his own ex parte application for a temporary restraining order.  That prior filing was not incidental.  Mr. Doe affirmatively attached accommodation records, interactive-process materials, medical-support materials, equipment-related documents, and related correspondence to his April 16, 2026 Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.  (ECF 12.)  He relied on those documents as the evidentiary basis for emergency injunctive relief.  The Court then considered Mr. Doe's application and denied it, finding that Doe had not shown a likelihood of success on the merits of his Title II discrimination claim, retaliation and interference claim, or challenge to the City's Communication Protocol, and had not shown irreparable harm.  (ECF 26.)

Mr. Doe asks the Court to seal Exhibits B through H and Exhibit L in their entirety.  (ECF Nos. 52, 52-1.)  This request rests on generalized assertions that the exhibits involve "ADA accommodation documents," "medical-accommodation discussions," "interactive-process materials," "disability-access equipment information," and "pseudonym-related correspondence."  (ECF No. 52-1.)  Mr. Doe does not explain why each exhibit, much less each page or line of each exhibit, contains sealable material.  Nor does Doe account for the fact that most of the exhibits he now seeks to seal were previously filed publicly *by him* in this action.

Exhibit B, the May 13, 2025 Dell laptop accommodation approval letter, was previously filed publicly at ECF 12, Exhibit B, and ECF 15-1, Exhibit 3.  Exhibit D, the May 13, 2025 response concerning structured communication and additional time, was previously filed publicly at ECF 12, Exhibit A, and ECF 15-1, Exhibit 4.  Exhibit E, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF 15-1, Exhibit 5.  Exhibit F, the December 3, 2025 interactive process meeting memorandum concerning medical documentation

Buchalter LLP
Irvine

1

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

review, was previously filed publicly at ECF 12, Exhibit D, and ECF 15-1, Exhibit 7.  Exhibit G, the January 6, 2026 ADA/FEHA interactive process meeting memorandum regarding home-office equipment, was previously filed publicly at ECF 12, Exhibit C, and ECF 15-1, Exhibit 11.  Exhibit H, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF 15-1, Exhibit 6.

Mr. Doe cannot establish compelling reasons to seal documents that are already in the public record.  Sealing those exhibits now would not preserve confidentiality, protect privacy, or prevent disclosure.  Doing so would create an incomplete and misleading public docket by concealing later-filed copies of documents that remain publicly accessible elsewhere in the same case.  That is not a proper use of Local Rule 79-5.2.2.

The only two exhibits not in the public record fare no better.  Exhibit C is a routine email thread concerning the ordering, shipment, and installation of a City-issued monitor. Although the monitor was associated with an accommodation, the correspondence does not discuss Doe's medical condition, diagnoses, treatment, symptoms, restrictions, or any other protected medical information.  Exhibit L is correspondence between Doe and a third party concerning anticipated motion practice regarding pseudonymity and a possible amicus filing. It does not disclose medical information, accommodation information, or any other confidential material.

Mr. Doe's application is therefore overbroad, unsupported, and not narrowly tailored.  Because the vast majority of the exhibits are already public, and because the remaining exhibits contain no information warranting sealing, the application should be denied.

## II.   LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122,

1135 (9th Cir. 2003).  This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records.  *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events."  *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits.  *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted).  The "compelling reasons" standards applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction.  *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  The burden is not satisfied by conclusory assertions. *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power."  *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the

BUCHALTER LLP
IRVINE

3
**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

need for sealing. *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline. Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome. It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed. The fact that material has been designated confidential is not enough. Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

## III. ARGUMENT

### A. Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe seeks to seal exhibits submitted in connection with his ongoing requests for relief in this federal action. These are not private discovery materials exchanged between the parties. They are judicial records submitted for the Court's consideration. As a result, the strong presumption of public access applies. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119; *Ctr. for Auto Safety*, 809 F.3d at 1096, 1101.

Mr. Doe's application does not overcome that presumption. Doe states that Exhibits B through H contain "ADA accommodation documents, medical-accommodation discussions, interactive-process materials, and disability-access equipment information," and that Exhibit L contains "pseudonym-related correspondence and screenshots." (ECF No. 52-1.) Those generalized descriptions are not enough. Mr. Doe does not identify specific pages, lines, or portions that supposedly reveal confidential information. He does not distinguish between documents that allegedly contain medical information and documents that merely

discuss ordinary equipment procurement, meeting logistics, or legal correspondence.  He does not explain why wholesale sealing is necessary when targeted redactions, if any were justified, would address any legitimate concern.

Mr. Doe's burden is particularly high because he has placed his disability accommodation allegations, alleged ADA rights, and pseudonym-related arguments directly at issue in this case.  Where those issues form part of the dispute presented to the Court, the public has a corresponding interest in understanding the factual record on which the Court is being asked to act.  *Bride*, 2025 WL 819567, at *5; *Langworthy*, 2021 WL 1788391, at *5.  Doe's conclusory declaration does not justify removing entire exhibits from public view.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits.  Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material.  Mr. Doe's application does the opposite.  It asks to seal Exhibits B through H and L in full, without identifying what specific text, if any, should be withheld from public access.

Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing.  Mr. Doe's application fails that standard because it does not isolate genuinely confidential information.  Instead, exhibits include routine correspondence, introductory language, signatures, job titles, equipment descriptions, scheduling or implementation communications, and legal or administrative statements.  Doe does not explain why any of that information should be sealed.  Nor does he propose redactions limited to any discrete information.  Instead, Mr. Doe relies on the premise that if a document relates in any way to an accommodation, the entire document should be hidden from public view.  That is not the law.

BUCHALTER LLP
IRVINE

5

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice. *Civil Beat Law Center for Public Interest, Inc.,* 117 F.4th at 1211. Doe has not made that showing. He instead seeks wholesale sealing of entire exhibits, including documents already publicly filed and documents containing no confidential information at all. If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the specific harm from disclosure, and propose a narrowly tailored redaction. He has not done so.

**C.     Mr. Doe Cannot Seal Documents That Have Already Been Filed Publicly**

Doe's request fails because several of the exhibits he seeks to seal were already publicly filed by Doe himself in support of his own request for emergency injunctive relief. These are not private discovery materials exchanged in confidence; they are paradigmatic judicial records. *See, e.g. Courthouse News Serv. v. Planet,* 947 F.3d 581, 592 (9th Cir. 2020). Doe's TRO application expressly relied on accommodation materials he now seeks to shield. (ECF No. 12.) Doe argued that the City had approved accommodations in writing on May 13, 2025, including structured and direct communication, additional time to review and respond, the right to an advocate or legal representative in formal matters, and the ability to briefly provide context before questions during council meetings. (ECF No. 12 at 3-5.) Doe further argued that the City approved equipment-related accommodations, including a Dell laptop/monitor accommodation and additional home-office accessibility items. *Id.* at 4-5.

Exhibit B to the present sealing application, the May 13, 2025 Dell laptop accommodation approval letter, was publicly filed by Doe as Exhibit B to his TRO application. (ECF No. 12, Ex. B.) Exhibit D to the present sealing application, the May 13, 2025 response concerning structured communication and additional time, was publicly filed by Doe as Exhibit A to his TRO application. (ECF No. 12, Ex.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

A.)  Exhibit F to the present sealing application, the December 3, 2025 medical documentation review and supporting physician materials, was publicly filed by Doe as Exhibit D to his TRO application.  (ECF No. 12, Ex. D.)  Exhibit G to the present sealing application, the January 6, 2026 ADA/FEHA interactive-process memorandum concerning home-office equipment and copy-machine access, was publicly filed by Doe as Exhibit C to his TRO application.  (ECF No. 12, Ex. C.)

The Court then denied Doe's TRO application.  (ECF No. 26.)  In doing so, the Court summarized Doe's accommodation allegations, including his contention that the City approved written accommodations on May 13, 2025 and approved equipment-related accommodations on January 6, 2026.  (ECF No. 26 at 3-4.)  The Court held that Doe had not shown a likelihood of success on his Title II discrimination claim, his retaliation and interference claim, or his challenge to the City's Communication Protocol.  *Id*. at 7-12.  The Court also held that Doe had not met his burden to establish irreparable harm.  *Id*. at 12-14.

That record defeats the sealing request. Doe placed the records before the Court, unredacted, as part of an evidentiary showing for emergency relief, and the Court considered his application in ruling on merits-related issues.  Under *Center for Auto Safety*, the public's right of access turns on whether the underlying filing is more than tangentially related to the merits, not on the label assigned to the filing. 809 F.3d at 1101.  Doe's TRO application was plainly merits-related.  He sought emergency relief based on alleged ADA discrimination, retaliation, interference, and constitutional violations, and the Court denied relief after analyzing those theories.  (ECF No. 26.)

Having publicly filed these documents to obtain emergency relief, Doe cannot now establish compelling reasons to seal later-filed copies of the same materials.  Sealing them now would not preserve confidentiality.  It would not remedy any alleged disclosure.  It would only obscure a later portion of the docket

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

while the same documents remain publicly available in connection with Doe's own TRO filing.

Doe's application also seeks to seal additional documents that were previously filed publicly in this action. Exhibit E to the present sealing application, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF No. 15-1, Exhibit 5. Exhibit H to the present sealing application, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF No. 15-1, Exhibit 6.

Doe offers no meaningful explanation for why documents already available on the public docket should now be sealed in their entirety. Nor does Doe explain how sealing duplicate copies of those documents would protect any legitimate privacy interest. Once information is publicly filed, later sealing of the same information does not restore confidentiality. It merely creates an incomplete public record. The application should therefore be denied as to Exhibits B, D, E, F, G, and H.

### D.     The Remaining Exhibits Are Not Confidential

The remaining exhibits do not justify sealing. Exhibit C contains routine monitor implementation communications, and Exhibit L contains ordinary litigation correspondence concerning anticipated motion practice. Neither exhibit discloses confidential medical information, protected accommodation details, or other information warranting wholesale sealing.

#### 1.     Exhibit C is an email regarding delivery of a monitor

Exhibit C is an email thread concerning implementation of a City-issued monitor. The correspondence concerns ordering, shipment, reshipment, receipt, and installation of the monitor by City IT personnel. Nothing in Exhibit C includes Doe's diagnosis, treatment, symptoms, medical restrictions, medical provider information, or functional limitations.

RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)

At most, Exhibit C reflects that the monitor was connected to an ADA accommodation. That is not enough. The fact that equipment was provided in connection with an accommodation does not convert ordinary procurement and installation emails into confidential medical records, especially where Mr. Doe put his disability at issue.

Mr. Doe's declaration does not analyze Exhibit C specifically. It does not identify any line in Exhibit C that contains private medical information. It does not explain how public access to routine emails about a monitor would create a concrete harm. And it does not justify sealing the entire email thread. Because Exhibit C contains ordinary equipment implementation communications, and because Doe offers only conclusory assertions of confidentiality, Exhibit C should not be sealed.

### 2. *Exhibit L is ordinary litigation correspondence concerning motion practice*

Exhibit L likewise does not warrant sealing. Doe describes Exhibit L as pseudonym-related correspondence and screenshots that may link his identity to the Doe record or create safety and retaliation concerns before the Court rules on Doe status. (ECF No. 52-1.) But the content of Exhibit L does not justify sealing the exhibit in its entirety.

Exhibit L consists of correspondence between Doe and a third party regarding anticipated motion practice concerning Doe's pseudonymity and a possible motion for leave to file an amicus curiae brief. The correspondence addresses litigation procedure, meet-and-confer issues, possible amicus participation, and the capacity in which the third party was communicating. It does not disclose medical information, disability information, accommodation details, treatment information, or other confidential personal information.

Doe's generalized assertion that the correspondence relates to pseudonymity does not supply a compelling reason to seal the entire exhibit. Pseudonym disputes

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

are litigated on public dockets, and Doe does not identify any specific portion of Exhibit L that creates a non-speculative risk of harm.  Nor does Doe explain why any narrower alternative, such as redaction of a specific item of information, would be inadequate.  Because Doe relies only on broad concerns and does not provide the specific factual showing required by Ninth Circuit law, Exhibit L should not be sealed.

## IV.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 18, 2026          BUCHALTER LLP


By:  */s/ Roger L. Scott*
                    Roger L. Scott
                    Attorney for Respondent
                    City of West Covina

BUCHALTER LLP
IRVINE

10
**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 18, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

_/s/ Roger L. Scott_____
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**