# EXHIBIT 1

West Covina Municipal Code section 2-52, persons authorized to be within council area.

## ORDINANCE NO. 2528

### AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF WEST COVINA, CALIFORNIA, AMENDING PROVISIONS OF DIVISION 2 (MEETINGS AND RULES OF PROCEDURE) OF ARTICLE II (CITY COUNCIL) OF CHAPTER 2 (ADMINISTRATION) OF THE WEST COVINA MUNICIPAL CODE RELATING TO PUBLIC PARTICIPATION AND DECORUM AT CITY COUNCIL MEETINGS

The City Council of the City of West Covina hereby finds and declares as follows:

**WHEREAS,** California Government Code section 36813 authorizes the City Council to establish rules for the conduct of its proceedings, and to punish a member or other person for disorderly behavior at a meeting; and

**WHEREAS,** California Government Code section 54954.3(b) authorizes the City Council to adopt reasonable regulations regarding public participation at meetings, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker; and

**WHEREAS,** California Government Code section 54957.95 authorizes the presiding officer of a meeting or their designee to remove, or cause the removal of, an individual for disrupting the meeting; and

**WHEREAS,** the provisions of Division 2 (Meetings and Rules of Procedure) of Article II (City Council) of Chapter 2 (Administration) of the West Covina Municipal Code set forth regulations relating to public participation and decorum at City Council meetings; and

**WHEREAS,** it is the desire and duty of the City Council to ensure its business is conducted in an orderly, efficient, and fair manner and to ensure that the public has a full opportunity to be heard on all matters of interest to the community; and

**WHEREAS,** disruptive conduct at meetings prevents the City Council from accomplishing its business in an orderly, efficient, and fair manner, and may interfere with the right of other individuals to be heard; and

**WHEREAS,** the City Council respects an individual speaker's right to disagree and express his or her own opinions and beliefs; and

**WHEREAS,** the City Council desires to encourage more members of the public to attend and participate in City Council meetings by improving the efficiency of its meetings and strengthening its rules of decorum; and

**WHEREAS,** the City Council desires to amend provisions of Division 2 (Meetings and Rules of Procedure) of Article II (City Council) of Chapter 2 (Administration) of the West Covina Municipal Code relating to public participation and decorum at City Council meetings; and

**WHEREAS,** all legal requirements prior to the adoption of this Ordinance have occurred.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF WEST COVINA, CALIFORNIA, DOES ORDAIN AS FOLLOWS:**

**SECTION 1.** <u>Recitals</u>. The City Council finds that all of the facts and findings set forth in the recitals to this Ordinance are true and correct.

**SECTION 2.** <u>Amendment to Section 2-47</u>. Section 2-47 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-47. - Addressing the council.

Pursuant to the California Government Code, any person wishing to address the city council on any matter on the agenda or on any other matter within their jurisdiction, excluding any matter set for a public hearing, may do so upon first securing the recognition of the presiding officer during the time designated for oral communications. The city council may not act on any item unless it is listed on the agenda.

**SECTION 3.** <u>Amendment to Section 2-48</u>. Section 2-48 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-48. - Manner of addressing city council; time limit; persons addressing may be sworn.

(a) Each person wishing to address the city council shall submit a speaker card to the city clerk prior to the commencement of the time designated for oral communications. No speaker cards will be accepted after the commencement of oral communications, except at the discretion of the presiding officer.

(b) When called forward by the presiding officer or the city clerk, each person addressing the city council shall step up to the podium and give his or her name and city of residence in an audible tone of voice for the record.

(c) Each person addressing the city council during oral communications shall limit his or her comments to three (3) minutes, unless the time limit is modified by the presiding officer or the city council. In order to provide all speakers the opportunity to participate in oral communications, the presiding officer or the city council may reduce the time limit to allow reasonable time for all speakers to address the city council.

(d) All remarks shall be addressed to the city council as a body and not to any member thereof. No person, other than the city council and the person having the floor, shall be permitted to enter into any discussion, either directly or through a member of the city council, without the permission of the presiding officer. No question shall be asked of a council member except through the presiding officer.

(e) The presiding officer may require any person to be sworn as a witness before addressing the city council on any subject. Any such person who, having taken an oath that he or she will testify truthfully, willfully and contrary to such oath states as true any material matter which he knows to be false may be held to answer criminally and subject to the penalty prescribed for perjury by the provisions of the California Penal Code.

**SECTION 4.** Amendment to Section 2-50. Section 2-50 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-50. - Decorum—Required.

(a) While the city council is in session, council members shall preserve order and decorum, and a council member shall neither, by conversation or otherwise, delay or disrupt the proceedings or the peace of the council nor interrupt any council member while speaking or refuse to obey the orders of the council or its presiding officer, except as otherwise herein provided.

(b) Members of the public shall not willfully disrupt the meeting or act in a manner that actually disrupts, disturbs, impedes, impairs, or renders infeasible the orderly conduct of the meeting. For the purposes of this Code, "willfully disrupt" includes, but is not limited to, continuing to do any of the following after being warned by the presiding officer that the behavior is disrupting the meeting and failure to cease the behavior may result in removal from the meeting:

(1) Addressing the mayor or city council without first being recognized.

(2) Persisting in addressing a subject or subjects, other than that before the mayor and city council.

(3) Repetitiously addressing the same subject.

(4) Failing to relinquish the podium when directed to do so.

(5) From the audience, interrupting or attempting to interrupt, a speaker, the presiding officer, a council member, or a staff member, or shouting or attempting to shout over a speaker, the presiding officer, a council member or a staff member.

(6) From the audience, engaging in disorderly, disruptive, or boisterous conduct, including, but not limited to, handclapping, stomping of feet, whistling, making noise, use of abusive, threatening or profane language or obscene gestures, yelling, obstructing the view of other audience members, or similar conduct which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting.

(7) As a speaker, making slanderous or profane remarks or using loud, threatening, or abusive language which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting; interrupting or attempting to interrupt the presiding officer, a council member, or a staff member; shouting over or attempting to shout over the presiding officer, a council member, or a staff member; or engaging in any other disorderly conduct which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting. Nothing in this section or any rules of the city council shall be construed to prohibit public criticism of the policies, procedures, programs, or services of the city or of the acts or omissions of the city council.

(8) Engaging in behavior that constitutes use of force or a true threat of force.

(c) It shall be unlawful to violate the provisions of this section. A person violating this section may be removed and barred from further participation at the meeting at which the violation occurs.

(d) If any subsection, sentence, clause, or phrase or word of this section 2-50 is for any reason held to be invalid or unconstitutional, such decision shall not affect the validity of the remaining portions of this section. The city council hereby declares that it would have passed this section and each subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more subsections, sentences, clauses, phrases or words had been declared invalid or unconstitutional.

**SECTION 5.** Amendment to Section 2-51. Section 2-51 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-51. - Enforcement of decorum.

The chief of police or any member or members of the police department or other members of the city staff may be designated by the council to be sergeant-at-arms when, in the opinion of the presiding officer, the services of a sergeant-at-arms is necessary, and the sergeant-at-arms shall carry out all orders and instructions given by the presiding officer for the purpose of maintaining order and decorum in accordance with section 2-50 at the council meeting, including, but not limited to, removing and barring from further participation at the meeting any person who is willfully disrupting the orderly conduct of the meeting.

**SECTION 6.** <u>Amendment to References to Government Code</u>. All references in Division 2 of Article II of Chapter 2 of the West Covina Municipal Code to "Government Code" shall be amended to read "California Government Code."

**SECTION 7.** <u>Environmental Compliance</u>. The City Council hereby finds that it can be seen with certainty that there is no possibility the adoption and implementation of this Ordinance will have a significant effect on the environment. The Ordinance is therefore exempt from the environmental review requirements of the California Environmental Quality Act pursuant to Section 15061(b)(3) (General Rule) of Title 14 of the California Code of Regulations.

**SECTION 8.** <u>Inconsistencies</u>. Any provision of the West Covina Municipal Code or appendices thereto inconsistent with the provisions of this Ordinance, to the extent of such inconsistencies and no further, is hereby repealed or modified to that extent necessary to affect the provisions of this Ordinance.

**SECTION 9.** <u>Severability</u>. If any section, subsection, clause or phrase or portion of this Ordinance is for any reason held to be invalid or unconstitutional by the decision of any court of competent jurisdiction, such decision shall not affect the validity of all other provisions of this Ordinance. The City Council of West Covina hereby declares that it would have passed this Ordinance, and each section, subsection, sentence, clause and phrase or portion thereof, irrespective of the fact that any one or more of the sections, subsections, sentences, clauses, or phrases or portions thereof be declared invalid or unconstitutional.

**SECTION 10.** <u>Effective Date</u>. This Ordinance shall take effect thirty (30) days after its final passage.

**SECTION 11.** <u>Certification; Publication</u>. The City Clerk shall certify to the passage and adoption of this Ordinance and shall cause the same to be published or posted as required by law.

**PASSED, APPROVED AND ADOPTED** this 4th day of March, 2025.

 

Tony Wu
Mayor

**APPROVED AS TO FORM**

Thomas P. Duarte
City Attorney

**ATTEST**

Lisa Sherrick
Assistant City Clerk

STATE OF CALIFORNIA       )
COUNTY OF LOS ANGELES   )
CITY OF WEST COVINA      )

I, LISA SHERRICK, ASSISTANT CITY CLERK of the City of West Covina, California, do hereby certify that the foregoing Ordinance No. 2528 was introduced at a regular meeting of the City Council held on the 18th day of February, 2025, and adopted at a regular meeting of the City Council held on the 4th day of March, 2025, by the following vote of the City Council:

AYES:     Wu, Diaz, Gutierrez, Lopez-Viado
NOES:
ABSENT:   Cantos
ABSTAIN:

Lisa Sherrick
Assistant City Clerk

Ordinance No. 2528
Page 6 of 6

Sec. 2-52. - Persons authorized to be within council area.

No person, except city officials, their representatives and members of the news media shall be permitted within the rail in front of the council chamber without the express consent of the council.

(Code 1960, § 2120; Ord. No. 2528, § 6, 3-4-25)

# EXHIBIT 2

June 16, 2026 Council meeting transcript concerning public-comment service attempt involving John Doe.

## The-City-of-West-Covina Council Meeting
## June 16,2026

YOUTUBE:  https://youtu.be/2ML8wzJYJMs?si=6MlfdT6mP8BdFO-E

[Mayor Leticia Lopez Viado]
Thank you. Next speaker

[Lisa Sherrick, City Clerk Office] (0:00 - 0:07)
Thank you. Next speaker. Speaker A, followed by Mario M, followed by Annamarie Lopez.

[John Shewmaker Granddaughter] (0:13 - 0:30)
Hello. This may add to the city cost because I am here to serve John Doe. I understand he is a council member here.

Can someone please tell me who council member John Doe is? Because I need to give him these legal documents for proper service. So is John Doe here?

[Mayor Leticia Lopez Salazar Viado] (0:33 - 0:37)
Yes. Do we give it to the city clerk for John Doe?

[COUNCILMEMBER BRIAN GUTIERREZ] (0:39 - 0:40)
This is a public comment.

[MAYOR LETICIA LOPEZ SALAZAR VIADO] (0:43 - 0:45)
She has every right to speak.

[COUNCILMEMBER BRIAN GUTIERREZ] (0:45 - 0:46)
Go ahead.

[John Shewmaker Granddaughter] (0:47 - 0:48)
I need to hand it to you.

[COUNCILMEMBER BRIAN GUTIERREZ] (0:49 - 0:50)
I don't know who it is.

[MAYOR LETICIA LOPEZ VIADO SALAZAR] (0:50 - 1:13)
Have you been served? I don't know who it is. That's a server.

That's John Doe. The city attorney? Does that work?

Yeah. Okay. So you have three full minutes.

So you have two more minutes. I guess until the... If you'd like to speak more, you're more than welcome to.

Or if she yields time.

[John Shewmaker Granddaughter] (1:16 - 1:16)
That's my time.

[MAYOR LETICIA LOPEZ SALAZAR LOPEZ] (1:17 - 1:17)
Oh, that's... Okay.

[John Shewmaker Granddaughter] (1:20 - 1:21)
She...

[MAYOR LOPEZ VIADO] (1:23 - 1:36)
Give it to the assistant. I mean, give it to the... Oh, no.

You don't. How does the... How does that work?

City attorney? Okay. Can we allow her to come in?

[COUNCILMEMBER BRIAN GUTIERREZ] (1:36 - 1:40)
Point of order. This is public comment. This is not a show and tell.

[MAYOR LOPEZ VIADO] (1:42 - 1:54)
Wait a minute. This is public comment. She has three minutes.

[CITY ATTORNEY THOMAS DURATE]
Typically, speakers are not allowed in the well area. She can wait maybe during a break or after the meeting to hand it to him.

[MAYOR LOPEZ VIADO] (1:55 - 2:07)
After the meeting or after her time? Can she... Can we...

I would not want them to wait to entire... This meeting could go to midnight as we've had in the past.

[COUNCILMEMBER BRIAN GUTIERREZ] (2:07 - 2:08)
Point of order. Follow the...rules

[MAYOR LOPEZ VIADO] (2:08 - 2:14)
She has one more minute. She's utilizing her minute. So she has a whole minute.

[COUNCILMEMBER BRIAN GUTIERREZ] (2:14 - 2:16)
Let her talk. Stop talking to her

[MAYOR LOPEZ VIADO] (2:16 - 2:55)
I'm the presiding officer. It's...

[John Shewmakers Grand Daughter]
Are you John Doe?

[MAYOR LOPEZ VIADO]
Yea good tell him, hahaha

Yeah. I have 40 seconds. And then...

I mean, I am the presiding officer, so if you need to accept... I do not want them to stay here the entire meeting. She has public...

Okay. I'd like for... We have this.

You have been served. So how would you... Do I need to process it through Lisa to give?

[COUNCILMEMBER BRIAN GUTIERREZ] (2:55 - 3:01)
Point of order. We need to follow the rules that you created. Yes.

You can't make up rules as you wish, Mayor.

[MAYOR LOPEZ VIADO] (3:01 - 3:01)
I'm not.

[COUNCILMEMBER BRIAN GUTIERREZ] (3:02 - 3:05)
So follow the rules. She has nine seconds now.

[MAYOR LETICIA LOPEZ VIADO] (3:06 - 3:26)
Yes. So during her time... Okay.

Thank you. I will call recess and then you can properly serve. So I will call recess so she can properly serve.

Recess. Thank you. All right.

# EXHIBIT 3

Respondent City of West Covina opposition to sealing [ECF No. 76].

**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE, an individual,

        Petitioner,

    vs.

CITY OF WEST COVINA,

        Respondent.

CASE NO. 2:26-cv-03659-MEMF-MBK

Assigned to District Judge
Maame Ewusi-Mensah Frimpong

**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS B-H AND L UNDER SEAL [Docket 52]**

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

## I.    INTRODUCTION

John Doe's latest sealing application asks this Court to shield from public view documents that he already filed publicly in support of his own ex parte application for a temporary restraining order.  That prior filing was not incidental.  Mr. Doe affirmatively attached accommodation records, interactive-process materials, medical-support materials, equipment-related documents, and related correspondence to his April 16, 2026 Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.  (ECF 12.)  He relied on those documents as the evidentiary basis for emergency injunctive relief.  The Court then considered Mr. Doe's application and denied it, finding that Doe had not shown a likelihood of success on the merits of his Title II discrimination claim, retaliation and interference claim, or challenge to the City's Communication Protocol, and had not shown irreparable harm.  (ECF 26.)

Mr. Doe asks the Court to seal Exhibits B through H and Exhibit L in their entirety.  (ECF Nos. 52, 52-1.)  This request rests on generalized assertions that the exhibits involve "ADA accommodation documents," "medical-accommodation discussions," "interactive-process materials," "disability-access equipment information," and "pseudonym-related correspondence."  (ECF No. 52-1.)  Mr. Doe does not explain why each exhibit, much less each page or line of each exhibit, contains sealable material.  Nor does Doe account for the fact that most of the exhibits he now seeks to seal were previously filed publicly *by him* in this action.

Exhibit B, the May 13, 2025 Dell laptop accommodation approval letter, was previously filed publicly at ECF 12, Exhibit B, and ECF 15-1, Exhibit 3.  Exhibit D, the May 13, 2025 response concerning structured communication and additional time, was previously filed publicly at ECF 12, Exhibit A, and ECF 15-1, Exhibit 4.  Exhibit E, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF 15-1, Exhibit 5.  Exhibit F, the December 3, 2025 interactive process meeting memorandum concerning medical documentation

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

review, was previously filed publicly at ECF 12, Exhibit D, and ECF 15-1, Exhibit 7. Exhibit G, the January 6, 2026 ADA/FEHA interactive process meeting memorandum regarding home-office equipment, was previously filed publicly at ECF 12, Exhibit C, and ECF 15-1, Exhibit 11. Exhibit H, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF 15-1, Exhibit 6.

Mr. Doe cannot establish compelling reasons to seal documents that are already in the public record. Sealing those exhibits now would not preserve confidentiality, protect privacy, or prevent disclosure. Doing so would create an incomplete and misleading public docket by concealing later-filed copies of documents that remain publicly accessible elsewhere in the same case. That is not a proper use of Local Rule 79-5.2.2.

The only two exhibits not in the public record fare no better. Exhibit C is a routine email thread concerning the ordering, shipment, and installation of a City-issued monitor. Although the monitor was associated with an accommodation, the correspondence does not discuss Doe's medical condition, diagnoses, treatment, symptoms, restrictions, or any other protected medical information. Exhibit L is correspondence between Doe and a third party concerning anticipated motion practice regarding pseudonymity and a possible amicus filing. It does not disclose medical information, accommodation information, or any other confidential material.

Mr. Doe's application is therefore overbroad, unsupported, and not narrowly tailored. Because the vast majority of the exhibits are already public, and because the remaining exhibits contain no information warranting sealing, the application should be denied.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122,

1135 (9th Cir. 2003).  This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records.  *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events."  *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits.  *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted).  The "compelling reasons" standards applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction.  *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  The burden is not satisfied by conclusory assertions. *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power." *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

need for sealing. *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline. Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome. It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed. The fact that material has been designated confidential is not enough. Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

## III. ARGUMENT

### A. Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe seeks to seal exhibits submitted in connection with his ongoing requests for relief in this federal action. These are not private discovery materials exchanged between the parties. They are judicial records submitted for the Court's consideration. As a result, the strong presumption of public access applies. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119; *Ctr. for Auto Safety*, 809 F.3d at 1096, 1101.

Mr. Doe's application does not overcome that presumption. Doe states that Exhibits B through H contain "ADA accommodation documents, medical-accommodation discussions, interactive-process materials, and disability-access equipment information," and that Exhibit L contains "pseudonym-related correspondence and screenshots." (ECF No. 52-1.) Those generalized descriptions are not enough. Mr. Doe does not identify specific pages, lines, or portions that supposedly reveal confidential information. He does not distinguish between documents that allegedly contain medical information and documents that merely

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

discuss ordinary equipment procurement, meeting logistics, or legal correspondence.  He does not explain why wholesale sealing is necessary when targeted redactions, if any were justified, would address any legitimate concern.

Mr. Doe's burden is particularly high because he has placed his disability accommodation allegations, alleged ADA rights, and pseudonym-related arguments directly at issue in this case.  Where those issues form part of the dispute presented to the Court, the public has a corresponding interest in understanding the factual record on which the Court is being asked to act.  *Bride*, 2025 WL 819567, at *5; *Langworthy*, 2021 WL 1788391, at *5.  Doe's conclusory declaration does not justify removing entire exhibits from public view.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits.  Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material.  Mr. Doe's application does the opposite.  It asks to seal Exhibits B through H and L in full, without identifying what specific text, if any, should be withheld from public access.

Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing.  Mr. Doe's application fails that standard because it does not isolate genuinely confidential information.  Instead, exhibits include routine correspondence, introductory language, signatures, job titles, equipment descriptions, scheduling or implementation communications, and legal or administrative statements.  Doe does not explain why any of that information should be sealed.  Nor does he propose redactions limited to any discrete information.  Instead, Mr. Doe relies on the premise that if a document relates in any way to an accommodation, the entire document should be hidden from public view.  That is not the law.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice. *Civil Beat Law Center for Public Interest, Inc.,* 117 F.4th at 1211. Doe has not made that showing. He instead seeks wholesale sealing of entire exhibits, including documents already publicly filed and documents containing no confidential information at all. If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the specific harm from disclosure, and propose a narrowly tailored redaction. He has not done so.

### C. Mr. Doe Cannot Seal Documents That Have Already Been Filed Publicly

Doe's request fails because several of the exhibits he seeks to seal were already publicly filed by Doe himself in support of his own request for emergency injunctive relief. These are not private discovery materials exchanged in confidence; they are paradigmatic judicial records. *See, e.g. Courthouse News Serv. v. Planet,* 947 F.3d 581, 592 (9th Cir. 2020). Doe's TRO application expressly relied on accommodation materials he now seeks to shield. (ECF No. 12.) Doe argued that the City had approved accommodations in writing on May 13, 2025, including structured and direct communication, additional time to review and respond, the right to an advocate or legal representative in formal matters, and the ability to briefly provide context before questions during council meetings. (ECF No. 12 at 3-5.) Doe further argued that the City approved equipment-related accommodations, including a Dell laptop/monitor accommodation and additional home-office accessibility items. *Id*. at 4-5.

Exhibit B to the present sealing application, the May 13, 2025 Dell laptop accommodation approval letter, was publicly filed by Doe as Exhibit B to his TRO application. (ECF No. 12, Ex. B.) Exhibit D to the present sealing application, the May 13, 2025 response concerning structured communication and additional time, was publicly filed by Doe as Exhibit A to his TRO application. (ECF No. 12, Ex.

A.)  Exhibit F to the present sealing application, the December 3, 2025 medical documentation review and supporting physician materials, was publicly filed by Doe as Exhibit D to his TRO application.  (ECF No. 12, Ex. D.)  Exhibit G to the present sealing application, the January 6, 2026 ADA/FEHA interactive-process memorandum concerning home-office equipment and copy-machine access, was publicly filed by Doe as Exhibit C to his TRO application.  (ECF No. 12, Ex. C.)

The Court then denied Doe's TRO application.  (ECF No. 26.)  In doing so, the Court summarized Doe's accommodation allegations, including his contention that the City approved written accommodations on May 13, 2025 and approved equipment-related accommodations on January 6, 2026.  (ECF No. 26 at 3-4.)  The Court held that Doe had not shown a likelihood of success on his Title II discrimination claim, his retaliation and interference claim, or his challenge to the City's Communication Protocol. *Id*. at 7-12.  The Court also held that Doe had not met his burden to establish irreparable harm. *Id*. at 12-14.

That record defeats the sealing request. Doe placed the records before the Court, unredacted, as part of an evidentiary showing for emergency relief, and the Court considered his application in ruling on merits-related issues.  Under *Center for Auto Safety*, the public's right of access turns on whether the underlying filing is more than tangentially related to the merits, not on the label assigned to the filing. 809 F.3d at 1101.  Doe's TRO application was plainly merits-related.  He sought emergency relief based on alleged ADA discrimination, retaliation, interference, and constitutional violations, and the Court denied relief after analyzing those theories.  (ECF No. 26.)

Having publicly filed these documents to obtain emergency relief, Doe cannot now establish compelling reasons to seal later-filed copies of the same materials.  Sealing them now would not preserve confidentiality.  It would not remedy any alleged disclosure.  It would only obscure a later portion of the docket

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

while the same documents remain publicly available in connection with Doe's own TRO filing.

Doe's application also seeks to seal additional documents that were previously filed publicly in this action.  Exhibit E to the present sealing application, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF No. 15-1, Exhibit 5.  Exhibit H to the present sealing application, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF No. 15-1, Exhibit 6.

Doe offers no meaningful explanation for why documents already available on the public docket should now be sealed in their entirety.  Nor does Doe explain how sealing duplicate copies of those documents would protect any legitimate privacy interest.  Once information is publicly filed, later sealing of the same information does not restore confidentiality.  It merely creates an incomplete public record.  The application should therefore be denied as to Exhibits B, D, E, F, G, and H.

**D.      The Remaining Exhibits Are Not Confidential**

The remaining exhibits do not justify sealing.  Exhibit C contains routine monitor implementation communications, and Exhibit L contains ordinary litigation correspondence concerning anticipated motion practice.  Neither exhibit discloses confidential medical information, protected accommodation details, or other information warranting wholesale sealing.

*1.      Exhibit C is an email regarding delivery of a monitor*

Exhibit C is an email thread concerning implementation of a City-issued monitor.  The correspondence concerns ordering, shipment, reshipment, receipt, and installation of the monitor by City IT personnel.  Nothing in Exhibit C includes Doe's diagnosis, treatment, symptoms, medical restrictions, medical provider information, or functional limitations.

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

At most, Exhibit C reflects that the monitor was connected to an ADA accommodation.  That is not enough.  The fact that equipment was provided in connection with an accommodation does not convert ordinary procurement and installation emails into confidential medical records, especially where Mr. Doe put his disability at issue.

Mr. Doe's declaration does not analyze Exhibit C specifically.  It does not identify any line in Exhibit C that contains private medical information.  It does not explain how public access to routine emails about a monitor would create a concrete harm.  And it does not justify sealing the entire email thread.  Because Exhibit C contains ordinary equipment implementation communications, and because Doe offers only conclusory assertions of confidentiality, Exhibit C should not be sealed.

### 2. *Exhibit L is ordinary litigation correspondence concerning motion practice*

Exhibit L likewise does not warrant sealing.  Doe describes Exhibit L as pseudonym-related correspondence and screenshots that may link his identity to the Doe record or create safety and retaliation concerns before the Court rules on Doe status.  (ECF No. 52-1.)  But the content of Exhibit L does not justify sealing the exhibit in its entirety.

Exhibit L consists of correspondence between Doe and a third party regarding anticipated motion practice concerning Doe's pseudonymity and a possible motion for leave to file an amicus curiae brief.  The correspondence addresses litigation procedure, meet-and-confer issues, possible amicus participation, and the capacity in which the third party was communicating.  It does not disclose medical information, disability information, accommodation details, treatment information, or other confidential personal information.

Doe's generalized assertion that the correspondence relates to pseudonymity does not supply a compelling reason to seal the entire exhibit.  Pseudonym disputes

are litigated on public dockets, and Doe does not identify any specific portion of Exhibit L that creates a non-speculative risk of harm.  Nor does Doe explain why any narrower alternative, such as redaction of a specific item of information, would be inadequate.  Because Doe relies only on broad concerns and does not provide the specific factual showing required by Ninth Circuit law, Exhibit L should not be sealed.

## IV.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 18, 2026                         BUCHALTER LLP


                                              By:  */s/ Roger L. Scott*
                                                   Roger L. Scott
                                                   Attorney for Respondent
                                                   City of West Covina

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 18, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

_/s/ Roger L. Scott_____
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**