# EXHIBIT M

SEALED - EEOC June 18, 2026 reconsideration / reopening correspondence.



1



# EXHIBIT N

SEALED - EEOC Notice of Intent to Reconsider.

EXHIBIT COVER



# EXHIBIT O

SEALED - Confidential ADA notice / ADA-related letter.

1
EXHIBIT COVER

**City Manager's Office**

June 3, 2026

Dear Councilmember Gutierrez:

This letter is a response to your April 23, 24, and May 12, 2026, emails relating to the following:

- Your request to use written notes, structured outlines, prepared statements or electronic reference materials to respond to inquiries during City Council meetings and all official City proceedings;

- Your continued requests for a 360-degree camera for use at your desk during City Council meetings, an ergonomic chair for your home, and request for a USB drive to obtain documents as reasonable accommodations; and

- Your request for additional time to answer questions during Council Meetings.

For purposes of clarity, we are in receipt of, and have reviewed Dr. Chang's May 18, 2026 correspondence and have considered it in issuing this response.

## I.    REQUEST TO USE NOTES OR OTHER MATERIALS

The City is in receipt of your request to use "written notes, outlines or electronic documents" ("written materials") to respond to inquiries during City Council meetings and all official City proceedings. You also request confirmation that no presiding City officer can interrupt or penalize you for your use of written materials.

There is no prohibition on any City Councilmember using notes, outlines, or electronic documents during meetings.  Any City Councilmember may do so.  As a result, this is not an accommodation to be granted.  To the extent that you previously requested to use notes or other materials, the City did not understand it to be a request for accommodation or require a response. The City is aware that you have previously used notes during meetings, and believed you understood you had a right to do so.

Any materials you do use or rely upon must be preserved pursuant to California's Brown and Public Records Acts. The Brown Act ("the Act") requires public entities, like the City, to ensure transparency in Council meetings and City proceedings, including preserving records of meetings and related materials. (Cal. Gov. Code § 54950) Further, the Act requires that "writings" distributed to all or a majority of the members of a legislative body in connection with a matter subject to discussion or consideration at an open meeting must be made available for public inspection. (Cal. Gov. Code § 54957.5) Written notes relied upon by a council member to

1

make decisions on agenda items constitute "writings" within the meaning of the Act. (*id.*) As such, written notes, structured outlines, prepared statements or electronic reference materials used and relied upon by members of City Council at Council meetings and official City proceedings qualify as "public records" under the California Public Records Act, must be preserved, and are subject to disclosure. (Cal. Gov. Code § 54957.5; Cal. Gov. Code § 7920.530).

As you are aware, the City is currently involved in a legal dispute with you regarding your preservation and production of documents relied on by you during City Council meetings. To ensure that any materials you may refer to or rely upon during meetings are properly preserved, the City requests that, prior to any official City business, you shall notify Assistant City Clerk, Lisa Sherrick that you anticipate using written materials during the meeting. Immediately following the conclusion of the meeting, and no later than 24 hours thereafter, you shall provide all written materials relied upon in conducting City business to Ms. Sherrick in their original format (e.g., handwritten notes, original printed documents, or native electronic files). Ms. Sherrick will scan or otherwise preserve the materials, and return the original materials to you in their original format.

The City is not able to accommodate your request not to be interrupted while using materials. City Council meetings are dynamic events. There may be any number of reasons another person may speak, or interrupt during your presentation. Some of these may even be permitted by the procedural rules that govern the meetings. Attempting to change or regulate this dynamic would constitute a fundamental alteration to the nature of the meeting process.

## II.   RENEWED REQUESTS FOR ERGONOMIC CHAIR, USB DEVICE, AND 360-DEGREE CAMERA

As an initial matter, the City has already provided its response relating to the 360-degree camera, ergonomic chair, and USB drive. We refer you to the City's April 23, 2026 letter.

For the reasons stated in prior correspondence, the City does not find that an ergonomic chair for your home office is necessary to provide you with meaningful access to City Council meetings.

The City has previously stated that it will provide materials to you on a USB drive when they are too large to attach to an email, such that the Council as a whole is provided the materials via a shared drive link, and has done so. The City notes that this accommodation is likely unnecessary given other methods that provide equal and meaningful access (including email attachments for smaller documents, links to online versions available to the public, and hard-copy binders), and that you have historically been able to use shared drives to send and receive materials (including transmitting materials to the City Clerk's office and using shared drive links during litigation). To be clear, the City will *not* provide agenda materials on a USB drive for every meeting, only for those meetings where the materials are too voluminous to send via an email attachment.

With respect to the 360-degree camera request, the City's position remains that the camera is not necessary to provide you with meaningful access to City Council meetings. As

2

previously explained, City Council meetings are already recorded and available for public review, including video replay access. Because Council meetings are already recorded and publicly available, the 360-degree camera does not improve your meaningful access to City Council meetings. See *Mayfield v. City of Mesa*, 131 F.4th 1100 (9th Cir. 2025) (holding that ADA accommodations must be reasonable and effective, but need not be perfect, particularly where exigent circumstances or practical considerations are present.)

On January 12, 2026, you emailed City officials requesting that your Council discretionary funds be used to purchase a 360-degree camera. You stated that the purpose and public benefit of the camera would be to "document public meetings, preserve the public record, and enhance transparency for residents" by providing a "complete, unobstructed view of the dais and chamber, supporting accurate documentation of proceedings, public accountability, and review of meeting conditions." That same day, Milan Mrakich approved the request, and the City agreed to purchase the camera using your discretionary funds. Subsequently, you have asserted that the camera should not be allocated to your discretionary funds. To resolve this issue, the City will re-categorize this expenditure as coming from the IT budget, and remove that entry from the accounting of your discretionary spending.

As you are aware, the City has purchased the 360-degree camera and a 128-gigabyte memory card. The 360-degree camera is available for use by the public; therefore, it does not need to be provided to you as an individual accommodation.

On May 12, 2026, you met with Ms. Roxanne Lerma, who informed you that the camera was purchased and available for use; however, you refused to use the camera, insisting that the 128-gigabyte memory card was insufficient. Again, on May 18, 2026, you refused to use the camera without what you considered sufficient storage. The City's IT team has confirmed that the 128-gigabyte memory card will hold five to six hours of video (even at maximum 8K resolution, GoPro's own website states that a 128-gigabyte card will hold approximately three hours of video). Accordingly, it is the City's position that the 128-gigabyte memory card is sufficient to record Council meetings, and the City has provided the equipment and storage capacity it reasonably believes to be sufficient. The City will not authorize or purchase additional storage media unless and until the currently provided equipment is used and it is demonstrated through actual operation that the existing 128-gigabyte memory card is insufficient to record Council meetings. Mere speculation that the storage capacity may be inadequate is insufficient to require the City to incur additional expenses for upgraded or supplemental storage. The 360-degree camera with 128-gigabytes of memory remains available for use.

Nothing in this response changes the City's position that it has engaged in the interactive process in good faith and remains committed to compliance with applicable law.

## III.    ADDITIONAL TIME TO VOTE DURING COUNCIL MEETINGS

Previously, on May 13, 2025, the City approved multiple accommodations to facilitate your meaningful access, including allowing you to provide brief contextual explanations before asking questions and granting you additional time for review and response to questions. You confirmed these accommodations were sufficient on May 13, 2025.

3

You have also requested additional time to vote during City Council meetings. As an initial matter, as discussed further below, we implore you to utilize the City's process for requesting accommodations to ensure we have all the information necessary to timely review your request.

The City will provide you with a reasonable amount of additional time to cast your vote during meetings as a reasonable modification when necessary to support your meaningful participation in Council meetings and City business. This additional time will be implemented in a structured manner consistent with the City's neutral meeting procedures and time-management rules. You are still required to follow the typical order for voting as dictated by the City Ordinances governing Council meetings.[1] The accommodation is not unlimited and will not be administered in a way that disrupts the meeting, prevents completion of the agenda, or otherwise changes the fundamental structure of the meeting. You are required to comply with West Covina Municipal Code section 2-50(a) ("Decorum Required"), which prohibits council members from delaying, disrupting, interrupting other council members, or otherwise disrupting proceedings or the peace of the council.

To implement this accommodation, the City is willing to provide you with up to one (1) minute to cast your vote. While you may have additional time to vote, you are *not* permitted to make additional comments or ask additional questions during the voting process. Prior to your participation in City Council meetings or official business, Ms. Lerma will inform the individuals leading or participating in the meeting that you have up to one (1) minute to cast your vote.

We believe that the process outlined above properly balances your needs, while ensuring the City can reasonably conduct City business. Please advise Ms. Lerma if you agree with the proposed process.

## IV.    **ACCOMMODATION PROCESS**

We also direct you to utilize the City's process for requesting an accommodation, as outlined below. You have previously been informed of this policy and have been advised to submit new or different requests in writing to Ms. Lerma.

Submit your request for accommodation, preferably in writing, to Ms. Lerma. When you make a request (whether verbally or in writing), the City will document the date and time and will gather the information needed to evaluate the request, including: (1) the specific City program, activity, or service involved; (2) a statement of the medical condition that necessitates the accommodation; (3) the specific accommodation you are requesting; and (4) how the accommodation will assist you in accessing the identified program, activity, or service.

---

[1] See West Covina, Cal., Mun. Code § 2-30(b) ("Presiding Officer; Duties"): The presiding officer shall preserve strict order and decorum at all meetings of the city council. The presiding officer shall state every question coming before the council, announce the decision of the council on all subjects and decide all questions of order, subject, however, to an appeal to the council, in which event a majority vote of the council members present shall govern and conclusively determine such question of order. Voting on all ordinances shall be by roll call vote called by the city clerk; and the presiding officer shall be entitled to vote last on all questions.
https://library.municode.com/ca/west_covina/codes/code_of_ordinances?nodeId=MUCO_CH2AD_ARTIICICO_DI V2MERUPR_S2-30PROFDU

4

After that, the City will prepare a written summary of your request and provide it to you to review and confirm that it accurately reflects what you are requesting (including by signature when feasible). The City will then review the request, which may include consultation with City counsel, and the City will provide you with a written response granting the request, denying the request, or requesting additional information if needed to complete the evaluation.

If you disagree with the response, the City provides a formal process to grieve that decision. While grievances may be submitted through various accessible means, it is preferred that they be submitted in writing. The grievance should include the complainant's name, address, and contact information, along with a description of the alleged issue, including the date and location of the incident.

A grievance should be filed as soon as possible, and no later than 60 calendar days following the City's response, with Ms. Lerma. Upon receipt, Ms. Lerma or her designee will contact you within 15 calendar days to discuss the matter and potential resolutions. A written response will be issued within 15 calendar days following that discussion and will be provided in an accessible format if needed.

If you are not satisfied with the response, you may appeal the decision within 15 calendar days to the City Manager or designee. The City Manager or designee will similarly engage with you and issue a written final decision. Please let us know if you have any questions about this process.

## V.    **CONCLUSION**

In sum, you are already permitted to use written materials during City Council meetings and official business (and have done so in the past), so long as you provide those writings to the City to ensure compliance with California's Brown and Public Records Acts. The City reiterates its positions with respect to your request for an ergonomic chair for home use and the circumstances under which it will provide agenda materials on a USB drive. The City has purchased a 360-degree camera for public use, but you have refused to use it. Lastly, the City is willing to provide you with accommodations relating to voting during Council meetings, specifically, allowing you up to one (1) minute to cast your vote. The City, again, urges you to follow the City's policies and practices related to requesting and grieving about your accommodations to ensure they are timely and thoroughly responded to.

Milan Mrakich
City Manager

5

13403535.1 WE020-094