**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S MOTION TO DISQUALIFY COUNSEL [Docket 66]** |

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

## I.   INTRODUCTION

This is Petitioner John Doe's third motion to disqualify Buchalter as counsel for either the City of West Covina or its staff.[1]  Mr. Doe filed motions asserting nearly identical arguments in the matters *City of West Covina v. Brian Gutierrez*, Los Angeles Superior Court Case No. 26STCP0067 and *John Doe v. John Shewmaker*, Los Angeles Superior Court Case No. 25PSRO01328.  See Declaration of Roger L. Scott ("Scott Decl."), ¶ 2-4, Ex. 1-3.  The Court in the *Gutierrez* matter has already heard and denied Mr. Doe's motion.  In denying the motion, the *Gutierrez* Court explained that there was no legitimate basis for the motion and that, the City of West Covina, not Mr. Doe, would be the proper party to raise any purported concern.  See Scott Decl, ¶ 5, Ex. 4 at 4:1-4 ("I'm really having trouble seeing the basis for disqualification of counsel for the City or really even from the papers what is being asserted as the basis for disqualification."); *Id*. at 7:3-10 ("And even if it were the case that there's a conflict…it seems that it's not Mr. [Doe's] right to raise such a conflict … That would seem a right to belong to the City….") This Court should deny Mr. Doe's current motion for the same reasons.

Mr. Doe lacks standing to bring this motion.  Motions to disqualify counsel must typically be brought by a current or former client of the attorney.  Mr. Doe is not, and has never been a client of Buchalter.  In rare cases, a non-client can bring a motion to disqualify if there is an extreme and pervasive ethical violation that jeopardizes the moving party's ability to receive a fair determination of his claims.  Nothing Mr. Doe presents comes close to meeting that standard.  Essentially, Mr. Doe argues that, because counsel has represented the City and its staff in multiple matters, some of which are adverse to Mr. Doe, a disqualifying conflict exists.  It does not.  Even if it did, Mr. Doe fails to explain how a purported limitation on

---

[1] Mr. Doe has a ritual of harassing attorneys that are adverse to him.  To that end, in the past several months, he has reported at least *nine* attorneys representing the City of West Covina or its staff (or attorneys he perceives as being related to that representation) to the State Bar for myriad purported ethical violations.

CERTIFICATE OF SERVICE

counsels' representation of the City materially effects Mr. Doe's rights.  The Court should deny Mr. Doe's motion on this basis alone.

Mr. Doe's assertion of the advocate-witness rule also fails.  Mr. Doe has not provided any evidence that the City's trial counsel in this matter is a percipient witness to any relevant event, let alone that any such testimony could not be obtained from other witnesses.  To the extent Mr. Doe argues that other counsel from Buchalter may be witnesses (they are not), that fact is irrelevant to the analysis—the advocate witness rule specifically permits non-trial counsel from the same firm to appear as witnesses in a matter.

Lastly, while no disqualifying limitation on representation or conflict exists, if it did, the City has provided an informed written consent to Buchalter's continued representation.  As a result, the Court should deny Mr. Doe's motion.

## II.    ARGUMENT

Disqualification of a party's chosen counsel is a "drastic measure," and one that is generally disfavored because they "are often tactically motivated and can be disruptive to the litigation process[.]" *Beltran v. Avon Prods.*, 867 F. Supp. 2d 1068, 1077 (C.D. Cal. 2012); *see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) ("Because of [the] potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." (cleaned up)). Nevertheless, the "paramount concern" is "to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys.*, 20 Cal. 4th 1135, 1145 (1999).[2]

In considering a motion to disqualify, a court "must make findings supported by substantial evidence." *Beltran*, 867 F. Supp. 2d at 1077 (citing *SpeeDee Oil Change Sys.*, 20 Cal. 4th at 1143). The party seeking disqualification bears the burden of establishing, by a preponderance of the evidence, the existence of a

---

[2] California law governs questions of conflicts of interest and disqualification. *Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016).

disqualifying prior representation. *Storz Mgmt. Co. v. Carey*, 526 F. Supp. 3d 747, 751 (E.D. Cal. 2021).

### A.    Mr. Doe Lacks Standing to Disqualify the City's Counsel

A party seeking to disqualify opposing counsel must establish standing to bring such a motion. *Colyer v. Smith*, 50 F. Supp. 2d 966, 968 (C.D. Cal. 1999); *Estate of Adams v. City of San Bernardino*, 658 F. Supp. 3d 784, 790 (C.D. Cal. 2023) (a standing requirement "is implicit in disqualification motions"). In general, that means that "courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (cleaned up); *Estate of Adams*, 658 F. Supp. 3d at 790 (citing *Great Lakes Constr., Inc. v. Burman*, 186 Cal. App. 4th 1347, 1356 (2010)).

Mr. Doe has never been represented by Buchalter.  Mr. Doe does not declare or provide evidence that he has, or ever had, an attorney-client relationship with Buchalter.  Nor does Mr. Doe's role as a City Councilmember grant him standing as a client.  An attorney representing an organization represents the organization, not its members.  Cal. Rule Prof. Conduct 1.13; see *Responsible Citizens v. Superior Court*, 16 Cal.App.4th 1717, 1729-1730 (1993).  Thus, under the general rule, Mr. Doe lacks standing to seek disqualification of the City's counsel.

An exception to the general rule allows a nonclient to bring a motion to disqualify where the ethical breach is "so severe that it 'obstructs the orderly administration of justice[.]' " *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1089 (C.D. Cal. 2016) (quoting *Colyer*, 50 F. Supp. 2d at 972). In other words, a nonclient can move for disqualification "where the ethical breach so infects the litigation ... that it impacts the moving party's interest in a just and lawful determination of [his] claims[.]" *Colyer*, 50 F. Supp. 2d at 972.

Buchalter LLP
Irvine

3
**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

Mr. Doe fails to meet this standard.  Mr. Doe's purported "ethical violations" amount to argument that the City's counsel has represented the City or its staff in this and other matters in a way that Mr. Doe disagrees with.  Doe alleges Buchalter:

- is counsel for the City in this action and has opposed Mr. Doe's motions to seal various information (Docket 66 at 4:17-20; 5:20-22,
- represents the City Manager to quash a subpoena issued by Mr. Doe in an unrelated matter, and served the respondent with a copy of its briefing (*id.* at 4:21-5:1)
- represented and continues to represent the City in other actions unrelated to Mr. Doe (*id*. at 5:2-6),
- represented the City during the time Kelly Gemelli conducted her independent investigation into, among other things, Mr. Doe's alleged misconduct (*id*. at 5:7-11),
- a Buchalter attorney previously worked at the same firm as Ms. Gemelli (*id*. at 5:12-14), and
- received multiple emails from Mr. Doe asserting the ADA claims that are the subject of this litigation.  *Id*. at 5:15-29.

None of this is remotely unethical, nor does it "impact[] [Mr. Doe's] interest in a just and lawful determination of [his] claims" in this action.  *Coyler*, 50 F. Supp. 2d at 972.  In particular, Buchalter's representation of the City or its staff in other actions cannot possibly have an effect on Mr. Doe's claims here.  Mr. Doe's own allegations state that the purported "conflicts" purportedly affect Buchalter's ability to adequately represent *the City*, not that Mr. Doe is in any way prejudiced. See Docket 66 at 7:2, 7:12-23.

As the Court in the *Gutierrez* action noted in denying Mr. Doe's motion to disqualify, "Buchalter appears really to have no conflict of interest generally in representing the City [in] this matter just because it has represented the City in other matters.  And even if it were the case that there's a conflict…it seems that it's

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

not Mr. [Doe]'s right to raise such a conflict or to disqualify Buchalter from representing the City. That would seem to be a right to belong to the City if it wanted to disqualify its own counsel." Scott Decl., ¶ 5, Ex. 4 at 6:28-7:10.

In sum, even if everything Mr. Doe alleges is true—and it is not—none of it creates any ethical concern, let alone one so pervasive that it would grant Mr. Doe standing to seek to disqualify Buchalter.

### B.     No Conflict or Risk of Material Limitation Exists

Mr. Doe alleges, at best, hypothetical or potential harms to the City. Docket 66 at 7:1-5 ("the City *may* argue" acts "outside lawful authority," and "the City *may* need to evaluate whether it has claims against Buchalter"); *id*. at 7:8-9 (a lawyer "*might* investigate" issues relating to appointment of counsel). But the Rules of Professional Conduct do not view such future possibilities as a conflict, let alone a basis to disqualify counsel. See, Cal. Rule of Prof. Conduct, Rule 1.7, Comment 4 ("The mere possibility of subsequent harm does not itself require disclosure and informed written consent."); *Gergis R. Ghobrial v. Memorialcare Long Beach Med. Ctr., et al.*, No. 2:25-CV-06874-AB-BFM, 2025 WL 4794277, at *1 (C.D. Cal. Oct. 31, 2025) ("Such a hypothetical conflict is insufficient to establish an injury to Plaintiff's interests or concerns about the orderly administration of justice.")

Further, Mr. Doe's allegation of a conflict between the City and its City Manager are nonsensical. See, Docket 66 at 7:14-20. Mr. Doe's argument refers to the fact that, in an unrelated matter wherein Mr. Doe obtained a civil restraining order against a third party, Mr. Doe subpoenaed the City Manager, Milan Mrakich, as a witness and sought the production of documents. Mr. Doe's subpoena, while framed as to Mr. Mrakich personally, seeks his knowledge as the City Manager of the City of West Covina, and also seeks production of City (rather than Mr. Mrakich's personal) records. Further, the testimony and records relate to Mr. Doe's restraining order proceedings against Mr. Shewmaker, not as to any claim Mr. Doe has against the City or Mr. Mrakich. There is simply no conflict between the City

BUCHALTER LLP
IRVINE

5
**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

and its City Manager in a matter where neither the City nor its City Manager are parties.

Even if there is a possibility of later harm (and there does not appear to be here), or Buchalter is later required to take an inconsistent position in another matter, it does not create a "significant risk" of material limitation that would require consent. See, Rule. 1.7(b), Comment 4, *supra*, Comment 6 ("Ordinarily paragraphs (a) and (b) will not require informed written consent simply because a lawyer takes inconsistent legal positions in different tribunals at different times on behalf of different clients.").

### C. The City's Trial Counsel Are Not Witnesses

A motion to disqualify may also be brought for a violation of the "advocate-witness rule," however, disqualifying a testifying lawyer despite client consent "must be based on a convincing showing of prejudice to the opposing party or the potential for palpable injury to the judicial process." *Geringer v. Blue Rider Finance*, 94 Cal.App.5th 813, 822-823 (2023).

California Rules of Professional Conduct, Rule 3.7, with some exceptions, prohibits an attorney from acting as an advocate at trial if that attorney will also be called as a witness. Cal. Rule. Prof. Conduct, Rule 3.7, subd. (a). This rule applies where **trial counsel** has first-hand percipient knowledge of facts relevant to the litigation that cannot be obtained from other sources. See *Kennedy v. Eldridge*, 201 Cal.App.4th 1197, 1209 (2011) (attorney "head of household" in a child custody and visitation dispute could not act as trial counsel); *Smith, Smith & Kring v. Superior Court*, 60 Cal.App.4th 573, 581–82 (1997) (attorney not disqualified where no evidence he had knowledge of facts "necessary and unobtainable from other witnesses"); *Comden v. Superior Court*, 20 Cal.3d 906, 911–12 (1978) (attorney could not act as trial counsel where he had personal knowledge of defendants' purported admissions of alleged contractual violations.)

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

Mr. Doe fails to provide any evidence that the City's lead trial counsel, Roger Scott, or the associate assigned to this matter, Claire Katz, are percipient witnesses to any relevant facts. Mr. Doe makes no claims whatsoever regarding Ms. Katz. At most, Mr. Doe alleges that Mr. Scott (i) has filed briefing opposing Mr. Doe's efforts to seal records, and (ii) represented the City Manager in an effort to quash Mr. Doe's subpoena in an unrelated proceeding. Neither of these things make Mr. Scott a percipient witness to the issues in this case. Even if it did, as in *Smith, Smith, & Kring*, "there [is] no factual showing as to why testimony from [counsel] is necessary and unobtainable from other witnesses." *Smith, Smith, & Kring*, *supra*, 60 Cal.App.4th at 581.

To the extent Mr. Doe relies on alleged actions by other Buchalter attorneys, these are irrelevant to the analysis under the advocate-witness rule. Rule 3.7 expressly *permits* a lawyer to "act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness." Cal. Rule. Prof. Conduct, Rule 3.7, subd. (b).

**D.    Buchalter Obtained The City's Informed Consent Regarding Any Perceived Limitation on Representation**

Lastly, California Rule of Professional Conduct permits counsel to represent a party, even in the presence of certain conflicts or limitations, if the client provides informed written consent. Cal. Rule Prof. Conduct, Rule 1.7. While the City believes that no potential conflict or limitation on representation possibly exists, Buchalter, anticipating that Mr. Gutierrez would raise such an issue if the City pursued litigation against him, obtained the City's informed written consent to its continued representation. Scott Decl. ¶ 6.[3] Thus, under Rule 1.7, Buchalter is expressly permitted to represent the City in this matter.

---

[3] The written conflict waiver itself is an attorney-client privileged communication. If the court requires, the City can present it for *in camera* inspection, provided that any purported waiver be limited to disclose of that specific document.

BUCHALTER LLP
IRVINE

7

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

## III.   CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's motion to disqualify counsel.


DATED:  June 25, 2026                    BUCHALTER LLP


By:  */s/ Roger L. Scott*_____
                    Roger L. Scott
                    Attorney for Respondent
                    City of West Covina

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant City of West Covina certifies that this brief contains 2,392 words, which complies with the word limit of L.R. 11-6.1.

/s/ Roger L. Scott
Roger L. Scott

BUCHALTER LLP
IRVINE

1

**CERTIFICATE OF SERVICE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 25, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO MOTION TO DISQUALIFY**