# EXHIBIT 2

Brian Gutierrez
Respondent in Pro Per
Safe at Home Confidential Address
P.O. Box 1679, MS 5892
Sacramento, California 95812
Email: JohnDoeCA2025@gmail.com

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE**

| | |
|---|---|
| CITY OF WEST COVINA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN GUTIERREZ,<br><br>Respondent. | Case No. 26STCP00678<br><br>Assigned for all purposes to:<br>Hon. Curtis A. Kin, Dept. 836<br><br>RESPONDENT BRIAN GUTIERREZ'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL<br><br>Date: June 18, 2026<br>Time: 1:30 p.m.<br>Dept.: 836 |

## RESPONDENT BRIAN GUTIERREZ'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY BUCHALTER LLP AND ROGER L. SCOTT

### I. INTRODUCTION

The City's opposition tries to reduce this motion to a personal attack on lawyers. That is not the issue. The issue is structural conflict: Buchalter has acted as entity counsel for the City, legal advisor to the City Council in privileged and closed-session matters, coordinator of the investigation later used against Respondent, litigation counsel adverse to Respondent, and personal counsel for Milan Mrakich in another matter. Those overlapping roles create a material-limitation conflict and undermine the integrity of the City-client relationship.

Respondent does not contend Buchalter was his personal lawyer. The point is more precise. The City is the client. The City acts through its City Council. Respondent is a duly elected member of that governing body. Buchalter cannot treat Respondent as an authorized recipient of privileged City legal advice in one matter, then treat him as a hostile outsider in another,

while simultaneously relying on a hidden conflict waiver no Council agenda, vote, or authority has been shown to support.

Buchalter's opposition confirms the problem. It says there was an informed written conflict waiver, but Roger Scott's declaration refuses to attach it. The Court cannot determine whether the waiver was valid, informed, authorized, or Brown Act compliant. A secret waiver cannot defeat disqualification.

## II. BUCHALTER'S ROLE WAS NOT LIMITED TO ORDINARY LITIGATION COUNSEL

Buchalter says its representation is ordinary because it is paid hourly. That does not answer the conflict. The conflict is not simply a fee issue under People ex rel. Clancy v. Superior Court. It is a Rule 1.7 material-limitation issue, a Rule 1.13 organizational-client issue, and a Rule 3.7 lawyer-as-witness issue.

The record shows Buchalter was embedded in the same factual ecosystem it now seeks to litigate. Buchalter appeared for the City against Respondent in the September 2025 Doe litigation. Buchalter also sent legal updates to the City Council, including Respondent, regarding that litigation. O'Connell's September 12, 2025 email states that Buchalter attorney Jennifer Misetich appeared for the City and that O'Connell would discuss the matter further with the Council in closed session and during the regular item. (Supp. Gutierrez Decl., Ex. G.) Buchalter also provided confidentiality instructions during pending investigations and instructed that identifying information should be provided to the investigator. (Supp. Gutierrez Decl., Ex. F.) Buchalter later issued a written October 9, 2025 protocol stating that, pursuant to City Council closed-session direction, Buchalter was asked to 'oversee and coordinate an independent investigation' into personnel- and financial-related matters. That same letter states that Milan Mrakich and Thomas Duarte were identified as witnesses and recused from substantive involvement. (Supp. Gutierrez Decl., Ex. E.)

That evidence is dispositive for present purposes. Buchalter was not simply counsel in a separate case. Buchalter was part of the investigation's legal architecture. The firm's own role, advice, protocols, and communications are now relevant facts. Buchalter cannot defend its own role and advise the City objectively about whether that role harmed the City.

## III. THE GEMELLI ENGAGEMENT LETTER SHOWS THE INVESTIGATION WAS COUNSEL-INTEGRATED

The Gemelli engagement letter is addressed to Kathryn 'Katie' Fox at Buchalter. It states that Gemelli Employment Law was retained to provide investigative services and that Gemelli would perform those duties as an attorney for the purpose of facilitating legal advice to the City by its counsel. It further states that the City would look to its legal counsel for advice concerning privilege, waiver, confidentiality admonitions, data access, document retention, litigation holds, and interim measures. (Supp. Gutierrez Decl., Ex. D.)

Those provisions make Buchalter's role central. If Buchalter helped structure, coordinate, privilege-protect, defend, or rely upon the investigation, its attorneys may be witnesses regarding scope, process, conflicts, waiver, independence, and the use of the investigation against Respondent. Rule 3.7(b) does not save Buchalter because the rule allows another lawyer in the same firm to act only unless precluded by Rule 1.7 or Rule 1.9. Here, Rule 1.7 is the problem.

## IV. BUCHALTER IS ADVERSARIAL TO A MEMBER OF THE GOVERNING BODY WHILE ADVISING THAT SAME BODY

Buchalter also continues to provide privileged legal advice to the City Council in other City litigation. For example, Jennifer Misetich sent the City Council an initial status report in Vincent Capelle v. City of West Covina for closed-session discussion. (Supp. Gutierrez Decl., Ex. M.) Buchalter also sent the Council an appellate update in Larry Whithorn v. City of West Covina. (Supp. Gutierrez Decl., Ex. N.) Respondent received these communications in his

3

official capacity as a Councilmember.

At the same time, Buchalter is suing Respondent in this action and accusing him of official-capacity misconduct in related filings. That is the structural conflict. Buchalter cannot be legal advisor to the body, send privileged litigation analysis to Respondent as a member of that body, and then use City-paid resources to sue and attack that same member in matters arising from his official duties.

## V. ROGER SCOTT'S REPRESENTATION OF MILAN MRRAKICH PERSONALLY CONFIRMS THE CONFLICT

The conflict is clearer because Roger Scott appeared as 'Attorney for Third Party Milan Mrakich' in the Shewmaker restraining-order matter. (Supp. Gutierrez Decl., Ex. J.) In that motion, Scott accused Respondent, a sitting Councilmember, of being a serial litigant who harassed City staff, intimidated and retaliated against City staff, and targeted Mr. Mrakich. (Ibid.) Scott's separate declaration states he is counsel of record for Milan Mrakich and also litigation counsel for the City in other pending matters filed by John Doe against the City and Mr. Mrakich. (Supp. Gutierrez Decl., Ex. K.)

Those statements are not neutral entity advice. They are adverse factual accusations against a member of the governing body and create potential exposure for the City. If the alleged conduct was official-capacity conduct, the City must provide fair process and may have defense obligations. If it was personal conduct, City-paid entity counsel should not personally defend Mr. Mrakich while attacking Respondent. Either way, Buchalter's loyalty is materially limited.

## VI. THE HIDDEN WAIVER CANNOT BE USED AS BOTH SWORD AND SHIELD

Buchalter's opposition depends on an alleged waiver. The opposition says Buchalter anticipated this motion and obtained the City's informed written consent. It even quotes the alleged waiver as noting concern that Buchalter might pursue or avoid strategies to protect its

4

own interests. But Scott's declaration states the waiver is not attached because it is privileged. (Scott Decl. paragraph 2.)

That is insufficient. The City is the client, and the City acts through the City Council. Respondent is part of that governing body. Buchalter has not shown who signed the waiver, what authority that person had, whether the waiver was agendized, whether the Council voted, whether Respondent was lawfully excluded, or whether the waiver disclosed Buchalter's roles in the investigation, closed-session advice, representation of Milan, and adversity to Respondent.

Government Code section 54954.2 requires the agenda to describe each item of business to be transacted or discussed. The February 3, 2026 agenda attached as Exhibit C listed anticipated litigation and labor negotiations. It did not identify a Buchalter conflict waiver, Rule 1.7 informed written consent, waiver of outside counsel conflict, or authorization for Buchalter to continue despite divided-loyalty concerns. (Supp. Gutierrez Decl., Ex. C.) Buchalter has submitted no later agenda, minute order, vote, or proof of governing-body authorization.

At minimum, the Court should order in camera review of the alleged waiver and any agenda, minutes, closed-session report, or authority supporting it. If Buchalter refuses, the waiver argument should be disregarded.

## VII. THE ADA ACCOMMODATION CONFIRMS WHY ONE-SIDED CITY-PAID ACCUSATIONS ARE PREJUDICIAL

Respondent's May 13, 2025 accommodation agreement recognized the right to written documentation of concerns, additional time to review and respond, structured/direct communication, and the right to have an advocate or legal representative present during interviews, meetings, or proceedings involving formal concerns or disciplinary matters. (Supp. Gutierrez Decl., Ex. L.) Buchalter's City-paid accusations that Respondent harassed, intimidated, or retaliated against staff are formal concerns. The City cannot ignore the accommodation process while using conflicted counsel to publish adverse accusations.

## VIII. CONCLUSION

Buchalter's own documents prove the conflict. The firm advised the governing body, litigated against a member of that body, coordinated the investigation later used against him, represented Milan Mrakich personally, accused Respondent of official-capacity harassment, and now relies on a secret waiver no lawful authorization has been shown to support.

Respondent respectfully requests that the Court disqualify Buchalter from representing the City in this matter. Alternatively, Respondent requests independent conflict counsel for the City, an order prohibiting Buchalter from representing individual City constituents in matters adverse to Respondent while advising the City Council, and in camera review of the alleged conflict waiver and related authorization materials.

Dated: June ___, 2026

Respectfully submitted,


/s/ Brian Gutierrez

Brian Gutierrez

Respondent, In Pro Per

6