# EXHIBIT 3

John Doe, In Pro Per

Address Confidential - Safe at Home

Email: JohnDoeCA2025@gmail.com

Petitioner / Plaintiff In Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/9/2026 8:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Madrid, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES - WHITTIER COURTHOUSE**

| | |
|---|---|
| **JOHN DOE,**<br>Petitioner,<br><br>vs.<br><br>**JOHN SHEWMAKER,**<br>Respondent. | **Case No. 25PSRO01328**<br><br>PETITIONER JOHN DOE'S NOTICE OF MOTION AND MOTION TO DISQUALIFY ROGER L. SCOTT AND BUCHALTER LLP FROM REPRESENTING THIRD-PARTY WITNESS MILAN MRAKICH; MEMORANDUM OF POINTS AND AUTHORITIES |

Hearing Date: [Reserve Date] | Time: [Reserve Time] | Dept.: WH301

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be reserved with the Court, or as otherwise ordered by the Court, Petitioner John Doe will move for an order disqualifying Roger L. Scott and Buchalter LLP from representing Third-Party Witness Milan Mrakich in this action and from appearing in connection with the subpoena served on Mr. Mrakich.

This motion is made on the grounds that Buchalter's appearance for Mr. Mrakich is unauthorized, conflicted, adverse to the City's municipal-entity interests, materially limited by Buchalter's own interests and related representations, and likely to make Mr. Scott and Buchalter attorneys material witnesses regarding conflict waivers, representation authority, ADA interference, evidence preservation, and litigation strategy.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This motion concerns a threshold issue: whether a law firm retained to represent the municipal entity may, without transparent authorization or conflict review, appear as personal counsel for

1

an individual City Manager whose conduct is directly at issue and whose interests diverge from the City's interests.

Mr. Scott and Buchalter are not neutral bystanders in this case. They represent the City of West Covina in related litigation adverse to Petitioner, a sitting member of the City Council. They have appeared for Mr. Mrakich personally in this restraining-order case. They have filed declarations and briefs accusing Petitioner of harassment, retaliation, and misconduct, while simultaneously shielding Mr. Mrakich from subpoena testimony and document production. They have relied on a purported conflict waiver in another case but refused to submit it to the Court.

The result is untenable. Buchalter is using the City's lawyers and public resources to defend an individual City Manager from court oversight while also defending the municipal entity in related litigation where Petitioner is part of the governing body. That creates a serious conflict, undermines public confidence, and places Buchalter's own interests directly in issue.

## II. FACTUAL BACKGROUND

1. Petitioner is an elected Councilmember of the City of West Covina and a party in this restraining-order proceeding against Respondent John Shewmaker.

2. Petitioner served a subpoena on Milan Mrakich seeking testimony and narrowly tailored records concerning restraining-order enforcement, meeting logistics, City Hall safety, and ADA/safety accommodation implementation.

3. Roger L. Scott and Buchalter LLP appeared in this action as counsel for Third-Party Witness Milan Mrakich personally. Their filings state: "Attorney for Third Party MILAN MRAKICH."

4. Mr. Scott also represents, or has represented, the City of West Covina in related litigation adverse to Petitioner, including City of West Covina v. Brian Gutierrez and John Doe v. City of West Covina matters.

5. Mr. Scott's own declaration in support of Mr. Mrakich's motion to quash states that he is counsel of record for Third-Party Milan Mrakich and is also litigation counsel for the City of West Covina in other pending matters filed by John Doe against the City and Mr. Mrakich.

6. In City of West Covina v. Brian Gutierrez, Mr. Scott claimed that Buchalter obtained the City's informed written consent and conflict waiver, but refused to attach the waiver because he claimed it was attorney-client privileged.

2

7. Petitioner, as a member of the governing body, never voted on such a waiver, did not receive it, and is unaware of any Brown Act agenda item authorizing Buchalter to represent individual City actors or waive conflicts affecting the municipal entity.

8. Petitioner has challenged Buchalter's conflicts, ADA-related conduct, litigation positions, and use of public resources in multiple forums. Buchalter therefore has its own interests directly implicated by the subpoena dispute and related litigation.

## III. LEGAL STANDARD

A court has inherent authority to control the conduct of attorneys appearing before it and to disqualify counsel when necessary to preserve ethical standards, protect the integrity of the judicial process, and maintain public confidence in the administration of justice. People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135, 1145.

California Rule of Professional Conduct 1.13(a) provides that a lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents. Rule 1.7(b) prohibits representation without informed written consent where there is a significant risk that representation will be materially limited by responsibilities to another client, a third person, or by the lawyer's own interests. Rule 3.7 addresses the advocate-witness problem where trial counsel is likely to be a witness.

In matters involving public entities, conflict analysis must account for public trust, public resources, and the duty of government counsel to serve the public entity rather than private interests. See People ex rel. Clancy v. Superior Court (1985) 39 Cal.3d 740; City and County of San Francisco v. Cobra Solutions, Inc. (2006) 38 Cal.4th 839.

## IV. ARGUMENT

### A. Buchalter Cannot Treat The City And Mr. Mrakich As The Same Client.

The City is the municipal entity. Mr. Mrakich is an individual City Manager. Their interests are not identical. The City's interests include lawful compliance, transparency, preservation, neutral administration, avoidance of liability, protection of ADA rights, and proper use of public funds. Mr. Mrakich's personal interest in avoiding testimony and document production may diverge from those interests.

Buchalter's filings put Mr. Mrakich's personal interest first. The motion to quash seeks to prevent testimony and production concerning City Hall operations, safety, ADA accommodations, and communications that may expose City-management decisions. That may benefit Mr. Mrakich personally, but it may not benefit the City as an entity.

### B. There Is No Shown Brown Act Authorization, Vote, Or Conflict Waiver.

If City funds are being used to represent Mr. Mrakich personally, the Court should require proof of authority. A governing body acts through properly noticed agendas and authorized action. See Gov. Code section 54954.2. If the City Council authorized personal representation, indemnity, or conflict waivers, Mr. Scott should identify the agenda item, closed-session authority, vote, and decisionmaker.

Mr. Scott should not be permitted to invoke an alleged conflict waiver as a sword in one case while shielding the actual waiver from court review as privileged. At minimum, the Court should require in camera review of any waiver or authorization.

### C. Buchalter's Own Interests Materially Limit Its Representation.

Buchalter has its own interests at stake. Petitioner has challenged Buchalter's billing, conflicts, conduct in ADA disputes, representation of individual actors, and use of taxpayer resources. Buchalter has an interest in defending its own conduct and avoiding scrutiny. Those interests materially limit its ability to provide detached, conflict-free advice or representation in a subpoena dispute that may reveal Buchalter's role.

### D. Mr. Scott And Buchalter Are Material Witnesses.

Mr. Scott and Buchalter are likely material witnesses regarding the alleged conflict waiver, who authorized the representation, who is paying for Mr. Mrakich's personal counsel, what advice was given regarding ADA accommodations and disclosure, what role Buchalter played in drafting declarations and filings, and whether City records are being withheld or shielded through conflicted counsel. These are not peripheral issues; they go directly to the propriety of Buchalter's appearance.

### E. Disqualification Or, At Minimum, A Show-Cause Hearing Is Necessary.

Petitioner requests disqualification. At minimum, the Court should continue the motion to quash and require Buchalter to show authority and submit any alleged waiver or authorization for in camera review. The Court should not permit conflicted counsel to continue litigating a subpoena dispute while refusing to establish the authority and ethical basis for its appearance.

### V. CONCLUSION

Petitioner respectfully requests that the Court disqualify Roger L. Scott and Buchalter LLP from representing Third-Party Witness Milan Mrakich in this action; strike or continue all filings submitted by them on Mr. Mrakich's behalf unless and until conflict-free counsel appears; require proof of authority and in camera review of any alleged waiver; and grant all further relief the Court deems just and proper.

Dated: June  9  , 2026

Respectfully submitted,

John Doe, Petitioner In Pro Per