# EXHIBIT 4

1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 836                    HON. CURTIS A. KIN, JUDGE


CITY OF WEST COVINA,                )
                                    )CASE NO. 26STCP00678
              PETITIONER,           )
                                    )
         VS.                        )
                                    )
BRIAN GUTIERREZ, AN INDIVIDUAL,     )
                                    )
              RESPONDENT.           )




REPORTER'S TRANSCRIPT OF PROCEEDINGS

JUNE 18, 2026




APPEARANCES:

FOR PETITIONER:    BUCHALTER LLP
                   BY:  ROGER L. SCOTT, ESQ.
                   18400 VON KARMAN AVENUE, SUITE 800
                   IRVINE, CA 92612
                   (949) 760-1121
                   RSCOTT@BUCHALTER.COM

FOR RESPONDENT:    BRIAN GUTIERREZ, IN PRO PER
                   P.O. BOX 1679, MS 5892
                   SACRAMENTO, CA 95812
                   JOHNDOECA2025@GMAIL.COM




                   VERONICA RODRIGUEZ, CSR #12215, RPR
                   OFFICIAL REPORTER PRO TEMPORE

2

CASE NAME:              CITY OF WEST COVINA VS.

                        BRIAN GUTIERREZ

CASE NUMBER:            26STCP00678

LOS ANGELES, CA         JUNE 18, 2026

DEPARTMENT 86           HON. CURTIS A. KIN, JUDGE

REPORTER:               VERONICA RODRIGUEZ,

                        CSR NO.  12215


TIME:                   P.M. SESSION


APPEARANCES:            (AS HERETOFORE NOTED)



        (THE FOLLOWING PROCEEDINGS WERE HELD:)


     THE COURT:  CALLING ITEM NUMBER 11.  CITY OF WEST COVINA VS. BRYAN GUTIERREZ.

        LET ME FIRST NOTE THAT WE DO HAVE A COURT REPORTER WHO IS TRANSCRIBING THESE PROCEEDINGS REMOTELY.

        IF SHE WOULD LIKE TO MAKE HER APPEARANCE FIRST?

     COURT REPORTER:  GOOD AFTERNOON, YOUR HONOR.

        VERONICA RODRIGUEZ, CSR NO. 12215.  THANK YOU.

     THE COURT:  GOOD AFTERNOON, MISS RODRIGUEZ.  LET ME TURN ON THE CAMERA SO THAT YOU CAN SEE ONE OF THE PARTIES WHO IS HERE IN COURT.  ALSO, LET ME ASK THE PARTIES AND COUNSEL TO IDENTIFY THEMSELVES BY NAME BEFORE SPEAKING, IF POSSIBLE, AND I ALSO INVITE MISS RODRIGUEZ TO SPEAK UP AT ANY TIME IF SHE NEEDS COURT, COUNSEL OR PARTIES TO SLOW DOWN OR REPEAT THEMSELVES OR OTHERWISE FOR AN ACCURATE RECORD.

4

BECAUSE I'M REALLY HAVING TROUBLE SEEING THE BASIS FOR DISQUALIFICATION OF COUNSEL FOR THE CITY OR REALLY EVEN FROM THE PAPERS WHAT IS BEING ASSERTED AS THE BASIS FOR DISQUALIFICATION.

AS I UNDERSTAND IT, THERE ARE THREE RULES OF PROFESSIONAL CONDUCT AT ISSUE HERE THAT ARE BEING CITED AND INVOKED BY MR. GUTIERREZ AS A BASIS FOR DISQUALIFICATION.  THERE'S RULE 1.7, WHICH IS, ESSENTIALLY, A RULE ABOUT CONFLICTS OF INTEREST AND TO PARAPHRASE, ESSENTIALLY, WHAT IT STANDS FOR IS THAT A LAWYER CAN'T REPRESENT A CLIENT IF SUCH REPRESENTATION WOULD BE ADVERSE TO ANOTHER CLIENT OF THAT LAWYER'S, UNLESS, OF COURSE, THE CLIENT WAIVE THE CONFLICT.  THEN THERE'S RULE 1.13, WHICH HAS TO DO WITH CLIENTS WHO ARE ORGANIZATIONS, WHICH DOES HAPPEN TO BE THE CASE HERE FOR THE PETITIONER'S CITY.  AGAIN, I THINK THE CRUX OF RULE 1.13 IS APPLICABLE HERE, IS THAT A LAWYER REPRESENTING AN ORGANIZATION REPRESENTS THE ORGANIZATION AND NOT ITS CONSTITUENTS, MEANING ITS DIRECTORS OR OFFICERS OR EMPLOYEES OR ITS MEMBERS.  THE REPRESENTATION IS AS TO THE ORGANIZATION, AND UNDER CERTAIN CIRCUMSTANCES, A LAWYER COULD REPRESENT BOTH, BUT 1.13 MAKES CLEAR THAT, WHEN A LAWYER REPRESENTS THE ORGANIZATION, THE CLIENT IS THE ORGANIZATION, NOT THE CONSTITUENT PARTS OF THE ORGANIZATION.

AND THEN, LASTLY, THERE'S RULE 3.7, WHICH HAS TO DO WITH LAWYERS WHO MAY BE WITNESSES AND, IN SUM AND SUBSTANCE, WHAT THAT SAYS IS THAT A LAWYER CAN'T SERVE

6

CASE IS ABOUT, THERE JUST IS NO SHOWING THAT MR. SCOTT OR MR. O'CONNELL, OR, FRANKLY, ANY MEMBER OF THE BUCHALTER FIRM COULD OR WOULD BE A WITNESS THAT'S RELEVANT TO ANY ACTS OR PROVISION OF ANY INFORMATION CONCERNING THIS DISPUTE IN THE PETITION.

AND IN ANY EVENT, LOOK, THE CITY HAS ALREADY REPRESENTED IN ITS PAPERS THAT IT WOULD OR DOES OR HAS ALREADY CONSENTED TO ITS LAWYERS REPRESENTING IT EVEN IF THEY ARE GOING TO BE CALLED AS WITNESSES.  SO, AGAIN, I DON'T SEE 3.7 AS ANY BASIS FOR DISQUALIFICATION.  LET ME THEN TURN TO THE OTHER, WHICH IS, I THINK, THEY'VE GOT TO BE READ IN TANDEM, WHICH IS RULE OF 1.7 AND RULE 1.13, AND I THINK THE ISSUE PRESENTED THERE IS DOES THE BUCHALTER FIRM HAVE A DISQUALIFYING CONFLICT OF INTEREST THAT WOULD CAUSE IT TO BE DISQUALIFIED FROM REPRESENTING THE CITY.

LET ME START FIRST WITH THE FACT THAT, AT LEAST IN THE RECORD BEFORE IT, AND I THINK IT'S TRUE IS THAT BUCHALTER HAS NEVER REPRESENTED MR. GUTIERREZ AND IT'S MADE CLEAR BY RULE 1.13.  BUCHALTER'S REPRESENTATION OF THE CITY MEANS ITS CLIENT HAS BEEN THE CITY, AND IT DOESN'T MEAN THAT MR. -- THAT BUCHALTER HAS EVER REPRESENTED MR. GUTIERREZ EVEN THOUGH HE IS A CITY COUNCIL MEMBER.  SO THERE'S REALLY NO CONFLICT WITH BUCHALTER REPRESENTING THE CITY IN THIS MATTER THAT ARISES FROM ANY FORMER OR CURRENT REPRESENTATION OF MR. GUTIERREZ WHICH BUCHALTER HAS NEVER REPRESENTED.

ALSO, I WOULD OBSERVE THAT BUCHALTER APPEARS

7

REALLY TO HAVE NO CONFLICT OF INTEREST GENERALLY IN REPRESENTING THE CITY OF THIS MATTER JUST BECAUSE IT HAS REPRESENTED THE CITY IN OTHER MATTERS.  AND EVEN IF IT WERE THE CASE THAT THERE'S A CONFLICT BY BUCHALTER HAVING REPRESENTED THE CITY IN OTHER MATTERS AND THEN REPRESENTING THE CITY IN THIS MATTER, IT SEEMS THAT IT'S NOT MR. GUTIERREZ'S RIGHT TO RAISE SUCH A CONFLICT OR TO DISQUALIFY BUCHALTER FROM REPRESENTING THE CITY.  THAT WOULD SEEM A RIGHT TO BELONG TO THE CITY IF IT WANTED TO DISQUALIFY ITS OWN COUNSEL.

AND, IN ANY EVENT, AS HAS BEEN REPRESENT IN THE PAPERS, THE CITY WAIVES SUCH A CONFLICT.  IN FACT, REALLY THERE JUST SEEMS TO BE NO IDENTIFIED CONFLICT OF INTEREST THAT BUCHALTER MIGHT HAVE THAT IS ADVERSE TO ITS CLIENT'S INTEREST, MEANING, THE CITY OF WEST COVINA. AND, AGAIN, IF THERE WERE, IT'S FOR THE CITY TO ASSERT AS WELL AS FOR THE CITY TO WAIVE, AND THE CITY HAS NEITHER ASSERTED IT, BUT IT ACTUALLY HAS WAIVED IT, IF IT EXISTS.

I GUESS I'M SO UNCLEAR AS TO REALLY WHAT, IF ANY, BASIS THERE COULD BE FOR DISQUALIFICATION OF PETITIONER CITY'S COUNSEL BASED ON WHAT'S BEFORE ME.  I REALLY JUST HAD TO ORALLY EXPRESS THE FACT THAT I DON'T SEE IT, AND I WOULD JUST DENY THE MOTION.  AND IT WAS ACTUALLY HARD FOR ME TO EVEN CRAFT IT IN WRITTEN FORM BECAUSE I FIND IT RATHER CONFUSING AND PERPLEXING REALLY.

SO MR. GUTIERREZ, THIS IS YOUR MOTION TO

I WILL NOTE THAT, I THINK, AT LEAST ON THIS RECORD IT HASN'T BEEN SHOWN TO BE JUSTIFIED BY NECESSARILY AN ACCOMMODATION THAT'S REASONABLE FOR DISABILITY, BUT I DO THINK JUST, IN TERMS OF PROFESSIONAL COURTESY, I WILL ALLOW THAT. SO TO BE CLEAR, WHAT I'VE DONE HERE TODAY THEN IS I HAVE DENIED THE MOTION TO DISQUALIFY FOR THE REASONS STATED ON THE RECORD AT THE OUTSET, AND I KNOW WE HAVE A COURT REPORTER TRANSCRIBING THE PROCEEDINGS. I'VE ADOPTED MY TENTATIVE RULING AS MY FINAL RULING WITH REGARD TO THE MOTION FOR THE PROTECTIVE ORDER, WHICH IS TO DENY IT, WITH THE EXCEPTION OF CHANGING THE LAST SENTENCE OF THE FIRST PARAGRAPH TO REFLECT THAT RESPONDENT IS ORDERED TO RESPOND TO THE PETITIONER'S DISCOVERY REQUESTS BY NO LATER THAN JULY 31ST AS OPPOSED TO WITHIN 30 DAYS OF NOTICE WHICH IS WHAT I ORIGINALLY HAD. AND THEN I'VE CONTINUED TODAY'S TRIAL SETTING TO SEPTEMBER 17, 2026. HOPEFULLY WITH THAT, WE CAN MOVE THIS MATTER FORWARD.

ALL RIGHT. ANYTHING ELSE AT THIS TIME? DO THE PARTIES --

MR. SCOTT: I WAS GOING TO ASK. IS THE COURT GOING TO ISSUE A MINUTE ORDER OR WOULD THE COURT LIKE THE PETITIONER TO ISSUE AN ORDER?

THE COURT: A MINUTE ORDER WILL ISSUE. WHY DON'T I HAVE PETITIONER PROVIDE NOTICE.

IS THAT GOOD?

MR. SCOTT: THAT'S FINE. THANK YOU, YOUR HONOR.

THE COURT: THANK YOU ALL. THAT CONCLUDES

33

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 836                    HON. CURTIS A. KIN, JUDGE


CITY OF WEST COVINA,              )
                                 )CASE NO. 26STCP00678
              PETITIONER,         )
                                 )
              VS.                 )
                                 )REPORTER'S CERTIFICATE
BRIAN GUTIERREZ, AN INDIVIDUAL,   )
                                 )
              RESPONDENT.         )


        I, VERONICA RODRIGUEZ, RPR, CSR 12215, OFFICIAL COURT REPORTER PRO TEMPORE IN AND FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT, CONSISTING OF PAGES 1 THROUGH 32, INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN DEPARTMENT 836 ON JUNE 18, 2026, IN THE MATTER OF THE ABOVE-ENTITLED CAUSE.

        DATED THIS 24TH DAY OF JUNE, 2026.




                          VERONICA RODRIGUEZ, RPR
                            CSR NO. 12215