BRIAN GUTIERREZ
Safe at Home Confidential Mailing Address
P.O. Box 1679, MS 5892
Sacramento, California 95812
Email: johndoeca2025@gmail.com
Respondent in Pro Per

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES - STANLEY MOSK COURTHOUSE

| | |
|---|---|
| **CITY OF WEST COVINA,** | **CASE NO. 26STCP00678** |
| Petitioner, | **RESPONDENT'S REQUEST TO ACCEPT VERIFIED ANSWER FILED JUNE 26, 2026; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN GUTIERREZ** |
| v. | |
| **BRIAN GUTIERREZ,** Respondent. | |
| | Date Filed: June 26, 2026 [No Hearing Requested Unless Ordered] |

### REQUEST

1. Respondent Brian Gutierrez respectfully asks the Court to accept his concurrently filed Verified Answer and Return dated June 26, 2026 and to decide this matter on the merits rather than by default. Code of Civil Procedure section 473, subdivision (a)(1), authorizes the Court in furtherance of justice to allow an answer after the time limited by law. California policy strongly favors resolution on the merits.

2. The delay was brief, was not willful, and caused no cognizable prejudice to the City. Respondent acted under documented disability-related processing, concentration, executive-functioning, communication, and physical limitations; overlapping emergency proceedings; medical appointments; and acute pain and mental-health symptoms following the June 18 hearing.

3. Respondent requested additional time and advised counsel of a medical appointment. Counsel nevertheless threatened default and used Respondent's ability to complete other emergency filings through extraordinary effort as a reason to deny additional time. Respondent filed this detailed, verified Answer on June 26, two days after counsel's demanded date and three days before the June 29 date Respondent had requested.

4. Respondent also requested accommodation from the Court under Title II of the ADA and California Rule of Court 1.100. The accommodation requested was not afforded as an accommodation. Respondent respectfully preserves that objection. He raises it here only to explain the delay and request equal access to merits adjudication, not to criticize the Court personally.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE COURT HAS DISCRETION TO ACCEPT THE ANSWER**

Code of Civil Procedure section 473, subdivision (a)(1), permits the Court, in furtherance of justice and on appropriate terms, to allow an answer to be made after the time limited by law. The attached Answer is verified, complete, and ready for filing. Accepting it will promote adjudication on the merits without impairing any substantive right of Petitioner.

**II. THE DELAY WAS EXCUSABLE AND NOT WILLFUL**

Respondent misunderstood the procedural status after his demurrer and believed he had already submitted a responsive pleading. When counsel clarified that a separate Answer was required, Respondent agreed to file one and requested until June 29 because of medical care. He did not ignore the proceeding. He was simultaneously addressing emergency state and federal filings, discovery, a Court of Appeal request, and ongoing disability-accommodation disputes.

The City's own June 23 letter confirms that it relied on the quantity and speed of Respondent's other filings to argue that he did not require disability-related time. That reasoning overlooks the cost of those filings: extreme effort, sleep loss, physical pain, impaired concentration, and emergency medical care. Functional capacity under crisis conditions is not proof that an accommodation is unnecessary.

**III. TITLE II AND RULE 1.100 SUPPORT MERITS ACCESS**

California Rule of Court 1.100 states that the policy of California courts is to ensure equal and full access to the judicial system for persons with disabilities and recognizes reasonable modifications, auxiliary aids, devices, and alternative formats as accommodations. Title II likewise applies to court

services and proceedings. Respondent requested additional processing time and structured communication because his documented disabilities materially affect rapid comprehension, sequencing, concentration, and completion of complex filings.

Respondent respectfully maintains that the requested accommodation was not granted as an ADA/Rule 1.100 accommodation. A separate courtesy extension on another deadline did not resolve the requested access need. Accepting the June 26 Answer is a narrow, nonprejudicial means to protect merits access while preserving all parties' rights.

**IV. PETITIONER WILL SUFFER NO PREJUDICE**

The City is represented by multiple attorneys and has known Respondent's defenses for months through the demurrer, correspondence, discovery, and related proceedings. The Answer does not surprise the City; it joins the factual issues the Court already recognized would require merits adjudication. A two-day difference from counsel's demanded date does not impair evidence, discovery, or trial preparation.

**V. RESPONDENT ACTED PROMPTLY AND IN GOOD FAITH**

Respondent completed and verified the Answer despite continuing medical and disability-related limitations. He arranged same-day electronic service by a nonparty, Roberto Pastrana. His prompt corrective action, absence of prejudice, and substantial defenses support acceptance of the filing.

**CONCLUSION**

Respondent respectfully requests that the Court accept the Verified Answer and Return as filed on June 26, 2026, decline to enter default based on the timing of the Answer, and permit the case to proceed on the merits.

DATED: June 26, 2026

_____

**Brian Gutierrez**
Respondent in Pro Per

**DECLARATION OF BRIAN GUTIERREZ**

1. I am the Respondent in this matter. I make this declaration from personal knowledge and, if called, could testify competently to the facts stated here.

2. On May 28, 2026, the Court overruled my demurrer and ordered an Answer. I misunderstood the procedural effect and initially believed I had already submitted the required response in connection with the demurrer proceeding.

3. On June 22, 2026, Roger L. Scott advised me that a separate Answer was required. I responded that I would file one and requested until Monday, June 29, 2026 because I had a medical appointment on Friday.

4. Mr. Scott refused the requested time and threatened that the City would seek default if I did not file by June 24. He relied on my emergency filings in other matters as evidence that I could draft quickly.

5. I have documented disabilities that affect processing speed, executive functioning, concentration, communication, and my ability to work accurately under compressed, repetitive deadlines. I also experience significant back pain and mental-health symptoms that worsen under prolonged sitting, sleep loss, and litigation pressure.

6. After the June 18, 2026 hearing, I required emergency medical care. I experienced increased physical pain, anxiety, sleep disruption, and impaired concentration.

7. I requested disability-related processing time and structured communication under Title II and California Rule of Court 1.100. The accommodation I requested was not afforded as an accommodation. I respectfully preserve my objection to that result. I do not include this statement to criticize the Court personally; it explains why I could not complete this Answer by the earlier date.

8. On June 23, 2026, Buchalter sent another letter threatening monetary sanctions and requiring a response by June 26 concerning discovery. The letter again relied on my ability to complete other emergency filings to question my disability-related need for time.

9. I did not intentionally delay or disregard the Court. I worked to prepare a complete paragraph-by-paragraph Answer and affirmative defenses as promptly as my health and functional limitations allowed.

10. I completed this Verified Answer on June 26, 2026. This is two days after the date demanded by counsel and before the June 29 date I had requested.

11. I have not been served with a request for entry of default or notice that default was entered as of the time I signed this declaration. If the docket reflects otherwise, I respectfully request permission to bring any additional motion required and that no merits defense be forfeited because of my disability-related delay.

12. I arranged for Roberto Pastrana, an adult who is not a party, to serve counsel electronically on June 26, 2026.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 26, 2026, at West Covina, California.

DATED: June 26, 2026

_____

**Brian Gutierrez**
Respondent in Pro Per