**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
            ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE, an individual,

Petitioner,

vs.

CITY OF WEST COVINA,

Respondent.

CASE NO. 2:26-cv-03659-MEMF-MBK

Assigned to District Judge
Maame Ewusi-Mensah Frimpong

**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBIT BB UNDER SEAL [Docket No. 63]**

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 63)**

## I.    INTRODUCTION

Mr. Doe asks the Court to seal in its entirety Exhibit BB, a 17-page letter from his physician that Doe submitted in support of his claims.  (ECF 63).  Mr. Doe's request should be denied because it is neither narrowly tailored nor supported by the particularized showing required to overcome the strong presumption of public access to judicial records.

Exhibit BB is not merely a medical record.  It is a lengthy advocacy document *addressing the merits of Mr. Doe's accommodation claims*, the adequacy of the City's responses to accommodation requests, public-meeting procedures, voting procedures, and other matters Mr. Doe contends support his claims for relief.  Mr. Doe seeks to rely on the document as evidence while simultaneously shielding virtually all of its contents from public view.  The law does not permit such wholesale sealing.

The City does not dispute that Mr. Doe may possess legitimate privacy interests in certain personally identifying information contained within the exhibit, but those interests do not justify sealing the document in its entirety.  The Ninth Circuit requires sealing requests to be narrowly tailored, and where limited redactions can adequately protect legitimate privacy interests, wholesale sealing is inappropriate.

Mr. Doe's application identifies only generalized concerns regarding medical privacy, ADA accommodations, and potential public scrutiny.  Those assertions do not establish compelling reasons to seal all seventeen pages of a document, which largely discuss accommodation disputes and factual issues directly relevant to the merits of this litigation.  Much of Exhibit BB consists of non-confidential discussion regarding Mr. Doe's requested accommodations, the City's accommodation decisions, Council procedures, recording devices, storage media, voting procedures, and other subjects that bear directly on the issues before the Court.

Buchalter LLP
Irvine

1

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 63)**

Accordingly, if the Court determines that portions of Exhibit BB warrant protection, the appropriate remedy is targeted redaction of genuinely sensitive medical or identifying information, not wholesale sealing of the entire exhibit.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012). The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits. *In re Midland Nat. Life Ins. Co*., 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted). The "compelling reasons" standard applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The burden is not satisfied by conclusory assertions. *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

"[W]hen an individual brings a claim with respect to which [his or] her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 63)**

power." *Bride v. Snap Inc.*, No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the need for sealing.  *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline.  Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome.  It also requires a proposed order narrowly tailored to seal only the sealable material.

**III. ARGUMENT**

**A.    Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records**

Mr. Doe's application does not overcome the Ninth Circuit's strong presumption of public access.  Mr. Doe seeks to seal Exhibit BB, a 17-page letter from his treating physician that he affirmatively submitted in support of his claims and requested accommodations.  Mr. Doe's application relies on only generalized assertions that the exhibit contains "medical," "ADA-accommodation," and "functional-limitation" information.  (ECF 63).  Those broad characterizations are insufficient to justify wholesale sealing.  He does not explain why wholesale sealing is necessary when targeted redactions would address any legitimate concern.

Mr. Doe's burden is particularly high because he has placed his disability accommodation allegations and ADA rights directly at issue in this case.  Where those issues form part of the dispute presented to the Court, the public has a

RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 63)

corresponding interest in understanding the factual record on which the Court is being asked to act. *Bride*, 2025 WL 819567, at *5; *Langworthy*, 2021 WL 1788391, at *5. Doe's conclusory declaration does not justify removing entire exhibits from public view.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits. Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material. Mr. Doe's application does the opposite. It asks to seal Exhibit BB wholesale, without identifying what specific text must be withheld from public access.

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice. *Civil Beat Law Center for Public Interest, Inc.,* 117 F.4th at 1211. Mr. Doe has not made that showing. If Mr. Doe believes any particular line contains sealable information, he must identify that information, explain the specific harm from disclosure, and propose a narrowly tailored redaction. He has not done so.

Mr. Doe's application identifies only generalized concerns regarding medical privacy, ADA accommodations, and potential public scrutiny. Those assertions do not establish compelling reasons to seal all seventeen pages of a document, which largely discuss accommodation disputes and factual issues directly relevant to the merits of this litigation. (ECF 63). Much of Exhibit BB consists of non-confidential discussion regarding Mr. Doe's requested accommodations, the City's accommodation decisions, Council procedures, recording devices, storage media, voting procedures, and other subjects that bear directly on the issues before the Court.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 63)**

## IV.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 26, 2026                     BUCHALTER LLP


                                          By:  */s/ Roger L. Scott*
                                                    Roger L. Scott
                                                Attorney for Respondent
                                                City of West Covina

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER
SEAL (DOCKET 63)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 26, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**