**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ  (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS II & JJ UNDER SEAL [Docket No. 64]** |

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 64)**

## I.    INTRODUCTION

John Doe seeks to seal Exhibits II and JJ in their entirety.  (ECF No. 64.)  His request should be denied because he has not carried his burden of overcoming the strong presumption of public access to judicial records, nor has he demonstrated that wholesale sealing is narrowly tailored to any legitimate confidentiality interest.

The Ninth Circuit requires a party seeking to seal judicial records to provide compelling reasons supported by specific facts and to request relief that is narrowly tailored.  Mr. Doe has not done so.  Instead, he relies on generalized assertions concerning safety concerns, confidentiality, and participation in California's Safe at Home program.  Those assertions do not automatically entitle a litigant to seal documents or relieve him of his burden to satisfy the applicable federal standard.

Because John Doe has not made the particularized showing required to overcome the public's right of access, and because any legitimate confidentiality concerns can be addressed through far narrower means than wholesale sealing, his application should be denied or, at minimum, limited to specific redactions supported by a particularized factual showing.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003).  This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when

the filing is more than tangentially related to the merits. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted). The "compelling reasons" standard applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The burden is not satisfied by conclusory assertions. *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome. It also requires a proposed order narrowly tailored to seal only the sealable material.

The Central District has previously held that "[t]he Safe at Home program is designed only to protect against the disclosure of a crime victim's address, but it is not intended to protect against the disclosure of all other information." *Deonarine v. Lopez*, No. 2:22-03353 JLS (ADS), 2022 WL 20689739, at *1 (C.D. Cal. May 31, 2022); *see also Del Nero v. Allstate Ins. Co.*, No. CV009068AHMAIJX, 2021 WL 3285033, at *2 (C.D. Cal. June 30, 2021) (the Court ordered the movant to "submit a redacted version of the motion to seal which redacts *only* his address within 30 days" [emphasis in original]).

## III. ARGUMENT

### A.   Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe's application does not overcome the Ninth Circuit's strong presumption of public access to judicial records. Mr. Doe seeks to seal Exhibits II

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 64)**

and JJ based primarily on generalized assertions regarding his participation in California's Safe at Home program and concerns regarding safety, confidentiality, and pseudonymity.  (ECF No. 64.)  Those generalized assertions are insufficient to establish compelling reasons for sealing.

California's Safe At Home law was designed with the express purpose of protecting crime victims' address, not all other information.  *Del Nero* No. CV009068AHMAIJX, 2021 WL 3285033 at *2.  Mr. Doe must demonstrate compelling reasons supported by specific facts showing why each document should be removed from public view.  Mr. Doe's sealing application does not explain why the existence of Safe at Home documentation, standing alone, justifies removing the exhibit entirely from public scrutiny under the applicable federal standard.

Nothing in Exhibit II discloses Mr. Doe's actual address.  The document merely states that Mr. Doe is a member of the Safe at Home program and provides his anonymous P.O. Box address.

Exhibit JJ is an unsigned version of a stipulation for a protective order filed in a criminal action that was previously before this Court.  Respondent was able to locate the filed version, confirming that the document Mr. Doe seeks to seal is not confidential at all, but is an existing court record available to the public.  See *United States v. Del Entertainment, et al*, 2:22-cr-00267-MEMF, Docket 61.  There is no basis whatsoever to seal Exhibit JJ.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits.  Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material.  Mr. Doe's application does the opposite.  It asks to seal Exhibits II and JJ wholesale, without identifying what specific text must be withheld from public access.

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice.  *Civil Beat Law Center for*

BUCHALTER LLP
IRVINE

3

*Public Interest, Inc.,* 117 F.4th at 1211. Mr. Doe has not made that showing. If Mr. Doe believes any particular line contains sealable information, he must identify that information, explain the specific harm from disclosure, and propose a narrowly tailored redaction.

**IV.    CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  June 26, 2026              BUCHALTER LLP


By:  */s/ Roger L. Scott*
Roger L. Scott
Attorney for Respondent
City of West Covina

4

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER
SEAL (DOCKET 64)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 26, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**