John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com
Plaintiff In Pro Per

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | Assigned to Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge Hon. Michael B. Kim |
| CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA LOPEZ-VIADO; and DOES 1-50, inclusive, | **PLAINTIFF JOHN DOE'S NOTICE OF MOTION AND MOTION FOR EARLY RULE 16 CASE-MANAGEMENT CONFERENCE, COURT-DIRECTED ADR/MEDIATION, AND ORDER REQUIRING PARTICIPATION BY NON-CONFLICTED SETTLEMENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | |
| | Hearing Date: November 12, 2026 |
| | Time: 10:00 a.m. |
| | Courtroom 8B, 8th Floor |
| | Felicitas and Gonzalo Mendez United States Courthouse, Los Angeles |

TO DEFENDANTS CITY OF WEST COVINA, MILAN M. MRAKICH, LETICIA LOPEZ-VIADO, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2026, at 10:00 a.m., in Courtroom 8B, 8th Floor, Felicitas and Gonzalo Mendez United States Courthouse, Los Angeles, or as soon thereafter as this matter may be heard, Plaintiff John Doe will and hereby does move for an order setting an early Federal Rule of Civil Procedure 16 case-management conference, referring this action to Court-directed alternative dispute resolution or mediation, and requiring the City to participate through non-conflicted representatives with actual settlement authority.

Plaintiff does not ask the Court to force a settlement or dictate settlement terms. Plaintiff asks the Court to ensure that ADR is real, not illusory: that the City's actual municipal decision-makers, its risk/insurance representatives, and any individually interested defendants participate through authority that is not filtered solely through counsel whose own conduct and individual-representation choices are disputed.

This motion is made under Federal Rule of Civil Procedure 16(a)(5), Rule 16(c)(2)(I), the Court's inherent case-management authority, Central District Local Rule 16-15, and the Court's authority to manage civil-rights litigation efficiently and fairly. This motion is based on this Notice, the Memorandum below, the Declaration of John Doe, the attached exhibits, the files and records of this action, the pending disqualification record, and any argument the Court permits.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case urgently needs Court-directed ADR with conflict-free settlement authority. Plaintiff has repeatedly attempted to raise mediation and de-escalation. On June 16, 2026, Councilwoman Rosario Diaz, Mayor Pro Tem Olegario Cantos, and Councilmember Tony Wu discussed a mediation route for this dispute in open session. Plaintiff also requested that a closed-session item be placed for appropriate consideration of settlement and case strategy under the Brown Act. Yet rather than confirm that a mediation proposal was presented to non-conflicted City decision-makers for an official decision, Buchalter and Roger Scott have continued escalating litigation, filing multiple papers, threatening default and sanctions, and using Plaintiff's emergency filings as an argument against his ADA processing accommodations.

The Court should intervene now because ADR cannot function if the settlement decision is filtered exclusively through counsel whose own conduct is challenged in this case. Plaintiff's pending disqualification motion is not collateral to ADR. It explains why ordinary settlement channels have broken down: Buchalter is simultaneously defending the municipal entity, appearing for individual City actors, opposing Plaintiff's disability and privacy protections, and attempting to defeat subpoenas and discovery into matters involving the City Manager, ADA access, disclosure of information, and retaliation.

The requested order is modest and case-management focused. Plaintiff asks for an early Rule 16 conference and a referral to ADR Procedure No. 1 or No. 2. Plaintiff further asks that the City appear through a non-conflicted City representative with full settlement authority, that any JPIA/CJPIA/insurer or claims representative with authority attend, and that individually interested

actors such as Milan M. Mrakich and Leticia Lopez-Viado participate through appropriate conflict-free authority if their individual interests are implicated. This is necessary because the record now shows serious uncertainty over who is making litigation decisions, whether settlement proposals are reaching lawful decision-makers, and whether counsel's divided loyalties are preventing rational resolution.

## II. RELIEF REQUESTED

Plaintiff respectfully requests an order that sets an early Rule 16 case-management conference; refers this case to Court-directed ADR, preferably ADR Procedure No. 1 before a magistrate judge or ADR Procedure No. 2 through the Central District Mediation Panel; requires the City to participate through a non-conflicted representative with actual settlement authority or authority to present and obtain settlement authority promptly from the City Council; requires attendance or availability of any JPIA/CJPIA/insurer representative with settlement authority; and requires Defendants Milan M. Mrakich and Leticia Lopez-Viado, to the extent they are individually implicated or represented in this action, to participate through independent or conflict-free authority rather than through a channel controlled solely by Buchalter.

Plaintiff also asks that the Court require the City to disclose, at least for ADR and case-management purposes, whether Plaintiff's mediation proposal was transmitted to the City Council or another authorized non-conflicted municipal decision-maker; when it was transmitted; who received it; whether it was considered; whether a closed-session item has been set or refused; and whether Buchalter or Roger Scott alone has been controlling the decision not to participate in mediation.

## III. RELEVANT BACKGROUND

Plaintiff has sought mediation and asked whether the proposal was transmitted to the City's authorized decision-makers. On June 22, 2026, Plaintiff asked Mr. Scott whether his neutral mediation/ADR proposal had been transmitted to the City's authorized decision-makers, when it was transmitted, and whether it would be presented to the City Council for consideration. Plaintiff

also objected that continuing taxpayer-funded motion practice while refusing to report a mediation proposal to the client is not responsible stewardship of public funds. Plaintiff has not received a clear confirmation that the mediation proposal was transmitted to all non-conflicted City decision-makers for an official decision.

The June 16 open-session discussion and Plaintiff's closed-session request show that ADR is not merely Plaintiff's personal preference. Councilwoman Rosario Diaz, Mayor Pro Tem Cantos, and Councilmember Tony Wu discussed a mediation route for this federal case in open session. Plaintiff thereafter requested a closed-session item consistent with the Brown Act so that the City could consider settlement, ADR, representation authority, and litigation strategy through proper municipal channels. The City is a public entity. Its settlement decisions should not be controlled exclusively by litigation counsel whose own conduct and conflicts are disputed.

Instead of facilitating ADR, counsel has continued motion practice and deadline pressure. After Plaintiff asked for additional time because of medical issues and disability-related processing limitations, Mr. Scott threatened default in the state CPRA action and relied on Plaintiff's emergency filings as proof that no accommodation was needed. Buchalter later sent a meet-and-confer letter accusing Plaintiff of harassment through discovery, threatening a protective-order motion, and threatening monetary sanctions. Those tactics are relevant because they show the current litigation channel is not promoting efficient resolution.

On June 26, 2026, Roger Scott filed papers in John Doe v. John Shewmaker identifying himself and Buchalter as "Attorney for Third Party MILAN MRAKICH" and "Attorney for Milan Mrakich." Those filings argue that Mr. Mrakich's testimony and records should be excluded, quashed, or treated as irrelevant or cumulative. They also frame records and testimony in Mr. Mrakich's possession, custody, or control as City-related records in ways that heighten the conflict problem. Plaintiff relies on those filings for the narrow federal point that counsel currently acts for the City while also acting for an individual City Manager whose conduct, knowledge, records, ADA-related actions, and public-records issues overlap with this federal case.

The underlying accommodation dispute remains active and unresolved. On June 23, 2026, the City issued an accommodation determination signed by Milan Mrakich on City Manager letterhead. The letter denied or narrowed multiple accommodations, including remote participation, ergonomic seating, agenda/USB access, voting/processing accommodations, and other communication modifications. Plaintiff contends that the process is not neutral because the determination was signed by an individual whose own conduct is disputed in this litigation and because outside counsel appear to be influencing ADA administration while simultaneously defending the City.

The City has shown that it can process other ADA-related requests differently. When another resident raised street-sweeping disability-access concerns, the City suspended enforcement until that request was investigated and assigned Human Resources/Risk Management to schedule an interactive-process meeting. Plaintiff submits that the contrast supports the need for neutral ADR and interim case-management intervention.

### IV. GOVERNING LAW

Federal Rule of Civil Procedure 16 authorizes the Court to manage civil cases to facilitate settlement. Rule 16(a)(5) permits a pretrial conference for the purpose of facilitating settlement. Rule 16(c)(2)(I) authorizes the Court to take appropriate action regarding settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule. Central District Local Rule 16-15 reflects this District's policy favoring ADR and settlement procedures. The Court may use these authorities to require meaningful participation in ADR without forcing any party to settle.

The Court may also require parties to appear through representatives with real settlement authority. ADR is ineffective if the people attending cannot make decisions, obtain decisions, or transmit proposals to authorized decision-makers. That principle is especially important for a municipal defendant because the City acts through lawful authorization, Council action when required, insurer/risk participation when applicable, and conflict-free counsel when counsel's own conduct is part of the dispute.

Public-entity representation heightens the concern. California Rule of Professional Conduct 1.13 recognizes that counsel for an organization represents the organization, not its constituents. Rule 1.7 addresses material limitations caused by counsel's responsibilities to another client or by counsel's own interests. Plaintiff's pending disqualification motion raises those issues directly. Even if the Court does not decide disqualification now, the conflict record justifies requiring non-conflicted settlement authority for ADR.

## V. ARGUMENT

ADR cannot be meaningful if the proposal is filtered exclusively through conflicted counsel. Plaintiff has asked whether his mediation proposal was transmitted to the City's authorized decision-makers. The record does not show that it was. Instead, the record shows escalating motion practice, threats of default, threats of sanctions, and continued opposition to ADA accommodation issues. The Court should require a process that ensures the City's actual decision-makers receive and consider the ADR proposal.

Buchalter's representation of individual actors makes conflict-free settlement authority necessary. Mr. Scott has appeared for Milan Mrakich personally in a subpoena dispute while also representing the City in this federal civil-rights action. Mr. Scott has also taken positions that Plaintiff contends protect Mrakich and other individual actors rather than the municipal entity. The City's interests may diverge from those individual interests. The City may choose to remediate, disclose, discipline, replace counsel, revise policies, or settle. Individual actors may prefer denial, concealment, indemnity, or continued litigation. ADR must be structured to account for that divergence.

Roger Scott should not be the sole gatekeeper for whether Milan Mrakich or Leticia Lopez-Viado participate in mediation. Plaintiff alleges that Mrakich and Lopez-Viado have individual exposure and are central to the conduct at issue. If they are defended or indemnified, the City must identify who is authorized to resolve their individual exposure and whether that authority is conflict-free. If they are not defended or indemnified, then they should not be allowed to hide behind City counsel for ADR purposes.

The June 16 Council discussion and Plaintiff's closed-session request show that the City's governing body has reason to consider ADR. This is not an ambush. Councilmembers discussed mediation in open session, and Plaintiff requested a closed-session item so the issue could be considered lawfully. The Court should not permit continued litigation spending while the City's actual governing body is bypassed or kept from making an official settlement decision.

Court-directed ADR will conserve judicial resources and public funds. This case has already generated repeated emergency filings, sealing disputes, disqualification issues, ADA accommodation disputes, discovery disputes, Court of Appeal proceedings, and parallel state-court filings. ADR can narrow immediate accommodation issues, confidentiality protocols, council-meeting participation, Doe/Safe at Home protections, policy changes, representation authority, and settlement value. Even if the entire case does not settle, ADR can reduce issues and stop unnecessary motion practice.

No party is prejudiced by a Rule 16 ADR order. The City is not being forced to settle. Mrakich and Lopez-Viado are not being forced to admit liability. Buchalter is not being sanctioned by the requested order. The only requirement is that the parties participate in a structured ADR process with people who can actually make or obtain decisions. That is a minimal burden and a necessary step toward the just, speedy, and inexpensive determination of this action.

## VI. REQUESTED ORDER

Plaintiff respectfully requests that the Court enter an order setting an early Rule 16 status conference; referring the action to Court-directed ADR or mediation; requiring participation by a non-conflicted City representative with settlement authority or authority to obtain Council authority promptly; requiring attendance or availability of any JPIA/CJPIA/insurer representative with decision-making authority; requiring Milan M. Mrakich and Leticia Lopez-Viado to participate personally or through conflict-free counsel if their individual interests are implicated; requiring the City to identify whether Plaintiff's mediation proposal was transmitted to the City Council or other authorized decision-maker; requiring disclosure of whether Buchalter or Roger Scott has controlled ADR decisions without independent municipal review; and granting further

case-management relief necessary to make ADR meaningful.

### VII. CONCLUSION

Plaintiff seeks access to a genuine settlement process, not a litigation advantage. The present record shows that settlement information is not reliably reaching conflict-free municipal decision-makers; that counsel whose conduct is disputed is continuing to escalate motion practice; and that individual and entity interests are being blended in a way that prevents rational ADR. The Court should order early Rule 16 case management and Court-directed ADR with non-conflicted settlement authority.

Dated: June 27, 2026

Respectfully submitted,

/s/ John Doe

John Doe

Plaintiff In Pro Per