John Doe
Address Confidential - Safe at Home Program
Email: JohnDoeCA2025@gmail.com
Plaintiff In Pro Per

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA LOPEZ-VIADO; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge Hon. Michael B. Kim<br><br>**DECLARATION OF JOHN DOE IN SUPPORT OF MOTION FOR EARLY RULE 16 CASE-MANAGEMENT CONFERENCE, COURT-DIRECTED ADR/MEDIATION, AND NON-CONFLICTED SETTLEMENT AUTHORITY**<br><br>Hearing Date: November 12, 2026<br>Time: 10:00 a.m.<br>Courtroom 8B, 8th Floor<br>Felicitas and Gonzalo Mendez United States Courthouse, Los Angeles |

**DECLARATION OF JOHN DOE**

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I proceed under a pseudonym in this federal case. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. I submit this declaration in support of my motion for an early Rule 16 case-management conference, Court-directed ADR or mediation, and participation by non-conflicted settlement authority.

3. I have repeatedly attempted to raise mediation, ADR, and de-escalation with counsel for the City of West Covina, including Roger L. Scott and Buchalter LLP.

4. On June 22, 2026, I asked Roger Scott to confirm whether my neutral mediation/ADR proposal had been transmitted to the City's authorized decision-makers, when it was transmitted, and whether it would be presented to the City Council for consideration.

5.  I did not receive a clear confirmation that the proposal was transmitted to all non-conflicted City decision-makers for an official decision.

6.  On June 16, 2026, during an open-session City Council meeting, I heard Councilwoman Rosario Diaz, Mayor Pro Tem Olegario Cantos, and Councilmember Tony Wu discuss a mediation route or mediation-related approach for this dispute.

7.  After that discussion, I requested that a closed-session item be placed in accordance with the Brown Act so the City could consider mediation, settlement, representation authority, and litigation strategy through proper municipal channels.

8.  Instead of receiving confirmation that the City's authorized decision-makers would consider ADR, I continued receiving litigation pressure, including deadlines, threats of default in the state CPRA matter, threats of sanctions, and filings by Buchalter in multiple matters.

9.  I believe Roger Scott and Buchalter have not acted as neutral municipal settlement conduits. I believe they have been acting as litigation gatekeepers while their own conduct and their representation of individual City actors are disputed.

10. On June 26, 2026, Roger Scott filed papers in John Doe v. John Shewmaker identifying himself and Buchalter as attorney for Third Party Milan Mrakich and attorney for Milan Mrakich. I understand those filings to confirm that Buchalter is personally representing Mr. Mrakich in a subpoena dispute while also representing the City in this federal case.

11. I believe Mr. Mrakich's individual interests may diverge from the City's institutional interests. I also believe Mayor Leticia Lopez-Viado's individual interests may diverge from the City's institutional interests. For that reason, I do not believe Roger Scott and Buchalter should be the only channel through which settlement proposals are transmitted, evaluated, accepted, rejected, or delayed.

12. The June 23, 2026 accommodation determination was signed by Milan Mrakich. I contend that was improper and non-neutral because Mr. Mrakich's own conduct and role in the accommodation process are disputed in this litigation.

13. The City's continuing denial, narrowing, and substitution of accommodations affects my ability to participate in Council meetings, process complex information, communicate effectively, and perform official duties without worsening disability-related symptoms.

14. I believe Court-directed ADR could narrow or resolve immediate accommodation implementation issues, confidentiality issues, Doe/Safe at Home protections, communications protocols, future Council-meeting procedures, settlement authority, and the need for conflict-free counsel.

15. I am not asking the Court to force the City to settle. I am asking the Court to require a real ADR process with people who have authority to make decisions or promptly obtain decisions from the proper decision-maker.

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 27, 2026, in West Covina, California.

/s/ John Doe

John Doe