BUCHALTER, LLP
Roger L. Scott (SBN: 247165)
Claire L. Katz (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
          ckatz@buchalter.com

Attorneys for Defendants

City of West Covina, Milan M. Mrakich,
and Leticia Salazar Lopez-Viado

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WEST COVINA, MILAN M. MRAKICH, LETICIA SALAZAR LOPEZ-VIADO, and DOES 1-50,<br><br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT & AFFIRMATIVE DEFENSES** |

Defendant the City of West Covina ("Defendant") answers the Complaint filed by John Doe as follows:

### PRELIMINARY STATEMENT AND ROADMAP

1.     This Paragraph does not contain any factual allegations to which a response is required. To the extent this Paragraph contains factual allegations to which a response is required, those allegations are denied.

2.     Defendant lacks sufficient information to admit or deny whether Plaintiff is autistic or a former foster youth.  Defendant admits that Plaintiff is a public servant and elected Councilmember.  The remainder of this  paragraph does not contain any factual allegations to which a response is required. To the extent the remaining allegations in this paragraph include factual allegations to which a response is required, those allegations are denied.

3.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6.     Defendant admits that Plaintiff reported various purported concerns to Defendant. Defendant denies that it retaliated against Plaintiff on any basis or for any reason.  This remainder of this paragraph does not contain any factual allegations to which a response is required. To the extent the remaining allegations in this paragraph include factual allegations to which a response is required, those allegations are denied.

7.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

1

**EXHIBIT USE, JUDGE FOCUS, AND REDACTION / SEALING REQUEST**

**JUDGE FOCUS**

8.      This Paragraph does not contain any factual allegations to which a response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

9.      This Paragraph does not contain any factual allegations to which a response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

10.      This Paragraph does not contain any factual allegations to which a response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

**JURISDICTION, VENUE, PARTIES, AND CAPACITIES**

11.      Defendant admits that the Court has federal-question jurisdiction.

12.      Defendant admits that, to the extent Plaintiff asserts state law claims, the Court may exercise supplemental jurisdiction under 28 U.S.C. section 1367. Defendant admits that venue is proper in this District.

13.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.      Defendant admits that it is a public entity and municipal corporation. This remainder of this Paragraph does not contain any factual allegations to which a response is required. To the extent the remainder of thisparagraph contains factual allegations, those allegations are denied.

15.      This Paragraph does not contain any factual allegations to which response is required, and states legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations, those allegations are denied.

2

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER
TO SECOND AMENDED COMPLAINT**                    Case No. 2:26-cv-03659-MEMF-MBK

16. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 16 of the Complaint and as such denies them.

17. Defendant admit that, at some point, Plaintiff became an elected official. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 17 of the Complaint and as such denies them.

18. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 18 of the Complaint and as such denies them.

19. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 19 of the Complaint and as such denies them.

20. Defendant lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 20 of the Complaint and as such denies them.

21. Defendant denies that it "attacked" Plaintiff in any way shape or form, or for any reason. Defendant denies any improper motive attribute to it. The remaining allegations in this paragraph do not contain any factual allegations to which response is required, and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**WHAT THE COURT ASKED FOR AND HOW PLAINTIFF PLEADS IT**

22. This Paragraph does not contain any factual allegations to which response is required, and states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23. This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. Defendant denies the allegations in Paragraph 24. Defendant further denies that they failed to provide any required reasonable accommodation, denied Plaintiff meaningful access, interfered with an ADA chair, failed to provide required accessible records review or confidentiality, or otherwise violated

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

Plaintiff's rights. To the extent Paragraph 24 contains legal conclusions or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

25.    Defendant denies the allegations in Paragraph 25. Defendant, on information and belief, denies that Plaintiff was injured in any way, including through an inability to review meetings, process agenda materials, attend meetings, conduct legal-billing oversight, or request accommodations because of any unlawful act or omission by Defendant. Defendant further denies that Plaintiff suffered pain, humiliation, chilling of future ADA requests, or any other cognizable injury caused by Defendant. To the extent Paragraph 25 contains legal conclusions, characterizations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

26.    Defendant denies the allegations in Paragraph 26. Defendant denies that Milan Mrakich, Roxanne Lerma, HR, counsel, final policymakers, or any Defendant acted with deliberate indifference, knew that any legally required accommodation was needed and failed to act, or acted in a way that made Plaintiff's access worse. Defendant further denies that any written requests, medical letters, EEOC materials, public notices, complaints, or federal filings established that Plaintiff was entitled to the accommodations alleged or that Defendant violated any legal duty. To the extent Paragraph 26 contains legal conclusions or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

27.    Defendant admits that Plaintiff currently serves as an elected official. Defendant denies that Plaintiff suffers ongoing harm as alleged in Paragraph 27, denies that every agenda packet, Council meeting, public comment period, staff inquiry, legal-billing review, ADA request, or public disclosure risk presents a continuing violation or injury caused by Defendant, and denies that Plaintiff is

4

entitled to any relief. Defendant further denies that any missed meeting, silenced speech, leaked accommodation, public censure, or alleged harm was caused by unlawful conduct by Defendant or cannot be remedied as a matter of law. To the extent Paragraph 27 contains legal conclusions or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

## TITLE II AND SECTION 504 LEGAL STANDARDS

28.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

29.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

32.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## SPECIFIC ACCOMMODATION ALLEGATIONS

34.    Defendant admits that Plaintiff requested a 360-degree recording device. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations regarding his motivation for requesting the device or his subjective ability to process live meetings in real time, review what occurred, prepare follow-up questions, or correct the record, and on that basis denies those allegations. Defendant denies that the City's YouTube feed was not equivalent, denies that any requested recording device was required by law, and denies that Defendant failed to provide Plaintiff meaningful access or otherwise violated

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER**
**TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

Plaintiff's rights. The remaining allegations in this paragraph constitute legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

35. Defendant admits that Plaintiff requested agenda packets on USB, encrypted drive, SD card, or equivalent physical media. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations regarding his motivation for requesting the device, login fatigue, link navigation, folder structures, permissions, syncing errors, screen switching, executive-function load, or his ability to review agenda materials, analyze staff reports, prepare questions, or vote, and on that basis denies those allegations. Defendant denies that cloud-based systems denied Plaintiff meaningful access, denies that the City unlawfully refused any required accommodation, and denies that any act or omission by Defendant impaired Plaintiff's agenda review, analysis, preparation, or voting. The remaining allegations in this paragraph constitute legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

36. Defendant admits that Plaintiff requested teleconference participation. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegation that teleconference participation was medically necessary, and on that basis denies that allegation. Defendant denies that the City failed to implement any legally required process. Defendant denies that it did not comply with the ADA. The remaining allegations in this paragraph constitute legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

37. Defendant admits that Plaintiff requested use of a chair or seating accommodation. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations regarding his motivation for requesting

6

a chair, that prolonged meetings trigger pain, sensory dysregulation, or concentration problems, and on that basis denies those allegations. Defendant denies the remaining allegations of this paragraph.

38.     Defendant admits that Plaintiff requested written communications and/or written responses regarding certain matters. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations regarding autism, sequencing, or rapid verbal processing, and on that basis denies those allegations. Defendant denies the remaining allegations of this paragraph.

39.     Defendant admits that Plaintiff requested review of legal bills and certain records. Defendant denies that the City imposed in-person review of records other than unredacted legal bills.  Defendant denies the remaining allegations of this paragraph.

40.     Defendant admits that Plaintiff requested confidentiality concerning certain accommodation-related information. Defendant denies that the City failed to protect any information required to be kept confidential and that the City allowed accommodation information to "leak and be posted or amplified by hostile private actors."  The remaining allegations in this paragraph constitute legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

**MILAN MRAKICH TEXT MESSAGES AND RETALIATORY CONDUCT**

41.     Defendant admits that, on or about January 17, 2026, Milan Mrakich sent Plaintiff text messages containing the quoted language. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective understanding of the messages.

42.     Defendant admits that Milan Mrakich sent Plaintiff text messages on or about January 17, 2026 containing the quoted language. Defendant lacks

BUCHALTER LLP
SCOTTSDALE

knowledge or information sufficient to form a belief as to Plaintiff's subjective understanding of those messages.

43.    Defendant admits that the alleged text messages preceded the "Gemelli report" based on Defendant's understanding of that phrase. Defendant lacks sufficient understanding of the phrase "Buchalter paper trial" to admit or deny the allegation, and on that basis denies the allegation.  Defendant denies that the alleged text messages "matter" for any purpose relevant to this litigation and Plaintiff's subjective understanding of the messages.  Defendant denies any correlation or causation between the text messages and the scope of any investigation that may have been occurring.  Defendant lacks sufficient understanding of the phrase "protected oversight" to admit or deny the allegation, and on that basis denies the allegation.  Defendant denies the remaining allegations of this paragraph.

44.    Defendant admits that a Communication Protocol, as Defendant understands that phrase, was implemnted. Defendant denies that the Communication Protocol formalized any threat, was retaliatory, was not neutral as applied, or operated as a retaliatory checkpoint controlled by a retaliating official. Defendant further denies Plaintiff's characterization of the alleged text messages, the Communication Protocol, and any City policy or practice. To the extent Paragraph 44 contains legal conclusions, hypothetical assertions, characterizations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

45.    Defendant denies the allegations in Paragraph 45. To the extent Paragraph 45 contains legal conclusions, characterizations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

**LOPEZ-VIADO FIRST AMENDMENT AND COLOR-OF-LAW CONDUCT**

8

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

46. To the extent Paragraph 46 contains legal conclusions, characterizations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

47. Defendant admits that a City Council meeting occurred on May 5, 2026, and admits that Plaintiff and Councilmember Wu spoke during that meeting. Defendant denies that Mayor Lopez-Viado allowed Councilmember Wu to speak based on his viewpoint. Defendant admits that Councilmember Wu invoked a point of order while Plaintiff was speaking. Defendant denies any allegation that Plaintiff was cut off because of his viewpoint. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective belief regarding state recognition or licensing for the proposed City health department, and on that basis denies that allegation. Defendant denies the remaining allegations in Paragraph 47. To the extent Paragraph 47 contains legal conclusions, characterizations, causation allegations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

48. Defendant admits that a City Council meeting occurred on May 19, 2026. Defendant lacks knowledge or information sufficient to identify whom Plaintiff is referring to as a "sympathetic speaker" and therefore cannot admit or deny allegations relating to that speaker or speaking times. Defendant admits that Carlos O'Day was allowed to speak for approximately three minutes, which is the typical duration of a public comment in West Covina City Council meetings. Defendants admits that a bell is used when a speaker's allotted time has expired, and that the typical sound of the bell includes multiple beeps or rings. Defendant denies that Mayor Lopez-Viado allowed or limited speakers based on whether they were "sympathetic" or "adverse." Defendant denies that any rule regarding speaking time is applied differently based on viewpoint. Defendant denies the remaining allegations in Paragraph 48. To the extent Paragraph 48 contains legal

9

conclusions, characterizations, causation allegations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

49.     To the extent Paragraph 49 contains legal conclusions, characterizations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

50.     Defendant denies that Lopez-Viado "used or caused police-backed authority to interfere with Plaintiff's ADA chair."  The remainder of this paragraph contains legal conclusions, characterizations, or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

## EXPANDED LOPEZ-VIADO FIRST AMENDMENT NOTICE AND COARSE-LANGUAGE CENSORSHIP JUDGE FOCUS

51.     Defendant admits the allegations in Paragraph 51 of the Complaint.

52.     Defendant admits that the Jobst email contains statements concerning alleged muting of public-comment speakers and requests concerning muting at Council meetings.  To the extent the allegations are intended to state or imply that the statements in the Jobst email are true or accurate, Defendant denies those allegations.. To the extent Paragraph 52 characterizes the legal effect of the Jobst email, contains legal conclusions, or presents argument, no response is required; to the extent a response is required, Defendant denies those allegations.

53.     Defendant admits that the Jobst email identifies certain intended recipients, including City officials. Defendant denies that the email established knowledge, deliberate indifference, reckless disregard, municipal ratification, or any basis for liability against Defendant. To the extent Paragraph 53 contains legal conclusions, characterizations regarding notice or legal effect, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

54.     Defendant admits that Plaintiff purports to attach a First Amendment Coalition letter dated April 28, 2025 as Exhibit AE, and that the allegations.

10

BUCHALTER LLP
SCOTTSDALE

DEFENDANT CITY OF WEST COVINA'S ANSWER
TO SECOND AMENDED COMPLAINT

Case No. 2:26-cv-03659-MEMF-MBK

Defendant denies Plaintiff's characterization of the letter to the extent it suggests that Defendant violated the First Amendment or unlawfully silenced speech. To the extent Paragraph 54 characterizes the contents or legal effect of the letter, contains legal conclusions, or presents argument, no response is required; to the extent a response is required, Defendant denies those allegations.

55. Defendant admits that the First Amendment Coalition letter cites legal authorities, including Supreme Court and Ninth Circuit cases. Defendant denies that the letter establishes any violation by Defendant, any unlawful viewpoint discrimination, or any basis for liability. Defendant further denies Plaintiff's characterization of the letter's legal effect and applicability to the conduct alleged in this action. To the extent Paragraph 55 contains legal conclusions, characterizations of legal authority, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

56. Defendant admits that the First Amendment Coalition letter appears to address speech at public meetings and includes statements regarding offensive, vulgar, profane, or disruptive speech. Defendant denies that the letter establishes any violation by Defendant, any unlawful meeting practice, or any basis for liability against Defendant. To the extent Paragraph 56 characterizes the contents or legal effect of the letter, states legal conclusions, or presents argument, no response is required; to the extent a response is required, Defendant denies those allegations.

57. Paragraph 57 contains legal conclusions, or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

58. Paragraph 58 contains legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

11

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**          Case No. 2:26-cv-03659-MEMF-MBK

59.    Paragraph 59 contains legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

60.    Defendant admits that Plaintiff is an elected Councilmember. Defendant lacks sufficient information to admit or deny, and on that basis denies, whether plaintiff is disabled or what his alleged disability "requires."  The remaining allegations in Paragraph 60 contain legal conclusions or argument to which  no response is required; to the extent a response is required, Defendant denies those allegations.

61.    Defendant admits that a City Council meeting occurred on May 5, 2026. Defendant denies that speech was permitted, interrupted, or limited based on viewpoint.  The remaining allegations in Paragraph 61 contain legal conclusions, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

62.    Defendant admits that a City Council meeting occurred on May 19, 2026. Defendant lacks knowledge or information sufficient to identify whom Plaintiff is referring to as a "sympathetic speaker" and therefore cannot admit or deny allegations relating to that speaker or speaking times.  Defendant admits that Carlos O'Day was allowed to speak for approximately three minutes, which is the typical duration of a public comment in West Covina City Council meetings. Defendants admits that a bell is used when a speaker's allotted time has expired, and that the typical sound of the bell includes multiple beeps or rings.  Defendant denies that Mayor Lopez-Viado allowed or limited speakers based on whether they were "sympathetic" or "adverse."  Defendant denies that any rule regarding speaking time is applied differently based on viewpoint. Defendant denies the remaining allegations in Paragraph 62. To the extent Paragraph 48 contains legal

12

conclusions, characterizations, causation allegations, or argument, no response is required; to the extent a response is required, Defendant denies those allegations.

63.    Paragraph 63 contains legal conclusions or argument to which no response is required; to the extent a response is required, Defendant denies those allegations.

64.    Paragraph 64 contains legal conclusions or argument to which no response is required; ; to the extent a response is required, Defendant denies those allegations.

65.    Defendant admits that the Jobst email references SB 707. Defendant denies that the email established notice of any First Amendment violation, meeting-access problem, disability remote-participation obligation, or basis for liability against Defendant. To the extent Paragraph 65 contains legal conclusions, characterizations, or argument, no response is required.

66.    Defendant denies that Plaintiff is entitled to the declaratory or injunctive relief requested in Paragraph 66. To the extent Paragraph 66 states a prayer for relief, legal conclusions, or argument, no response is required.

## CORRUPTION AND PROTECTED OVERSIGHT

67.    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegation he conducted any investigation, the topics of any purported investigation, or the reasons for any purported investigation, , and on that basis denies those allegations.  To the extent the allegations are intended to state or imply that corruption, public-resource misuse, or any other unlawful activity occurred, Defendant denies those allegations.

68.    Defendant lacks sufficient knowledge or information sufficient to admit or deny whether Plaintiff had any contact with a person named Jeffrey Buckwell of the City of La Puente, or what information, if any, Plaintiff obtained. To the extent the allegations are intended to state or imply any wrongful conduct,

13

Defendant denies the allegations.  The remaining allegations of this paragraph contains legal conclusions, characterizations, or argument, to which no response is required; the extent a response is required, Defendant denies those allegations.

69.     Defendant admits that the proposed City Manager contract included compensation of at least $249,000 and that the Council waived an education requirement.  Defendant denies that any statements by the City Attorney misled the public. To the extent Paragraph 69 contains legal conclusions, characterizations, or argument, no response is required.

70.     Defendant admits that Milan Mrakich and Roxanne Lerma described the Boba Fest as a replacement for the Spring Festival.  Defendant admits that City supplies and staff were used, and that City staff and leadership attended.  Defendant denies the remaining allegations of this paragraph.

71.     Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's reports to FPPC or law enforcement or the status of any alleged investigations or complaints, and on that basis denies those allegations. Defendant denies that Lopez-Viado voted or acted because of alleged financial relationships, conflicts, or nonprofit interests, and denies that Defendant engaged in any unlawful conduct. To the extent Paragraph 71 contains legal conclusions, characterizations, or argument, no response is required.

72.     Defendant denies that taxpayer-funded lawyers protected Wu or politically exposed officials rather than the City, denies that counsel turned Plaintiff's oversight into a target, and denies any conflict, retaliation, or unlawful conduct by Defendant or its counsel. The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument to which no response is required.

**ADA LEAK, WILLIAM ELLIOT, AND SHEWMAKER**

Buchalter LLP
Scottsdale

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**                     Case No. 2:26-cv-03659-MEMF-MBK

73.    Defendant denies that confidential ADA information was leaked from the City, denies that the City Manager's Office failed any confidentiality duty, and denies that any alleged access to or transmission of information proves wrongdoing by Defendant. Defendant denies that Milan Mrakich "blamed" anyone for any action relating to alleged ADA information. The remainder of the allegations in paragraph 73 contains legal conclusions, characterizations, or argument to which no response is required.

74.    Defendant admits, on information and belief, that William Elliot is the husband of Councilwoman Rosario Diaz.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations concerning William Elliott's alleged statements, and on that basis denies those allegations. The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument to which no response is required.

75.    Defendant lacks knowledge or information sufficient to form a belief as to what John Shewmaker allegedly stated, and on that basis denies those allegations. The remaining allegations in paragraph 75 contain legal conclusions, characterizations, or argument to which no response is required.

76.    Defendant denies that any "leak" occurred.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations of loss of sleep, teeth grinding, inability to concentrate, anxiety, humiliation, safety concerns, or fear, and on that basis denies those allegations. Defendant denies that any alleged leak caused Plaintiff harm, constituted concrete Title II harm, reflected deliberate indifference, or gives rise to liability against Defendant. To the extent Paragraph 76 contains legal conclusions, characterizations, causation allegations, or argument, no response is required.

**FOX, GEMELLI, BUCHALTER, AND MATERIAL WITNESSES**

77.     Defendant denies the allegations in Paragraph 77. To the extent Paragraph 77 contains legal conclusions, characterizations, or argument, no response is required.

78.     Defendant admits that the City Council unanimously, i.e. including Plaintiff, voted to waive any confidentiality of the Gemelli report. Defendant denies that the report was used as a "sword" against Plaintiff, denies that Defendant made the report's scope, preparation, omissions, sources, edits, ADA disclosures, or privilege status factual issues as alleged, and denies that Paragraph 78 establishes any right to subpoena or basis for liability. To the extent Paragraph 78 contains legal conclusions, characterizations, or argument, no response is required.

79.     Defendant denies that Roger Scott, Buchalter, or any Buchalter attorney is a material witness to any facts or circumstances relevant to this action. Defendant further denies that any basis exists to disqualify counsel or that counsel's conduct gives rise to liability against Defendant. To the extent Paragraph 79 contains legal conclusions, characterizations, or argument, no response is required.

80.     The allegations of Paragraph 80 are unintelligible.  Defendant lacks the ability to admit or deny these allegations as pled.

81.     Defendant denies the allegations in Paragraph 81. To the extent Paragraph 81 contains legal conclusions, characterizations, or argument, no response is required.

**EXPANDED CHRONOLOGY OF DISCRIMINATION, DELAY, AND RETALIATION**

82.     Defendant denies that any retaliation occurred and, therefore, denies that any retaliation escalated.  Defendant admits that Plaintiff submitted written communications concerning disability-related issues.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations regarding autism-related processing, sequencing, memory, sensory regulation, executive functioning, or responses in meeting environments, and on that basis

16

denies those allegations. Defendant denies that it denied Plaintiff any legally required accommodation that it failed to provide, denies that it denied Plaintiff access, and denies that it retaliated against Plaintiff. The remaining allegations in this paragraph contains legal conclusions, characterizations, or argument, to which no response is required.

83.    Defendant admits that Plaintiff requested the listed accommodations. To the extent the allegations of this paragraph are intended to state or imply that the requested accommodations were reasonable or required to facilitate meaningful access to City services or functions, Defendant denies any such allegation.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument to which no response is required.

84.    Defendant denies the allegations in Paragraph 84. To the extent Paragraph 84 contains legal conclusions, characterizations, or argument, no response is required.

85.    Defendant admits that Plaintiff requested USB or physical agenda access. Defendant denies the remaining allegations of this paragraph.

86.    Defendant admits that Plaintiff requested a 360-degree recording device. Defendant denies that the remaining allegations of this paragraph.

87.    Defendant admits that Plaintiff requested remote participation. Defendant denies that it refused to build any "pathway" for remote participation. The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

88.    Defendant lacks sufficient information to understand the term "ADA chair," and on that basis cannot admit or deny Plaintiff's allegation that he "used an ADA chair."  Defendant denies that the Mayor used "police-backed power" against Plaintiff in any unlawful manner.  The remainder of the allegations in this

17

paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

89.   Defendant admits that Plaintiff requested, and was granted, an accommodation relating to written communication concerning certain matters. Defendant denies that it treated writing as "excess," denied Plaintiff meaningful access, or violated Plaintiff's rights. Defendant denies that Plaintiff's writings were "not an aggressive strategy" by Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations regarding the accessibility function of writing, and on that basis denies those allegations.

90.   Defendant admits that Plaintiff requested review of legal bills and certain records. Defendant denies that it made oversight inaccessible, refused required disability modifications, or violated Plaintiff's rights. The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

91.   Defendant admits that Plaintiff requested confidentiality concerning certain accommodation-related information. Defendant denies that it failed to protect confidentiality, handed information to hostile private actors, permitted republication as alleged waste, or caused any collapse of disability access. The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

92.   Defendant denies that the City Manager's office had "turned ADA access into political spending rhetoric." The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

93.   Defendant admits that City Manager Milan Mrakich discussed the participation of a City staff member in the creation of certain City records.  The

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**      Case No. 2:26-cv-03659-MEMF-MBK

remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.

94.    Defendant admits that Roxanne Lerma was appointed as ADA coordinator on or about April 7, 2026.  Defendant denies the remaining allegations in this paragraph. To the extent Paragraph 94 contains legal conclusions, characterizations, or argument, no response is required.

95.    Defendant admits that Carmelita Underwood was the ADA coordinator prior to April 7, 2026.  Defendant denies the remaining allegations in this paragraph.  To the extent Paragraph 95 contains legal conclusions, characterizations, or argument, no response is required.

96.    The allegations in Paragraph 96 contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, the allegations are denied.

97.    Defendant admits that Plaintiff was issued a City-owned laptop computer and cell phone.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, the allegations are denied.

98.    Defendant admits that City Manager Milan Mrakich sent text messages to Plaintiff.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, the allegations are denied.

99.    Defendant admits the report issued by Kelly Gemelli reported wrongdoing by Plaintiff.  Defendant denies the remaining allegations in this paragraph. To the extent Paragraph 99 contains legal conclusions, characterizations, or argument, no response is required.

100.   Defendant denies the allegations in Paragraph 100. To the extent Paragraph 100 seeks information protected by the attorney-client privilege, work-product doctrine, or other protections, no response is required.

101.   Defendant admits that the City Council—including Plaintiff--unanimously voted that the Gemelli report would not be confidential, and would be made public.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

102.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

103.   The the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

104.   The the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

105.   Defendant denies that the City Attorney or any outside counsel protected individuals rather than the City as an entity.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

106.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

107.   Defendant admits that Milan Mrakich and Roxanne Lerma described Boba Fest as a City-run replacement for the Spring Festival, and that City resources

20

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER
TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

and staff were used for Boba Fest.  Defendant denies the remaining allegations in this paragraph. To the extent Paragraph 107 contains legal conclusions, characterizations, or argument, no response is required.

108.   Defendant admits that Plaintiff purports to rely on photographs, but denies Plaintiff's characterization of those photographs and denies that they show improper use of City resources or favoritism. To the extent Paragraph 108 contains legal conclusions, characterizations, or argument, no response is required.

109.   Defendant denies that Boba Fest is in any way comparable to a town hall held by a single Councilmember, or that any staff, resources, or equipment were required to be provided.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

110.   The the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

111.   Defendant denies the allegations in Paragraph 111. To the extent Paragraph 111 contains legal conclusions, characterizations, or argument, no response is required.

112.   Defendant denies the allegations in Paragraph 112. To the extent Paragraph 112 contains legal conclusions, characterizations, or argument, no response is required.

113.   Defendant denies the allegations in Paragraph 113. To the extent Paragraph 113 contains legal conclusions, characterizations, or argument, no response is required.

114.   Defendant denies the allegations in Paragraph 114. To the extent Paragraph 114 contains legal conclusions, characterizations, or argument, no response is required.

21

115.    Defendant denies the allegations in Paragraph 115. To the extent Paragraph 115 contains legal conclusions, characterizations, or argument, no response is required.

116.    Defendant admits that Plaintiff made inquiries regarding various issues surrounding counsel.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

117.    Defendant denies that City Attorney Duarte stated that Attorney General opinions could be disregarded.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

118.    Defendant denies that, at any point, it "refus[ed] to recognize autism" in any way, shape or form.  The remainder of the allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

119.    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's subjective allegations of emotional or physiological harm, and on that basis denies those allegations. Defendant denies that any act or omission by Defendant caused Plaintiff harm or gives rise to liability.

120.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

121.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations. Paragraph 121 states a prayer for relief, legal conclusions, or argument, no response is required.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**                    Case No. 2:26-cv-03659-MEMF-MBK

122.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

123.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

124.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

125.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

126.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

127.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

128.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

129.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

130.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER
TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

131. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

132. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

133. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

134. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

135. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

136. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

137. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

138. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

139. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**    Case No. 2:26-cv-03659-MEMF-MBK

140.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

141.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

142.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

143.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**ADDITIONAL FACTUAL DETAIL REGARDING ONGOING HARM**

144.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

145.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

146.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

147.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**                Case No. 2:26-cv-03659-MEMF-MBK

148.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

149.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

150.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

151.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

152.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

153.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

154.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

155.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

156.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

157.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

158.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

159.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

160.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

161.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

162.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

163.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

164.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

165.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

27

166.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

167.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

168.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

169.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

170.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

171.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

172.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

173.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

174.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**          Case No. 2:26-cv-03659-MEMF-MBK

175.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

176.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

177.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

178.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## CLAIMS FOR RELIEF COUNT I - TITLE II OF THE ADA: DENIAL OF MEANINGFUL ACCESS AND REASONABLE MODIFICATIONS AGAINST CITY OF WEST COVINA AND DOES

179.    Defendant incorporates its admissions and denials from the proceeding paragraphs.  Defendant lacks sufficient information to admit or deny, and on that basis denies, whether Plaintiff is a qualified individual with disabilities.  Defendant admits that Plaintiff is eligible to participate in City programs and services. To the extent Paragraph 179 contains legal conclusions, characterizations, or argument, no response is required.

180.    Defendant denies the allegations in Paragraph 180. To the extent Paragraph 180 contains legal conclusions, characterizations, or argument, no response is required.

181.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

29

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**                    Case No. 2:26-cv-03659-MEMF-MBK

182.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

183.   Defendant denies the allegations in Paragraph 183. To the extent Paragraph 183 contains legal conclusions, characterizations, or argument, no response is required.

184.   Defendant denies the allegations in Paragraph 184. To the extent Paragraph 184 contains legal conclusions, characterizations, causation allegations, or argument, no response is required.

185.   Defendant denies the allegations in Paragraph 185. To the extent Paragraph 185 contains legal conclusions, characterizations, or argument, no response is required.

**COUNT II - TITLE II EFFECTIVE COMMUNICATION, PRIVACY, INDEPENDENCE, ADA COORDINATOR, AND GRIEVANCE-PROCESS FAILURES**

186.   Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

187.   Defendant admits that Plaintiff requested certain written communications, agenda materials, and records review. Defendant lacks sufficient information to admit or deny and on that basis denies, Plaintiff's motive or basis for making any such requests. To the extent Paragraph 187 contains legal conclusions, characterizations, or argument, no response is required.

188.   Defendant denies that it did not provide effective communication.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

30

189.   Defendant denies the allegations in Paragraph 189. To the extent Paragraph 189 contains legal conclusions, characterizations, or argument, no response is required.

190.   Defendant denies the allegations in Paragraph 190. To the extent Paragraph 190 contains legal conclusions, characterizations, or argument, no response is required.

191.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT III – SECTION 504 OF THE REHABILITATION ACT AGAINST CITY OF WEST COVINA

192.   Defendant incorporates its admissions and denials from the proceeding paragraphs.  Defendant admits that it receives or administers federal financial assistance.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

193.   Defendant lacks sufficient information to admit or deny, and on that basis denies, whether Plaintiff is a qualified individual with disabilities.  Defendant admits that Plaintiff is eligible to participate in City programs and services.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

194.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

31

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

195.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT IV – ADA RETALIATION AND INTERFERENCE UNDER 42 U.S.C.SECTION 12203

196.   Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

197.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

198.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

199.   The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT V – 42 U.S.C. SECTION 1983:  FIRST AMENDMENT VIEWPOINT DISCRIMINATION AND RETALIATION AGAINST LOPEZ-VIADO, MILAN, CITY UNDER MONELL, AND DOES

200.   Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT

Case No. 2:26-cv-03659-MEMF-MBK

201. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

202. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

203. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

204. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

205. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT VI – 42 U.S.C. SECTION 1983:  EQUAL PROTECTION, SELECTIVE ENFORCMENT, DUE PROCESS, AND STIGMA-PLUS

206. Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

207. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

208. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**                    Case No. 2:26-cv-03659-MEMF-MBK

209.  The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT VI – MONELL MUNICIPAL LIABILITY

210.  Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

211.  The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

212.  The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

213.  The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## COUNT VIII – BANE ACT, CALIFORNIA CIVIL CODE SECTION 52.1

214.  Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

215.  The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

34

216.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

**COUNT IX – CMIA AND CALIFORNIA CONSTITUTIONAL PRIVACY**

217.    Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein. Defendant admits that Plaintiff submitted certain disability-related or accommodation-related communications. The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

218.    Defendant admits that information he disclosed to Defendant was not limited to financial data.  Defendant admits that Plaintiff submitted medical documentation that referred to certain accommodations, but, to the extent the accommodations were not granted, denies that they were necessary to provide Plaintiff meaningful access.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required. To the extent a response is required, Defendant denies the allegations.

219.    The allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

220.    Defendant denies that Plaintiff is entitled to the damages, statutory relief, declaratory relief, injunctive relief, orders, or other relief requested in Paragraph 220. To the extent Paragraph 220 states a prayer for relief, legal conclusions, or argument, no response is required.

**COUNT X – DECLARATORY AND INJUNCTIVE RELIEF**

221.    Defendant incorporates its responses to the preceding paragraphs as though fully set forth herein.  Defendant admits that Plaintiff continues to serve as

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER
TO SECOND AMENDED COMPLAINT**                    Case No. 2:26-cv-03659-MEMF-MBK

an elected City Councilmember.  The remaining allegations in this paragraph contain legal conclusions, characterizations, or argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

222.   Defendant denies that Plaintiff is entitled to the declarations requested in Paragraph 222. To the extent Paragraph 222 states a prayer for relief, legal conclusions, or argument, no response is required.

223.   Defendant denies that Plaintiff is entitled to the injunctions requested in Paragraph 223. To the extent Paragraph 223 states a prayer for relief, legal conclusions, or argument, no response is required.

224.   Defendant denies that Plaintiff is entitled to the order requested in Paragraph 224. To the extent Paragraph 224 states a prayer for relief, legal conclusions, or argument, no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim for Relief

Defendant is not liable to Plaintiff, because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Estoppel

By virtue of the acts, conduct, and omissions of Plaintiff, Plaintiff is estopped from asserting some or all of the claims he has alleged in his Complaint.

## THIRD AFFIRMATIVE DEFENSE

### Waiver

36

As a result of the acts, conduct, and omissions of Plaintiff, Plaintiff waived his right to assert some or all of the claims he has alleged in his Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### Fault of Plaintiff

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, of other defendants or third parties, and not by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Requested Modifications Were Not Reasonable, Necessary, or Legally Required

Plaintiff's claims are barred, in whole or in part, because the modifications, auxiliary aids, services, or procedures he requested were not reasonable, necessary to avoid discrimination, or legally required under the ADA, Section 504, or applicable regulations.

## SIXTH AFFIRMATIVE DEFENSE

### No Denial of Meaningful Access or Exclusion

There has been no denial of meaningful access or no exclusion from a City service, program, or activity.

## SEVENTH AFFIRMATIVE DEFENSE

### Fundamental Alteration

Plaintiff's claims are barred, in whole or in part, to the extent the requested modifications, auxiliary aids, services, procedures, or relief would fundamentally alter the nature of Defendant's services, programs, activities, proceedings, records processes, Council operations, or public-meeting administration.

## EIGHTH AFFIRMATIVE DEFENSE

37

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**

Case No. 2:26-cv-03659-MEMF-MBK

**Undue Financial or Administrative Burden**

Plaintiff's claims are barred, in whole or in part, to the extent the requested modifications, auxiliary aids, services, procedures, or relief would impose undue financial or administrative burdens on Defendant.

## NINTH AFFIRMATIVE DEFENSE

### No Deliberate Indifference or Intentional Discrimination

Plaintiff's claims for damages are barred, in whole or in part, because Defendant did not act with deliberate indifference, discriminatory intent, retaliatory intent, or any other state of mind required to support damages under the ADA, Section 504, or related claims.

## TENTH AFFIRMATIVE DEFENSE

### Lack of Causation

Plaintiff's claims are barred, in whole or in part, because any alleged injury, denial, delay, limitation, disclosure, meeting-management decision, records issue, or other challenged conduct was not caused by any unlawful act or omission by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### Legitimate Non-Discriminatory and Non-Retaliatory Reasons

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were taken for legitimate, non-discriminatory, non-retaliatory, and non-interfering reasons.

## TWELFTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Plaintiff's recovery, if any, is barred or reduced because Plaintiff failed to take reasonable steps to mitigate, avoid, or reduce the alleged damages or injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

### No Basis for Equitable Relief

38

BUCHALTER LLP
SCOTTSDALE

**DEFENDANT CITY OF WEST COVINA'S ANSWER TO SECOND AMENDED COMPLAINT**   Case No. 2:26-cv-03659-MEMF-MBK

Plaintiff's claims for declaratory and injunctive relief are barred, in whole or in part, because Plaintiff cannot establish an ongoing violation, imminent irreparable injury, inadequacy of legal remedies, or entitlement to the equitable relief requested.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Safety, Order, and Direct Threat

Plaintiff's claims are barred, in whole or in part, to the extent Defendant's actions were reasonably necessary to maintain safety, order, security, or lawful administration of City proceedings, or to address conduct that posed a direct threat within the meaning of applicable law.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether additional defenses may apply. Defendant reserves the right to assert additional defenses as discovery and investigation warrant.

DATED:  June 29, 2026                BUCHALTER LLP


By:  */s/ Roger L. Scott*
                        ROGER L. SCOTT
                        CLAIRE L. KATZ
                        Attorneys for Defendant
                        CITY OF WEST COVINA

BUCHALTER 111127348v3

39