**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | District Judge: Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge: Hon. Michael B. Kim |
| CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50, | **PLAINTIFF'S DETAILED ACCESS-INJURY AND VOTING-HARM ADDENDUM IN SUPPORT OF EMERGENCY REQUEST RE DOCKET 27** |
| Defendants. | |

Plaintiff submits this addendum because the Court previously asked for a concrete connection between the requested accommodations and specific City services, programs, activities, and official Council functions. The connection is direct: these accommodations determine whether Plaintiff can read agenda materials, stay physically present, process live discussion, ask questions, deliberate, and cast an accurate vote.

## I. THE HARM IS NOT GENERAL DISCOMFORT; IT IS DISABILITY-BASED IMPAIRMENT OF VOTING

Voting is not a ceremonial act. Before voting, Plaintiff must understand staff reports, fiscal consequences, legal advice, public comment, staff answers, motions, amendments, and the positions of other Councilmembers. Plaintiff's autism-related processing limitations and back pain do not prevent public service when the City provides effective accommodations. They do prevent equal participation when the City compresses time, uses alarms, denies ergonomic seating, forces cloud-only agenda access, blocks staff communication, and routes all accommodations through a hostile gatekeeper.

When Plaintiff is forced to vote without accessible materials, without processing time, while in back pain, and under threat of interruption or removal, the injury is immediate. The vote still occurs. The agenda item still passes or fails. The public record still reflects a vote made under access barriers. Monetary damages cannot later restore the deliberation that should have happened before the vote.

## II. ACCOMMODATION-TO-FUNCTION MAP

| Accommodation / Barrier | Council Function Affected | Concrete Harm |
|---|---|---|
| Ergonomic chair / lumbar support | Sitting through meetings; reviewing agenda packets; reading contracts, budgets, and staff reports. | Back pain reduces endurance, concentration, and ability to remain present through lengthy deliberations. Pain also worsens executive-function and processing difficulty. |

| USB / local-transfer agenda materials | Pre-meeting agenda review; preparing questions; comparing attachments; reviewing fiscal records before voting. | Cloud-only links create login, folder, permission, syncing, and navigation barriers that consume working memory and make review unreliable. |
|---|---|---|
| 360-degree camera / adequate storage | Reviewing full meeting context; identifying speakers; understanding nonverbal cues, staff reactions, audience movement, and procedural events. | A fixed YouTube or chamber view does not reproduce Plaintiff's whole-room perspective. Plaintiff cannot reconstruct complex events accurately. |
| Processing time / one question at a time | Live questioning, motions, amendments, deliberation, and voting. | Rapid compound questioning and abrupt interruptions break sequencing and working memory, preventing accurate answers and votes. |
| No audible bell / no one-minute alarm as applied to accommodation | Public comment, Council comments, questions, and disability-related processing during live meetings. | Sudden audio cues cause sensory disruption, migraine-related symptoms, anxiety, and loss of thought sequence. |
| Remote participation when medically necessary | Attendance, deliberation, voting, and public representation when symptoms or pain prevent in-person participation. | Without a remote pathway, Plaintiff must choose between medical deterioration and absence from the meeting. |
| Neutral ADA coordinator / independent review | Access to the City's ADA grievance process and implementation of all meeting accommodations. | A process controlled by Milan Mrakich is not neutral when his conduct is disputed and he signed the denial letter. |
| Limits on Communication Protocol as applied | Staff communication, City Hall access, records review, ADA implementation, and oversight before votes. | Requiring all access through the City Manager creates a gatekeeping barrier and chills official oversight, especially after Plaintiff reported a shooting threat. |

## III. BACK PAIN AND ERGONOMIC SEATING ARE VOTING-ACCESS ISSUES

The City has treated ergonomic seating as if it were a comfort preference. It is not. Plaintiff must sit through long meetings and review large packets to decide budgets, contracts, legal bills, ordinances, personnel issues, public-safety matters, and community funding. Back pain forces Plaintiff to shift, stand, lose focus, and expend cognitive energy on pain control rather than agenda analysis. Pain also worsens sleep, concentration, and emotional regulation. When the City denies seating that would reduce pain, it impairs the very conditions needed for informed voting.

## IV. ONE-MINUTE LIMITS, BELLS, AND THREATS OF REMOVAL MAKE LIVE DELIBERATION INACCESSIBLE

Plaintiff needs a meaningful opportunity to process complex questions and motions. A one-minute limit may be administratively convenient, but in practice it can function as a disability barrier when Plaintiff is trying to sequence a thought, read written accommodation notes, understand a motion, or clarify a question before voting. A bell or alarm at the wrong moment disrupts working memory and can erase the line of thought Plaintiff needs to complete an answer. Threats of removal or arrest intensify the impairment because Plaintiff must simultaneously process the agenda item and the threat of public police action.

## V. THE CARMELITA EVIDENCE PROVES SELECTIVE ADMINISTRATION OF TITLE II ACCESS

The City gave a member of the public a direct interactive-process contact with Carmelita Underwood for an ADA accommodation request. At the same time, Plaintiff was removed from

Carmelita's handling by an April 7 letter signed by Milan Mrakich and routed to Roxanne Lerma/City Manager channels. This is not a neutral reorganization. It is Plaintiff-specific treatment that places the disabled Councilmember into a separate pathway controlled by officials whose actions are disputed in this case.

## VI. EMERGENCY RELIEF IS NARROW AND PRACTICAL

Plaintiff does not ask the Court to run the City. Plaintiff asks the Court to preserve equal access while this case proceeds: neutral ADA review, effective agenda materials, seating that reduces pain, adequate processing time, non-audible time cues, meaningful 360-degree recording support, and limits on using the Communication Protocol to block ADA implementation or official access. These measures do not alter City government. They allow Plaintiff to participate in it.

Dated: July 2, 2026

/s/ John Doe

John Doe, Plaintiff in Pro Per