**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | District Judge: Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge: Hon. Michael B. Kim |
| CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50, | **DECLARATION OF JOHN DOE IN SUPPORT OF EMERGENCY SUPPLEMENTAL NOTICE AND EX PARTE REQUEST RE DOCKET 27** |
| Defendants. | |

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I am proceeding in propria persona. I have personal knowledge of the facts stated in this declaration and could testify competently to them if called as a witness.

2. I am an elected Councilmember of the City of West Covina. I am a qualified individual with disabilities. My disabilities affect auditory processing, working memory, executive functioning, sensory regulation, concentration, pain tolerance, and my ability to process rapid live-meeting events under stress.

3. Docket 27 remains important because the Court's Docket 26 order identified the need for a more precise access-nexus record. I filed Docket 27 to correct the record and explain how each accommodation affects specific Council functions.

4. On April 7, 2026, Milan Mrakich signed a letter stating that Roxanne Lerma would be the ADA/Section 504 Coordinator for my requests and that Carmelita Underwood would no longer be responsible for receiving, responding to, or evaluating any of my requests. A true and correct copy is Exhibit C.

5. On July 1, 2026, I received an email chain showing Carmelita Underwood scheduling and confirming an interactive-process meeting with a member of the public regarding an ADA accommodation request for wheelchair/mobility access. A true and correct copy is Exhibit D.

6. This made clear to me that Carmelita remains involved in ADA/Title II accommodation work for the public while I was singled out and routed away from her into a separate process controlled by the City Manager's Office.

7. I believe this separate process is discriminatory and retaliatory because my ADA complaints concern Milan Mrakich, the City Manager's Office, meeting access, staff access, and the City's handling of my medical/accommodation information.

8. Milan Mrakich also issued a Communication Protocol requiring Councilmembers to route communications and City Hall access through the City Manager's Office. A true and correct copy is Exhibit E.

9. I previously reported to the West Covina Police Department that Milan threatened to shoot me if anything happened to his father. The police report attached as Exhibit F documents the report. I felt alarmed and genuinely scared. I took the statement seriously and felt concerned for my safety.

10. Being forced to route ADA implementation, staff communication, City Hall access, records access, and official inquiries through the same person I reported for a shooting threat causes me serious distress and chills my ability to perform official duties.

11. On June 23, 2026, Milan signed an accommodation determination denying or narrowing multiple accommodations. A true and correct copy is Exhibit G. That letter denied or limited my 360-degree recording configuration, USB agenda access, ergonomic seating, remote participation, live processing time, voting-related procedures, and speaker-bell modifications.

12. I am suffering physically. My back pain worsens when I am forced to sit for long meetings or review long packets without appropriate ergonomic support. Pain makes it harder for me to concentrate, process information, and remain in meetings.

13. I am suffering cognitively and emotionally. Abrupt interruption, a one-minute timer, bell sounds, threats of removal, and rapid compound questioning interfere with my ability to process motions, ask questions, finish thoughts, and vote accurately.

14. My ability to vote is directly affected. I need time to understand staff presentations, legal advice, public comments, motions, amendments, and fiscal consequences. If I cannot process before the vote, the harm cannot be fixed later.

15. I am not asking for special treatment. I am asking for equal access to perform the essential public duties of my office without disability-based barriers and retaliation.

16. I respectfully ask the Court to act immediately because each Council meeting and agenda cycle creates a new risk of irreparable harm to me and to the constituents I represent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 2, 2026, in Los Angeles County, California.

/s/ John Doe

John Doe

Declaration re Dkt. 27 Emergency Supplement