JOHN DOE, Plaintiff in Pro Per
Protected Party Proceeding Under Pseudonym
Safe at Home Confidential Mailing Address
P.O. Box 1679, MS 5892
Sacramento, California 95812
Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **JOHN DOE, an individual,**<br>Plaintiff,<br><br>v.<br><br>**CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,**<br>Defendants. | **Case No. 2:26-cv-03659-MEMF-MBK**<br><br>District Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Michael B. Kim<br><br>**PLAINTIFF JOHN DOE'S EX PARTE APPLICATION FOR LEAVE TO SUBMIT JULY 4, 2026 NEWLY OCCURRING EVIDENCE; EMERGENCY SUPPLEMENTAL NOTICE OF ONGOING RETALIATION, PHYSICAL INTERFERENCE, ADA INTERFERENCE, AND REQUEST FOR PROMPT RULING ON PENDING EX PARTE APPLICATIONS [DKT. 27 AND RELATED EMERGENCY REQUESTS]** |

## EX PARTE APPLICATION AND EMERGENCY SUPPLEMENTAL NOTICE

Plaintiff John Doe respectfully submits this ex parte application for leave to submit newly occurring evidence from the City of West Covina July 4, 2026 fireworks event and to request immediate consideration of the pending emergency filings, including Docket 27, Plaintiff's ex parte application for clarification or reconsideration of the Court's order denying temporary restraining relief, and Plaintiff's later emergency ADA supplements and renewed requests for interim relief.

This filing is not an attempt to relitigate old facts. It presents new conduct that occurred after the prior emergency filings: Plaintiff alleges that Mayor Leticia Salazar Lopez-Viado, who is already a named individual-capacity defendant, physically interfered with Plaintiff while he was speaking at a City event by controlling, pulling, or yanking a microphone that Plaintiff was

1

holding, while allowing Councilmember Tony Wu to speak while holding the microphone.

The new evidence is submitted as Exhibit A. It is Plaintiff's contemporaneous July 5, 2026 cease-and-desist and preservation notice to Mayor Lopez-Viado, City officials, and counsel, together with the automated delivery failure showing that defense counsel Roger Scott's Buchalter email address rejected Plaintiff's notice based on security or policy settings. Exhibit A is submitted publicly; Plaintiff is not requesting sealing for this attachment.

## I. RELIEF REQUESTED

1. Grant leave to submit Exhibit A as newly occurring evidence in support of Plaintiff's pending emergency filings, including Docket 27 and Plaintiff's pending renewed requests for temporary restraining or interim ADA relief.

2. Consider Exhibit A together with the pending ex parte applications and supplemental filings because the July 4 incident directly bears on ongoing irreparable harm, First Amendment retaliation, viewpoint discrimination, ADA interference, equal access, and the need for immediate noninterference relief.

3. Issue an expedited order requiring Defendants and their officers, agents, employees, attorneys, and persons acting in concert with them to preserve all July 4, 2026 fireworks event evidence, including video, audio, photographs, microphone assignments, event instructions, text messages, emails, staff communications, police/security communications, and communications concerning which elected officials were permitted to hold or control microphones.

4. Pending a hearing or further order, prohibit Defendants and persons acting in concert with them from physically interfering with Plaintiff while he is speaking, holding a microphone, using an accommodation, reviewing materials, voting, or participating in a City meeting or City event, absent a legitimate safety emergency that is applied equally and documented.

5. Require the City to apply microphone, speaking, time, and event-control rules equally to all Councilmembers and not based on viewpoint, disability, ADA activity, litigation activity, FPPC complaints, or public-integrity oversight.

6. Require defense counsel to designate a functioning email address for ex parte notice and service or to ensure Plaintiff's email/domain is not blocked, because Exhibit A shows that Plaintiff's attempted notice to Roger Scott was rejected by Buchalter's security/policy filter.

7. Set an emergency briefing schedule or hearing, or rule promptly on the pending emergency applications before further Council meetings and public events expose Plaintiff to the same conduct.

## II. NEWLY OCCURRING FACTS

Plaintiff is an autistic elected Councilmember. His federal case alleges that the City and individual officials have denied or obstructed accommodations, selectively enforced meeting rules, used the Communication Protocol to isolate him, disclosed ADA/medical-accommodation information, and retaliated against him for protected ADA activity, public-integrity oversight, and federal litigation. Those harms are ongoing because Plaintiff must continue participating in Council meetings, agenda review, voting, staff communication, public events, and constituent representation.

On July 4, 2026, at approximately 8:50 p.m., during the City fireworks event, Plaintiff alleges that Mayor Lopez-Viado selectively controlled the microphone. Plaintiff alleges that Mayor Lopez-Viado allowed Councilmember Tony Wu to speak while holding the microphone. When Plaintiff spoke, however, Mayor Lopez-Viado held the microphone and forcefully pulled, yanked, or attempted to take control of the microphone while Plaintiff was holding it.

Plaintiff immediately understood the conduct as part of the same pattern alleged in the operative case: favored speakers or favored viewpoints receive leniency and control; Plaintiff receives interruption, physical interference, intimidation, and unequal treatment. This is especially harmful because Plaintiff's disability affects processing, sensory regulation, rapid response, communication under stress, and the ability to remain regulated during public conflict.

On July 5, 2026, Plaintiff sent a written cease-and-desist and preservation notice. Exhibit A. The notice warned Mayor Lopez-Viado to stop physical interference, microphone grabbing, selective enforcement, retaliation, and disability-related interference. Exhibit A also shows that Plaintiff attempted to include Roger Scott, but the email to rscott@buchalter.com was rejected by Buchalter's security or policy settings.

This evidence matters for two reasons. First, it is contemporaneous notice and preservation evidence following newly occurring conduct. Second, it shows an additional practical barrier to emergency notice: defense counsel's email system rejected Plaintiff's message. Defendants should not be permitted to claim lack of notice while their email-security configuration blocks Plaintiff's communications.

## III. WHY THE NEW EVIDENCE IS RELEVANT TO THE PENDING EMERGENCY MOTIONS

The Court previously required a precise access nexus and evidence of concrete, ongoing harm. The July 4 incident supplies additional concrete evidence. Physical interference with a microphone while an elected official is speaking is not merely poor etiquette. It is a physical manifestation of the same alleged pattern: viewpoint-based control of speech, unequal treatment of Plaintiff compared to favored Councilmembers, and disability-related interference with Plaintiff's ability to communicate and represent constituents.

The new evidence is directly relevant to Plaintiff's First Amendment claims. Government officials may enforce reasonable time, place, and manner rules, but they may not apply those rules based on viewpoint or use procedural control as a pretext to burden disfavored speech. Plaintiff alleges that the Mayor allowed Tony Wu to hold the microphone while speaking but physically controlled or pulled the microphone when Plaintiff spoke. That disparate treatment is evidence of viewpoint-based enforcement and retaliation.

The evidence is also directly relevant to ADA Title II and Section 504. Plaintiff's disability requires predictable, non-hostile, accessible communication conditions, time to process, and the ability to communicate without abrupt physical interference. An autistic Councilmember cannot meaningfully participate if the presiding official or Mayor physically controls the instrument of speech while allowing a favored Councilmember to speak freely.

This conduct also bears on irreparable harm. The loss of First Amendment freedoms, even briefly, is irreparable. ADA access harms are also irreparable when they affect ongoing public meetings, public events, voting, deliberation, and the ability to perform elected duties. Money damages cannot restore a City event already tainted by physical interference, nor can they make an upcoming Council meeting accessible if the Court does not act before the next meeting.

## IV. LEGAL BASIS

Federal Rule of Civil Procedure 54(b) allows the Court to revise interlocutory orders before final judgment. Local Rule 7-18 permits reconsideration on limited grounds, including material differences in fact or law, new material facts, or a manifest showing that material facts were not considered. Local Rule 7-19 governs ex parte applications and requires notice and a showing of why emergency relief is necessary. Plaintiff submits this application because the new July 4 conduct occurred after earlier emergency filings and affects imminent City meetings and events.

Title II of the ADA provides that no qualified individual with a disability shall, by reason of disability, be excluded from participation in, denied the benefits of, or subjected to discrimination in a public entity's services, programs, or activities. 42 U.S.C. section 12132. Public entities must make reasonable modifications to policies, practices, and procedures when

necessary to avoid disability discrimination unless the entity proves fundamental alteration. 28 C.F.R. section 35.130(b)(7). Public entities must also ensure effective communication, give primary consideration to the individual's requested auxiliary aid or service, and provide aids in a way that protects privacy and independence. 28 C.F.R. section 35.160.

The ADA also prohibits retaliation and interference. 42 U.S.C. section 12203 and 28 C.F.R. section 35.134 prohibit coercion, intimidation, threats, or interference with the exercise or enjoyment of ADA rights. Plaintiff alleges that the Mayor's July 4 conduct occurred in the context of ongoing ADA complaints, federal litigation, and repeated accommodation disputes. A disabled elected official should not have to choose between speaking at a public event and risking physical interference with the microphone or other communication tools.

The First Amendment protects elected officials' speech and political expression. Bond v. Floyd, 385 U.S. 116 (1966), recognizes that elected legislators do not surrender First Amendment rights. Boquist v. Courtney, 32 F.4th 764 (9th Cir. 2022), recognizes that retaliation against an elected official for protected political speech can violate the First Amendment. Public meeting restrictions must be tied to actual disruption, not official dislike of a viewpoint. See White v. City of Norwalk, 900 F.2d 1421 (9th Cir. 1990); Norse v. City of Santa Cruz, 629 F.3d 966 (9th Cir. 2010); Acosta v. City of Costa Mesa, 718 F.3d 800 (9th Cir. 2013).

The new evidence also relates to Plaintiff's Bane Act and equal-protection theories. When an official physically interferes with a speaker's microphone while treating a favored Councilmember differently, that conduct is evidence of selective enforcement, coercion, and unequal treatment. Plaintiff does not ask the Court to decide final liability on this application. Plaintiff asks the Court to accept the new evidence, preserve the status quo, prevent further physical interference, and act on the pending emergency applications.

## V. EX PARTE URGENCY

Ex parte relief is justified because the conduct is ongoing and recurring. Plaintiff must continue participating in City meetings, events, agenda review, public communications, and votes. The next public meeting cycle presents renewed risk of the same interference. A noticed motion would not protect Plaintiff before the next event or meeting.

The requested relief is narrow. Plaintiff does not ask the Court to manage every Council meeting or public event. Plaintiff asks only for leave to submit the new evidence, preservation of July 4 evidence, a prompt ruling or emergency hearing on pending applications, and interim noninterference directions that prohibit physical interference and require equal application of microphone and speech-control rules.

## VI. NO SEALING REQUEST

Plaintiff is not asking to seal Exhibit A. It contains public-official communications, a cease-and-desist notice, and an automated delivery report. Plaintiff does not submit medical records, Safe at Home address information, or unredacted sensitive medical documentation with this packet.

## VII. CONCLUSION

The Court has before it pending emergency requests concerning ADA access, retaliation, and the City's ongoing interference with Plaintiff's ability to perform elected duties. The July 4 incident shows that the harm has not stopped. It has become physical. Plaintiff respectfully requests that the Court grant leave to submit Exhibit A, consider it with Docket 27 and related emergency filings, preserve the July 4 evidence, and enter immediate narrow interim relief prohibiting further physical interference, selective microphone control, and retaliation.

Dated: July 6, 2026

Respectfully submitted,


/s/ John Doe

John Doe, Plaintiff in Pro Per

6