JOHN DOE, Plaintiff in Pro Per
Protected Party Proceeding Under Pseudonym
Safe at Home Confidential Mailing Address
P.O. Box 1679, MS 5892
Sacramento, California 95812
Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **JOHN DOE, an individual,** <br> Plaintiff, <br><br> v. <br><br> **CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,** <br> Defendants. | **Case No. 2:26-cv-03659-MEMF-MBK** <br><br> District Judge: Hon. Maame Ewusi-Mensah Frimpong <br> Magistrate Judge: Hon. Michael B. Kim <br><br> **DECLARATION OF JOHN DOE IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO SUBMIT JULY 4, 2026 NEWLY OCCURRING EVIDENCE AND EMERGENCY REQUEST FOR PROMPT RULING** |

# DECLARATION OF JOHN DOE

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I am an elected Councilmember for the City of West Covina and I proceed in propria persona. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. I am autistic and have disability-related limitations affecting auditory processing, sensory regulation, working memory, executive functioning, communication under stress, and processing speed. I also experience pain and physical limitations that affect my ability to participate in long meetings and public events without accommodation.

3. This declaration concerns a new event that occurred after my prior emergency filings. On July 4, 2026, at approximately 8:50 p.m., during the City of West Covina fireworks event, I participated as an elected Councilmember.

4. At that event, I observed Mayor Leticia Salazar Lopez-Viado allow Councilmember Tony Wu to speak while holding the microphone. When I spoke, Mayor Lopez-Viado held the microphone and forcefully pulled, yanked, or attempted to take control of the microphone while I was

holding it.

5. I experienced that conduct as physical interference with my speech and with my ability to participate as an elected official. It was especially destabilizing because my disability makes sudden physical interference, unpredictable interruption, and hostile live-event situations difficult to process in real time.

6. The incident also affected me because it mirrored the pattern already alleged in this case: favored speakers and favored viewpoints are allowed more freedom, while I am interrupted, controlled, threatened with removal, treated as disruptive, or forced to fight for equal access.

7. This was not an abstract harm. I was holding and using the microphone to speak. The Mayor's physical control of the microphone while I was speaking made me feel humiliated, destabilized, and intimidated. It sent the message that my voice could be physically controlled when the Mayor disagreed with me or did not want me to speak freely.

8. I am required to continue attending City meetings and public events, reviewing agenda materials, speaking with residents, deliberating, and voting. If this conduct is not addressed, I reasonably fear that similar physical interference, microphone control, or selective enforcement will recur at future public events or Council meetings.

9. On July 5, 2026, I sent a cease-and-desist and preservation notice to Mayor Lopez-Viado, Roger Scott, and City officials. A true and correct copy of that email and related automated delivery report is attached as Exhibit A.

10. The email to Roger Scott at Buchalter was rejected by Buchalter's security or policy settings. The automated message states that the message could not be delivered to rscott@buchalter.com because security or policy settings at buchalter.com rejected the message.

11. I submit Exhibit A to show contemporaneous notice, preservation demand, and the fact that counsel's email system rejected my notice. I am concerned that defense counsel may later claim lack of notice even though their own email system blocked the message.

12. I am not submitting this evidence to harass anyone. I am asking the Court to consider newly occurring evidence that directly relates to my pending emergency motions, ADA access, First Amendment retaliation, selective enforcement, and the need for immediate noninterference relief.

13. I respectfully ask the Court to grant leave to submit Exhibit A, consider it with Docket 27 and my related emergency filings, preserve evidence from the July 4 event, and enter narrow interim relief prohibiting further physical interference with my microphone, speaking devices, ADA accommodations, or ability to participate in City meetings and public events.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 6, 2026, at West Covina, California.

/s/ John Doe

John Doe