**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ  (SBN:  358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br>            Petitioner,<br><br>        vs.<br><br>CITY OF WEST COVINA,<br>            Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS M-O UNDER SEAL [Docket No. 79]** |

## I.    INTRODUCTION

John Doe seeks to seal Exhibits M through O in their entirety.  (ECF No. 79.)  His request should be denied because he has not carried his burden of overcoming the strong presumption of public access to judicial records, nor has he demonstrated that wholesale sealing is narrowly tailored to any legitimate confidentiality interest.

The Ninth Circuit requires a party seeking to seal judicial records to provide compelling reasons supported by specific facts and to request relief that is narrowly tailored.  Mr. Doe has not done so.  Instead, he relies on generalized assertions concerning safety concerns, confidentiality, and participation in California's Safe at Home program.  Those assertions do not automatically entitle a litigant to seal documents or relieve him of his burden to satisfy the applicable federal standard.

Here, Mr. Doe seeks to seal two form letters from the EEOC that contain absolutely no confidential information at all, and merely state that the EEOC intends to reconsider its prior rulings.[1]  Mr. Doe also seeks to seal, in its entirety, a letter from the City to him regarding his ADA accommodations that Mr. Doe himself has previously publicly filed without redaction.

Because John Doe has not made the particularized showing required to overcome the public's right of access, and because any legitimate confidentiality concerns can be addressed through far narrower means than wholesale sealing, his application should be denied or, at minimum, limited to specific redactions supported by a particularized factual showing.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1135 (9th Cir. 2003).  This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686

---

[1] The "CONFIDENTIAL" stamp on one of the documents appears to have been added by Mr. Doe, not the EEOC.

BUCHALTER LLP
IRVINE

111296083v2                                         1

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 79)**

F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[J]udicial records are public documents almost by definition, and the public is entitled to access by default.") (citation omitted).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events." *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits.  *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted).  The "compelling reasons" standard applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction.  *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  The burden is not satisfied by conclusory assertions.  *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

The fact that information is designated as confidential is not a sufficiently compelling reason to justify sealing a judicial record that is more than tangentially related to the merits of a case.  *TML Recovery, LLC v. Cigna Corporation*, 714 F.Supp.3d 1214, 1218 (2024).  The relevant standard is only met once a party provides compelling reasons, supported by facts, to explain why the risk of harm that spurred the confidential designation overcomes the traditional presumption of public access.  *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 766 (N.D. Cal. 2025).

Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome.  It also requires a proposed order narrowly tailored to seal only the sealable material.

**III. ARGUMENT**

 **A. Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records**

Mr. Doe's application does not overcome the Ninth Circuit's strong presumption of public access to judicial records.  Although Mr. Doe characterizes Exhibits M through O as involving EEOC proceedings, ADA issues, retaliation, and accommodation requests, he offers only broad and conclusory assertions regarding confidentiality.  (ECF No. 79.)  He does not identify any specific information within the exhibits that warrants sealing under the applicable federal standard, nor does he explain why public access to the documents would cause a concrete and particularized harm.  Mr. Doe states only that the exhibits contain "ADA, medical, agency-charge, retaliation, and accommodation information" and that disclosure could increase the risk of retaliation, stigma, and misuse of information.  *Id.*  Those generalized assertions are insufficient to establish compelling reasons for sealing.

 1. <u>Exhibits M and N are administrative EEOC documents that do not disclose personal information</u>

Exhibits M and N consist of correspondence from the EEOC concerning reconsideration and reopening of administrative charges.  The documents do not disclose medical diagnoses, treatment records, private health information, witness statements, investigative materials, or other information traditionally recognized as warranting sealing.  Rather, they reflect procedural agency communications informing the parties that the EEOC reopened its investigation and vacated a prior

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 79)**

dismissal.  The EEOC action is directly relevant to claims at issue in this action, and Mr. Doe seeks to submit EEOC documents to support his argument of ADA violation.  The fact that a document relates to an EEOC charge does not establish a compelling reason to remove it from public view.

Nor does the designation "CONFIDENTIAL" appearing on Exhibit M establish that the document should be sealed.  Confidentiality designation is not dispositive of whether judicial records may be withheld from the public.  Exhibit M contains largely procedural information regarding the EEOC's decision to reopen the charge and expressly states that reopening is not a determination that the allegations are true or supported by reasonable cause.  (Doc. 79-1.)

2. <u>Exhibit O was publicly filed by Mr. Doe, and does not contain private information</u>

Mr. Doe has placed Exhibit O into the public record by filing it publicly, rendering his request to seal it moot.  (Doc. 79-1.)  Judicial records are public documents almost by definition, and the public is entitled to access by default. *Kamakana* 447 F.3d at 1180 (9th Cir. 2006).  Mr. Doe makes no explanation for why a document that he filed publicly with the court should be sealed.

Further, Exhibit O is not a medical record or healthcare document.  Rather, it is a letter from the City responding to Mr. Doe's requests concerning meeting procedures and requested accommodations, including the use of notes during meetings, a USB drive, an ergonomic chair, a 360-degree camera, and additional time to vote during City Council meetings.  While the letter discusses accommodation requests, these references are directly relevant to Mr. Doe's claims under the ADA and do not disclose any private medical information other than information regarding disabilities which Mr. Doe has placed at issue in this action. Mr. Doe has not identified any specific portion of Exhibit O that would reveal private medical information or otherwise justify wholesale removal of the document from public access.

BUCHALTER LLP
IRVINE

111296083v2

4

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 79)**

**B.    Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits.  Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material.  Mr. Doe's application does the opposite.  It asks to seal Exhibits M through O wholesale, without identifying what specific text must be withheld from public access.

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice.  *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (2024).  Mr. Doe has not made that showing.  If Mr. Doe believes any particular line contains sealable information, he must identify that information, explain the specific harm from disclosure, and propose a narrowly tailored redaction.

**IV.    CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED:  July 6, 2026                    BUCHALTER LLP


                                         By:  */s/ Roger L. Scott*
                                                   Roger L. Scott
                                              Attorney for Respondent
                                              City of West Covina

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 79)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 6, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

/s/ Roger L. Scott
*Roger L. Scott*

BUCHALTER LLP
IRVINE

**CERTIFICATE OF SERVICE**

111296083v2