UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JOHN DOE, an individual,

Plaintiff,

v.

CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,

Defendants.

Case No. 2:26-cv-03659-MEMF-MBK

District Judge: Hon. Maame Ewusi-Mensah Frimpong

Magistrate Judge: Hon. Michael B. Kim

**PLAINTIFF JOHN DOE'S REPLY IN SUPPORT OF COMPLETE SEALING OF EXHIBITS M-O [DKT. 79] AND RESPONSE TO DEFENDANT CITY OF WEST COVINA'S OPPOSITION [DKT. 94]**

**I. INTRODUCTION**

Plaintiff John Doe submits this reply because Defendant City of West Covina, through Roger Scott and Buchalter LLP, asks this Court to force public disclosure of active EEOC and ADA accommodation materials. Dkt. 94 is not a neutral public-access argument. It is an effort to place Plaintiff's active disability-administrative record and accommodation determination on a public federal docket while Plaintiff alleges that Defendants and their agents have already disclosed, minimized, and weaponized his ADA accommodation information.

This filing is not a request for partial redaction. Plaintiff seeks complete

1

sealing of Exhibits M through O. Plaintiff does not consent to public redactions, line-by-line disclosure, public excerpts, or any public version that reveals the active EEOC investigation, the EEOC reconsideration/reopening activity, or the City's ADA accommodation determination tied to that active investigation.

Plaintiff is the plaintiff in this action. The operative federal case names the City of West Covina, Milan M. Mrakich, Leticia Salazar Lopez-Viado, and Does 1-50 as Defendants. The caption in Dkt. 94 is outdated and incomplete. The sealing issue must be analyzed in the operative civil-rights case, not as though this remains a single-respondent petition. The documents at issue concern the conduct and defenses of the municipal entity and individual defendants.

Complete sealing is narrowly tailored because the request is limited to three exhibits. Plaintiff does not ask to seal the entire case, the entire motion, or the parties' legal arguments. The public can understand the dispute from the public filings. What the public does not need, and what federal and disability law protect, is the public docket disclosure of active EEOC charge-file material and ADA accommodation determinations.

Dkt. 94 proves the need for sealing. It publicly describes Plaintiff's accommodation categories, including notes, USB access, ergonomic seating, 360-degree recording, and additional voting time. Those are the exact disability-access issues Plaintiff seeks to protect from further public misuse. Defendant cannot use the public docket to repeat the disclosure and then argue that disclosure causes no harm.

## II. EXHIBITS M AND N ARE ACTIVE EEOC INVESTIGATION MATERIALS

Defendant characterizes Exhibits M and N as harmless form letters. That characterization is legally and factually wrong. Dkt. 94 admits those exhibits concern the EEOC's reconsideration, reopening, or vacatur of prior administrative action. In other words, Exhibits M and N reveal active EEOC administrative

activity involving Plaintiff's disability and retaliation charges.

Active EEOC charge materials are not ordinary public documents. Federal law treats EEOC charge information and information obtained during charge investigations as confidential before the institution of a proceeding involving that information. See 29 C.F.R. section 1601.22. The EEOC's availability-of-records regulation further states that, under sections 706 and 709, case files involved in the Commission's administrative process are not available to the public. See 29 C.F.R. section 1610.17(g).

The ADA incorporates Title VII enforcement procedures through 42 U.S.C. section 12117(a). Title VII's confidentiality provisions, including sections 706(b) and 709(e), are part of the statutory scheme protecting charge information before public litigation. Defendant's opposition ignores that a limited agency disclosure to a charging party is not the same as public disclosure through PACER.

The EEOC itself explains that charge information is confidential and not disclosed to the public. The EEOC may share information with the charging party and respondent during the investigation, but that does not authorize the parties to publish active charge-file materials on a court docket. Defendant's argument collapses the distinction between limited administrative access and public dissemination.

The confidentiality harm here does not depend on whether the letters contain a full medical diagnosis, treatment note, or witness statement. Their disclosure identifies and publicizes active EEOC disability-charge activity, agency reconsideration/reopening status, and the existence of ongoing administrative review tied to the same ADA dispute being litigated here. That is enough to justify complete sealing.

**III. EXHIBIT O IS AN ADA ACCOMMODATION DETERMINATION TIED TO THE ACTIVE EEO FEDERAL ADA DISPUTE**

Defendant calls Exhibit O a letter about meeting procedures. That is a deliberate understatement. Exhibit O is the City's accommodation determination addressing Plaintiff's requested disability-access measures, including written materials, USB/local agenda access, ergonomic seating, 360-degree recording, timing/processing accommodations, and meeting participation.

Those are not generic political preferences. They are the core ADA, Section 504, effective-communication, retaliation, and interference issues in this case. The City issued Exhibit O because Plaintiff requested disability accommodations. The document discusses the City's response to those requests. It is therefore part of the ADA accommodation record and directly tied to the active EEOC investigation.

Publicly filing Exhibit O would expose the substance of Plaintiff's accommodation process, the City's view of his accommodations, and the specific disability-access tools that Plaintiff alleges were later minimized, politicized, or weaponized. Defendant's claim that the letter contains no private information is wrong because the accommodation itself reveals functional disability needs.

A 360-degree recording device, USB agenda access, ergonomic seating, additional processing or voting time, written supports, and meeting-structure accommodations reveal functional limitations even when the diagnosis label is omitted. ADA accommodation records can be sensitive because the accommodation discloses the access barrier.

For that reason, Exhibit O should be sealed in full. Redacting individual words would not protect the substance. The entire document is an ADA accommodation determination. The entire document is intertwined with active EEOC and federal ADA issues.

## IV. COMPLETE SEALING IS THE NARROWLY TAILORED REMEDY

Defendant argues that complete sealing is not narrow. That is incorrect. The request is limited to three exhibits. The public briefs remain public. The case

remains public. The legal arguments remain public. The docket can state that Exhibits M and N are active EEOC materials and that Exhibit O is an ADA accommodation determination without exposing the documents themselves.

Complete sealing of Exhibits M-O is narrower than the alternative Defendant demands. Defendant asks the Court to force public docket disclosure of active EEOC and ADA accommodation records. Plaintiff asks only that three exhibits be preserved for Court review without public release.

Redaction is not adequate because the sealable information is not isolated. For Exhibits M and N, the whole document is active EEOC charge-file communication. For Exhibit O, the whole document is the City's ADA accommodation determination. A redacted public version would either reveal the protected information or become a blank placeholder that adds nothing to public understanding.

The Local Rule requirement of narrow tailoring does not mean the Court must perform meaningless line redactions where the entire exhibit is sealable. It means the Court should seal no more than necessary. Here, sealing three exhibits in full is no more than necessary because the entire exhibits are the protected administrative/accommodation record.

## V. DEFENDANT'S OPPOSITION MISAPPLIES THE PUBLIC-ACCESS PRESUMPTION

Plaintiff recognizes the public-access presumption. Plaintiff also recognizes that sealing requires specific reasons. The specific reasons here are concrete: active EEOC investigation, active agency reconsideration/reopening status, ADA accommodation-process material, disability-related functional access information, retaliation risk, safety risk, and the documented history of public misuse of Plaintiff's accommodation information.

The public-access doctrine is not a weapon to defeat EEOC confidentiality and ADA privacy. It exists to permit public understanding of judicial proceedings. Public understanding does not require public access to Plaintiff's active EEOC charge

communications or the City's ADA accommodation determination.

Defendant cites cases requiring compelling reasons. Those cases do not hold that EEOC charge-file materials and ADA accommodation determinations must be public. They require a particularized showing. Plaintiff makes that showing here: the documents are active EEOC/ADA materials; disclosure would reveal ongoing agency proceedings and disability-accommodation details; and the public record already contains sufficient information to understand the dispute without the exhibits.

## VI. DEFENDANT'S WAIVER ARGUMENT IS WRONG

Defendant suggests Plaintiff placed his disability and accommodations at issue, and therefore the public may see the accommodation materials. That theory would punish disabled litigants for enforcing civil rights. ADA plaintiffs necessarily must discuss disability and accommodation denial. That does not waive every privacy interest in the underlying accommodation record.

If asserting ADA rights automatically opened the entire accommodation file, disabled litigants would be forced to choose between privacy and enforcement. That is not the law. Courts can protect sensitive records while permitting public litigation of legal issues.

Nor does any prior pro se, mistaken, pressured, or partial public filing justify compelled public disclosure now. Plaintiff has repeatedly had to prove ongoing ADA harm while simultaneously trying to protect his private disability information. Defendant should not be allowed to manufacture waiver by forcing Plaintiff to use evidence of ADA harm and then arguing that the evidence must be public because Plaintiff used it.

The Court should reject waiver. Plaintiff expressly does not consent to public disclosure of Exhibits M-O. Plaintiff seeks complete sealing now before the harm is repeated through public docket access.

## VII. TITLE II PRIVACY AND INDEPENDENCE CONFIRM THE NEED FOR SEALING

Title II requires effective communication to be provided in a manner that protects the privacy and independence of the individual with a disability. 28 C.F.R. section 35.160(b)(2). That principle applies directly to this dispute. Plaintiff alleges that Defendants turned disability-access tools into public controversy. Public filing of Exhibits M-O would continue that injury.

ADA retaliation and interference law also matters. 42 U.S.C. section 12203 and 28 C.F.R. section 35.134 prohibit coercion, intimidation, threats, and interference with the exercise of ADA rights. Publicly exposing active EEOC and accommodation materials in a case alleging retaliation and interference increases the risk that Plaintiff and others will be deterred from using ADA processes.

Defendant's opposition sends a dangerous message: if a disabled person uses EEOC and ADA documents to prove a public entity's ongoing violations, the public entity may force those same documents into public view. That would chill ADA and EEOC enforcement. The Court should not adopt that rule.

## VIII. THE FACT THAT THE DOCUMENTS SUPPORT EMERGENCY RELIEF DOES NOT MAKE

Defendant argues the exhibits relate to relief sought in this case. That is true, but not dispositive. Many sealed documents are relevant to the merits. The question is whether compelling reasons justify sealing despite relevance. Active EEOC investigation materials and ADA accommodation determinations satisfy that standard here.

The Court can consider Exhibits M-O under seal. The public can see the Court's reasoning and the parties' legal positions without receiving the underlying active agency and accommodation records. That balance respects both public access and federal confidentiality policy.

## IX. REQUESTED RELIEF

Plaintiff respectfully requests that the Court: (1) grant Plaintiff's Application to File Exhibits M-O Under Seal [Dkt. 79] in full; (2) deny Defendant City of West Covina's Opposition [Dkt. 94]; (3) order Exhibits M, N, and O sealed completely; (4) direct the Clerk to maintain those exhibits under seal and restrict any public access to unredacted versions; (5) prohibit any party from publicly quoting, reproducing, republishing, or attaching the contents of Exhibits M-O without further Court order; and (6) make clear that the sealing order does not determine admissibility or evidentiary weight.

Plaintiff further requests that, if the Court believes it cannot grant complete sealing, the Court permit Plaintiff to withdraw Exhibits M-O from consideration rather than compel public disclosure. Plaintiff does not consent to any public filing of Exhibits M-O.

Dated: July 7, 2026

Respectfully submitted,

/s/ John Doe

John Doe

Plaintiff in Pro Per

8