**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | District Judge: Hon. Maame Ewusi-Mensah Frimpong |
| v. | Magistrate Judge: Hon. Michael B. Kim |
| CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50, | |
| Defendants. | |

**DECLARATION OF JOHN DOE IN SUPPORT OF EX PARTE APPLICATION RE JULY 7, 2026 GOPRO / ADA ACCOMMODATION INTERFERENCE**

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration except where stated on information and belief. If called as a witness, I could and would testify competently to these facts.

2. I am an elected Councilmember of the City of West Covina. I am autistic and have documented disability-related limitations affecting auditory processing, working memory, executive functioning, sensory integration, processing speed, stress regulation, and pain during prolonged public meetings.

3. My treating physician, Dr. Henry Chang, issued a supplemental medical necessity letter dated June 8, 2026. Dr. Chang states that a GoPro MAX 2 or equivalent 360-degree recording device remains medically necessary because I need whole-room visual-spatial replay from my actual Council desk perspective to compensate for autism-related auditory-processing, working-memory, sequencing, sensory-integration, and executive-functioning limitations. A true and correct copy or excerpt is attached as Exhibit D.

4. Dr. Chang also states that the City's YouTube/chamber recording is not medically equivalent and that a 360-degree camera that cannot reliably capture the full open meeting is not a functional accommodation. He further states that denial, delay, interruption, public medical questioning, or inconsistent implementation creates foreseeable medical harm including severe emotional distress, sleep disruption, autistic burnout, sensory dysregulation, anxiety symptoms, cognitive fatigue, impaired concentration, and worsening pain.

5. On June 23, 2026, the City issued a letter regarding my accommodations. The City stated that a 360-degree camera was available for my use and suggested that I had refused to use it. The City also stated that it would acquire a 512GB memory card. A true and correct copy is attached as Exhibit E.

6. On July 7, 2026, at approximately 12:26 p.m., City Manager Milan Mrakich texted me, 'Hey Brian, give me a call when you're free.' A true and correct screenshot is attached as Exhibit A. I called him. He told me that my GoPro was ready to be picked up at City Hall around 3:00 p.m.

7. At approximately 3:00 p.m., I met with Milan Mrakich and Assistant City Manager / ADA Coordinator Roxanne Lerma. They provided me the GoPro/360-degree recording device and related accessories. Roxanne Lerma later sent an email confirming receipt of a 512GB memory card and adapter, a dual battery charger, two Enduro rechargeable batteries, and a protective case. A true and correct copy is attached as

Exhibit C.

8. During the pickup conversation, Ms. Lerma stated in substance that the City would manage or control the GoPro and decide where it would be placed. I told her and Mr. Mrakich that this defeated the purpose of the accommodation because I need the recording from my Council desk perspective, as my doctor explained.

9. Ms. Lerma stated in substance that she did not want to get in trouble with the Council majority. I also recall Ms. Lerma and Mr. Mrakich discussing that Roger Scott was involved in the instructions to LCW labor lawyers concerning my accommodations. I understand these are serious statements, and I ask the Court to require the City and counsel to preserve and identify all communications concerning who instructed LCW, City staff, or officials to deny, limit, control, or reclassify my accommodations.

10. Later that evening, before the July 7 City Council meeting had started, I attempted to use the GoPro at my Council desk. At approximately 7:15 p.m., Mayor Leticia Salazar Lopez-Viado and City Manager Milan Mrakich approached me. They demanded that I stop recording and give the GoPro to IT or City staff. They threatened me with police involvement, removal, and/or arrest if I did not comply.

11. I told Mayor Lopez-Viado, Mr. Mrakich, and the officers that the GoPro was a medically recommended ADA accommodation and that the City had just given it to me that day after months of dispute. I warned the officers not to enforce an unconstitutional or discriminatory directive.

12. I was approached by West Covina Police Department personnel. The GoPro recording captured portions of the incident. I recall Captain Keith Freeman and Lieutenant Enrique explaining that they were being put in a bad position by the Mayor or City officials and that they had been asked to confiscate the GoPro or make me stop recording. The native video is available and I have identified a YouTube link in Exhibit F so the Court can review it if appropriate.

13. I understand that the Court may require the video to be submitted in another format, and I am prepared to provide the native file, a USB copy, or any format the Court orders.

14. The City officials and police told me that if I did not obtain a court order, they would be forced to act the same way at the next Council meeting on July 17, 2026.

15. I was forced to put away or stop using the GoPro at my Council desk. I lost the very accommodation my doctor states is necessary for my disability-related processing. I was not disrupting the meeting. The meeting had not started when the confrontation began. I was using the device for my ADA accommodation during an open/public Council meeting environment.

16. Mayor Lopez-Viado caused or allowed members of the public to be removed from the room or excluded from the immediate area before threatening me with police action over the GoPro. I felt humiliated, isolated, intimidated, and targeted.

17. I am crying as I prepare this application. I am experiencing severe emotional distress, fear, sleep disruption, and physical pain. I have had medical and hospital-related issues connected to stress, pain, and the ongoing accommodation denial. I am afraid to use accommodations at future meetings without a Court order because the City has shown it will threaten police action when I try.

18. I believe Roger Scott and Buchalter misled this Court and the record by maintaining the position that the GoPro was available for my use while City officials and counsel simultaneously asserted that the City could control it, prevent me from using it, or have police confiscate it. I also believe Roger Scott and Thomas O'Connell were involved in advising City officials on this position based on what City officials told me. I ask the Court to order preservation and identify the communications so the truth can be determined.

19. Attached as Exhibit B are true and correct screenshots/images from the July 7 meeting environment showing the confrontation, police presence, and GoPro accommodation device. The captions on some images were prepared by me to identify what I contend is occurring.

20. I request immediate Court protection because without it the City will repeat the same conduct at the next meeting, and I will again be forced to choose between using my ADA accommodation and risking arrest or removal.

21. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 8, 2026, at West Covina, California.

/s/ John Doe
John Doe

DECLARATION OF JOHN DOE