FILED

CLERK, U.S. DISTRICT COURT

6/19/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Petitioner, <br><br> v. <br><br> CITY OF WEST COVINA, <br><br> Respondent. | Case No. 2:26-cv-03659-MEMF-MBK <br><br> Assigned to District Judge <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Magistrate Judge <br> Hon. Michael B. Kim |

**PLAINTIFF JOHN DOE'S REPLY IN SUPPORT OF APPLICATION TO FILE EXHIBITS B-H AND L UNDER SEAL; RESPONSE TO RESPONDENT CITY OF WEST COVINA'S OPPOSITION [ECF No. 76]; AND SUPPLEMENTAL NOTICE OF ONGOING RETALIATION AND NEW EEOC DEVELOPMENTS**

## I. INTRODUCTION

The City's opposition should be rejected. It asks the Court to punish a disabled, autistic, self-represented litigant for procedural sealing mistakes made during emergency litigation while the City simultaneously uses the earlier emergency record as a weapon to reduce, chill, and retaliate against his ADA accommodations.

Plaintiff is not asking to hide the existence of this case or the fact that disability access is central to the dispute. Plaintiff asks for a narrow and practical remedy: protect ADA accommodation records, medical-support records, Safe at Home/pseudonym-related materials, and related retaliation evidence from unrestricted public use; permit redacted public versions; and review sensitive materials in camera when necessary.

Respondent's opposition is also internally inconsistent. When Plaintiff first sought protection, the City and its counsel argued that sealing was the proper procedural

channel. Now, after Plaintiff attempted to use that channel, the same counsel argues that Plaintiff is not entitled to sealing because he previously filed materials publicly while proceeding pro se, autistic, and without meaningful sealed-filing guidance. That position is not equity. It is exploitation of disability-related and pro se procedural vulnerability.

Since the earlier TRO ruling, the harm has worsened. The City has treated the prior ruling as permission to reduce Plaintiff's accommodations, restrict meaningful participation, limit him to an inadequate one-minute pre-vote accommodation, threaten removal/arrest when he objects or uses accommodation-related rights, and permit public meeting tactics that identify, shame, and intimidate Plaintiff. Plaintiff has also received EEOC correspondence reopening his EEOC charges, which reinforces that the discrimination record is not closed and that additional investigation is underway. The EEOC materials are submitted separately under seal because they are confidential agency documents.

## II. THE COURT HAS POWER TO PROTECT RECORDS FROM IMPROPER USE EVEN WHEN PUBLIC ACCESS IS IMPORTANT

Plaintiff does not dispute the strong presumption of public access. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). But the presumption is not absolute. Courts may seal or redact records where compelling reasons outweigh access, including where court files may become a vehicle for improper purposes, private spite, public scandal, or other concrete harm. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); Kamakana, 447 F.3d at 1179.

The City relies heavily on public-access cases while ignoring their limiting principle: the Court must balance access against harm and tailor the remedy. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016), asks which standard applies. It does not command disclosure of medical/accommodation records. Civil Beat Law Center for Public Interest, Inc. v. Maile, 117 F.4th 1200, 1211 (9th Cir. 2024), rejects automatic blanket sealing of medical records, but it also confirms case-by-case review. Case-by-case review supports Plaintiff, because each document

relates to ADA accommodation, medical support, disability-access equipment, interactive-process materials, pseudonym/safety concerns, or retaliation context.

The public can understand this case from redacted exhibits, public briefing, and the Court's orders. The public does not need unrestricted access to private accommodation records, medical-support materials, Safe at Home/pseudonym correspondence, or the details of disability-access equipment that the City has already allowed to be weaponized publicly.

## III. THE CITY'S "ALREADY PUBLIC" ARGUMENT DOES NOT DEFEAT PROTECTION

The City's central argument is that several exhibits were previously filed publicly with Plaintiff's TRO application, so later sealing is supposedly impossible or useless. That is wrong as a categorical rule. Prior public filing may affect the scope of relief, but it does not strip the Court of authority to restrict future public access, require redacted replacements, seal duplicate unredacted copies, or prevent further use of the docket as an instrument of retaliation.

The prior filing occurred while Plaintiff was pro se, autistic, under emergency pressure, and seeking urgent protection. Plaintiff did not understand the sealed-filing procedure until the Court later explained the procedure. The City now asks the Court to transform that mistake into permanent waiver. That would create a dangerous rule for disabled pro se litigants: one procedural mistake means permanent loss of medical, ADA, accommodation, and safety confidentiality.

Courts should not reward that tactic. The appropriate remedy is not total denial; it is correction: narrowly tailored redactions, sealed unredacted versions, in camera review, and clear filing instructions going forward.

## IV. EXHIBITS B-H ARE NOT ORDINARY PUBLIC RECORDS; THEY ARE ADA ACCOMMODATION AND MEDICAL-ACCESS RECORDS

The City attempts to divide the exhibits into administrative categories - laptop, monitor, communication, seating, interactive process, home-office equipment, and accommodation clarification. That framing minimizes the actual record. These

documents are ADA accommodation records. They identify disability-related tools, interactive-process positions, medical-support references, implementation issues, communication modifications, and accommodation history.

The fact that one exhibit concerns a monitor or equipment does not make it ordinary procurement. Disability-access equipment can reveal medical need, functional limitation, accommodation strategy, and the scope of a disabled person's access barriers. In this case, equipment and accommodation costs have already been used publicly to portray Plaintiff's accommodations as wasteful or abusive. The risk is not hypothetical; it is the very retaliation alleged in this case.

Exhibit F, involving medical documentation review and physician materials, presents the clearest example. But the same logic applies to the other exhibits because they form the accommodation matrix the City later reduced, criticized, and used to justify limiting Plaintiff's participation. The Court should reject the City's attempt to treat ADA records as ordinary public paperwork.

## V. EXHIBIT L IMPLICATES PSEUDONYMITY, SAFETY, AND RETALIATION

The City says Exhibit L is ordinary correspondence about anticipated motion practice and possible amicus participation. That understates the issue. Plaintiff's pseudonym and Safe at Home concerns exist because disclosure and linkage of his identity to sensitive matters can cause safety risks. Pseudonym disputes often must be litigated publicly in part, but that does not require unrestricted disclosure of screenshots, communications, identifiers, strategy, third-party pressures, or materials that increase safety risk.

The Ninth Circuit recognizes that anonymity may be appropriate where a party faces a reasonable fear of severe harm and the need for anonymity outweighs prejudice and public interest. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-69 (9th Cir. 2000). Plaintiff does not seek to litigate in total secrecy. He seeks to prevent the docket from becoming a roadmap for retaliation, identification, and harassment.

## VI. NEW DEVELOPMENTS CONFIRM THE NEED FOR PROTECTION

Plaintiff provides supplemental notice of new developments not to relitigate the TRO, but to show that the sealing issue is not abstract. On June 18, 2026, EEOC correspondence granted reconsideration and stated the charges against the City would be reopened for additional investigation. The Notice of Intent to Reconsider states that the prior dismissal is being reconsidered and the investigation will resume. Those documents are submitted under seal because EEOC charge materials are sensitive and because public filing would unnecessarily disclose agency-charge information.

On June 16, 2026, during a City Council meeting, a public commenter identified herself as there to serve "John Doe" and repeatedly asked who John Doe was. Mayor Leticia Lopez-Viado then engaged with the request, treated the service issue as part of public comment, and called a recess so the document could be served. The public transcript attached as Exhibit 2 reflects that the speaker stated: "Can someone please tell me who council member John Doe is?" and that the Mayor discussed whether the person could come into the well area to serve. City Attorney Thomas Duarte stated that speakers are typically not allowed in the well area. Exhibit 2 also ties to West Covina Code section 2-52, which restricts who may be within the rail in front of the council chamber without the express consent of the Council.

Plaintiff contends this episode was retaliatory and orchestrated after he asserted ADA rights, pseudonym rights, and claims against City officials. The Court does not need to decide every underlying fact on this sealing motion. The point is narrower: Plaintiff's safety, pseudonym, and ADA-related information are being used in public settings to identify, shame, pressure, and silence him. That supplies compelling reasons for protection.

## VII. THE CITY IS USING THE PRIOR TRO RULING AGAINST PLAINTIFF'S ACCOMMODATIONS

The City relies on the prior TRO ruling as though it conclusively resolved the ADA facts. It did not. The TRO ruling was interlocutory, issued on an emergency record, and before the sealed and supplemental materials now at issue could be properly presented. Plaintiff contends the City has since weaponized that ruling to cut accommodations, limit Plaintiff's ability to speak before voting, and threaten removal

or arrest when Plaintiff objects to meeting procedures that interfere with his disability access.

This is exactly why sealing matters. If the City can force every ADA accommodation record into the public docket, then cite the public disclosure back against Plaintiff, a disabled litigant is trapped. He must either withhold evidence and lose on the record, or disclose sensitive information and suffer retaliation for disclosing it. The Court should not permit that trap.

## VIII. BUCHALTER AND ROGER SCOTT'S ROLE REQUIRES INDEPENDENT REVIEW

The opposition is signed by Roger Scott and Buchalter on behalf of the City. Plaintiff contends Mr. Scott and Buchalter are not neutral public-access advocates. Plaintiff alleges that Buchalter is deeply involved in the underlying ADA, investigation, retaliation, and conflict record; that Mr. Scott has represented or acted for individual officials whose interests are not identical to the municipal entity; and that counsel has made public statements or appearances concerning this litigation in ways Plaintiff believes waived strategic restraint and escalated retaliation.

Plaintiff also contends that Mr. Scott has publicly discussed aspects of Plaintiff's case, strategy, and dispute in a public City meeting while billing or acting as taxpayer-funded counsel. If the City's counsel may discuss the case publicly when it benefits the City narrative, the Court should be especially cautious before allowing the same counsel to force Plaintiff's medical and accommodation materials into the public docket.

The Court need not decide disqualification in this reply. But it should independently review Exhibits B-H and L, and it should not accept counsel's characterization that these are harmless administrative records.

## IX. THE CITY'S PUBLIC-ACCESS THEORY WOULD CHILL TITLE II ENFORCEMENT

Title II of the ADA protects access to public services, programs, and activities. 42 U.S.C. section 12132. Title II regulations also require public entities to provide

effective communication and auxiliary aids in a manner that protects the privacy and independence of the individual with a disability. 28 C.F.R. section 35.160(b)(2). It would defeat that principle if a public entity could demand public disclosure of accommodation files whenever a disabled person sues to enforce accommodation rights.

The City's theory would chill enforcement. Disabled litigants would know that if they sue, their accommodation records, equipment requests, medical-support communications, and interactive-process history may become public exhibits for hostile political use. That is not transparency. It is deterrence.

## X. A NARROWER REMEDY IS AVAILABLE AND SHOULD BE ORDERED

If the Court finds that full sealing of every page is too broad, Plaintiff requests narrower relief instead of denial. The Court should: (1) temporarily restrict unredacted versions; (2) require redacted public versions; (3) permit unredacted versions under seal; (4) review disputed pages in camera; and (5) prohibit use of the public docket to expose medical, ADA, accommodation, Safe at Home, pseudonym, and security-related details not necessary to public understanding.

This remedy is narrower than either party's extreme. It honors public access while preventing the City and third parties from using court filings as a retaliation tool.

## XI. RESPONDENT'S RELIANCE ON BRIDE AND LANGWORTHY IS MISPLACED

Respondent relies on Bride v. Snap Inc. and Langworthy to argue that when disability is central to a claim, the public has a substantial interest in disability-related facts. Plaintiff does not dispute that the public may understand the nature of the ADA claim. But those cases do not hold that every medical-support record, every accommodation implementation detail, every interactive-process communication, and every pseudonym/safety communication must be publicly exposed without redaction. They require individualized balancing.

Here, individualized balancing favors protection. The Court can state in a public order that Plaintiff alleges autism, ADA accommodation denials, accommodation

retaliation, meeting-access restrictions, and pseudonym/safety harms. The Court can also discuss the legal standards publicly. What the public does not need is unrestricted access to the underlying accommodation record that has already been used in City politics to shame, minimize, and restrict Plaintiff's disability access.

## XII. THE COURT SHOULD NOT ALLOW A PUBLIC ENTITY TO BENEFIT FROM ITS OWN DISCLOSURE-BASED HARM

A public entity should not be permitted to argue that because sensitive accommodation records were once exposed, the Court should now deny all protection going forward. That rule would reward the very harm Plaintiff is asking the Court to stop. It would also create an incentive for defendants in ADA cases to amplify sensitive materials and then argue that protection is futile.

The better rule is practical and fair: prior exposure may affect the remedy, but it does not eliminate the Court's ability to reduce ongoing harm. Courts routinely order redactions, seal duplicate docket entries, restrict future access, and require corrected public versions when sensitive information appears on the docket. This Court should do the same here.

## XIII. THE SUPPLEMENTAL FACTS ARE RELEVANT TO HARM, NOT TO RELITIGATE THE ENTIRE CASE

Plaintiff anticipates the City may argue that the June 16 Council incident, the EEOC reopening documents, and counsel's public conduct are outside the narrow sealing question. They are relevant for one limited purpose: they show that harm is ongoing and that the public docket is being used in the real world, in public meetings, to pressure and retaliate against Plaintiff. That is the precise type of harm the sealing and protective-order process is designed to prevent.

The Court does not need to decide whether Mayor Lopez-Viado, Mr. Scott, Mr. Mrakich, or any other actor is liable on these facts today. The Court only needs to recognize that Plaintiff's fear of further misuse is concrete and grounded in recent events, not speculation.

## XIV. PLAINTIFF REQUESTS A PROTECTIVE FILING PROTOCOL GOING FORWARD

Plaintiff also requests a simple protocol going forward: any filing containing ADA accommodation records, medical support, interactive-process communications, Safe at Home/pseudonym information, EEOC charge material, disability-access equipment details, or security-related information should be filed in redacted public form with unredacted versions submitted under seal or for in camera review. The protocol should apply equally to both sides.

Such a protocol will not burden the City. It will reduce emergency motion practice, prevent unnecessary public exposure, and allow the merits to be litigated without turning disability and safety information into public ammunition.

## XV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court grant the application to file Exhibits B-H and L under seal. In the alternative, Plaintiff requests partial sealing and public redacted versions. Plaintiff also requests that the Court accept the supplemental declaration, take judicial notice of the public ordinance and transcript exhibits, allow the EEOC materials and confidential ADA notice to be submitted under seal, and issue a protective order governing future medical, ADA, accommodation, Safe at Home, and pseudonym-related filings.

## XVI. CONCLUSION

This is not a case where a litigant seeks secrecy over public business. This is a case where an autistic pro se plaintiff is trying to stop a public entity from turning ADA accommodation records, medical-support materials, and pseudonym/safety correspondence into public weapons. The City's opposition should be denied.

Dated: June 19, 2026

Respectfully submitted,

/s/ John Doe

John Doe

Plaintiff/Petitioner in Pro Per

REPLY TO DKT 76 OPPOSITION

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Petitioner, <br><br> v. <br><br> CITY OF WEST COVINA, <br><br> Respondent. | Case No. 2:26-cv-03659-MEMF-MBK <br><br> Assigned to District Judge <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Magistrate Judge <br> Hon. Michael B. Kim |

**SUPPLEMENTAL DECLARATION OF JOHN DOE IN SUPPORT OF REPLY AND SUPPLEMENTAL NOTICE**

**SUPPLEMENTAL DECLARATION OF JOHN DOE**

I, John Doe, declare as follows:

1. I am the Plaintiff/Petitioner in this action. I am autistic, self-represented, and a participant in California's Safe at Home program. I make this declaration from personal knowledge unless stated on information and belief.

2. I submit this declaration in support of my reply to Respondent City of West Covina's opposition to my application to file Exhibits B-H and L under seal, and to give supplemental notice of events occurring after or around the filing of that opposition.

3. I did not intend to permanently waive confidentiality over ADA accommodation records, medical-support records, Safe at Home/pseudonym information, or safety-related information. Earlier public filings occurred while I was proceeding pro se, in an emergency posture, and before I understood how to properly use the Court's

sealed-filing process.

4. The City and its counsel now rely on that earlier public filing to argue that I am not entitled to sealing. I believe that position is retaliatory and unfair because the same materials are now being used against me to minimize and reduce my accommodations.

5. After the Court's earlier TRO ruling, the City treated the ruling as permission to cut down my accommodations and to limit my participation in meetings. I contend the City reduced my meaningful pre-vote participation and threatened removal or arrest when I objected or attempted to use my rights.

6. On June 16, 2026, at a City Council meeting, Mayor Leticia Lopez-Viado censored and interrupted my speech regarding a housing project while allowing Councilmember Tony Wu, who supported the project, to speak without the same interruptions. I believe this was viewpoint and content discrimination.

7. During the same meeting, a person associated with John Shewmaker used public comment to ask who "John Doe" was and to attempt to serve documents. The attached transcript reflects that the person asked, "Can someone please tell me who council member John Doe is?" and that Mayor Lopez-Viado discussed allowing the person into the well area or calling a recess for service. I viewed this as retaliation and public identification pressure directed at my Doe status and safety.

8. I contend that West Covina Municipal Code section 2-52 restricts who may be within the rail in front of the council chamber without express consent of the Council. I objected during the meeting because I believed the rules were being selectively changed to facilitate public identification and harassment.

9. I am informed and believe Roger Scott was present at or involved with City litigation discussions and that he publicly discussed aspects of my litigation and case strategy, including mediation, at a public meeting. I believe this undermines the City's claim that my sensitive materials should be exposed in the name of public access.

10. I am also informed and believe Roger Scott/Buchalter now represents or has appeared for individual officials, including Leticia Lopez-Viado and Milan Mrakich, while also purporting to represent the City. I contend that creates conflicts because the

SUPPLEMENTAL DECLARATION

entity's interests are not the same as the personal interests of individual officials accused of retaliation.

11. The EEOC has reopened or is reconsidering charges involving the City of West Covina. Because those documents are confidential agency materials and contain charge information, I am submitting them under seal rather than publicly filing them.

12. I am suffering ongoing harm because the City continues to ignore or minimize medical documentation, reduce accommodations, threaten removal, and route ADA issues through conflicted counsel. I believe the Court is the only immediate protection preventing continued retaliation and public weaponization of my ADA and safety information.

13. I do not ask the Court to decide all retaliation, Brown Act, ethics, or public-integrity issues on this sealing application. I provide these facts to show why sealing, redaction, in camera review, and a protective order are necessary now.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2026.

/s/ John Doe
John Doe

SUPPLEMENTAL DECLARATION

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge<br>Hon. Michael B. Kim |

## REQUEST FOR JUDICIAL NOTICE AND EXHIBIT INDEX

## REQUEST FOR JUDICIAL NOTICE AND EXHIBIT INDEX

Plaintiff requests judicial notice under Federal Rule of Evidence 201 of the existence of the following public records and public filings. Plaintiff does not request judicial notice of disputed factual assertions for their truth, except as otherwise permitted. The exhibits are offered to show the public record, the positions taken, the existence of the documents, and context relevant to the sealing and protective-order issues.

| Exhibit | Description | Purpose |
|---|---|---|
| 1 | West Covina Municipal Code section 2-52, Persons authorized to be within council area. | Shows the public municipal rule relevant to the June 16, 2026 public-comment/service incident. |
| 2 | Transcript/summary of June 16, 2026 Council meeting public-comment event involving John Shewmaker family member and reference to service on John Doe. | Shows public-meeting context relevant to retaliation, pseudonym/safety concerns, and why Exhibit L and related materials require protection. |

| 3 | Respondent City of West Covina's Opposition to Petitioner's Application to File Exhibits B-H and L Under Seal [ECF No. 76]. | Shows the filing and arguments to which this reply responds. |

Confidential supplemental exhibits M-O are submitted separately under seal with a separate application because they contain EEOC charge/reconsideration materials and ADA-related information.

Dated: June 19, 2026


/s/ John Doe

John Doe

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge<br>Hon. Michael B. Kim |

**APPLICATION TO FILE SUPPLEMENTAL EXHIBITS M-O UNDER SEAL**

**APPLICATION TO FILE SUPPLEMENTAL EXHIBITS M-O UNDER SEAL**

Plaintiff/Petitioner John Doe respectfully applies under Local Rule 79-5.2.2 to file Supplemental Exhibits M-O under seal. These exhibits are submitted only to provide the Court with updated information relevant to retaliation, ADA harm, and the need for protection. They should not be publicly filed.

| Exhibit | Description | Reason for Sealing |
|---|---|---|
| M | EEOC June 18, 2026 correspondence granting reconsideration/reopening of charges. | Confidential EEOC charge material, charge numbers, agency-review information, private address/contact information, and retaliation/ADA context. |
| N | EEOC Notice of Intent to Reconsider. | Confidential EEOC charge material and agency status information. |
| O | ADA/City violates ADA letter or confidential ADA notice. | Medical/ADA accommodation and disability-access information. |

Compelling reasons and good cause support sealing. The materials contain or directly reveal ADA, medical, agency-charge, retaliation, and accommodation information.

Public disclosure would not materially assist public understanding of the sealing motion, but would increase the risk of retaliation, stigma, and further misuse of disability and agency-charge information.

Plaintiff is not asking to seal the entire case. Plaintiff asks only to file these supplemental exhibits under seal while publicly filing a declaration describing the general significance of the materials without exposing their contents.

Dated: June 19, 2026

/s/ John Doe

John Doe

# EXHIBIT 1

West Covina Municipal Code section 2-52, persons authorized to be within council area.

## ORDINANCE NO. 2528

**AN ORDINANCE OF THE CITY COUNCIL OF THE CITY OF WEST COVINA, CALIFORNIA, AMENDING PROVISIONS OF DIVISION 2 (MEETINGS AND RULES OF PROCEDURE) OF ARTICLE II (CITY COUNCIL) OF CHAPTER 2 (ADMINISTRATION) OF THE WEST COVINA MUNICIPAL CODE RELATING TO PUBLIC PARTICIPATION AND DECORUM AT CITY COUNCIL MEETINGS**

The City Council of the City of West Covina hereby finds and declares as follows:

**WHEREAS,** California Government Code section 36813 authorizes the City Council to establish rules for the conduct of its proceedings, and to punish a member or other person for disorderly behavior at a meeting; and

**WHEREAS,** California Government Code section 54954.3(b) authorizes the City Council to adopt reasonable regulations regarding public participation at meetings, including, but not limited to, regulations limiting the total amount of time allocated for public testimony on particular issues and for each individual speaker; and

**WHEREAS,** California Government Code section 54957.95 authorizes the presiding officer of a meeting or their designee to remove, or cause the removal of, an individual for disrupting the meeting; and

**WHEREAS,** the provisions of Division 2 (Meetings and Rules of Procedure) of Article II (City Council) of Chapter 2 (Administration) of the West Covina Municipal Code set forth regulations relating to public participation and decorum at City Council meetings; and

**WHEREAS,** it is the desire and duty of the City Council to ensure its business is conducted in an orderly, efficient, and fair manner and to ensure that the public has a full opportunity to be heard on all matters of interest to the community; and

**WHEREAS,** disruptive conduct at meetings prevents the City Council from accomplishing its business in an orderly, efficient, and fair manner, and may interfere with the right of other individuals to be heard; and

**WHEREAS,** the City Council respects an individual speaker's right to disagree and express his or her own opinions and beliefs; and

**WHEREAS,** the City Council desires to encourage more members of the public to attend and participate in City Council meetings by improving the efficiency of its meetings and strengthening its rules of decorum; and

Ordinance No. 2528
Page 1 of 6

**WHEREAS,** the City Council desires to amend provisions of Division 2 (Meetings and Rules of Procedure) of Article II (City Council) of Chapter 2 (Administration) of the West Covina Municipal Code relating to public participation and decorum at City Council meetings; and

**WHEREAS,** all legal requirements prior to the adoption of this Ordinance have occurred.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF WEST COVINA, CALIFORNIA, DOES ORDAIN AS FOLLOWS:**

**SECTION 1.** Recitals. The City Council finds that all of the facts and findings set forth in the recitals to this Ordinance are true and correct.

**SECTION 2.** Amendment to Section 2-47. Section 2-47 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-47. - Addressing the council.

Pursuant to the California Government Code, any person wishing to address the city council on any matter on the agenda or on any other matter within their jurisdiction, excluding any matter set for a public hearing, may do so upon first securing the recognition of the presiding officer during the time designated for oral communications. The city council may not act on any item unless it is listed on the agenda.

**SECTION 3.** Amendment to Section 2-48. Section 2-48 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-48. - Manner of addressing city council; time limit; persons addressing may be sworn.

(a) Each person wishing to address the city council shall submit a speaker card to the city clerk prior to the commencement of the time designated for oral communications. No speaker cards will be accepted after the commencement of oral communications, except at the discretion of the presiding officer.

(b) When called forward by the presiding officer or the city clerk, each person addressing the city council shall step up to the podium and give his or her name and city of residence in an audible tone of voice for the record.

(c) Each person addressing the city council during oral communications shall limit his or her comments to three (3) minutes, unless the time limit is modified by the presiding officer or the city council. In order to provide all speakers the opportunity to participate in oral communications, the presiding officer or the city council may reduce the time limit to allow reasonable time for all speakers to address the city council.

(d) All remarks shall be addressed to the city council as a body and not to any member thereof. No person, other than the city council and the person having the floor, shall be permitted to enter into any discussion, either directly or through a member of the city council, without the permission of the presiding officer. No question shall be asked of a council member except through the presiding officer.

(e) The presiding officer may require any person to be sworn as a witness before addressing the city council on any subject. Any such person who, having taken an oath that he or she will testify truthfully, willfully and contrary to such oath states as true any material matter which he knows to be false may be held to answer criminally and subject to the penalty prescribed for perjury by the provisions of the California Penal Code.

**SECTION 4.** Amendment to Section 2-50. Section 2-50 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-50. - Decorum—Required.

(a) While the city council is in session, council members shall preserve order and decorum, and a council member shall neither, by conversation or otherwise, delay or disrupt the proceedings or the peace of the council nor interrupt any council member while speaking or refuse to obey the orders of the council or its presiding officer, except as otherwise herein provided.

(b) Members of the public shall not willfully disrupt the meeting or act in a manner that actually disrupts, disturbs, impedes, impairs, or renders infeasible the orderly conduct of the meeting. For the purposes of this Code, "willfully disrupt" includes, but is not limited to, continuing to do any of the following after being warned by the presiding officer that the behavior is disrupting the meeting and failure to cease the behavior may result in removal from the meeting:

(1) Addressing the mayor or city council without first being recognized.

(2) Persisting in addressing a subject or subjects, other than that before the mayor and city council.

(3) Repetitiously addressing the same subject.

(4) Failing to relinquish the podium when directed to do so.

(5) From the audience, interrupting or attempting to interrupt, a speaker, the presiding officer, a council member, or a staff member, or shouting or attempting to shout over a speaker, the presiding officer, a council member or a staff member.

Ordinance No. 2528
Page 3 of 6

(6) From the audience, engaging in disorderly, disruptive, or boisterous conduct, including, but not limited to, handclapping, stomping of feet, whistling, making noise, use of abusive, threatening or profane language or obscene gestures, yelling, obstructing the view of other audience members, or similar conduct which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting.

(7) As a speaker, making slanderous or profane remarks or using loud, threatening, or abusive language which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting; interrupting or attempting to interrupt the presiding officer, a council member, or a staff member; shouting over or attempting to shout over the presiding officer, a council member, or a staff member; or engaging in any other disorderly conduct which disrupts, disturbs, impedes, or renders infeasible the orderly conduct of the meeting. Nothing in this section or any rules of the city council shall be construed to prohibit public criticism of the policies, procedures, programs, or services of the city or of the acts or omissions of the city council.

(8) Engaging in behavior that constitutes use of force or a true threat of force.

(c) It shall be unlawful to violate the provisions of this section. A person violating this section may be removed and barred from further participation at the meeting at which the violation occurs.

(d) If any subsection, sentence, clause, or phrase or word of this section 2-50 is for any reason held to be invalid or unconstitutional, such decision shall not affect the validity of the remaining portions of this section. The city council hereby declares that it would have passed this section and each subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more subsections, sentences, clauses, phrases or words had been declared invalid or unconstitutional.

**SECTION 5.** Amendment to Section 2-51. Section 2-51 of Division 2 of Article II of Chapter 2 of the West Covina Municipal Code shall be amended to read as follows:

Sec. 2-51. - Enforcement of decorum.

The chief of police or any member or members of the police department or other members of the city staff may be designated by the council to be sergeant-at-arms when, in the opinion of the presiding officer, the services of a sergeant-at-arms is necessary, and the sergeant-at-arms shall carry out all orders and instructions given by the presiding officer for the purpose of maintaining order and decorum in accordance with section 2-50 at the council meeting, including, but not limited to, removing and barring from further participation at the meeting any person who is willfully disrupting the orderly conduct of the meeting.

**SECTION 6.** <u>Amendment to References to Government Code</u>. All references in Division 2 of Article II of Chapter 2 of the West Covina Municipal Code to "Government Code" shall be amended to read "California Government Code."

**SECTION 7.** <u>Environmental Compliance</u>. The City Council hereby finds that it can be seen with certainty that there is no possibility the adoption and implementation of this Ordinance will have a significant effect on the environment. The Ordinance is therefore exempt from the environmental review requirements of the California Environmental Quality Act pursuant to Section 15061(b)(3) (General Rule) of Title 14 of the California Code of Regulations.

**SECTION 8.** <u>Inconsistencies</u>. Any provision of the West Covina Municipal Code or appendices thereto inconsistent with the provisions of this Ordinance, to the extent of such inconsistencies and no further, is hereby repealed or modified to that extent necessary to affect the provisions of this Ordinance.

**SECTION 9.** <u>Severability</u>. If any section, subsection, clause or phrase or portion of this Ordinance is for any reason held to be invalid or unconstitutional by the decision of any court of competent jurisdiction, such decision shall not affect the validity of all other provisions of this Ordinance. The City Council of West Covina hereby declares that it would have passed this Ordinance, and each section, subsection, sentence, clause and phrase or portion thereof, irrespective of the fact that any one or more of the sections, subsections, sentences, clauses, or phrases or portions thereof be declared invalid or unconstitutional.

**SECTION 10.** <u>Effective Date</u>. This Ordinance shall take effect thirty (30) days after its final passage.

**SECTION 11.** <u>Certification; Publication</u>. The City Clerk shall certify to the passage and adoption of this Ordinance and shall cause the same to be published or posted as required by law.

**PASSED, APPROVED AND ADOPTED** this 4th day of March, 2025.

_____
Tony Wu
Mayor

**APPROVED AS TO FORM**                                    **ATTEST**

_____                            _____
Thomas P. Duarte                                            Lisa Sherrick
City Attorney                                               Assistant City Clerk


STATE OF CALIFORNIA            )
COUNTY OF LOS ANGELES          )
CITY OF WEST COVINA            )

     I, LISA SHERRICK, ASSISTANT CITY CLERK of the City of West Covina, California, do hereby certify that the foregoing Ordinance No. 2528 was introduced at a regular meeting of the City Council held on the 18th day of February, 2025, and adopted at a regular meeting of the City Council held on the 4th day of March, 2025, by the following vote of the City Council:

AYES:        Wu, Diaz, Gutierrez, Lopez-Viado
NOES:
ABSENT:      Cantos
ABSTAIN:

_____
Lisa Sherrick
Assistant City Clerk

Ordinance No. 2528
Page 6 of 6

Sec. 2-52. - Persons authorized to be within council area.

No person, except city officials, their representatives and members of the news media shall be permitted within the rail in front of the council chamber without the express consent of the council.

(Code 1960, § 2120; Ord. No. 2528, § 6, 3-4-25)

# EXHIBIT 2

June 16, 2026 Council meeting transcript concerning public-comment service attempt involving John Doe.

## The-City-of-West-Covina Council Meeting
## June 16,2026

YOUTUBE:  https://youtu.be/2ML8wzJYJMs?si=6MlfdT6mP8BdFO-E

[Mayor Leticia Lopez Viado]
Thank you. Next speaker

[Lisa Sherrick, City Clerk Office] (0:00 - 0:07)
Thank you. Next speaker. Speaker A, followed by Mario M, followed by Annamarie Lopez.

[John Shewmaker Granddaughter] (0:13 - 0:30)
Hello. This may add to the city cost because I am here to serve John Doe. I understand he is a council member here.

Can someone please tell me who council member John Doe is? Because I need to give him these legal documents for proper service. So is John Doe here?

[Mayor Leticia Lopez Salazar Viado] (0:33 - 0:37)
Yes. Do we give it to the city clerk for John Doe?

[COUNCILMEMBER BRIAN GUTIERREZ] (0:39 - 0:40)
This is a public comment.

[MAYOR LETICIA LOPEZ SALAZAR VIADO] (0:43 - 0:45)
She has every right to speak.

[COUNCILMEMBER BRIAN GUTIERREZ] (0:45 - 0:46)
Go ahead.

[John Shewmaker Granddaughter] (0:47 - 0:48)
I need to hand it to you.

[COUNCILMEMBER BRIAN GUTIERREZ] (0:49 - 0:50)
I don't know who it is.

[MAYOR LETICIA LOPEZ VIADO SALAZAR] (0:50 - 1:13)
Have you been served? I don't know who it is. That's a server.

That's John Doe. The city attorney? Does that work?

Yeah. Okay. So you have three full minutes.

So you have two more minutes. I guess until the... If you'd like to speak more, you're more than welcome to.

Or if she yields time.

[John Shewmaker Granddaughter] (1:16 - 1:16)
That's my time.

[MAYOR LETICIA LOPEZ SALAZAR LOPEZ] (1:17 - 1:17)
Oh, that's... Okay.

[John Shewmaker Granddaughter] (1:20 - 1:21)
She...

[MAYOR LOPEZ VIADO] (1:23 - 1:36)
Give it to the assistant. I mean, give it to the... Oh, no.

You don't. How does the... How does that work?

City attorney? Okay. Can we allow her to come in?

[COUNCILMEMBER BRIAN GUTIERREZ] (1:36 - 1:40)
Point of order. This is public comment. This is not a show and tell.

[MAYOR LOPEZ VIADO] (1:42 - 1:54)
Wait a minute. This is public comment. She has three minutes.

[CITY ATTORNEY THOMAS DURATE]
Typically, speakers are not allowed in the well area. She can wait maybe during a break or after the meeting to hand it to him.

[MAYOR LOPEZ VIADO] (1:55 - 2:07)
After the meeting or after her time? Can she... Can we...

I would not want them to wait to entire... This meeting could go to midnight as we've had in the past.

[COUNCILMEMBER BRIAN GUTIERREZ] (2:07 - 2:08)
Point of order. Follow the...rules

[MAYOR LOPEZ VIADO] (2:08 - 2:14)
She has one more minute. She's utilizing her minute. So she has a whole minute.

[COUNCILMEMBER BRIAN GUTIERREZ] (2:14 - 2:16)
Let her talk. Stop talking to her

[MAYOR LOPEZ VIADO] (2:16 - 2:55)
I'm the presiding officer. It's...

[John Shewmakers Grand Daughter]
Are you John Doe?

[MAYOR LOPEZ VIADO]
Yea good tell him, hahaha

Yeah. I have 40 seconds. And then...

I mean, I am the presiding officer, so if you need to accept... I do not want them to stay here the entire meeting. She has public...

Okay. I'd like for... We have this.

You have been served. So how would you... Do I need to process it through Lisa to give?

[COUNCILMEMBER BRIAN GUTIERREZ] (2:55 - 3:01)
Point of order. We need to follow the rules that you created. Yes.

You can't make up rules as you wish, Mayor.

[MAYOR LOPEZ VIADO] (3:01 - 3:01)
I'm not.

[COUNCILMEMBER BRIAN GUTIERREZ] (3:02 - 3:05)
So follow the rules. She has nine seconds now.

[MAYOR LETICIA LOPEZ VIADO] (3:06 - 3:26)
Yes. So during her time... Okay.

Thank you. I will call recess and then you can properly serve. So I will call recess so she can properly serve.

Recess. Thank you. All right.

# EXHIBIT 3

Respondent City of West Covina opposition to sealing [ECF No. 76].

**BUCHALTER LLP**
ROGER L. SCOTT (SBN: 247165)
CLAIRE L. KATZ (SBN: 358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
          ckatz@buchalter.com

Attorneys for Respondent,
CITY OF WEST COVINA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>                    Petitioner,<br><br>          vs.<br><br>CITY OF WEST COVINA,<br><br>                    Respondent. | CASE NO. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Maame Ewusi-Mensah Frimpong<br><br>**RESPONDENT CITY OF WEST COVINA'S OPPOSITION TO PETITIONER'S APPLICATION TO FILE EXHIBITS B-H AND L UNDER SEAL [Docket 52]** |

BUCHALTER LLP
IRVINE

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

## I.    INTRODUCTION

John Doe's latest sealing application asks this Court to shield from public view documents that he already filed publicly in support of his own ex parte application for a temporary restraining order.  That prior filing was not incidental.  Mr. Doe affirmatively attached accommodation records, interactive-process materials, medical-support materials, equipment-related documents, and related correspondence to his April 16, 2026 Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.  (ECF 12.)  He relied on those documents as the evidentiary basis for emergency injunctive relief.  The Court then considered Mr. Doe's application and denied it, finding that Doe had not shown a likelihood of success on the merits of his Title II discrimination claim, retaliation and interference claim, or challenge to the City's Communication Protocol, and had not shown irreparable harm.  (ECF 26.)

Mr. Doe asks the Court to seal Exhibits B through H and Exhibit L in their entirety.  (ECF Nos. 52, 52-1.)  This request rests on generalized assertions that the exhibits involve "ADA accommodation documents," "medical-accommodation discussions," "interactive-process materials," "disability-access equipment information," and "pseudonym-related correspondence."  (ECF No. 52-1.)  Mr. Doe does not explain why each exhibit, much less each page or line of each exhibit, contains sealable material.  Nor does Doe account for the fact that most of the exhibits he now seeks to seal were previously filed publicly *by him* in this action.

Exhibit B, the May 13, 2025 Dell laptop accommodation approval letter, was previously filed publicly at ECF 12, Exhibit B, and ECF 15-1, Exhibit 3.  Exhibit D, the May 13, 2025 response concerning structured communication and additional time, was previously filed publicly at ECF 12, Exhibit A, and ECF 15-1, Exhibit 4.  Exhibit E, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF 15-1, Exhibit 5.  Exhibit F, the December 3, 2025 interactive process meeting memorandum concerning medical documentation

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

review, was previously filed publicly at ECF 12, Exhibit D, and ECF 15-1, Exhibit 7.  Exhibit G, the January 6, 2026 ADA/FEHA interactive process meeting memorandum regarding home-office equipment, was previously filed publicly at ECF 12, Exhibit C, and ECF 15-1, Exhibit 11.  Exhibit H, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF 15-1, Exhibit 6.

Mr. Doe cannot establish compelling reasons to seal documents that are already in the public record.  Sealing those exhibits now would not preserve confidentiality, protect privacy, or prevent disclosure.  Doing so would create an incomplete and misleading public docket by concealing later-filed copies of documents that remain publicly accessible elsewhere in the same case.  That is not a proper use of Local Rule 79-5.2.2.

The only two exhibits not in the public record fare no better.  Exhibit C is a routine email thread concerning the ordering, shipment, and installation of a City-issued monitor. Although the monitor was associated with an accommodation, the correspondence does not discuss Doe's medical condition, diagnoses, treatment, symptoms, restrictions, or any other protected medical information.  Exhibit L is correspondence between Doe and a third party concerning anticipated motion practice regarding pseudonymity and a possible amicus filing. It does not disclose medical information, accommodation information, or any other confidential material.

Mr. Doe's application is therefore overbroad, unsupported, and not narrowly tailored.  Because the vast majority of the exhibits are already public, and because the remaining exhibits contain no information warranting sealing, the application should be denied.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122,

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

1135 (9th Cir. 2003).  This presumption reflects the fundamental principle that the public has a right to inspect and copy public records and documents, including judicial records.  *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012).  The underlying purpose of this presumption is to promote "the public's understanding of the judicial process and of significant public events."  *Apple iPod iTunes Antitrust Litigation,* 75 F.Supp.3d 1271, 1273 (2014) (citation omitted).

A party seeking to seal judicial records bears the burden of overcoming that presumption with compelling reasons supported by specific factual findings when the filing is more than tangentially related to the merits.  *In re Midland Nat. Life Ins. Co*., 686 F.3d at 1119 ("compelling reasons" may include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citation omitted).  The "compelling reasons" standards applies whenever a party brings a motion relating to the merits of the case, including seeking a preliminary injunction.  *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  The burden is not satisfied by conclusory assertions. *Tan v. Konnektive Rewards, LLC*, No. 20-cv-1082-LL-DDL, 2023 WL 2336893, at *5 (S.D. Cal. Mar. 2, 2023) (quoting *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021)).

"[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power."  *Bride v. Snap Inc*., No. 2:21-CV-06680-FWS-MRW, 2025 WL 819567, at *5 (C.D. Cal. Feb. 21, 2025) (quoting *Langworthy v. Whatcom Cty. Superior Court*, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021)).  Medical records do not automatically necessitate blanket sealing, and the privacy interest implicated by a particular medical or health record can be protected by a case-by-case determination of the

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

need for sealing.  *Civil Beat Law Center for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1211 (9th Cir. 2024).

The Central District of California's Local Rules impose the same basic discipline. Local Rule 79-5.2.2 requires a party seeking leave to file material under seal to submit an application accompanied by a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access should be overcome.  It also requires a proposed order narrowly tailored to seal only the sealable material and listing each document or portion to be sealed.  The fact that material has been designated confidential is not enough.  Local Rule 79-5.2.2 expressly states that designation under a protective order is not sufficient justification for sealing.

## III. ARGUMENT

### A.    Mr. Doe Cannot Overcome the Strong Presumption of Public Access to Court Records

Mr. Doe seeks to seal exhibits submitted in connection with his ongoing requests for relief in this federal action.  These are not private discovery materials exchanged between the parties.  They are judicial records submitted for the Court's consideration.  As a result, the strong presumption of public access applies. *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119; *Ctr. for Auto Safety*, 809 F.3d at 1096, 1101.

Mr. Doe's application does not overcome that presumption.  Doe states that Exhibits B through H contain "ADA accommodation documents, medical-accommodation discussions, interactive-process materials, and disability-access equipment information," and that Exhibit L contains "pseudonym-related correspondence and screenshots."  (ECF No. 52-1.)  Those generalized descriptions are not enough.  Mr. Doe does not identify specific pages, lines, or portions that supposedly reveal confidential information.  He does not distinguish between documents that allegedly contain medical information and documents that merely

discuss ordinary equipment procurement, meeting logistics, or legal correspondence. He does not explain why wholesale sealing is necessary when targeted redactions, if any were justified, would address any legitimate concern.

Mr. Doe's burden is particularly high because he has placed his disability accommodation allegations, alleged ADA rights, and pseudonym-related arguments directly at issue in this case. Where those issues form part of the dispute presented to the Court, the public has a corresponding interest in understanding the factual record on which the Court is being asked to act. *Bride*, 2025 WL 819567, at *5; *Langworthy*, 2021 WL 1788391, at *5. Doe's conclusory declaration does not justify removing entire exhibits from public view.

**B. Mr. Doe's Request Is Not Narrowly Tailored**

Mr. Doe's application independently fails because it seeks blanket sealing of entire exhibits. Local Rule 79-5.2.2 requires a proposed order narrowly tailored to seal only sealable material. Mr. Doe's application does the opposite. It asks to seal Exhibits B through H and L in full, without identifying what specific text, if any, should be withheld from public access.

Local Rule 79-5.2.2 requires a proposed order "narrowly tailored to seal only the sealable material" and requires the moving party to identify each document or portion proposed for sealing. Mr. Doe's application fails that standard because it does not isolate genuinely confidential information. Instead, exhibits include routine correspondence, introductory language, signatures, job titles, equipment descriptions, scheduling or implementation communications, and legal or administrative statements. Doe does not explain why any of that information should be sealed. Nor does he propose redactions limited to any discrete information. Instead, Mr. Doe relies on the premise that if a document relates in any way to an accommodation, the entire document should be hidden from public view. That is not the law.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

Even where a document contains sensitive information, blanket sealing is improper unless no narrower alternative will suffice. *Civil Beat Law Center for Public Interest, Inc.,* 117 F.4th at 1211. Doe has not made that showing. He instead seeks wholesale sealing of entire exhibits, including documents already publicly filed and documents containing no confidential information at all. If Mr. Doe believes any particular line contains sealable information, he must identify that line, explain the specific harm from disclosure, and propose a narrowly tailored redaction. He has not done so.

**C.     Mr. Doe Cannot Seal Documents That Have Already Been Filed Publicly**

Doe's request fails because several of the exhibits he seeks to seal were already publicly filed by Doe himself in support of his own request for emergency injunctive relief. These are not private discovery materials exchanged in confidence; they are paradigmatic judicial records. *See, e.g. Courthouse News Serv. v. Planet,* 947 F.3d 581, 592 (9th Cir. 2020). Doe's TRO application expressly relied on accommodation materials he now seeks to shield. (ECF No. 12.) Doe argued that the City had approved accommodations in writing on May 13, 2025, including structured and direct communication, additional time to review and respond, the right to an advocate or legal representative in formal matters, and the ability to briefly provide context before questions during council meetings. (ECF No. 12 at 3-5.) Doe further argued that the City approved equipment-related accommodations, including a Dell laptop/monitor accommodation and additional home-office accessibility items. *Id.* at 4-5.

Exhibit B to the present sealing application, the May 13, 2025 Dell laptop accommodation approval letter, was publicly filed by Doe as Exhibit B to his TRO application. (ECF No. 12, Ex. B.) Exhibit D to the present sealing application, the May 13, 2025 response concerning structured communication and additional time, was publicly filed by Doe as Exhibit A to his TRO application. (ECF No. 12, Ex.

A.)  Exhibit F to the present sealing application, the December 3, 2025 medical documentation review and supporting physician materials, was publicly filed by Doe as Exhibit D to his TRO application.  (ECF No. 12, Ex. D.)  Exhibit G to the present sealing application, the January 6, 2026 ADA/FEHA interactive-process memorandum concerning home-office equipment and copy-machine access, was publicly filed by Doe as Exhibit C to his TRO application.  (ECF No. 12, Ex. C.)

The Court then denied Doe's TRO application.  (ECF No. 26.)  In doing so, the Court summarized Doe's accommodation allegations, including his contention that the City approved written accommodations on May 13, 2025 and approved equipment-related accommodations on January 6, 2026.  (ECF No. 26 at 3-4.)  The Court held that Doe had not shown a likelihood of success on his Title II discrimination claim, his retaliation and interference claim, or his challenge to the City's Communication Protocol. *Id*. at 7-12.  The Court also held that Doe had not met his burden to establish irreparable harm. *Id*. at 12-14.

That record defeats the sealing request. Doe placed the records before the Court, unredacted, as part of an evidentiary showing for emergency relief, and the Court considered his application in ruling on merits-related issues.  Under *Center for Auto Safety*, the public's right of access turns on whether the underlying filing is more than tangentially related to the merits, not on the label assigned to the filing. 809 F.3d at 1101.  Doe's TRO application was plainly merits-related.  He sought emergency relief based on alleged ADA discrimination, retaliation, interference, and constitutional violations, and the Court denied relief after analyzing those theories.  (ECF No. 26.)

Having publicly filed these documents to obtain emergency relief, Doe cannot now establish compelling reasons to seal later-filed copies of the same materials.  Sealing them now would not preserve confidentiality.  It would not remedy any alleged disclosure.  It would only obscure a later portion of the docket

while the same documents remain publicly available in connection with Doe's own TRO filing.

Doe's application also seeks to seal additional documents that were previously filed publicly in this action. Exhibit E to the present sealing application, the May 13, 2025 response concerning meals and reserved seating, was previously filed publicly at ECF No. 15-1, Exhibit 5. Exhibit H to the present sealing application, the October 2025 response to Doe's ADA/FEHA accommodation clarification, was previously filed publicly at ECF No. 15-1, Exhibit 6.

Doe offers no meaningful explanation for why documents already available on the public docket should now be sealed in their entirety. Nor does Doe explain how sealing duplicate copies of those documents would protect any legitimate privacy interest. Once information is publicly filed, later sealing of the same information does not restore confidentiality. It merely creates an incomplete public record. The application should therefore be denied as to Exhibits B, D, E, F, G, and H.

### D.    The Remaining Exhibits Are Not Confidential

The remaining exhibits do not justify sealing. Exhibit C contains routine monitor implementation communications, and Exhibit L contains ordinary litigation correspondence concerning anticipated motion practice. Neither exhibit discloses confidential medical information, protected accommodation details, or other information warranting wholesale sealing.

#### 1.    *Exhibit C is an email regarding delivery of a monitor*

Exhibit C is an email thread concerning implementation of a City-issued monitor. The correspondence concerns ordering, shipment, reshipment, receipt, and installation of the monitor by City IT personnel. Nothing in Exhibit C includes Doe's diagnosis, treatment, symptoms, medical restrictions, medical provider information, or functional limitations.

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

At most, Exhibit C reflects that the monitor was connected to an ADA accommodation.  That is not enough.  The fact that equipment was provided in connection with an accommodation does not convert ordinary procurement and installation emails into confidential medical records, especially where Mr. Doe put his disability at issue.

Mr. Doe's declaration does not analyze Exhibit C specifically.  It does not identify any line in Exhibit C that contains private medical information.  It does not explain how public access to routine emails about a monitor would create a concrete harm.  And it does not justify sealing the entire email thread.  Because Exhibit C contains ordinary equipment implementation communications, and because Doe offers only conclusory assertions of confidentiality, Exhibit C should not be sealed.

### 2.     *Exhibit L is ordinary litigation correspondence concerning motion practice*

Exhibit L likewise does not warrant sealing.  Doe describes Exhibit L as pseudonym-related correspondence and screenshots that may link his identity to the Doe record or create safety and retaliation concerns before the Court rules on Doe status.  (ECF No. 52-1.)  But the content of Exhibit L does not justify sealing the exhibit in its entirety.

Exhibit L consists of correspondence between Doe and a third party regarding anticipated motion practice concerning Doe's pseudonymity and a possible motion for leave to file an amicus curiae brief.  The correspondence addresses litigation procedure, meet-and-confer issues, possible amicus participation, and the capacity in which the third party was communicating.  It does not disclose medical information, disability information, accommodation details, treatment information, or other confidential personal information.

Doe's generalized assertion that the correspondence relates to pseudonymity does not supply a compelling reason to seal the entire exhibit.  Pseudonym disputes

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

are litigated on public dockets, and Doe does not identify any specific portion of Exhibit L that creates a non-speculative risk of harm. Nor does Doe explain why any narrower alternative, such as redaction of a specific item of information, would be inadequate. Because Doe relies only on broad concerns and does not provide the specific factual showing required by Ninth Circuit law, Exhibit L should not be sealed.

## IV.    CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court deny Mr. Doe's application to file under seal.

DATED: June 18, 2026                BUCHALTER LLP


By: */s/ Roger L. Scott*
                                    Roger L. Scott
                                    Attorney for Respondent
                                    City of West Covina

10

**RESPONDENT'S OPPOSITION TO APPLICATION TO FILE UNDER SEAL (DOCKET 52)**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 18, 2026 to John Doe, pro se, who is deemed to have consented to electronic service via the Court's CM/Docket system per Civil Local Rule 5.4. Any counsel of record who have not consented to electronic service through the Court's CM/Docket system will be served by electronic mail, first class mail, facsimile and/or overnight delivery.

_/s/ Roger L. Scott_____
*Roger L. Scott*

BUCHALTER LLP
IRVINE

1
**CERTIFICATE OF SERVICE**

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge<br>Hon. Michael B. Kim |

**[PROPOSED] ORDER GRANTING PLAINTIFF JOHN DOE'S APPLICATION TO FILE EXHIBITS B-H AND L UNDER SEAL OR, IN THE ALTERNATIVE, ORDERING REDACTIONS AND PROTECTIVE TREATMENT**

## [PROPOSED] ORDER

The Court, having considered Plaintiff/Petitioner John Doe's Application to File Exhibits B-H and L Under Seal, Respondent City of West Covina's opposition, Plaintiff's reply, the supplemental declaration, request for judicial notice, and application to file Supplemental Exhibits M-O under seal, ORDERS as follows:

1. Plaintiff's Application to File Exhibits B-H and L Under Seal is GRANTED IN PART.

2. The Court finds that Exhibits B-H and L contain or are sufficiently intertwined with ADA accommodation records, medical-support materials, disability-access equipment information, interactive-process materials, pseudonym/Safe at Home/safety information, and retaliation context such that unrestricted public access would create a risk of improper use, including public weaponization of disability and safety

information.

3. The unredacted versions of Exhibits B-H and L shall be maintained under seal. Plaintiff shall file public redacted versions within seven (7) days unless already filed.

4. In the alternative, if the Court declines full sealing of any exhibit, the Court shall maintain temporary restriction pending filing of public redacted versions and shall identify any portions that may remain public.

5. Plaintiff's Application to File Supplemental Exhibits M-O Under Seal is GRANTED. Supplemental Exhibits M-O shall be maintained under seal.

6. Nothing in this Order decides the merits of Plaintiff's ADA, First Amendment, retaliation, disqualification, public-integrity, Brown Act, or pseudonym claims.

7. The parties shall meet and confer before publicly filing any future medical, ADA accommodation, Safe at Home, pseudonym, or agency-charge materials, and any disputed materials shall be submitted under Local Rule 79-5 or for in camera review.

IT IS SO ORDERED.

Dated: _____, 2026


_____
Hon. Maame Ewusi-Mensah Frimpong
United States District Judge

PROPOSED ORDER

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Petitioner,<br><br>v.<br><br>CITY OF WEST COVINA,<br><br>Respondent. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>Assigned to District Judge<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge<br>Hon. Michael B. Kim |

## CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I certify that on June 19, 2026, I caused the foregoing documents to be filed with the Clerk of the Court using the Court's CM/ECF system or otherwise served in accordance with the procedures applicable to pro se electronic filing. Registered users will be served by Notice of Electronic Filing.

Dated: June 19, 2026

/s/ John Doe

John Doe