FILED

CLERK, U.S. DISTRICT COURT

6/19/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

John Doe

Plaintiff/Petitioner in Pro Per

Safe at Home Confidential Address

P.O. Box 1679, MS 5892

Sacramento, California 95812

Email: JohnDoeCA2025@gmail.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Petitioner, <br><br> v. <br><br> CITY OF WEST COVINA, <br><br> Respondent. | Case No. 2:26-cv-03659-MEMF-MBK <br><br> Assigned to District Judge <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Magistrate Judge <br> Hon. Michael B. Kim |

**SUPPLEMENTAL DECLARATION OF JOHN DOE IN SUPPORT OF REPLY
AND SUPPLEMENTAL NOTICE**

**SUPPLEMENTAL DECLARATION OF JOHN DOE**

I, John Doe, declare as follows:

1. I am the Plaintiff/Petitioner in this action. I am autistic, self-represented, and a participant in California's Safe at Home program. I make this declaration from personal knowledge unless stated on information and belief.

2. I submit this declaration in support of my reply to Respondent City of West Covina's opposition to my application to file Exhibits B-H and L under seal, and to give supplemental notice of events occurring after or around the filing of that opposition.

3. I did not intend to permanently waive confidentiality over ADA accommodation records, medical-support records, Safe at Home/pseudonym information, or safety-related information. Earlier public filings occurred while I was proceeding pro se, in an emergency posture, and before I understood how to properly use the Court's

1
SUPPLEMENTAL DECLARATION

sealed-filing process.

4. The City and its counsel now rely on that earlier public filing to argue that I am not entitled to sealing. I believe that position is retaliatory and unfair because the same materials are now being used against me to minimize and reduce my accommodations.

5. After the Court's earlier TRO ruling, the City treated the ruling as permission to cut down my accommodations and to limit my participation in meetings. I contend the City reduced my meaningful pre-vote participation and threatened removal or arrest when I objected or attempted to use my rights.

6. On June 16, 2026, at a City Council meeting, Mayor Leticia Lopez-Viado censored and interrupted my speech regarding a housing project while allowing Councilmember Tony Wu, who supported the project, to speak without the same interruptions. I believe this was viewpoint and content discrimination.

7. During the same meeting, a person associated with John Shewmaker used public comment to ask who "John Doe" was and to attempt to serve documents. The attached transcript reflects that the person asked, "Can someone please tell me who council member John Doe is?" and that Mayor Lopez-Viado discussed allowing the person into the well area or calling a recess for service. I viewed this as retaliation and public identification pressure directed at my Doe status and safety.

8. I contend that West Covina Municipal Code section 2-52 restricts who may be within the rail in front of the council chamber without express consent of the Council. I objected during the meeting because I believed the rules were being selectively changed to facilitate public identification and harassment.

9. I am informed and believe Roger Scott was present at or involved with City litigation discussions and that he publicly discussed aspects of my litigation and case strategy, including mediation, at a public meeting. I believe this undermines the City's claim that my sensitive materials should be exposed in the name of public access.

10. I am also informed and believe Roger Scott/Buchalter now represents or has appeared for individual officials, including Leticia Lopez-Viado and Milan Mrakich, while also purporting to represent the City. I contend that creates conflicts because the

SUPPLEMENTAL DECLARATION

entity's interests are not the same as the personal interests of individual officials accused of retaliation.

11. The EEOC has reopened or is reconsidering charges involving the City of West Covina. Because those documents are confidential agency materials and contain charge information, I am submitting them under seal rather than publicly filing them.

12. I am suffering ongoing harm because the City continues to ignore or minimize medical documentation, reduce accommodations, threaten removal, and route ADA issues through conflicted counsel. I believe the Court is the only immediate protection preventing continued retaliation and public weaponization of my ADA and safety information.

13. I do not ask the Court to decide all retaliation, Brown Act, ethics, or public-integrity issues on this sealing application. I provide these facts to show why sealing, redaction, in camera review, and a protective order are necessary now.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 19, 2026.

/s/ John Doe
John Doe

SUPPLEMENTAL DECLARATION