John Doe
Petitioner in Pro Per
Safe at Home Confidential Address
P.O. Box 1679, MS 5892
Sacramento, California 95812
Email: JohnDoeCA2025@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
6/19/26
CENTRAL DISTRICT OF CALIFORNIA
BY_____CS_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, <br><br> Petitioner, <br><br> v. <br><br> CITY OF WEST COVINA, <br><br> Respondent. | Case No. 2:26-cv-03659-MEMF-MBK <br><br> Assigned to District Judge <br> Hon. Maame Ewusi-Mensah Frimpong <br><br> Magistrate Judge <br> Hon. Michael B. Kim |

**PETITIONER JOHN DOE'S RESPONSE IN OPPOSITION TO RESPONDENT'S REQUEST TO STRIKE OR DEEM MOOT SEALING APPLICATIONS [ECF No. 77]**

**I. INTRODUCTION**

Respondent's three-page filing asks the Court to extinguish two safety-related sealing applications solely because the Court struck a separately noticed pseudonym motion for a calendar defect. The request is legally and procedurally wrong. The Court did not adjudicate pseudonymity, safety, confidentiality, or the merits of the sealing applications. It expressly directed Petitioner to refile the motion in compliance with the Court's calendar and Standing Order.

Because the Court can still grant effectual relief - including maintaining the materials under seal, restricting public access, striking them without unsealing them, permitting their use with a renewed motion, or denying the applications without prejudice while preserving confidentiality - the sealing applications are not constitutionally moot. Respondent's contrary position confuses a procedural strike with a merits adjudication and ignores the Court's continuing supervisory authority over its own docket.

The City's filing is also not a neutral notice. It requests affirmative relief while avoiding ordinary motion procedure, including a noticed motion, a proper meet-and-confer, and a

full explanation of what would happen to the confidential materials if its request were granted. The Court should deny ECF No. 77. At minimum, any order terminating the applications must expressly preserve the materials under seal or restricted access and permit refiling with Petitioner's renewed motion.

## II. THE COURT STRUCK THE UNDERLYING MOTION FOR A SCHEDULING DEFECT, NOT ON THE MERITS

ECF No. 70 did not deny the pseudonym motion on the merits. It stated that the motion had been noticed inconsistently with the Court's 42-day requirement and motion-calendar availability, struck the motion, and ordered the party to refile in compliance with the Standing Order and calendar. Respondent's description of the motion as simply 'now stricken' omits the operative point: the Court ordered refiling rather than adjudicating the underlying safety and access issues.

That distinction matters. The supporting safety materials were not rendered irrelevant by a merits ruling. They remain pertinent to the renewed pseudonym/protective-order request the Court directed Petitioner to file. Respondent cannot convert a curable calendaring defect into a forfeiture of confidentiality.

## III. THE SEALING APPLICATIONS ARE NOT MOOT BECAUSE EFFECTUAL RELIEF REMAINS AVAILABLE

A dispute is moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. Mission Product Holdings, Inc. v. Tempnology, LLC, 587 U.S. 370, 377 (2019); Chafin v. Chafin, 568 U.S. 165, 172 (2013). That demanding standard is not met here.

The Court can still provide multiple forms of effective relief: (1) grant the sealing applications; (2) maintain the submitted materials under seal pending the renewed motion; (3) strike the materials from the docket without unsealing them; (4) permit Petitioner to incorporate them by reference in a renewed motion; (5) allow redacted public versions with unredacted sealed copies; or (6) deny the applications without prejudice while ordering that the lodged materials remain nonpublic. Any one of those remedies defeats mootness.

Respondent's own requested alternative - striking sealed materials rather than analyzing them - confirms that relief remains available. The real issue is not mootness; it is what protective disposition the Court should select.

RESPONSE IN OPPOSITION TO ECF NO. 77

## IV. THE COURT RETAINS SUPERVISORY AUTHORITY OVER ITS RECORDS EVEN WHEN THE UNDERLYING MOTION IS NOT DECIDED

Federal courts have supervisory power over their own records and files. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). That authority does not disappear when an underlying motion is stricken for a procedural defect. Rule 5.2(d) permits a court to order that a filing be made under seal without redaction, and Rule 5.2(e) permits the Court to limit or prohibit nonparty remote electronic access. C.D. Cal. Local Rules 79-5 and 79-6 likewise provide procedures for sealing and in camera review.

The public-access framework also does not support Respondent's all-or-nothing request. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006), and Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096-1101 (9th Cir. 2016), require the Court to assess the relationship of the records to adjudication and the specific reasons for protection. If the Court never considered the materials in resolving a merits issue, the public interest in access is lower, not higher. Respondent cannot simultaneously argue that the materials played no role in adjudication and that the Court should expose them to the public.

## V. ECF NO. 57 SEEKS PROTECTIVE RELIEF IN ADDITION TO PSEUDONYMITY

Respondent's filing admits that ECF No. 57 supported both pseudonymity and a protective order. That independent protective purpose survives the procedural striking of the noticed pseudonym motion. The application concerns safety-related records and asks the Court to prevent their public use while the protection issues are resolved.

A protective request is not extinguished merely because one associated motion must be renoticed. The asserted harm - public dissemination of safety-related material - remains ongoing and irreversible. Once security, Safe at Home, medical, or law-enforcement-sensitive information is publicly disseminated, later relief cannot restore confidentiality.

## VI. ECF NO. 64 CONCERNS MATERIALS WITH INDEPENDENT CONFIDENTIALITY INTERESTS

ECF No. 64 seeks protection for Exhibits II and JJ, described in the filing as confidential safety materials, including Safe at Home-related documentation and a federal protective-order record. Those confidentiality interests do not depend entirely on whether

the Court has already reached the merits of pseudonymity. The documents remain sensitive regardless of the timing defect in ECF No. 56.

Respondent offers no reason why a procedural strike should nullify independent statutory, court-order, safety, and privacy interests. It does not analyze the documents, propose redactions, or explain why they should become public. It merely asserts mootness. That is insufficient.

## VII. RESPONDENT'S NONBINDING AUTHORITIES ARE DISTINGUISHABLE

Respondent cites Brian W. v. Premera Blue Cross of Washington, No. C24-0154-KKE, 2026 WL 1552524 (W.D. Wash. June 2, 2026), and United States v. Safran Group, S.A., No. 15-cv-00746-LHK-SVK, 2018 WL 11436322 (N.D. Cal. Sept. 14, 2018). Neither decision binds this Court. More importantly, Respondent cites them only for the practical proposition that unused sealed materials may be stricken rather than subjected to unnecessary analysis.

Petitioner does not oppose a protective administrative disposition if it preserves confidentiality. If the Court concludes the applications should not be adjudicated before the renewed motion, it may strike or terminate the lodged materials without unsealing them and expressly permit resubmission. What Respondent cannot obtain is an order that converts unused safety materials into publicly accessible records or treats the confidentiality request as forfeited.

## VIII. ECF NO. 77 IS PROCEDURALLY DEFECTIVE TO THE EXTENT IT SEEKS AFFIRMATIVE RELIEF

ECF No. 77 is styled as a 'Notice' but asks the Court to strike pending applications and deny them as moot. Under Rule 7(b)(1), a request for a court order must be made by motion and must state with particularity the grounds and relief sought. To the extent Respondent seeks affirmative relief, the filing should be treated as an uncalendared motion. It does not identify compliance with the meet-and-confer requirement applicable to motions under the Local Rules and does not address the consequences of its requested disposition for public access to the safety materials.

The Court should not grant substantive relief through a procedural notice where the consequence could be irreversible public disclosure.

## IX. THE COURT SHOULD INDEPENDENTLY REVIEW BUCHALTER'S CHARACTERIZATIONS

RESPONSE IN OPPOSITION TO ECF NO. 77

Petitioner separately requests judicial notice of public judicial records involving Buchalter. The request is narrow. The records are not offered to prove that any lawyer acted similarly here, to establish character or propensity, or to decide the merits of any sanctions issue. They are offered only to establish the existence and content of public court orders and to support Petitioner's request that the Court independently examine Respondent's procedural and factual characterizations rather than treating counsel's assertions as self-proving.

In Corker v. Costco Wholesale Corp., No. 2:19-cv-00290-RSL, ECF No. 882 (W.D. Wash. July 19, 2023), a federal court found that Buchalter raised unsupported arguments, made false or misleading assertions under oath, and unreasonably delayed or obstructed discovery. The same court later awarded fees against Buchalter after finding that it had unreasonably and vexatiously multiplied and obstructed proceedings. ECF No. 904 (Sept. 25, 2023). In NPF Franchising, LLC v. SY Dawgs, LLC, 37 F.4th 369 (6th Cir. 2022), the Sixth Circuit affirmed sanctions against individual attorneys while vacating sanctions against the firm solely because Rule 37 did not authorize firm-level sanctions, and remanded for consideration of inherent-authority sanctions against the firm.

Those public records do not decide ECF No. 77. They do, however, reinforce the appropriateness of independent judicial review, especially where Respondent asks the Court to dispose of safety-related materials through a three-page notice without examining the materials or proposing a confidentiality-preserving disposition.

## X. REQUESTED RELIEF

Petitioner respectfully requests that the Court: (1) deny ECF No. 77; (2) maintain ECF Nos. 57 and 64, and all associated lodged materials, under seal or restricted access pending the renewed motion; (3) alternatively, strike or terminate the applications and lodged materials without unsealing them and without prejudice to refiling; (4) permit Petitioner to incorporate or resubmit the materials with the renewed motion; (5) grant the accompanying request for judicial notice solely as to the existence and content of the public judicial records; and (6) make clear that no order on ECF No. 77 authorizes public access to any previously restricted safety material.

## XI. CONCLUSION

Respondent's request rests on a false equation: a motion struck for a scheduling defect is not a merits denial, and a supporting sealing application is not moot where the Court can still grant meaningful protective relief. The Court should deny ECF No. 77 or, at minimum,

dispose of the materials in a manner that preserves confidentiality and permits refiling. Safety protection should not be forfeited because a self-represented litigant selected an unavailable hearing date.

Dated: June 20, 2026

Respectfully submitted,

/s/ John Doe

John Doe

Petitioner in Pro Per

RESPONSE IN OPPOSITION TO ECF NO. 77