**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,<br><br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br>District Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Michael B. Kim<br><br>**PLAINTIFF JOHN DOE'S FIRST EX PARTE APPLICATION FOR RECONSIDERATION OF THE JULY 20, 2026 ORDER [DKT. 122]; EMERGENCY INTERIM RELIEF BEFORE THE JULY 21 COUNCIL MEETING; AND IMMEDIATE WRITTEN RULING ON PENDING COURT-ACCESS ACCOMMODATION REQUEST**<br><br>**C.D. CAL. L.R. 7-18, 7-19, 7-19.1; FED. R. CIV. P. 54(b), 65** |

Plaintiff John Doe respectfully requests narrowly tailored emergency reconsideration of the Court's July 20, 2026 Order denying Docket 98. This request does not ask the Court to repeat the original TRO analysis. It identifies two bodies of timely filed medical evidence that the written Order does not substantively address, and one pre-July 7 written notice that directly answers a factual issue first made dispositive in the July 20 Order.

Emergency treatment is necessary because the next City Council meeting is July 21, 2026—one day after entry of the Order. Defendants continue to deny that the GoPro/360-degree device is an accommodation and maintain that Plaintiff may not operate it from his Council desk or take it home for the prompt, low-stimulation review prescribed by both treating physicians. Without immediate interim relief, Plaintiff must either attend without the prescribed aid or risk another confrontation

over its use.

## I. RELIEF REQUESTED

- Reconsider the portions of Docket 122 concluding that the medical evidence did not explain why the City-selected vantage point was inadequate, did not connect the camera to specific Council functions, and did not establish pre-July 7 notice.

- Pending expedited reconsideration, permit Plaintiff to operate the City-owned GoPro MAX 2 or equivalent 360-degree device at or immediately adjacent to his Council desk during open public meetings, without recording any closed session.

- Permit Plaintiff to take the device, recording media, batteries, mount, and necessary accessories home after each meeting for prompt disability-related downloading and review, subject to a written checkout, preservation, duplication, and return protocol.

- Permit Plaintiff to preserve and upload an identical native copy, including metadata, to the City-issued 1TB USB-C drive or another approved repository within the time reasonably necessary for the City to satisfy any applicable California Public Records Act request, while prohibiting deletion or alteration of the native file.

- Prohibit confiscation, threatened arrest, threatened removal, or police-backed interference based solely on Plaintiff's non-disruptive use of the device under the interim protocol.

- Issue a written ruling or instructions concerning Plaintiff's pending federal court-access disability-accommodation request, which was submitted June 7, forwarded to chambers June 24, and remains unresolved.

## II. EX PARTE AND RECONSIDERATION STANDARDS

Local Rule 7-18 permits reconsideration when there is a material difference in fact or law that could not, with reasonable diligence, have been known at the time of decision; when new material facts or a change in law emerges; or upon a manifest showing that the Court failed to consider material facts presented before decision. The motion may not merely repeat prior arguments. Docket 122 is interlocutory and may also be revised before final judgment under Federal Rule of Civil Procedure 54(b).

Local Rules 7-19 and 7-19.1 require an ex parte memorandum stating the emergency, opposing counsel's contact information, supporting authority, and sworn notice efforts. Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995), requires a showing that the ordinary calendar would cause irreparable prejudice and that the applicant did not create the emergency. Both requirements are met: the Order was entered July 20 and the meeting is July 21.

Counsel for Defendants is Roger L. Scott, Buchalter LLP, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514; telephone (949) 224-6265; email rscott@buchalter.com. Plaintiff's sworn notice efforts appear in the accompanying declaration.

## III. THE ORDER'S SPECIFIC FINDINGS

The Order found that Plaintiff did not establish that a recording from the City-selected vantage point was insufficient, that the medical evidence did not explain how the patient-perspective replay affects specific Council functions, and that Plaintiff did not provide evidence his desk-perspective explanation had been conveyed before or during July 7. Dkt. 122 at 8:1-19. The Order also concluded that Plaintiff was not engaged in protected activity before or during July 7 because the City had denied the camera as an accommodation and Plaintiff had not shown an ongoing request or interactive process. Id. at 9:13-10:20.

Those conclusions turn on factual premises directly addressed by Dockets 115 and 117 and by the May 16 communication attached as Exhibit A.

## IV. THE ORDER DOES NOT SUBSTANTIVELY ADDRESS DR. LATEEF'S TIMELY DECLARATION [DKT. 115]

Docket 115 was filed July 15 as a ten-page declaration under penalty of perjury. Docket 122 lists Dockets 113 through 117 as supporting filings but does not cite Dr. Lateef, Docket 115, or any of his opinions. Those opinions directly answer the findings at page 8 of the Order.

Dr. Lateef stated that the device "must capture the meeting from at or immediately adjacent to Plaintiff's actual Council-seat perspective," that Plaintiff must have "immediate operational control," and that a centrally placed, IT-controlled camera is not medically equivalent. Dkt. 115 at 4. He explained that the City's ordinary video is fixed-angle or operator-selected, delayed approximately 24 hours, and omits

simultaneous reactions, gestures, movement, side conversations, security positioning, and other visual-spatial information. Id.

Dr. Lateef further stated that prompt home review is part of the accommodation and that Plaintiff must be allowed to take the City-owned device and accessories home under a checkout, duplication, and preservation protocol, download the native footage to an approved USB-C drive or City computer, and review it while memory remains recent. Dkt. 115 at 4-5. Those are not cumulative abstractions; they answer why the City-selected vantage point and exclusive IT control are medically insufficient.

## V. THE ORDER CITES THE OLD JUNE 8 LETTER, NOT THE MATERIAL JULY 14 CLARIFICATION AT DOCKET 117

At page 8, the Order states that "the Chang documentation letter does not explain" the access nexus, but cites Exhibit D at Docket 98-3—the earlier June 8 letter. Dkt. 122 at 8:7-16. The July 14 clarification at Docket 117 directly answered the opposition and the exact questions later identified in the Order.

Dr. Chang explained that the accommodation is not "some recording"; it is a patient-perspective recording from Plaintiff's actual Council desk. Dkt. 117 at 2. He stated that a centrally located, IT-controlled camera records a different physical origin point and may omit the visual and spatial information needed to compensate for the disability. Id. He explained immediate operational control, take-home access, native downloading, prompt home review, the body-camera viewpoint analogy, and why the delayed fixed-angle City recording is not equally effective. Id. at 2-3.

Dr. Chang also connected the accommodation to official functions. He explained that

fear and conflict surrounding the accommodation consume the cognitive and emotional resources Plaintiff needs for reviewing agenda materials, deliberating, listening, recalling facts, evaluating motions, and voting accurately. Dkt. 117 at 4. He stated that exclusive City or IT control that prevents operation at the desk or take-home review is not medically equivalent, and recommended immediate implementation before the next meeting. Id. at 5-6.

The written Order does not address these material opinions. This is a proper Local Rule 7-18(c) issue: the reconsideration request is directed to evidence actually filed before decision and to conclusions that track the precise points the medical evidence answered.

## VI. THE MAY 16 EMAIL DIRECTLY ANSWERS THE ORDER'S PRE-JULY 7 NOTICE FINDING

The Order found no evidence that Plaintiff's explanation for desk placement was conveyed to Defendants before or during July 7. Dkt. 122 at 8:14-18. Exhibit A is a May 16, 2026 email sent to ADA Coordinator Roxanne Lerma, HR Director Carmelita Underwood, and numerous LCW attorneys. It stated that the medical purpose was "whole-room, visual-spatial replay from my actual Council desk position," explained that the City's video did not record from Plaintiff's seat or continuously capture the whole room, and stated that a public broadcast was not an individualized assistive accommodation. Ex. A at 2.

Plaintiff does not claim the email was newly created. Its dispositive relevance arose from the July 20 Order's specific, previously unexpressed finding that pre-July 7 communication of desk-perspective necessity was absent. Plaintiff therefore submits

it under Local Rule 7-18(a) and, alternatively, the Court's Rule 54(b) authority to correct an interlocutory ruling where objective evidence directly contradicts a newly identified premise. The email is not offered to repeat an old argument; it is offered to answer the Order's new evidentiary finding.

## VII. REQUESTING AND OPPOSING DENIAL OF AN ACCOMMODATION IS PROTECTED ACTIVITY EVEN IF THE CITY REFUSES TO "APPROVE" IT

The Order also reasoned that because the City denied the camera as an accommodation, there was no approved accommodation to retaliate against or interfere with. Dkt. 122 at 9:18-10:20. But 42 U.S.C. § 12203 protects a person who opposes disability discrimination, makes a charge, participates in a proceeding, or exercises ADA rights; it does not condition protection on the public entity first approving the requested aid. A request for accommodation and an appeal or opposition to its denial are protected activity. See Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 850 (9th Cir. 2004).

Exhibit A shows active opposition to the denial, a request for intervention, specific medical explanation, and a demand for an individualized process seven weeks before July 7. Plaintiff had also supplied medical letters, appealed denials, filed this civil-rights action, and sought federal relief. Whether the City ultimately agreed to call the camera an "accommodation" cannot determine whether Plaintiff's request and opposition were protected.

The regulation requires effective communication, primary consideration of the individual's requested aid, timely implementation, and protection of privacy and

independence. 28 C.F.R. § 35.160(b)(1)-(2). It also bars methods of administration that defeat or substantially impair program objectives and requires reasonable modifications absent fundamental alteration. Id. § 35.130(b)(3), (7).

## VIII. THE INTERIM RELIEF IS NARROW AND PRESERVES CITY OWNERSHIP AND PUBLIC-RECORD OBLIGATIONS

Plaintiff does not seek personal ownership, authority to delete records, permission to record closed session, or immunity from neutral security rules. He proposes a written protocol consistent with both physicians:

- The City retains ownership and asset control.

- Plaintiff operates the device from his Council desk during open meetings and verifies power, storage, and recording.

- Plaintiff may take the device and media home after the meeting for prompt low-stimulation review.

- Plaintiff preserves the native file and metadata without deletion or alteration.

- Plaintiff uploads an identical native copy to the City-issued 1TB USB-C drive or another approved repository and makes it available to the City within any time reasonably necessary for the City to comply with an applicable CPRA request; the City may request a preservation copy sooner.

- Plaintiff returns the device and accessories under a written checkout protocol.

• No closed session is recorded.

• Administrative disputes are addressed in writing—not through confiscation, arrest threats, or removal from the dais.

**IX. IRREPARABLE PREJUDICE REQUIRES ACTION BEFORE JULY 21**

The next meeting is July 21. Defendants continue to deny that the device is an accommodation and maintain exclusive IT control. Absent interim relief, Plaintiff will be prohibited from using the device from the prescribed Council-seat perspective and from taking it home for the prompt review both physicians identified as medically necessary.

The medical record documents escalating pain, sleep disruption, hypervigilance, cognitive fatigue, impaired concentration, and reduced next-day functioning. Dr. Chang opined within a reasonable degree of medical probability that the acute harassment-related stress response materially contributed to Plaintiff's post-incident motor-vehicle accident by impairing sleep, concentration, sustained attention, reaction time, judgment, and safe functioning. Dkt. 117 at 4. Dr. Lateef independently described the foreseeable worsening of musculoskeletal and stress-related symptoms. Dkt. 115 at 5-9.

This request is not based on generalized emotional upset. It concerns loss of effective access at an imminent public meeting, impairment of voting and deliberative functions, and medically documented deterioration that cannot be fully repaired by damages after the meeting occurs.

## X. PLAINTIFF'S COURT-ACCESS ACCOMMODATION REQUEST ALSO REQUIRES A WRITTEN RULING

Plaintiff submitted a federal court-access disability-accommodation request on June 7, 2026, supported by medical documentation. On June 24, the Court's Access Coordinator advised that the requested litigation accommodations could be granted only by the assigned judge and copied chambers. Plaintiff later followed up because no written ruling or instructions had issued. Ex. D.

Plaintiff's autism affects auditory processing, working memory, executive functioning, processing speed, and the ability to organize complex verbal legal information without written reinforcement. He has been required to complete emergency briefing, meet-and-confer obligations, and respond to rapidly filed papers without a written resolution of the court-access accommodations. Plaintiff respectfully asks for a written ruling or clear instructions so that he can participate meaningfully and comply with future deadlines.

## XI. CONCLUSION

Plaintiff respectfully requests that the Court reconsider Docket 122, grant the narrow temporary protocol requested above pending expedited review, and issue a written disposition of the pending court-access accommodation request. At minimum, Plaintiff requests an emergency administrative order preserving patient-perspective use and take-home review for the July 21 meeting while Defendants are given a short opportunity to respond.

Dated: July 20, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff in Pro Per