# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,<br><br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br>District Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Michael B. Kim<br><br>**DECLARATION OF JOHN DOE IN SUPPORT OF EX PARTE APPLICATION FOR RECONSIDERATION OF DOCKET 122 AND EMERGENCY INTERIM RELIEF**<br><br>**C.D. CAL. L.R. 7-18, 7-19.1; 28 U.S.C. § 1746** |

1. I am the Plaintiff in this action and submit this declaration from personal knowledge.

2. I am autistic. My disability substantially affects auditory processing, working memory, executive functioning, sensory integration, processing speed, and my ability to organize complex verbal legal information without written reinforcement.

3. On July 15, 2026, I timely filed Dr. Shahid Z. Lateef's signed declaration at Docket 115 and Dr. Henry Chang's detailed July 14 medical clarification at Docket 117.

4. Dr. Lateef stated that the camera must capture the meeting from at or immediately

adjacent to my actual Council-seat perspective; that I must have immediate operational control; that the City's fixed or centrally controlled camera is not medically equivalent; and that prompt home review is part of the accommodation. He also explained that City ownership, inventory control, cybersecurity, and public-record preservation can coexist with my use.

5. Dr. Chang similarly stated that a centrally located, IT-controlled camera is medically nonequivalent, that I need operational control during meetings, and that I must be allowed to take the device and media home, download the native 360-degree footage, and review it promptly in a low-stimulation environment.

6. On May 16, 2026, I emailed ADA Coordinator Roxanne Lerma, HR Director Carmelita Underwood, and numerous LCW attorneys. A true and correct copy is Exhibit A. I expressly wrote that the medical purpose was whole-room, visual-spatial replay from my actual Council desk position, that the City recording did not record from my seat or preserve the full visual-spatial context, and that a public broadcast was not an individualized assistive accommodation.

7. I did not attach the May 16 email to my July 15 Reply because the Court had not previously stated that evidence of pre-July 7 communication of the desk-perspective need was a missing or dispositive item. Docket 122 first made that specific finding on July 20.

8. The next regular City Council meeting is July 21, 2026. The City continues to deny that the GoPro/360-degree device is an accommodation and maintains that it must be centrally placed and controlled by IT.

9. Absent court intervention, I will not be allowed to use the device from my Council

desk or take it home for the prompt review prescribed by both physicians. I will therefore have to attend without the prescribed access tool or risk another confrontation concerning the equipment.

10. I do not seek personal ownership. I will preserve the native footage and metadata, use the City-issued 1TB USB-C drive or another approved repository, provide the City an identical preservation copy within any time reasonably necessary for the City to comply with an applicable CPRA request, and return the equipment under a written checkout protocol. I will not record closed session.

11. Following the July 7 confrontation, I experienced intense fear, crying, chest discomfort, hypervigilance, loss of sleep, and impaired concentration. I was involved in a motor-vehicle accident the following day. Dr. Chang has opined within a reasonable degree of medical probability that the acute harassment-related stress response materially contributed to the accident by impairing sleep, concentration, sustained attention, reaction time, judgment, and safe functioning.

12. On June 7, 2026, I submitted a disability-accommodation request for participation in this federal case. On June 24, the Court's Access Coordinator stated that the requested accommodations could be granted only by the assigned judicial officer and copied chambers. I later followed up because I had not received a written ruling. A true and correct copy of the correspondence is Exhibit D.

13. Without resolution of those court-access accommodations, I continue to participate in complex and expedited proceedings without the written-communication, processing-time, and other access measures supported by my medical documentation.

14. Before filing this application, on July 20, 2026 at ___3:54___ __p.m., I notified Roger L. Scott by email and attempted oral notice at _rscott@buchalter.com_____. I advised him of the date and substance of this ex parte application, the July 21 emergency, and the relief requested. As of filing, Defendants' position is:

_Against_____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, in West Covina, California.

/s/ John Doe

John Doe