# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50,<br><br>Defendants. | Case No. 2:26-cv-03659-MEMF-MBK<br><br>District Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Michael B. Kim<br><br>**PLAINTIFF JOHN DOE'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND NOTICE OF NEWLY OCCURRING POST-FILING FACTS IN SUPPORT OF THE PENDING EX PARTE APPLICATION FOR RECONSIDERATION OF DOCKET 122; REQUEST FOR TEMPORARY ADMINISTRATIVE PRESERVATION OF THE STATUS QUO**<br><br>Hearing: None requested unless ordered |

**PLAINTIFF JOHN DOE'S EX PARTE APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND NOTICE OF NEWLY OCCURRING POST-FILING FACTS IN SUPPORT OF THE PENDING EX PARTE APPLICATION FOR RECONSIDERATION OF DOCKET 122; REQUEST FOR TEMPORARY ADMINISTRATIVE PRESERVATION OF THE STATUS QUO**

Plaintiff John Doe respectfully requests leave to submit one newly occurring post-filing fact in support of his pending ex parte application for reconsideration of Docket 122, filed July 20, 2026. After Plaintiff filed that application, Defendants' counsel Roger L. Scott sent a third written demand requiring return of the City-owned GoPro/360-degree camera and all accessories by 5:00 p.m. on July 21, 2026, and expressly stated that Plaintiff "cannot use the existing City-owned camera for the un-approved purpose of recording from [his] desk." A true and correct copy is attached as Exhibit A.

The email did not exist when Plaintiff filed the reconsideration application. It bears directly on immediacy, continuing controversy, and the practical effect of denying interim relief. To avoid any procedural concern regarding supplemental papers, Plaintiff asks for express leave to file the accompanying supplemental declaration and Exhibit A. Plaintiff does not reargue the full merits of the original TRO application.

## I. EMERGENCY RELIEF REQUESTED

Plaintiff respectfully requests an order:

- granting leave to file and consider the Supplemental Declaration of John Doe and Exhibit A;

- temporarily holding Defendants' July 21, 2026, 5:00 p.m. return demand in abeyance until the Court rules on the pending ex parte reconsideration application;

- prohibiting police-backed self-help, physical seizure, arrest, or removal solely to enforce the return demand while reconsideration is pending;

- permitting Plaintiff to preserve physical possession and non-disruptive use of the camera from his Council desk during open public meetings, with no recording of closed session; and

- requiring Plaintiff, during the interim, to preserve the equipment, native footage, and metadata; refrain from selling, transferring, damaging, deleting, or materially altering the equipment or files; and make

EX PARTE APPLICATION TO SUPPLEMENT — Page 1

an identical native copy available on the City-issued one-terabyte USB-C drive within the period reasonably necessary to enable the City to comply with any applicable California Public Records Act request, or sooner upon a lawful written preservation request.

Alternatively, if the Court is not prepared to authorize interim use before deciding reconsideration, Plaintiff requests at minimum that the Court preserve his current physical possession and prohibit coercive recovery measures until the Court rules.

## II. THE NEW EMAIL COULD NOT HAVE BEEN PRESENTED EARLIER

Plaintiff filed his emergency reconsideration application on July 20, 2026. The email attached as Exhibit A was sent afterward in response to Plaintiff's request that Defendants maintain the status quo and avoid another confrontation while reconsideration is pending. The email is therefore a genuinely new fact, not an omitted item that could have been submitted with the original application.

The email contains three material statements by Defendants' counsel:

*"I understand that the Court's order did not expressly require you to return the camera, and I have not said otherwise."*

*"[Y]ou cannot use the existing City-owned camera for the un-approved purpose of recording from your desk."*

*"Please return the City-owned camera and all accessories no later than 5:00 p.m. tomorrow."*

Those statements confirm that no judicial return order exists, but Defendants nevertheless intend to require surrender before the Court rules on reconsideration and expressly prohibit the patient-perspective use addressed by the two treating physicians.

## III. THE EMAIL CONFIRMS THAT THE CONTROVERSY IS LIVE AND IMMEDIATE

Docket 122 concluded, among other things, that the record did not establish a present or future police-enforced threat concerning the camera. Exhibit A does not itself threaten police action, and Plaintiff does not ask the Court to read into the email words that are not there. It does, however, establish a present deadline, an immediate demand for surrender, and an express prohibition on use from Plaintiff's Council desk.

The new demand means that, absent interim action, Plaintiff will lose physical access to the very device that is the subject of the pending reconsideration request before the Court can decide whether the newly identified medical and notice evidence warrants relief. The City is therefore not merely defending historical conduct; it is presently taking a position that will alter Plaintiff's access and possession while the motion remains unresolved.

## IV. A SHORT ADMINISTRATIVE STAY IS NARROW AND PROTECTS BOTH SIDES

Plaintiff does not dispute that the City claims ownership of the equipment. He does not seek authority to sell, transfer, damage, delete, or conceal the device or recordings. He does not seek to record closed session. He proposes preservation of the current physical status quo for only the period necessary for the Court to decide the pending reconsideration application.

During that period, Plaintiff will preserve the device, accessories, native footage, and metadata; use the City-issued one-terabyte USB-C drive or another approved repository for an identical native copy; make that copy available within the time reasonably necessary for the City to respond to an applicable CPRA request; and comply with any written checkout, cybersecurity, preservation, and return protocol ordered by the Court.

By contrast, compelled surrender before a ruling would effectively decide the practical dispute in Defendants' favor before the Court evaluates the pending application. A brief administrative hold therefore preserves—not changes—the current physical status quo and avoids a renewed confrontation.

## V. EX PARTE TREATMENT IS NECESSARY

The new demand expires at 5:00 p.m. on July 21, 2026. The ordinary noticed-motion schedule cannot provide relief before that deadline. Plaintiff did not create the emergency: the deadline was imposed after the reconsideration filing. Counsel for Defendants is Roger L. Scott, Buchalter LLP, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612-0514, telephone (949) 224-6265, email rscott@buchalter.com. Plaintiff's notice efforts and Defendants' position are described in the accompanying declaration.

## VI. CONCLUSION

Plaintiff respectfully requests leave to submit the supplemental declaration and Exhibit A and asks the Court to preserve the status quo until it rules on the pending ex parte application for reconsideration.

Dated: July 20, 2026

Respectfully submitted,

/s/ John Doe

John Doe, Plaintiff in Pro Per