# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | District Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Magistrate Judge: Hon. Michael B. Kim |
| v. | **SUPPLEMENTAL DECLARATION OF JOHN DOE REGARDING NEWLY OCCURRING POST-FILING EMAIL AND IMMEDIATE RETURN DEMAND** |
| CITY OF WEST COVINA; MILAN M. MRAKICH; LETICIA SALAZAR LOPEZ-VIADO; and DOES 1-50, | |
| Defendants. | Hearing: None requested unless ordered |

## SUPPLEMENTAL DECLARATION OF JOHN DOE REGARDING NEWLY OCCURRING POST-FILING EMAIL AND IMMEDIATE RETURN DEMAND

I, John Doe, declare as follows:

1. I am the Plaintiff in this action. I make this supplemental declaration from personal knowledge.

2. On July 20, 2026, I filed a pending ex parte application seeking reconsideration of Docket 122 and emergency interim relief.

3. After that filing, Roger L. Scott sent me the email attached as Exhibit A. It is a true and correct copy of the email chain I received.

4. Mr. Scott wrote: "I understand that the Court's order did not expressly require you to return the camera, and I have not said otherwise."

5. He also wrote: "you cannot use the existing City-owned camera for the un-approved purpose of recording from your desk."

6. He demanded: "Please return the City-owned camera and all accessories no later than 5:00 p.m. tomorrow."

7. The email was sent after my reconsideration application and could not have been attached to that filing.

8. The email confirms that Defendants presently demand surrender of the camera before the Court rules and presently prohibit the Council-desk use addressed by Dr. Chang and Dr. Lateef.

9. The Court did not order me to return the camera. Mr. Scott expressly acknowledges that fact in Exhibit A.

10. If I surrender the camera before the Court rules, I will lose access to the device and will be unable to use it from my Council desk or take it home for the prompt low-stimulation review prescribed by my physicians.

11. I do not claim personal ownership of the City equipment. I will not sell, transfer, damage, encumber, conceal, or materially alter the camera or accessories. I will not record closed session.

12. I will preserve all native footage and metadata. I will upload or transfer an identical native copy to the City-issued one-terabyte USB-C drive or another approved repository within the period reasonably necessary for the City to comply with any applicable CPRA request, and sooner if the City makes a

lawful written preservation request.

13. I will return the equipment as directed by a court order or under a written checkout, preservation, copying, cybersecurity, and return protocol that does not defeat the medical function of the accommodation.

14. I request that Defendants not use police, physical seizure, arrest, removal, or other self-help to enforce the return demand while the Court considers the pending application.

15. Before filing this supplemental ex parte application, on July 20, 2026, at __7:38____ _p_.m., I telephoned Roger L. Scott at __rscott@buchalter.com____ and sent written notice by email to Mr. Scott and Claire Katz describing the date, substance, and relief requested. Defendants' stated position is reflected in Exhibit A and/or was: _Against_____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, in West Covina, California.

/s/ John Doe

John Doe