# EXHIBIT A

Post-Filing Email From Roger L. Scott Demanding Return of the City-Owned GoPro/360-Degree Camera and Prohibiting Use From Plaintiff's Council Desk

Case No. 2:26-cv-03659-MEMF-MBK

**From:** Scott, Roger L. rscott@buchalter.com
**Subject:** RE: Case No. 2:26-cv-03659-MEMF-MBK – GoPro Camera [IMAN-BUCHALTER.FID6453193]
**Date:** Jul 20, 2026 at 6:03:23 PM
**To:** John Doe johndoeca2025@gmail.com
**Cc:** Katz, Claire ckatz@buchalter.com

Brian-

I understand that the Court's order did not expressly require you to return the camera, and I have not said otherwise. At the same time, there is no dispute that the camera is City property and not an accommodation that has been granted to you. Doc 122 at 10:10-12 ("Thus, it cannot be said that Doe had an approved 360-degre camera accommodation before or during the July 7 meeting…"). That is the "status quo." As I have said, the City would like to avoid any dispute or confrontation similar to that which occurred on July 7. The City would also like to avoid the time and expense of the motion practice required to seek an order that you return the camera.

You appear to be suggesting you will procure a separate camera for personal use, and/or seek reimbursement from the City for it.
That is a separate issue that you should resolve directly with the City Manager. But, you cannot use the existing City-owned camera for the un-approved purpose of recording from your desk.

Please return the City-owned camera and all accessories no later than 5:00 p.m. tomorrow.

Sincerely,
Roger


Buchalter

**Roger L. Scott** he/him/his
Partner
**T** (949) 224-6265
████████████
rscott@buchalter.com

18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
www.buchalter.com | Bio

**From:** John Doe <johndoeca2025@gmail.com>
**Sent:** Monday, July 20, 2026 4:58 PM
**To:** Scott, Roger L. <rscott@buchalter.com>; Katz, Claire <ckatz@buchalter.com>

**Cc:** Milan West Covina Acting CM <MMrakich@westcovina.org>; Chief Tony Cortina WCPD <tcortina@wcpd.org>; Keith Freeman <kfreeman@wcpd.org>; Brandon Karmann <bkarmann@wcpd.org>
**Subject:** Re: Case No. 2:26-cv-03659-MEMF-MBK – GoPro Camera

This message has originated from an **External Email**. Brian Gutierrez <johndoeca2025@gmail.com>:

Roger,

Thank you for your email.

I respectfully disagree with your interpretation of the Court's Order. The Court denied my request for a temporary restraining order, but **the Court did not order me to return the GoPro camera or any of its accessories.** Those are two separate issues.

I have filed an emergency motion for reconsideration based on material evidence that was timely submitted but, in my view, was not substantively addressed in the Court's Order, including the declarations of Dr. Shahid Lateef and Dr. Henry Chang, as well as additional evidence addressing the concerns identified by the Court. Until the Court has an opportunity to consider that motion, I believe maintaining the status quo is the most appropriate course.

My concern extends beyond possession of the camera. The central issue is ensuring that I can perform my duties as an elected Councilmember without interference. I should not have to worry that, at the next City Council meeting, the Mayor, City representatives, or law enforcement will again attempt to interfere with my use of medically prescribed assistive technology or place me in another unnecessary confrontation. The July 7 incident should not be repeated.

If the City's position is that I must immediately obtain a 360-degree camera through my own Council office budget in order to avoid losing access to medically prescribed assistive technology while this litigation proceeds, then I request that the City permit me to use my Council office allocation for that purpose, consistent with any applicable City policies governing those funds. If that is the City's proposed solution, I will reserve all rights to seek reimbursement or reallocation of those funds if it is ultimately determined— through further court proceedings, settlement, mediation, or otherwise—that the camera should have been provided as a reasonable accommodation.

I remain willing to resolve this issue without further motion practice. However, my objective is to ensure that I can attend and participate in Council meetings without the fear of another confrontation over my disability accommodations.

Please let me know whether the City will agree that there will be no attempt by City personnel or law enforcement to interfere with my non-disruptive use of a 360-degree camera at my Council desk while my motion for reconsideration is pending.

Regards,

Plaintiff, *John Doe v. City of West Covina*
Case No. 2:26-cv-03659-MEMF-MBK



Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please

delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see http://www.buchalter.com/about/firm-policies/.



**Doc 122 2026.07.20 Order Denying Pltf Ex...**
289 KB