UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03659-MEMF-MBK                          Date: July  21, 2026

Title    *John Doe v. City of West Covina*

Present:  The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Plaintiff's Ex Parte Application for Reconsideration of the July 20, 2026, Order, and Plaintiff's Ex Parte Application for Leave to File Supplemental Declaration (Dkt. Nos. 123-24)**

On July 20, 2026, the Court issued an Order denying Plaintiff John Doe's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. Dkt. No. 122 ("Order"). On that same day, Doe filed an Ex Parte Application for Reconsideration of the Order, *see* Dkt. No. 123 ("Application"), and an Ex Parte Application for Leave to File Supplemental Declaration, *see* Dkt. No. 124. For the reasons below, the Court **DENIES** Doe's Application.

**Applicable Law**

**1. Ex Parte Relief**

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order § XII ("[E]x parte applications are solely for extraordinary relief.").

**2. Motion for Reconsideration**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of L.A. v. Santa Monica Baykeeper,* 254

---

CV-90 (03/15)                          Civil Minutes – General                          **Page 1 of 6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:26-cv-03659-MEMF-MBK                                        Date: July  21, 2026

Title      *John Doe v. City of West Covina*


F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be made only on the grounds of:

(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or

(b) the emergence of new material facts or a change of law occurring after the Order was entered, or

(c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. Furthermore, absent a showing of good cause, "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id*.

**Discussion**

Doe's Application does not meet the high standard in this District that ex parte relief requires, nor does it meet the criteria for a Motion for Reconsideration. Thus, Doe's Application is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03659-MEMF-MBK                                    Date: July  21, 2026

Title    *John Doe v. City of West Covina*


First, as to the ex parte standard, Doe does not contend why this application warrants "extraordinary relief" to justify the ex parte standard. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order § XII ("[E]x parte applications are solely for extraordinary relief."). Doe only contends that he would suffer irreparable prejudice and he did not create the emergency, because "the Order was entered July 20 and the meeting is July 21." Application at 3. Even if the city council meeting is July 21, ex parte applications are "rarely justified." *Mission Power Eng'g Co.*, 883 F. Supp. at 490. Doe does not contend why his case warrants extraordinary relief. To that end, Doe has not satisfied the ex parte standard.

Moreover, as to the Motion for Reconsideration, Doe is using this Application as a chance to "reargue the [TRO] [and] present evidence that should have been presented prior." *Marlyn Nutraceuticals,* 571 F.3d at 880. The Court addresses each argument below.

First, Doe points to Docket Number 115, the report by Dr. Lateef, and asserts that the Court failed to address it, although—in his view—it "directly answer[s]" the Order's questions. *See* Application at 4-5; *see also* Dkt. No. 115. But the Court did not need to specifically address Dr. Lateef's findings, given that Dr. Lateef explicitly stated that he deferred to Dr. Chang on how the 360-degree camera serves a disability-related function, *see* Declaration of Shahid Z. Lateef ("Lateef Decl.") ¶ 12, Dkt. No. 115, and the Court finds Dr. Chang's explanation insufficient, as discussed below.

**The Court acknowledges that it does appear that Doe provided his medical explanation for the 360-degree camera at his Council desk in the June 8 letter, prior to the July 7 meeting, and corrects that part of its Order. To clarify, much of the detailed explanation provided in Doe's Reply was not provided prior to July 7.** Importantly, however, the explanation in this letter was insufficient. Although Dr. Chang certainly points to limitations that this Court acknowledges would affect Doe's ability to perform as a council member—such as  "real-time auditory encoding, working memory, sensory integration, executive functioning, delayed formulation of responses, pain, light sensitivity, sleep disruption, and stress-related physiological activation," *see* Ex. D at 3-4, 6, Dkt. No. 98-3—the letter simply fails to convince this Court that Doe is likely to succeed on the merits of his Title II argument. Simply put, it appears to the Court that the Council meetings are totally unlike the police interaction that Doe analogizes to. *See* Reply at 9 (analogizing Doe's need for a 360-degree camera to the necessity that a policy body camera be affixed to the officer in question). In a City Council meeting, all Council members are in fixed positions and members of the public are required to speak from a fixed podium. *See* West Covina Municipal Code Section 2-48(b). ("When called forward by the presiding officer or the city clerk, each person addressing the city council shall step up to the podium and give his or her name and city of residence in an audible tone of voice for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.　　2:26-cv-03659-MEMF-MBK　　　　　　　　　　　　　Date: July  21, 2026

Title　　　*John Doe v. City of West Covina*


record."). Furthermore, Dr. Chang repeatedly indicates that a recording 24 hours later is insufficient because Doe needs the recording while his memory is still fresh. *See* Reply at 9; *see also* Ex. D at 7, Dkt. No. 98-3; Dkt. No. 117 at 2. But presumably, if his memory is not fresh 24 hours later, it is of no moment that the recording will be different from a recollection of the meeting that he no longer has.

Next, Doe points to Docket Number 117, the July 14 Medical Declaration/Letter by Dr. Chang. *See* Application at 5-6. This is insufficient for the same reasons as the June 8 letter.

Doe then contends that 42 U.S.C. § 12203 "protects a person who opposes disability discrimination, makes a charge, participates in a proceeding, or exercises ADA rights; it does not condition protection on the public entity first approving the requested aid." Application at 7-8. Doe is correct that engaging in protected activity is not conditioned on "the public entity first approving the requested aid." *Id.* at 7. **The Court acknowledges the lack of clarity in its Order on this point. By seeking a disability accommodation as discussed above with the June 8 letter, he was pursuing his ADA rights.** But because the Court does not find that he is likely to succeed in showing that the denial of the request or the failure to permit him to use the camera at the meeting was in error, Doe cannot show at this stage that he is likely to succeed on a retaliation claim. Also, Doe contends there was retaliation by threatened police action, but as discussed in the Order, the Court found there was no threatened police action. *See* Order at 10-11.

Finally, Doe provides an email he sent on May 16, 2026, to ADA Coordinator Roxanne Lerma and HR Director Carmelita Underwood to show that he conveyed an explanation to Defendants for his need of a 360-degree camera at his desk. *See* Application at 6-7. **But it is of no moment, as the Court acknowledges above that the statement that no medical explanation was provided prior to July 7 was in error.** As clarified above, much of the detailed explanation provided in Doe's Reply was not provided prior to July 7.

In sum, Doe does not explain how the Order shows "clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law."[1] *Sch. Dist. No. 1J,* 5 F.3d at 1263. Thus, Doe's Application is an improper Motion for Reconsideration.

Accordingly, Doe has not shown how the relief requested in his Application is warranted, so the Application and the Ex Parte Application to File Supplemental Declaration, Dkt. No. 124,

---

[1] This is with the minor exceptions noted above, none of which change the substantive analysis or outcome of the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03659-MEMF-MBK                                        Date: July  21, 2026

Title    *John Doe v. City of West Covina*

shall be denied. Doe's claims will be duly addressed during the normal course of litigation for his amended complaint against Defendants.

Doe is further reminded that ex parte applications are solely for ***extraordinary*** relief. *See* Civil Standing Order Section XII. Doe is advised of the resources below for self-represented parties.[2]

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1.  Plaintiff's Ex Parte Application (Dkt. No. 123) is DENIED.
2.  Plaintiff's Ex Parte Application for Leave to File Supplemental Declaration (Dkt. No. 124) is DENIED.

**IT IS SO ORDERED.**

**Resources for Self-Represented Parties**

Although Doe is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has

---

[2] Doe requests a ruling on his Request for Accommodations. *See* Application at 10. The Court anticipates ruling on that request in advance of any hearing in this matter as the Request appears only to relate to hearings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03659-MEMF-MBK                                    Date: July  21, 2026

Title    _John Doe v. City of West Covina_

extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

                                                                   :

**Initials of Preparer**    DBE