BUCHALTER LLP
Roger L. Scott (SBN: 247165)
Claire L. Katz  (SBN:  358999)
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: 949.224.6265
Fax: 949.720.0182
Email: rscott@buchalter.com
        ckatz@buchalter.com

Attorneys for Defendants
City of West Covina, Milan M. Mrakich,
and Leticia Salazar Lopez-Viado

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, an individual, | Case No. 2:26-cv-03659-MEMF-MBK |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | Date:  August 27, 2026 |
| CITY OF WEST COVINA, MILAN M. MRAKICH, LETICIA SALAZAR LOPEZ-VIADO, and DOES 1-50, | Time:  10:00 a.m. |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure, Rule 26(f), the Court's Order Setting Scheduling Conference (Docket No. 91) and Local Rule 26-1, Plaintiff John Doe ("Plaintiff"), *pro se*,  and Defendants City of West Covina ("City"), Milan M. Mrakich ("Mrakich") and Leticia Salazar Lopez Viado ("Lopez-Viado") (collectively "Defendants"), by and through their counsel of record (Plaintiff and Defendants may be referred to collectively as the "Parties"), submit the following Joint Rule 26(f) Report:

### A.    Statement of the Case.

**Plaintiff's Position:**  Plaintiff is an autistic elected City Councilmember who alleges that Defendants denied him meaningful and equal access to municipal programs and core elected-office functions, including Council meetings, agenda review, deliberation, voting, staff communication, records review, City Hall access, public-comment administration, remote participation when medically necessary, City-issued assistive technology, and the City's ADA grievance process. The operative Second Amended Complaint asserts claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. section 1983, the First and Fourteenth Amendments, Monell, the Bane Act, the Confidentiality of Medical Information Act, California constitutional privacy, and related declaratory and injunctive relief.

Plaintiff alleges that the challenged conduct included the Communication Protocol, nonresponsive ADA coordination, counsel-routed accommodation processing, viewpoint-dependent meeting control, the Gemelli investigation and censure narrative, public disclosure or weaponization of medical and accommodation information, police-backed interference with disability access and assistive technology, the City's CPRA/AI litigation posture, and restrictions on staff and records access. Plaintiff alleges that these actions were taken in retaliation for protected ADA activity, protected speech, petitioning, regulatory reporting, and public-integrity oversight.

Buchalter LLP
Irvine

**JOINT RULE 26(F) REPORT** - 2
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

Plaintiff further contends that the Court has still not provided or implemented all mandatory accommodations needed for Plaintiff to litigate this case on equal footing. Plaintiff therefore proposes that case deadlines be substantially extended and that all active deadlines be paused for 30 days while the parties continue good-faith settlement discussions and while Plaintiff's litigation-access needs are addressed.

**Defendants' Position:** Plaintiff is an elected City Councilperson for the City of West Covina. Plaintiff alleges that the City has failed to accommodate his disabilities and has interfered or retaliated against his rights based on his disability, including through force or coercion. Plaintiff also alleges that Mrakich and Lopez-Viado, through their roles as City Manager, and Mayor, respectively, acted to suppress Plaintiff's First Amendment rights.

Defendants deny Plaintiff's allegations.

**B.** **Subject Matter Jurisdiction.**

The Parties agree that this is a civil action over which the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's federal claims. The Parties agree that because the Court has original jurisdiction over Plaintiff's federal claims, it may also exercise supplemental jurisdiction over Plaintiff's California law claims.

**C.** **Legal Issues**

**Plaintiff's Position:**

1. Whether the City denied Plaintiff meaningful access and reasonable modifications under Title II of the Americans with Disabilities Act.

2. Whether the City failed to provide effective communication, privacy, independence, ADA coordination, and a prompt and equitable grievance process under Title II.

3. Whether the City violated Section 504 of the Rehabilitation Act by denying equal participation, effective communication, reasonable

accommodation, and a lawful grievance process by reason of disability.

4. Whether Defendants retaliated against or interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA and Section 504, including under 42 U.S.C. section 12203.

5. Whether Defendants engaged in First Amendment viewpoint discrimination or retaliation against Plaintiff for protected speech, petitioning, regulatory complaints, public-integrity oversight, and elected-official activity.

6. Whether Defendants violated Equal Protection or Due Process through selective enforcement, disparate treatment, stigma-plus injury, or constitutionally defective procedures.

7. Whether the City is liable under 42 U.S.C. section 1983 pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), based on policy, custom, final-policymaker action, ratification, deliberate indifference, or failure to train and supervise.

8. Whether Defendants interfered or attempted to interfere, by threats, intimidation, or coercion, with rights protected by California Civil Code section 52.1 (the Bane Act).

9. Whether Defendants violated the Confidentiality of Medical Information Act or Plaintiff's right to privacy under the California Constitution through the disclosure, use, or weaponization of medical and accommodation information.

10. Whether Plaintiff is entitled to declaratory, injunctive, and other equitable relief concerning accommodation determinations, effective communication, confidentiality, viewpoint-based meeting control, police-backed interference, the Communication Protocol, the Gemelli report, and the censure narrative

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 4
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

**Defendants' Position:**  The following legal questions are at issue in this case:

1.      Whether the City failed to accommodate Plaintiff's disabilities under Title II of the Americans with Disabilities Act.

2.      Whether the City failed to accommodate Plaintiff's disabilities under Section 504 of the Rehabilitation Act.

3.      Whether the City retaliated against Plaintiff for exercising his rights under the ADA and/or Section 504.

4.      Whether the City interfered with Plaintiff's exercise of his rights under the ADA and/or Section 504.

5.      Whether Defendants discriminated or retaliated against Plaintiff based on his viewpoints and/or exercise of his First Amendment rights.

6.      Whether the City denied Plaintiff equal protection and due process.

7.      Whether the City is liable under 42 U.S.C. §1983 pursuant to *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

8.      Whether Defendants interfered with Plaintiff's rights by us of threats, intimidation, or coercion.

9.      Whether the City violated Plaintiff's right to privacy.

**D.      Damages**

**Plaintiff's Position**:  Plaintiff alleges ongoing physical, emotional, dignitary, reputational, and economic harm, including impaired participation in Council functions, pain, humiliation, anxiety, sleep disruption, concentration impairment, safety concerns, and chilling of ADA activity and protected speech. Plaintiff seeks compensatory damages, emotional-distress damages, reputational damages, nominal damages, statutory damages, punitive damages where authorized, costs, attorney's fees where authorized, interest, and declaratory, injunctive, and equitable relief. Plaintiff's damages are ongoing and are not yet fully quantified pending discovery and expert testimony.

Buchalter LLP
Irvine

**JOINT RULE 26(F) REPORT** - 5
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

**Defendants' Position**:  Defendants deny that Plaintiff has incurred any damages.  Defendants are not seeking damages at this time.

## E.    Parties and Evidence

**Plaintiff's Position:**

Plaintiff intends to seek leave under Federal Rules of Civil Procedure 15 and 21 to remove unused Doe defendants, substitute named parties for certain Doe defendants, add or clarify party allegations, and supplement allegations with events occurring after the Second Amended Complaint. Plaintiff presently anticipates naming or evaluating claims against Buchalter LLP; Kathryn ("Katie") Fox; Thomas M. O'Connell; Kelly Gemelli and/or her law firm; Police Chief Antonio Cortina; Roxanne Elena Lerma; and additional persons or entities identified through discovery. Plaintiff may determine after discovery that some persons are witnesses rather than defendants, and this is not an exhaustive final list.

Plaintiff cannot provide a complete final list now because the complete Gemelli investigation file has not been produced, including engagement and scope records, witness materials, recordings, transcripts, notes, drafts, redlines, source documents, communications, and metadata. Plaintiff further requires the complete ADA grievance and accommodation-decision files, City/Buchalter communications, LCW communications, IT records, police records, and other documents necessary to identify the participants and their respective roles.

Plaintiff presently anticipates subpoenas, depositions, and trial testimony from numerous current and former City officials, employees, contractors, vendors, and third parties, including Marc Taylor; Larry Withhorn; retired Police Chief Richard Bell; JoAnne Burns; Melissa Mechesca of Transtech; Helen (Hellen) Wu, CFO/founder of CAAWC; Susie Perez; Paulina Morales; Erick Vargas; Dianna Campos; Karen Ogawa; Veronica Zamora; Raul Alvarado; Richard "Dick" Jones; William Elliott; Jennette Duarte; and additional witnesses identified through the Gemelli files and other discovery.

Plaintiff also anticipates witnesses including Plaintiff; Mrakich; Lopez-Viado; Tony Wu; Rosario Diaz; Olegario D. Cantos, VII; Roxanne Lerma; Lisa Sherrick; Carmelita Underwood; Thomas P. Duarte; Roger L. Scott; Claire Katz; Kathryn ("Katie") Fox; Thomas M. O'Connell; Kelly Gemelli; Police Chief Antonio Cortina; Captain Keith Freeman; City Manager Office personnel; ADA/HR personnel; IT personnel; Finance personnel; City Clerk personnel; Police or security personnel; treating providers including Henry Chang, D.O. and Shahid Lateef, D.C.; and retained experts. Plaintiff reserves the right to supplement this list as discovery develops.

Plaintiff anticipates retained expert testimony, including experts concerning ADA Title II and Section 504 reasonable accommodations and effective communication; autism-related processing, disability access, and functional limitations; municipal governance and Monell policy/custom issues; public-records and records-management issues; digital-forensic and video evidence; police/security practices; damages and medical causation; and, if permitted by the pleadings and discovery, forensic accounting, procurement, and public-integrity issues relevant to motive, retaliation, and damages.

**Defendants' Position**:  Defendants do not anticipate adding any new parties. Defendants reserve the right to call upon other witnesses as discovery proceeds. Defendants currently believe the following witnesses are likely to have information relevant to claims alleged by Plaintiff in the Complaint.

1. Plaintiff

2. Milan Mrakich

3. Leticia Lopez-Viado

4. Tony Wu

5. Rosario Diaz

6. Olegario D. Cantos, VII

7. Roxanne Lerma

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 7                    CASE NO. 2:26-cv-03659-MEMF-MBK
111834690v3

8. Lisa Sherrick

9. Carmelita Underwood

10. City of West Covina Staff

11. Henry Chang, D.O.

12. Shahid Lateef, D.C.

While Defendants reserve the right to request that Plaintiff produce documents not listed below as discovery proceeds, Defendants believe the following categories of documents are likely to contain relevant information:

1. Plaintiff's documents and communications, including AI prompts and chats, relating to Plaintiff's requests for accommodations.

2. Plaintiff's medical records.

3. Plaintiff's communications with his medical providers.

4. Plaintiff's employment records from prior employers regarding previously granted ADA accommodations.

5. Recordings of City Council meetings, whether taken by the City or by Plaintiff.

**F.   Insurance**

The City is a member of the California Joint Powers Insurance Authority, a joint powers authority through which member public agencies pool self-insured liability risk; as Government Code section 990.8 provides, such pooling is not insurance. Without conceding that Federal Rule of Civil Procedure 26(a)(1)(A)(iv) reaches it, the City identifies the Authority's Memorandum of Coverage — Liability Program, effective July 1, 2025 through July 1, 2026, and Endorsement No. 3 thereto, under which the City participates in the Excess Liability Program subject to a Member Retained Limit of $1,000,000. On July 14, 2026, the Authority advised that it will defend this action subject to coverage counsel's review and a reservation of rights; it has made no determination that any judgment would be indemnified.

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 8
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

### G.    Manual for Complex Litigation

The Parties agree that none of the procedures of the Manual for Complex Litigation should be utilized in this action.

### H.    Motions

**Plaintiff's Position**:

Plaintiff intends to seek leave to file a Third Amended Complaint to remove unused Doe defendants, substitute named parties for certain Doe defendants, add or clarify claims and capacities, and supplement the pleading with post-Second-Amended-Complaint events. Plaintiff also anticipates seeking appropriate procedural relief concerning the City's CPRA action, including removal, related-case treatment, consolidation, supplemental pleading, amendment, or other relief if legally available, because Plaintiff contends that the CPRA action was filed in retaliation for his protected status and protected activity. Plaintiff also intends to pursue pseudonym/protective relief, discovery enforcement, protective orders, and, if supported by discovery, conflict, advocate-witness, or disqualification relief.

**Defendants Position**:  On June 12, 2026, the Court struck Plaintiff's motion to proceed under a pseudonym.  Plaintiff has repeatedly represented he intends to refile the motion, but has not done so.  If Plaintiff does not act, Defendants intend to file a motion requiring Plaintiff to proceed under his true name.  Defendants do not contemplate any other motions at this time.

### I.    Dispositive Motions

**Plaintiff's Position**:

Plaintiff believes the factual record must be developed before the parties can determine the full scope of dispositive motion practice. Plaintiff reserves the right to move for summary judgment or partial summary judgment on liability, policy and custom, declaratory relief, injunctive relief, retaliation, privacy, or other issues after completion of appropriate discovery.

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 9                    CASE NO. 2:26-cv-03659-MEMF-MBK
111834690v3

**Defendants Position**:  The factual record is not sufficiently developed at this time for Defendants to determine whether a dispositive motion is appropriate.

**J.**      **Status of Discovery**

**Plaintiff's Position:**  The Parties have not yet conducted merits discovery. Plaintiff contends that Rule 26(a) disclosures and discovery deadlines should be tolled for 30 days while settlement discussions continue and while Plaintiff's litigation-access accommodations remain unresolved. Plaintiff does not waive the right to seek additional time if the Court or Defendants delay accommodations or core discovery.

**Defendants' Position:**  The Parties have not yet conducted discovery.  The Parties do not suggest changes to Rule 26(a) disclosures.

**K.**      **Discovery Plan**

**Plaintiff's Position:**  Plaintiff anticipates conducting the following discovery:

1.      Interrogatories

2.      Requests for Production of Documents

3.      Requests for Admission

4.      Plaintiff's deposition

5.      Mrakich's deposition

6.      Lopez-Viado's deposition

7.      Third-party subpoenas to current and former City employees, former department heads, City contractors, nonprofits, vendors, attorneys, investigators, and other nonparties.

8.      Depositions of current and former City employees and officials, including the former employees and contractor witnesses identified in Plaintiff's witness list.

BUCHALTER LLP

IRVINE

**JOINT RULE 26(F) REPORT** - 10

111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

9. Retained expert discovery concerning disability access, municipal policy and custom, video/digital evidence, law-enforcement/security issues, forensic accounting/procurement if permitted, and damages. Plaintiff intends to conduct discovery on the following subjects:

Plaintiff contends this case cannot be prepared on Defendants' proposed schedule because discovery has not begun, the parties have been in settlement discussions for approximately two weeks, Plaintiff has unresolved litigation-access accommodation issues, and Plaintiff must obtain third-party and City discovery before he can identify all Doe defendants and proposed additional parties. Plaintiff seeks substantial but proportional discovery based on the number of claims, the number of actors, the need for expert testimony, and the continuing refusal to produce the complete Gemelli and related files.

1. The complete nonprivileged Gemelli investigation file, including retention and engagement records, scope and scope changes, investigation protocols, witness lists, interview recordings and transcripts, notes, drafts, redlines, source documents, distribution and release records, communications among Gemelli, the City, Buchalter, other counsel, witnesses, and decisionmakers, metadata, and an adequate privilege log for any withheld material.

2. All ADA and Section 504 accommodation requests, medical-support records, interactive-process and grievance files, communications, internal analyses, decisionmaker records, confidentiality practices, disclosures, expense records, and communications involving the City Manager's Office, ADA Coordinator, HR, LCW, Buchalter, IT, Finance, the City Clerk, Police, and other personnel.

3. The Communication Protocol, Code of Conduct, censure process, meeting-control rules, microphone, bell, point-of-order, public-comment, staff-access, records-access, and remote-participation

policies and practices, including viewpoint-dependent or selective enforcement and the roles of final policymakers.

4. The disclosure, access, transmission, receipt, republication, or weaponization of Plaintiff's medical or accommodation information, including the identity and role of every person who accessed, received, transmitted, discussed, or republished it.

5. Council meeting recordings, body-worn-camera footage, CCTV, GoPro or 360-degree recordings, transcripts, photographs, and other audiovisual evidence concerning challenged meetings, accommodation interference, police or security involvement, and post-pleading events.

6. Current and former City employee testimony and records, including from Marc Taylor, Larry Withhorn, retired Police Chief Richard Bell, JoAnne Burns, Susie Perez, Paulina Morales, Erick Vargas, Dianna Campos, Karen Ogawa, Veronica Zamora, Raul Alvarado, William Elliott, Jennette Duarte, and additional custodians or percipient witnesses identified through discovery.

7. Nonparty contractor, vendor, nonprofit, attorney, and investigator discovery, including Transtech, Melissa Mechesca, Helen (Hellen) Wu, CAAWC, Richard "Dick" Jones, Buchalter, LCW, Gemelli, and other entities or persons identified through the records.

8. The City's CPRA action and alleged retaliatory litigation posture, including communications, approvals, motive, attorney direction, City Council knowledge or ratification, and the relationship between the CPRA case and Plaintiff's protected ADA, First Amendment, and public-integrity activity.

9. Policies, customs, training, supervision, ratification, final-policymaker knowledge, and other Monell evidence; legal-billing and counsel-conflict evidence; public-integrity oversight evidence relevant to

motive and causation; and Plaintiff's alleged damages and medical causation.

Plaintiff proposes a fact discovery cut-off of August 4, 2027.

**Defendants' Position:** Defendants anticipate conducting the following discovery:

1. Interrogatories
2. Requests for Production of Documents
3. Requests for Admission
4. Plaintiff's deposition
5. Mrakich's deposition
6. Lopez-Viado's deposition
7. Subpoenas to Plaintiff's medical providers
8. Depositions of Plaintiff's medical providers
9. Expert discovery

Defendants intend to conduct discovery on the following subjects:

1. The basis of Plaintiff's claims.
2. The existence of any disability claimed by Plaintiff.
3. Any need for accommodations claimed by Plaintiff.
4. Plaintiff's alleged damages.

Defendants propose a fact discovery cut-off of January 27, 2027. Defendants agree to the discovery limits imposed by the Federal Rules of Civil Procedure.

**L.    <u>Expert Discovery</u>**

**Plaintiff's Position:** Plaintiff proposes initial expert disclosures by August 11, 2027, rebuttal expert disclosures by August 25, 2027, and an expert discovery cut-off of September 8, 2027. Plaintiff expects retained expert testimony and contends Defendants' schedule is not workable given the number of witnesses, anticipated amendment, third-party subpoenas, and unresolved accommodation issues.

**Defendants' Position:** Defendants propose that they complete discovery of expert witnesses in three (3) phases: (1) Expert Disclosure (initial) by February 3, 2027; (2) Expert Disclosure (rebuttal) by February 17, 2027; and (3) Expert discovery cut-off by March 3, 2027.

### M.   Settlement Conference/ADR

The Parties agree to proceed through a settlement conference before a Magistrate Judge and request that the Court so order.

**Plaintiff's Position**:  Plaintiff will also agree to participate in private mediation at Defendants' sole expense.  Plaintiff states that the Parties have also been engaged in settlement discussions for approximately two weeks and requests a 30-day pause or stay of case deadlines while those good-faith discussions continue.

**Defendants' Position**: Defendants will also agree to participate in private mediation with Plaintiff and Defendants to share the costs equally.

### N.   Trial Estimate

**Plaintiff's Position:**  Plaintiff estimates that trial will require approximately 12 to 15 court days because he anticipates multiple fact witnesses, numerous subpoenas, retained expert testimony, video and digital evidence, municipal-policy evidence, damages evidence, and amendment-related parties or witnesses.  Plaintiff has demanded a jury trial.

**Defendants' Position:**  Defendants estimate that trial of this matter will take five to seven Court days.

### O.   Trial Counsel

**Plaintiff's Position:**  Plaintiff is pro se and presently intends to represent himself at trial unless counsel later appears. Plaintiff contends that Buchalter LLP and certain Buchalter attorneys may be material witnesses or prospective parties and reserves all rights concerning conflicts, the advocate-witness rule, separate counsel, and disqualification.

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 14
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

**Defendants' Position:** Defendants lead trial counsel is Roger L. Scott, Buchalter LLP.

**P.    Magistrate Judge**

The Parties do not agree to having this case tried before a magistrate judge.

**Q.    Independent Expert or Master**

The Parties do not believe that the appointment of an independent expert or Special Master is necessary or appropriate in this case.

**R.    Schedule Worksheet.**

**Plaintiff's Position:** Plaintiff proposes the substantially extended dates reflected in Plaintiff's Scheduling Worksheet, including a 30-day pause for settlement discussions and unresolved court-accommodation issues. Plaintiff's proposed trial date is February 7, 2028; final pretrial conference is January 19, 2028; last date to hear a motion to amend or add parties is May 13, 2027; fact discovery cut-off is August 4, 2027; initial expert disclosures are August 11, 2027; rebuttal disclosures are August 25, 2027; expert discovery closes September 8, 2027; last date to hear motions is October 28, 2027; settlement conference deadline is November 10, 2027; first trial filings are December 22, 2027; and second trial filings are January 5, 2028.

**Defendants' Position:** See attached worksheet.

DATED: August 11, 2026

By: _/s/John Doe_____
John Doe
Plaintiff, *Pro Se*

DATED: August 11, 2026        BUCHALTER LLP

By: _/s/Roger L. Scott_____
Roger L. Scott
Attorneys for Defendants
City of West Covina, Milan M.
Mrakich, and Leticia Salazar Lopez-Viado

BUCHALTER LLP
IRVINE

**JOINT RULE 26(F) REPORT** - 15
111834690v3

CASE NO. 2:26-cv-03659-MEMF-MBK

**DISTRICT JUDGE MAAME EWUSI-MENSAH FRIMPONG**
<u>**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**</u>
Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.
The parties must make every effort to agree on dates or the court will set them.

| Case No.  2:26-cv-03659-MEMF-MBK | Case Name:  Doe v. City of West Covina, et al | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date**<br>**mm/dd/yyyy** | **Def(s)' Date**<br>**mm/dd/yyyy** |
| Check one:   ☒ Jury Trial   or   ☐ Bench Trial<br>[<u>Monday</u> at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration:  Plaintiff's estimate: 12-15 days  Defendant's estimate:  5-7 days | | 02/07/2028 | 08/02/2027 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine<br>[<u>Wednesday</u> at 9:00 a.m. at least 19 days before trial] | | 01/19/2028 | 07/14/2027 |
| **Event[1]**<br><u>Note</u>: Hearings shall be on Thursdays at 10:00 a.m.[2]<br>Other dates can be any day of the week. | **Time Computation[3]** | **Pl(s)' Date**<br>**mm/dd/yyyy** | **Def(s)' Date**<br>**mm/dd/yyyy** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings or Add Parties [Thursday] | 12 weeks after scheduling conference | 05/13/2027 | 11/19/2026 |
| Fact Discovery Cut-Off<br>(no later than deadline for filing dispositive motion) | 24 weeks before FPTC | 08/04/2027 | 01/27/2027 |
| Expert Disclosure (Initial) | 23 weeks before FPTC | 08/11/2027 | 02/03/2027 |
| Expert Disclosure (Rebuttal) | 21 weeks before FPTC | 08/25/2027 | 02/17/2027 |
| Expert Discovery Cut-Off | 19 weeks before FPTC[4] | 09/08/2027 | 03/03/2027 |
| Last Date to <u>Hear</u> Motions [Thursday]<br>• Parties shall take note of the Court's briefing schedule as set forth in the Civil Standing Order, found on Judge Frimpong's website | 12 weeks before FPTC | 10/28/2027 | 04/15/2027 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br><u>Select one</u>:  ☒ 1. Magistrate Judge (with Court approval)<br>   ☐ 2. Court Mediation Panel<br>   ☐ 3. Private Mediation | 10 weeks before FPTC | 11/10/2027. | 05/05/2027 |
| <u>Trial Filings</u> (first round)<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 12/22/2027 | 06/16/2027 |
| <u>Trial Filings</u> (second round)<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | 01/05/2028 | 06/30/2027 |

---

[1] The parties may seek dates for additional events by filing a separate stipulation and proposed order.

[2] By default, all hearings shall proceed in-person, unless a request is made by the parties and granted by the Court. Requests to appear via Zoom must be e-filed by the Friday before the hearing and must indicate that counsel has met and conferred per Local Rule 7-3.

[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. But in every case, the last date to hear motions shall be no later than eight (8) weeks before the deadline for Trial Filings (First Round), and the deadline for Trial Filings (First Round) and Trial Filings (Second Round) must be no later than four (4) and two (2) weeks before the FPTC, respectively.

[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.