UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03659-MEMF-MBK Date: August 28, 2026

Title *John Doe v. City of West Covina*

Present: The Honorable: Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Plaintiff's Ex Parte Application for Clarification or, in the alternative, Limited Reconsideration of Order Denying Temporary Restraining Order, Plaintiff's Second, Third, Fourth, and Fifth Supplemental Notices, Plaintiff's Ex Parte Application for Expedited Ruling, Plaintiff's Supplemental Ex Parte Applications, and Plaintiff's Request for Leave to Supplement Pending Ex Parte Application for Reconsideration (Dkt. Nos. 27, 40-41, 43-44, 51, 71, 81, 92-93)**

On May 4, 2026, the Court issued an Order denying Petitioner's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. Dkt. No. 26 ("Order"). On May 5, 2026, Plaintiff John Doe filed an Ex Parte Application for Clarification or, in the alternative, Limited Reconsideration of Order Denying Temporary Restraining Order**.** *See* Dkt. No. 27 ("Application"). On May 6, 2026, the City of West Covina filed an Opposition to the Application. *See* Dkt. No. 32 ("Opposition"). On that same day, Doe filed a Reply to the Opposition. *See* Dkt. No. 34 ("Reply"). Doe also filed a Notice of Supplemental Evidence in support of the Application on May 8, 2026, *see* Dkt. No. 36, a Second Supplemental Notice on May 14, 2026, *see* Dkt. No. 40, a Third Supplemental Notice on May 18, 2026, *see* Dkt. No. 41, a Fourth Supplemental Notice on May 20, 2026, *see* Dkt. No. 43, and a Fifth Supplemental Notice on May 24, 2026, *see* Dkt. No. 44. On June 4, 2026, Doe filed an Ex Parte Application for Temporary Administrative Relief and Expedited Ruling on Pending Reconsideration. *See* Dkt. No. 51. On June 12, 2026, Doe filed a Supplemental Ex Parte Application re New Evidence. *See* Dkt. No. 71. On June 25, 2026, Doe filed a Request for Leave to Supplement Pending Ex Parte Application, Dkt. No. 81, and on July 2 and 5, 2026, Doe filed Supplemental Notices, Dkt. Nos. 92-93. For the reasons below, the Court **DENIES** Doe's Application, Supplemental Notices and Applications, and Request for Leave.

**Applicable Law**

1. **Ex Parte Relief**

A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co.*, 883 F. Supp. at 490. This Court's Civil Standing Order emphasizes this. Civil Standing Order § XII ("[E]x parte applications are solely for extraordinary relief.").

**2. Motion for Reconsideration**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of L.A. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to reargue the motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
>
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

> No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. Furthermore, absent a showing of good cause, "any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id.*

**3. Request for Clarification**

Under Rule 60 of the Federal Rules of Civil Procedure, a Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

**Discussion**

Doe's Application does not meet the high standard in this District that ex parte relief requires, nor does it meet the criteria for a Motion for Reconsideration or Request for Clarification. Thus, Doe's Application is DENIED.

First, as to the ex parte standard, Doe does not explain how he "will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," or how he is "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Doe contends that "[t]he ongoing access harm also recurs before each Council meeting, agenda review cycle, City Hall access event, staff communication, and accommodation implementation dispute," so "[a] regularly noticed motion would not resolve these issues before [he] again must participate in official City functions." Application at 2. But this Court already denied the same irreparable harm arguments in its prior Order, and Doe has not presented new facts to show how he cannot engage in a "regularly noticed motion" according to this Court's Civil Standing Order. *See* Order at 12-14. And any irreparable harm from public disclosure can be addressed via a proper sealing of documents. *See* Dkt. No. 51 at 32. To that end, Doe has not satisfied the ex parte standard.

Second, as to the Motion for Reconsideration, Doe is using this Application as a chance to "reargue the [TRO] [and] present evidence that should have been presented prior." *Marlyn Nutraceuticals,* 571 F.3d at 880. The Court addresses Doe's arguments below.

Doe contends that "the corrected record supplies the exact evidence" that his seating was "an approved accommodation when the threat occurred." Application at 4. But Doe is merely restating the argument that Doe documented the medical need and "medically supported

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03659-MEMF-MBK Date: August 28, 2026

Title *John Doe v. City of West Covina*

accommodation[]" for "maintaining his Council chamber seat and lighting conditions," that he made in his Motion, and the argument that the City "approved accommodations for [Doe] including . . . seating and lighting accommodations," that he made in his Reply. *See* Motion at 4; Reply at 3.

Next, Doe contends that the "360-degree camera affects multi-speaker meeting comprehension and post-meeting review," and "[w]ithout the device, [Doe] cannot reconstruct multi-speaker discussion, associate spoken words with visual cues, or reprocess complex meeting events at a neurologically sustainable speed." Application at 4-5. This is merely a restatement of the argument that the 360-degree camera may be a necessary and effective accommodation that Doe made in his Reply. *See* Reply at 5. And it is restating the email Doe provided as evidence that states that the 360-degree camera is clearly requested as an accommodation and medically supported. *See* Dkt. No. 12 at 66.[1] Doe is also presenting "evidence that should have been presented prior to the entry of judgment." *Marlyn Nutraceuticals, Inc.,* 571 F.3d at 880.

Doe then contends that the "USB/flash drive affects agenda-material access and vote preparation," and a "USB/flash-drive format provides one stable, organized, offline format that reduces executive-function burden and allows review with assistive tools." Application at 4-5. This is merely a restatement of the argument that the flash-drive agenda materials may be a necessary and effective accommodation that Doe made in his Reply. *See* Reply at 5.

Doe also contends that "Dr. Chang explains that chronic musculoskeletal pain, postural intolerance, and sensory overload interfere with concentration, endurance, and executive functioning" to show why the ergonomic chair is medically necessary for home review. *See* Application at 5. This is merely a restatement of the argument that the ergonomic support may be a necessary and effective accommodation that Doe made in his Reply. *See* Reply at 5. And it is restating the email Doe provided as evidence that states that ergonomic seating support is clearly requested as an accommodation and medically supported. *See* Dkt. No. 12 at 66.

Doe then contends that "[d]enial of live processing prevents [him] from asking questions during agenda items, following motions, responding to staff/counsel, participating in debate, requesting clarification, and voting accurately." Application at 5. This is merely a restatement of the argument that the live-meeting processing may be a necessary and effective accommodation that Doe made in his Reply. *See* Reply at 5. And it is restating the email Doe provided as

[1] Because the original piece of evidence does not have page numbers, all citations to the page number of this evidence are citations to the pagination imposed on the document by the Court's CM/ECF header. *See* Bluebook Rule B17.1.4.

evidence that states that processing time during meetings is clearly requested as an accommodation and medically supported. *See* Dkt. No. 12 at 66.

And Doe argues that the Communication Protocol "denied access to the City's finance-record function, records-review function, oversight function, and Council preparation function," and the "Protocol blocked protected inquiry, oversight, record access, City Hall access, and petitioning after [Doe] reported public-fund concerns and asserted ADA rights" to violate Title II and the First Amendment. Application at 6. Doe is merely restating the argument that the Communication Protocol "imposes operational restrictions on how [Doe] may communicate with staff, access City Hall, and perform oversight functions" that Doe made in his Motion. *See* Motion at 8; *see also* Reply at 3.

Finally, Doe argues that adverse and interfering actions included: "changing ADA coordination midstream and attorney-routing the process," "imposing and enforcing the Communication Protocol after protected ADA and oversight activity," "denying or withholding the 360-degree camera, USB agenda materials, ergonomic seating support, and live-processing supports," and "forcing [Doe] from accommodation-supported seating and threatening removal/arrest." Application at 7. Doe is merely restating the argument that Doe made in his Motion: "[Doe] repeatedly invoked his accommodation rights, documented ADA-related complaints, and requested implementation. After those complaints and requests, the City altered the ADA chain and [Doe] documented that accessibility-related equipment was interfered with or withheld. [Doe] was also threatened with arrest if he did not surrender his approved accommodation seating. These facts support a substantial likelihood of success on an ADA interference and retaliation theory." Motion at 8.[2]

Moreover, Doe does not explain how his Application shows "clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law." *Sch. Dist. No. 1J,* 5 F.3d at 1263; *see also* Opposition at 3-4. Accordingly, Doe's Application is an improper Motion for Reconsideration.

[2] Doe contends that the City's CPRA lawsuit is "evidence of adverse action, causation, and ADA interference," because that "litigation would reasonably deter a person from using disability-related assistive tools, asserting ADA rights, and continuing protected oversight activity." Application at 8. The Court need not address this argument, because Doe does not show how the lack of considering the CPRA lawsuit, which was not raised in the Motion or Reply, constitutes "clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03659-MEMF-MBK Date: August 28, 2026

Title *John Doe v. City of West Covina*

Third, as to the Request for Clarification, Doe does not show how there is "a clerical mistake or a mistake arising from oversight or omission" that this Court shall clarify and correct. Application at 3; Opposition at 3.

Accordingly, Doe has not shown how the relief requested in his Application is warranted, so the Application shall be denied. Doe's claims will be duly addressed during the normal course of litigation for his amended complaint against Defendants.

Because the Application shall be denied, all of Doe's Supplemental Notices, Supplemental Ex Parte Applications, and Requests for Leave shall be denied. *See* Dkt. Nos. 40-41, 43-44, 51, 71, 81, 92-93.

Doe is further reminded that ex parte applications are solely for ***extraordinary*** relief. *See* Civil Standing Order Section XII. Doe is advised of the resources below for self-represented parties.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Ex Parte Application is DENIED.
2. Plaintiff's Second, Third, Fourth, and Fifth Supplemental Notices (Dkt. Nos. 40-41, 43-44) are DENIED.
3. Plaintiff's Ex Parte Application for Temporary Administrative Relief and Expedited Ruling on Pending Reconsideration (Dkt. No. 51) is DENIED.
4. Plaintiff's Supplemental Ex Parte Application (Dkt. No. 71) is DENIED.
5. Plaintiff's Request for Leave and Supplemental Notices (Dkt. Nos. 81, 92-93) is DENIED.

**IT IS SO ORDERED.**

**Resources for Self-Represented Parties**

Although Doe is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-03659-MEMF-MBK Date: August 28, 2026

Title *John Doe v. City of West Covina*

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

:

**Initials of Preparer** DBE