**UNISSUED DRAFT - REVIEW BEFORE SERVICE**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

John Doe
*Plaintiff*
v.
City of West Covina, et al.
*Defendant*

Civil Action No. 2:26-cv-03659-MEMF-MBK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lisa Sherrick, Assistant City Clerk, City of West Covina
1444 W. Garvey Avenue S., Room 317, West Covina, CA 91790

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Produce the existing nonprivileged records described in Attachment A (22 categories), incorporated here.
No testimony, personal appearance, or premises inspection is requested. See Attachment A for instructions.

| Place: | Date and Time: |
|---|---|
| City Clerk's Office, Room 317<br>1444 W. Garvey Ave. S., West Covina, CA 91790<br>Electronic delivery by written agreement. | 10/29/2026, 5:00 p.m. Pacific |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/05/2026

*CLERK OF COURT*

A.Gordon
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Doe , who issues or requests this subpoena, are:

John Doe, self-represented Plaintiff; PO Box 1679 MS 5892, Sacramento, CA 95812
JohnDoeCA2025@gmail.com; telephone: [COMPLETE BEFORE SERVICE]

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-03659-MEMF-MBK

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
__________________________________________________________________________
__________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ____________________________________________
__________________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

John Doe
JohnDoeCA2025@gmail.com
Plaintiff in propria persona
PO Box 1679 MS 5892
Sacramento, CA 95812
Telephone: [COMPLETE BEFORE SERVICE]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA, et al.,<br><br>Defendants. | **Case No. 2:26-cv-03659-MEMF-MBK**<br><br>**ATTACHMENT A TO DOCUMENT SUBPOENA TO LISA SHERRICK** |

TO: LISA SHERRICK, Assistant City Clerk. Proposed document schedule; enforceable only when incorporated into a properly issued and served subpoena.

**DEFINITIONS AND SCOPE**

1. PLAINTIFF means the plaintiff identified as John Doe in this action, known to the recipient as Councilmember Brian Gutierrez. The use of his name solely to locate records does not authorize public disclosure of protected identifiers or medical information.

2. CITY means the City of West Covina. SHERRICK means Lisa Sherrick. For the subpoena, YOU means Sherrick personally and reaches only records in her possession, custody, or control, not every record held by the CITY.

3. RELEVANT PERIOD means November 1, 2024 through September 25, 2026. An earlier policy, assignment record, or receipt is included only if necessary to establish the policy or device status operative during that period. Later responses are governed by applicable supplementation duties, not an unlimited continuing demand.

4. DEVICES means any cell phone or laptop that the CITY or SHERRICK represented was issued, assigned, loaned, offered, delivered, possessed, returned, or used by PLAINTIFF. This definition does not assume that any representation was true or false. A City email account, personal device, stipend, tablet, and physical delivery of a City-owned device are distinct facts.

5. PRR 050 means PRR 050-2026 Tabatabai, including the original request and the clarification SHERRICK transmitted on February 27, 2026. STATE RECORDS ACTION means City of West Covina v. Brian Gutierrez, Los Angeles Superior Court No. 26STCP00678, concerning records sought from PLAINTIFF.

6. SUBJECT SEARCHES means searches or collection efforts for PRR 050; searches of PLAINTIFF-associated DEVICES, City email, or City storage used to support factual assertions in the STATE RECORDS ACTION; and searches responding to PLAINTIFF requests to correct his device status or obtain records of his own ADA accommodation handling. Unrelated City public-record requests are excluded.

7. DOCUMENTS includes existing records and electronically stored information, such as email and attachments, messages, notes, logs, inventories, recordings, and database entries. COMMUNICATIONS includes relevant official-business communications on personal accounts or devices within the recipient's possession, custody, or control, but not unrelated private content.

**PRODUCTION INSTRUCTIONS**

Produce email with attachments and available sender, recipient, sent-time, subject, and message-ID data in .eml, .msg, or another reasonably usable export preserving those fields and family relationships. Produce spreadsheets and existing search or asset logs in native spreadsheet or ordinary export format; produce other documents as searchable PDFs when feasible. Produce recordings in their existing usable format. No duplicate production in multiple formats is requested.

Preserve relevant thread context, materially different versions, and existing creation or modification metadata. De-duplication is acceptable if materially different annotations and attachments

remain available. Previously produced identical records may be identified by exact Bates numbers and production date if reasonably accessible to PLAINTIFF; a general reference to a prior document production is insufficient.

No password, access token, unrestricted account access, forensic image of an entire device, or creation of a new narrative report is requested. Search reasonably accessible sources. Identify any inaccessible ESI source relied on as a ground for withholding and confer about burden, cost, and alternatives before extraordinary restoration or forensic collection.

Exclude privileged legal advice and protected attorney work product; produce independently discoverable nonprivileged underlying records and severable portions. Assert withholding expressly and provide the description required by Rule 26(b)(5)(A) or Rule 45(e)(2)(A), as applicable. The requests do not declare any blanket waiver of privilege.

Redact unrelated personal identifiers and unrelated medical information. Do not omit otherwise responsive administrative dates, device facts, or search records merely because a document also contains protected information. Confer about a protective order or secure production for material requiring protection. A redaction is not permission to alter the source record.

These requests seek existing records only and do not require written interrogatory answers, a new affidavit, or a personal appearance. Rule 45 governs objections and burden protection. Please confer promptly about any significant nonparty expense and a less burdensome source. No inspection of private premises or wholesale device imaging is commanded.

To avoid duplicate collection, responsive City-maintained records may be supplied through coordinated City production with your authorization. Identify the precise production or Bates ranges. Produce responsive unique records in your own possession, custody, or control that are not included there. The subpoena does not require access to records outside your legal control.

**DOCUMENT CATEGORIES**

**DOCUMENT CATEGORY NO. 1:**

Produce your February 25, 2026 email titled "Phone Conversation with Councilmember Gutierrez regarding PRR," its calendar invitation, and its complete February 25-March 2, 2026 responsive thread, including attachments and ordinary email metadata.

**DOCUMENT CATEGORY NO. 2:**

Produce records you consulted or received before writing "your city cell phone" in the February 25, 2026 email, sufficient to show the source of that description and the number or device you intended to contact. Unrelated call history and personal subscriber information are excluded.

**DOCUMENT CATEGORY NO. 3:**

Produce each nonprivileged statement you authored, signed, approved, or transmitted during the RELEVANT PERIOD concerning whether, and when, PLAINTIFF was offered, issued, delivered, possessed, used, or returned a CITY cell phone, including statements asserting the absence of such a phone.

**DOCUMENT CATEGORY NO. 4:**

Produce each nonprivileged statement you authored, signed, approved, adopted, or transmitted during the RELEVANT PERIOD concerning whether a laptop used by PLAINTIFF was City-owned or personally owned, or when a City laptop was offered, issued, delivered, possessed, used, or returned. Include statements asserting the absence of a City laptop.

**DOCUMENT CATEGORY NO. 5:**

Produce assignment records, receipts, asset entries, IT messages, or other existing factual materials in your possession, custody, or control that you relied on for the cell-phone statements requested in Request 3.

**DOCUMENT CATEGORY NO. 6:**

Produce existing assignment, receipt, asset, and IT records you relied on for the laptop statements in Request 4. Include any copy you received of William Trujillo's January 28, 2026 email to Monique De La Rosa, subject "RE: PRR 050-2026 Tabatabai," and nonprivileged factual verification you obtained concerning its device and record-access assertions. This request does not assume you received or adopted that email.

**DOCUMENT CATEGORY NO. 7:**

Produce notices or communications you received disputing or correcting the device statements in Requests 3-4, together with your nonprivileged responses and records of any factual verification, correction, withdrawal, or continued republication after receiving that information.

**DOCUMENT CATEGORY NO. 8:**

Produce existing notes, calendar entries, call logs limited to the relevant contacts, and recordings of your February 12 or February 26, 2026 communications with PLAINTIFF about preservation, PRR 050, device status, or clarification of records demands. This request does not represent that a recording exists.

**DOCUMENT CATEGORY NO. 9:**

Produce the original PRR 050, the requester's clarifying communications, the attachments you sent on February 27, 2026, and nonprivileged communications with the requester about the request's intended scope or PLAINTIFF's response.

**DOCUMENT CATEGORY NO. 10:**

Produce existing nonprivileged instructions you issued or received assigning or limiting SUBJECT SEARCHES, including the custodians, accounts, devices, date ranges, and sources selected or expressly excluded. Privileged legal advice need not be disclosed.

**DOCUMENT CATEGORY NO. 11:**

Produce existing query histories, search worksheets, collection logs, hit-count reports, and error or exception notices for SUBJECT SEARCHES you performed, supervised, or reviewed. Include records of the Teams permission error described in your February 9, 2026 email and the access problem described on February 12, including screenshots, IT assistance requests, and attempted corrections, if within your possession, custody, or control.

**DOCUMENT CATEGORY NO. 12:**

Produce existing transmittals and inventories showing records you obtained, reviewed, provided, or received in SUBJECT SEARCHES. Include February 6-12, 2026 Teams, OneDrive, and email transmittals from PLAINTIFF, existing lists of inaccessible or successfully retrieved files, and reconciliation with the records the CITY claimed remained missing. No new inventory is demanded.

**DOCUMENT CATEGORY NO. 13:**

Produce the factual search records supporting any statement you made that a SUBJECT SEARCH found no responsive records, was complete, or established that PLAINTIFF had not provided particular responsive records. Include existing records contradicting that statement.

**DOCUMENT CATEGORY NO. 14:**

Produce communications identifying a specific potentially responsive source or record overlooked, excluded, or unavailable in a SUBJECT SEARCH, and existing records of any follow-up search or decision not to pursue that identified source.

**DOCUMENT CATEGORY NO. 15:**

Produce nonprivileged factual communications you exchanged with Milan Mrakich, Roxanne Lerma, Monique De La Rosa, William Trujillo or other City IT staff, or City counsel about PLAINTIFF's DEVICES, SUBJECT SEARCHES, or claimed noncompliance with PRR 050. This request excludes legal advice and litigation strategy.

**DOCUMENT CATEGORY NO. 16:**

Produce your final statements or declarations used in the STATE RECORDS ACTION about DEVICES, searches, or PLAINTIFF's cooperation, and the nonprivileged preexisting factual records supporting or contradicting those statements. Protected attorney drafting communications are excluded.

**DOCUMENT CATEGORY NO. 17:**

Produce nonprivileged records reflecting the operational decision underlying your March 2, 2026 statement that you could not interpret PRR 050 because the request and clarification were subjects of litigation, including records identifying who made that decision and when it was implemented.

**DOCUMENT CATEGORY NO. 18:**

Produce communications notifying you that PLAINTIFF needed disability-related clarification or an accessible format for the records demands, and nonprivileged records of your actions to implement, defer, deny, or refer those requests. Unrelated diagnoses and third-party medical records are excluded.

**DOCUMENT CATEGORY NO. 19:**

Produce communications expressly discussing whether PLAINTIFF's accommodation requests, discrimination complaints, federal lawsuit, or criticism of City management should affect how his device inquiries or SUBJECT SEARCHES were handled.

**DOCUMENT CATEGORY NO. 20:**

Produce any written instruction you received to apply a different records-search, clarification, response, or verification procedure to PLAINTIFF than the ordinary procedure, and nonprivileged records stating the operational reason for that difference.

**DOCUMENT CATEGORY NO. 21:**

Produce nonprivileged records showing an instruction to omit, alter, or characterize a device fact or search result concerning PLAINTIFF in a particular way, and any objection or correction you made. This request seeks existing records and does not assume such an instruction occurred.

**DOCUMENT CATEGORY NO. 22:**

Produce existing records in your possession, custody, or control of deletion, loss, replacement, retention-setting changes, or preservation measures affecting the specific emails, device-status records, and SUBJECT SEARCH records requested above. Exclude privileged hold language and unrelated account content.

Dated: September 25, 2026

/s/ John Doe

John Doe

Plaintiff in propria persona