FILED
CLERK, U.S. DISTRICT COURT
10/7/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

JOHN DOE
Email: JohnDoeCA2025@gmail.com
Plaintiff, in Pro Per
PO Box 1679 MS 5892
Sacramento, CA 95812
Telephone: Confidential — Safe at Home

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br>v.<br>CITY OF WEST COVINA;<br>MILAN M. MRAKICH;<br>LETICIA SALAZAR LOPEZ-VIADO;<br>and DOES 1-50,<br>Defendants. | **Case No. 2:26-cv-03659-MEMF-MBK**<br><br>**DOCUMENTS TO BE PRODUCED BY KELLY D. GEMELLI**<br><br>**ATTACHMENT A TO AO 88B**<br><br>**Fed. R. Civ. P. 45** |

Propounding Party: Plaintiff John Doe
Subpoena Recipient: Kelly D. Gemelli

## DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

This Attachment A specifies the records sought by the accompanying AO 88B subpoena. It does not independently command production. The completed subpoena supplies the date and lawful place of compliance. Production only is requested; no personal appearance or oral testimony is required by this attachment.

## I. DEFINITIONS AND SCOPE

**RELEVANT PERIOD.** November 1, 2024 through service of these requests, unless a particular request states otherwise. An earlier record is included only if responsive

and received, used or in effect during that period. References to later conduct concern continuation of the practices challenged in the COMPLAINT.

**PLAINTIFF.** The elected West Covina Councilmember proceeding as John Doe in this action. Defendants know his identity. Search his actual name, known name variants and account identifiers, including communications identifying him by context. Preserve the pseudonym and applicable confidentiality protections.

**COMPLAINT.** The Second Amended Complaint filed June 1, 2026 as Dkt. 45 in this action. References identify disputed subjects and do not represent an allegation as an adjudicated fact.

**CITY and named persons.** CITY means West Covina and its departments. Mrakich means Milan M. or Milan Mathew Mrakich; Lopez-Viado means Leticia Salazar Lopez-Viado, also known as Letty Lopez-Viado; Cortina means Antonio Cortina; Wu means Tony Tong-Huai Wu; Diaz means Rosario Diaz; Lerma means Roxanne Lerma; Duarte means Thomas P. Duarte; LCW means Liebert Cassidy Whitmore; Gemelli means Kelly D. Gemelli; and Fox means Katie or Kathryn Fox.

**ACCOMMODATION INFORMATION.** Information identifying PLAINTIFF's disability, medical support, accommodation requests, approvals, denials, equipment or costs identified as disability related, grievance records or disability-related EEOC charges. The definition does not encompass every ordinary Council expense.

**PROTECTED ACTIVITY SUBJECTS.** PLAINTIFF's accommodation requests, discrimination complaints, EEOC charges, lawsuit, Council speech, records and legal-billing oversight, reports to FPPC or law enforcement, and public-resource or conflict reports described in Complaint paragraphs 34-40, 67-78, 97-117 and 196-205. The phrase identifies the subject; legal protection remains subject to adjudication.

**CHALLENGED ACTION.** An accommodation denial, delay, restriction or reversal; ADA-information dissemination; Communication Protocol enforcement; speaking-time, bell or microphone enforcement; police action; Gemelli investigation or public

use; a restriction connected with censure; the CPRA/AI litigation; or denial of support for PLAINTIFF's district town hall, as challenged in the COMPLAINT.

**DOCUMENTS and COMMUNICATIONS.** Existing writings, email, attachments, SMS, MMS, iMessage, RCS, group messages, direct messages, notes, calendars, voicemail, existing call-detail records, recordings, photographs, source files, materially different drafts and audit logs. Include responsive context within a message thread. Existing call logs are requested, not nonexistent recordings of calls.

**PERSON and IDENTIFY.** PERSON includes a natural person or entity. IDENTIFY a person means provide the name and relevant CITY or professional role, if known. No home address or private phone number is requested. An interrogatory does not silently request all witnesses and documents through a definition.

For this attachment, YOU and YOUR mean the named nonparty recipient, including responsive records within that recipient's possession, custody or control. If additional information is reasonably needed to identify PLAINTIFF, obtain it through a secure communication consistent with applicable pseudonym or protective orders before conducting the search.

**GEMELLI INVESTIGATION** means the investigation conducted by Kelly D. Gemelli and each investigator, employee, contractor or vendor acting for her or her firm that culminated in her February 26, 2026 report publicly attached to the CITY's March 3, 2026 Item 5 staff report. It includes intake, retention, fact gathering, analysis, report preparation, corrections, closure and post-report communications about the investigation through service. Responsive source evidence is included regardless of its creation date. YOUR file includes responsive records held by personnel or vendors acting for YOU only to the extent within YOUR possession, custody or legal control.

**INVESTIGATION PERIOD.** For this attachment, the requested records span the earliest intake or retention communication about the GEMELLI INVESTIGATION through service of the subpoena, including responsive source evidence created earlier. No unrelated client matter or investigation is requested.

**PRODUCTION INSTRUCTIONS**

Produce all responsive records in full and unredacted, in their original/native formats as ordinarily maintained, at the time and place stated in the subpoena. Preserve and produce existing metadata, attachments, embedded comments, tracked changes and retained version history. Produce email in EML, MSG or an ordinary-course mailbox/export format preserving headers and attachments; messages in available source files or ordinary-course exports preserving participants, timestamps, attachments and thread context; documents and spreadsheets in native form; and recordings in their original formats. Produce paper-only records as complete, legible searchable PDFs. Do not substitute public-release copies for available responsive originals. Produce each record once, organized as ordinarily maintained or labeled by request, preserving attachment relationships.

No privilege or work-product protection is conceded. For any responsive material withheld or redacted as privileged or protected, provide a log complying with Rule 45(e)(2)(A), identifying its date, type, author, recipients and their roles, general nonprivileged subject, each protection asserted and specific legal basis. Identify the location and basis of each redaction and identify withheld attachments separately where needed to assess their status, without revealing protected content. Produce all unobjectionable records and reasonably segregable nonprivileged material.

Preserve source files, unredacted originals and withheld or disputed responsive material pending resolution. These requests do not require a new narrative report, a new transcript, forensic imaging of an entire device or restoration of every backup.

**DOCUMENT REQUEST NO. 1:**

Produce the complete nonprivileged GEMELLI INVESTIGATION file maintained by YOU or by each investigator, employee, contractor or vendor acting for YOU, including existing file indexes, folder structures, evidence inventories and case-management exports. Include responsive factual material omitted from the final report.

Produce each record once with cross-references and describe particular withheld materials under the production instructions.

**DOCUMENT REQUEST NO. 2:**

Produce all existing records concerning how YOU were identified, located, referred, recommended, evaluated, approached, selected and retained for the GEMELLI INVESTIGATION. Include referrals, recommendations, pre-engagement communications, retention inquiries, proposals, engagement agreements, scopes of work, amendments, approvals, investigator assignments, conflict-check records concerning this engagement, and payment terms and arrangements. Include records identifying who found, recommended, contacted, selected, authorized or retained YOU; the client and payer; and the roles of Katie or Kathryn Fox, Buchalter and the CITY before formal retention. This request is subject to the privilege and production instructions and does not seek unrelated client matters.

**DOCUMENT REQUEST NO. 3:**

Produce nonprivileged COMMUNICATIONS with Katie or Kathryn Fox or anyone acting for her concerning the investigation before retention, during the investigation and after report delivery through service. Include selection, scope, witness selection, interview arrangements, evidence submissions, factual corrections, report editing, closure and public release, with independently nonprivileged attachments.

**DOCUMENT REQUEST NO. 4:**

Produce all COMMUNICATIONS concerning the GEMELLI INVESTIGATION within YOUR possession, custody or control, regardless of sender or recipient, subject to the privilege and production instructions. Without limiting this request, include communications with Katie or Kathryn Fox, Buchalter, Thomas O'Connell or Tom O'Connell, Thomas Doherty, the CITY, Mrakich, Carmelita Underwood, Nilesh Mehta, Duarte, LCW, Lopez-Viado, Cortina, Wu, Diaz, Lerma, and anyone acting for them. Include emails, texts, other messages, attachments, directives, instructions, requests, responses and existing records memorializing oral communications, on

business or personal accounts within YOUR control, with complete responsive thread context.

**DOCUMENT REQUEST NO. 5:**

Produce all complaints, allegations, referrals, intake materials and supporting exhibits received for the investigation, including complaints submitted by PLAINTIFF against CITY officials and records of whether those subjects were investigated or excluded.

**DOCUMENT REQUEST NO. 6:**

Produce existing witness lists, interview schedules, calendars, contact logs and records of witness selection, declined interviews, follow-up efforts or directions not to contact a witness. Include records identifying investigators and other participants assigned to each interview.

**DOCUMENT REQUEST NO. 7:**

Produce original audio and video recordings of every investigation interview, including the 13 interviews with nine witnesses described in YOUR March 2, 2026 email to PLAINTIFF and both days of his in-person interviews. Include complete recordings, available metadata, recording interruptions and existing recording inventories. Do not substitute selected clips or transcripts for retained source recordings.

**DOCUMENT REQUEST NO. 8:**

Produce every existing interview transcript, transcription output, correction, witness adoption, signed statement and materially different version, including any automated or machine-generated transcript actually created and retained. No new transcription is requested.

**DOCUMENT REQUEST NO. 9:**

Produce contemporaneous interview notes, handwritten notes, factual memoranda, witness-provided corrections and interview exhibits maintained by each participating investigator. Identify particular privileged or protected portions under the production instructions.

**DOCUMENT REQUEST NO. 10:**

Produce the full source collection of more than 700 documents and the audio, video and Council meeting recordings described in YOUR March 2, 2026 email, including source messages, attachments and retained unedited recordings. Include existing inventories and records identifying materials reviewed or provided but not relied upon.

**DOCUMENT REQUEST NO. 11:**

Produce evidence-submission transmittals, evidence-request correspondence, upload and download records and existing records identifying the origin, receipt date and chain of transfer of investigation materials. Include responsive metadata and attachment relationships as maintained.

**DOCUMENT REQUEST NO. 12:**

Produce nonprivileged investigative plans, question outlines, factual chronologies, issue matrices and evidence summaries, including existing records comparing materially inconsistent accounts or evidence supporting and contradicting a proposed finding.

**DOCUMENT REQUEST NO. 13:**

Produce existing nonprivileged records of decisions to exclude a witness, factual lead, source record or allegation from the investigation or final report, including submissions by PLAINTIFF about accommodations, alleged disclosure or reported CITY misconduct and the stated factual reason for their treatment.

**DOCUMENT REQUEST NO. 14:**

Produce each materially different draft and final version of the report and factual attachments, including tracked changes, retained comments, redlines, corrections and available version history. Identify protected material separately rather than withholding an entire file solely because it contains a privileged communication.

**DOCUMENT REQUEST NO. 15:**

Produce all directives, instructions, requests, responses and existing records of decisions concerning the investigation's original or revised scope or methodology;

witness selection, interview questions and follow-up; inclusion, exclusion or treatment of evidence or allegations; and preparation, review, correction, approval, completion or public release of the report. Include draft transmittals and related comments, feedback and redlines, and existing records identifying who proposed, made, accepted or rejected a substantive change to a witness account, factual finding, credibility assessment, report language, omitted material or conclusion.

**DOCUMENT REQUEST NO. 16:**

Produce records of accommodations requested for PLAINTIFF's participation in the investigation, the operational response, scheduling changes, approved interview arrangements and implementation. Include nonprivileged factual records concerning how disability-related conduct or accommodation needs were distinguished from alleged misconduct.

**DOCUMENT REQUEST NO. 17:**

Produce the 14 emails and voicemail from PLAINTIFF referenced in YOUR March 2, 2026 email and other post-report factual corrections or evidence he submitted, with records of forwarding, review and disposition. Include nonprivileged factual records supporting the decision not to revise or supplement the report.

**DOCUMENT REQUEST NO. 18:**

Produce records of report delivery, recipients, distribution links, access permissions, actual public versions and authorizations or instructions to disclose the report or source material. Include communications concerning public reliance on the investigation in censure or restrictions on PLAINTIFF's participation. Include existing records of the September 16, 2025 City Council authorization concerning public release of the investigation report, as described in the CITY's March 3, 2026 Item 5 staff report; resulting instructions to YOU; and report versions prepared or released pursuant to that authorization.

**DOCUMENT REQUEST NO. 19:**

Produce nonprivileged communications and factual materials supplied for public statements, Council presentations, responses to PLAINTIFF's factual objections or subsequent CITY actions relying on the investigation. Limit this request to the investigation's factual content, handling and use.

**DOCUMENT REQUEST NO. 20:**

Produce records identifying all investigators, assistants, transcription providers and other vendors assigned to the investigation, their scopes and tasks, and transfers or return of their responsive files. Include responsive subcontractor records within YOUR legal control.

**DOCUMENT REQUEST NO. 21:**

Produce nonprivileged invoices, time entries, payment records and expense records for the investigation sufficient to show dates, amounts, personnel and tasks performed. Redact and describe protected substantive legal advice while producing segregable factual billing information.

**DOCUMENT REQUEST NO. 22:**

Produce existing case-file closure records, retention instructions, revision histories, access and sharing logs, transfers, deletion logs and records explaining missing or replaced recordings or source items. Preserve disputed materials pending resolution. This request does not demand a new report, restoration of every backup or forensic imaging of an entire device.

Dated: October 7, 2026

/s/ John Doe

JOHN DOE, Plaintiff in Pro Per

Service address: PO Box 1679 MS 5892, Sacramento, CA 95812

Email: JohnDoeCA2025@gmail.com

Telephone: Confidential — Safe at Home